**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY RAPP and C.D., <br><br> Plaintiffs, <br><br> - against – <br><br> KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY, <br><br> Defendant. | Civil Action No._____ <br><br> **NOTICE OF REMOVAL** <br><br> Supreme Court of the State of New York, County of New York Index No. 950648/2020 |

**TO:** Clerk of the U.S. District Court for the Southern District of New York:

PLEASE TAKE NOTICE that, per 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Kevin Spacey Fowler ("Defendant") files this Notice of Removal, asserting original federal jurisdiction under 28 U.S.C. § 1332(a), to effect the removal of the above-captioned action, which was originally commenced in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. This Court has original jurisdiction over the action under 28 U.S.C. § 1332(a) as alleged and described below:

1. On September 9, 2020, Plaintiffs Anthony Rapp ("Rapp") and C.D. ("C.D.") (collectively, "Plaintiffs") commenced an action in the Supreme Court of the State of New York, County of New York, captioned *Anthony Rapp and C.D., v. Kevin Spacey Fowler a/k/a Kevin Spacey*, Index No. 950648.

2. Copies of all "pleadings, process or orders" of which Defendant is aware are attached to this Notice of Removal as Exhibits A through O, inclusive.

3. This Notice of Removal is timely. Plaintiffs served Defendant by mail with the Complaint and Summons in this action on October 5, 2020. (*See* Ex. K.) Under New York law, service is deemed complete on October 15, 2020, at the earliest. This Notice of Removal is therefore timely because it is filed within thirty days of the date of service on Defendant of a copy of the Complaint. 28 U.S.C. § 1446(b).

4. Venue lies in the Southern District of New York under 28 U.S.C. §§ 1441(a) and 1391(a), because the United States District Court for the Southern District of New York is the federal judicial district and division embracing the New York Supreme Court where the state court action was originally filed.

5. This action is removable under 28 U.S.C. § 1441(a)-(b), which provides for the removal of state court civil actions over which United States District Courts have original jurisdiction. This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because: (1) Plaintiffs and Defendant are citizens of different States; and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

## DIVERSITY OF CITIZENSHIP

6. Plaintiffs Rapp and C.D. are individuals. Per S.D.N.Y. Local Rule 81-1, the citizenship of Plaintiffs Rapp and C.D. are unknown to Defendant. Defendant believes, and thereon alleges, based on the allegations in the Complaint that Plaintiffs Rapp and C.D. are citizens of the State of New York. Plaintiff Rapp alleges his injuries occurred in New York City, on the "east side of Manhattan[.]" (Compl. ¶ 5; *see also id.* ¶¶ 6-9.) Similarly, Plaintiff C.D. alleges his injuries occurred at an apartment in New York City. (*See id.* ¶¶ 31-33.) Additionally, both Plaintiffs filed this consolidated action in the Supreme Court of New York. Given their decision to file their action in the Supreme Court of New York and that the alleged injuries purportedly

occurred in the State of New York, Defendant believes Plaintiffs are now and at all relevant times were citizens of the State of New York.

7. Defendant is an individual. He is a citizen of the United States. Since at least 2014, Defendant has been domiciled in, and a citizen of, the State of Maryland. Throughout that time, Defendant has resided in Maryland with the intention to remain in Maryland indefinitely and to return to that state whenever he has left it on a temporary basis. At all relevant times, Defendant has filed tax returns and paid state income taxes as a Maryland citizen.

8. As Plaintiffs are citizens of the State of New York, and Defendant is a citizen of the State of Maryland, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1).

## **AMOUNT IN CONTROVERSY**

9. To satisfy the amount in controversy requirement in 28 U.S.C. § 1332(a), a removing party's "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

10. It is facially apparent from the Complaint but not expressly stated that the alleged amount in controversy in this case more likely than not exceeds $75,000, exclusive of interest and costs, based on the fact the Complaint broadly seeks "compensatory and punitive damages, together with the interest costs and disbursements" related to the action against Defendant. (*See, e.g.*, Compl. at 11.) Plaintiff Rapp alleges his compensatory damages include medical expenses, lost wages, and "permanent" "emotional and psychological damage." (*See id.* ¶¶ 11, 18, 25.) Plaintiff C.D. alleges identical compensatory damages. (*See id.* ¶ 38, 45, 52.) Taking into

consideration the allegations concerning Plaintiff's alleged damages, Defendant respectfully submits that the amount in controversy more likely than not exceeds $75,000.

**CONCLUSION**

11. Complete diversity exists between Plaintiffs, citizens of the State of New York, and Defendant, a citizen of the State of Maryland, and the amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a).

12. Defendant will provide Plaintiffs, through their attorneys of record, with prompt written notice of the filing of this Notice of Removal as required under 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York, County of New York, where Plaintiffs originally filed the Complaint.

13. Pursuant to Federal Rule of Civil Procedure 5(d), Defendant will file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to the Federal Court.

14. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

15. Defendant reserves all rights including but not limited to defenses and objections as to venue and personal jurisdiction, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant requests that this action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: November 13, 2020

Respectfully submitted,

*/s/ Michael Tremonte*
Michael Tremonte
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, NY 10004-2205
Tel. (212) 202-2603
mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey Fowler*