# Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
ANTHONY RAPP and C.D.,                          Index No.: _____/20

       Plaintiffs,
                  PETITION IN SUPPORT
  -against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY,

       Defendants.
-------------------------------------------------------------------------X

  PETER J. SAGHIR, an attorney duly licensed to practice law in the State of New York, hereby affirms under penalty of perjury pursuant to CPLR 2106 as follows:

  1.  I am a member of the firm of GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF, attorneys for the plaintiffs herein, and am fully familiar with all of the facts, circumstances, pleadings, and proceedings pertaining to this litigation.

  2.  This Petition is submitted in support of the prefixed Order to Show Cause, which seeks an Order:

    a. Deeming plaintiff's use of the pseudonym, "C.D.," and the caption "ANTHONY RAPP and C.D. v. KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY," to be proper;

    b. Permitting plaintiff to proceed in this action under the pseudonym "C.D." and with the caption "ANTHONY RAPP and C.D. v. KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY;"

    c. Directing that the parties, their attorneys, and agents refrain from publishing plaintiff's true identity;

    d. Directing that all papers filed in this action, and all judgments, orders, decisions, notices to the Court and any other document relating to the action refer to the plaintiff by the pseudonym, "C.D." and bear the caption "ANTHONY RAPP and C.D. v. KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY," and directing the County Clerk to enter and record all papers in the action under the title

"ANTHONY RAPP and C.D. v. KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY;" and

e. Granting such other and further relief as may be just and proper.

Allowing plaintiff to proceed under an anonymous caption will spare plaintiff from the potential embarrassment and stigmatization that may arise if this matter is tried in a public forum.

## BACKGROUND INFORMATION

3. On September 3, 2020 plaintiff, C.D., filed a Summons and Verified Complaint pursuant to New York State's Child Victims Act ("CVA") (CPLR § 214-g. Certain child sexual abuse cases). The following, non-governmental institutions and individuals are named in the complaint: KEVIN SPACEY FOWLER (Exhibit A: Summons and Verified Complaint). In the complaint, plaintiff alleges that, "The plaintiff, C.D., went to defendant KEVIN SPACEY's apartment where defendant SPACEY engaged in sexual acts with the plaintiff, C.D., while the plaintiff was 14 years old, including, but not limited to, the infant plaintiff performing anal intercourse on defendant SPACEY and oral sex" (Exhibit A: Summons and Complaint at ¶33). Plaintiff C.D. further alleges that, as a result of the sexual abuse physical and psychological injuries were suffered, including but not limited to, "severe emotional distress, humiliation, fright, anger, depression and anxiety" (Exhibit A: Summons and Complaint at ¶38).

4. Courts must use their discretion when determining whether to grant a party's request to proceed under an anonymous caption. In making this determination the Court needs to balance a plaintiff's privacy interests with the presumption of open trials and any potential prejudice to defendants (*ARK61 DOE v. Archdiocese of New York*, 2019 Misc. LEXIS 6035 at 4 [Sup. Ct. Bronx County Nov. 4, 2019]; *see also Anonymous v. Lerner*, 124 A.D.3d 487, 487 [1st Dept. 2015]).

5. Plaintiff's privacy interest is strong. The present matter, involving the sexual

abuse of a minor child, is of the utmost sensitive nature. Were plaintiff to use their name in this delicate matter, they are likely to be subject to "stigmatization and potential embarrassment," (*Ark61 DOE* at 1). The consequences to a victim of revealing abuse are real. There is a real "fear of losing their job, fear they won't find another job, fear they will be passed over for a promotion, fear of losing their credibility, fear of being branded a troublemaker, fear of being blackballed in their industry, fear of their physical safety," (Exhibit B: Beverly Engel L.M.F.T. *Why Don't Victims of Sexual Harassment Come Forward Sooner?*, PSYCHOLOGY TODAY, Nov. 16, 2017, https://www.psychologytoday.com/us/blog/the-compassion-chronicles/201711/why-dont-victims-sexual-harassment-come-forward-sooner). Moreover, the passage of the Child Victims Act has led to increased media attention of sexual abuse cases (*Id.* at 2). This media attention is only heightened by the "Me Too" movement, as a result of which thousands of people have come forward to reveal that they were sexually abused in their lives. If plaintiff were subject to this heightened attention, a chilling effect may occur that dissuades plaintiff and other similarly situated individuals from coming forward (*ARK DOE61* at 2).

6. Moreover, the risk of prejudice to the defendants in this matter is non-existent. Plaintiff consents to sharing details about his identity with the defendant so that defendant's due process rights are not violated. Plaintiff will share all details of his identity in a manner that is consistent with Case Management Order No. 1, Paragraph 3, which was issued by the Honorable George J. Silver as part of the *In re: CHILD VICTIMS ACT NYC LITIGATION* on February 24, 2020 (Exhibit C: Case Management Order No. 1).

## FACTORS TO CONSIDER

7. There are several factors Courts must weigh when considering the use of a pseudonym. They are:

"whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend litigation or is to preserve privacy in a manner of a sensitive and highly personal nature; whether the party seeking anonymity has an illegitimate ulterior motive; the extent to which the identity of the litigant has been kept confidential; whether identification poses a risk of mental or physical harm, harassment, ridicule or personal embarrassment; whether the case involves information of the utmost intimacy; whether the action is against a governmental entity; the magnitude of the public interest in maintaining confidentiality or knowing the party's identity; whether revealing the identity of the party will dissuade the party from bringing the lawsuit; whether the opposition to anonymity has an illegitimate basis; and whether the other side will be prejudiced by use of the pseudonym,"

(*Doe v. Szul Jewelry, Inc.*, 2008 N.Y. Misc. LEXIS 8733 at 16-17 [Sup. Ct. New York County May 18, 2008] [internal citations omitted]).

A review of these factors below shows that plaintiff in this matter will be extremely prejudiced if forced to use his name in this litigation, whereas there is no prejudice to defendant if plaintiff uses a pseudonym.

8. The first factor is whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature. There is no doubt that the potential media attention, embarrassment, and stigmatization plaintiff seeks to avoid goes beyond the traditional minor annoyance and criticism that is part and parcel of any litigation. Plaintiff seeks to preserve his privacy in a deeply personal matter concerning sexual assault that occurred when plaintiff was a minor.

9. The second factor is whether the party seeking the anonymity has an illegitimate ulterior motive. Plaintiff has no reason to proceed under an anonymous caption other than to protect his privacy and avoid the consequence of revealing that he is a victim of sexual abuse.

10. The third factor is the extent to which the identity of the litigant has been kept confidential. Plaintiff C.D. has not gone public and revealed his name to any media outlets or

4

social media channels with the fact that he was sexually abused as a minor, nor does plaintiff ever intend to do so.

11.     The fourth factor is whether identification poses a risk of mental or physical harm, harassment, ridicule or personal embarrassment. As part of his complaint, plaintiff C.D. asserts that he suffered severe emotional distress, humiliation, fright, anger, depression and anxiety" (Exhibit A: Summons and Complaint at ¶38). There is no doubt that revealing his identity to the public will heighten this mental distress. Moreover, when victims of sexual abuse reveal their identity they often suffer from online abuse and harassment, and their physical safety is threatened by internet trolls. Plaintiff may suffer these consequences if his identity is revealed.

12.     The fifth factor is whether the case involves information of the utmost intimacy. Plaintiff is alleging he was sexually abused as a minor. There is possibly no case involving more sensitive information than one involving the sexual abuse of a child.

13.     The sixth factor is whether the action is against a governmental entity. The named defendant in the Verified Complaint is KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY (Exhibit A: Summons and Verified Complaint). No defendant is a governmental entity. As such, this is not a factor that "would mitigate in favor of the public's right to know," *ARK61 DOE* at 6.

14.     The seventh factor is the magnitude of the public interest in maintaining confidentiality or knowing the party's identity. Plaintiff, C.D., is not an individual in the public eye and does not have a public persona. There is no public interest in revealing plaintiff's identity. However, maintaining confidentiality is of the public interest, as discussed *infra*.

15.     The eighth factor is whether revealing the identity of the party will dissuade the party from bringing the lawsuit. There is no doubt that plaintiff, and similarly situated

5

plaintiff's complaint is insufficient and that the defendant is unable to adequately prepare a defense to the case.

20. While open access to civil proceedings ensures "that the proceedings are conducted efficiently, honestly and fairly" and is a "bright light cast upon the judicial process," constitutionally required access to the courts can be observed while also restricting access to sensitive information, such as the name of a sexual abuse victim (*ARK61 DOE* at 4). This is particularly the case here, where plaintiff agrees to share details of their identity that are consistent with Case Management Order No. 1 issued *In re: CHILD VICTIMS ACT NYC LITIGATION* on February 24, 2020.

## CONCLUSION

21. It is clear that plaintiff's privacy interest in this matter outweighs any potential prejudice that defendant may suffer if plaintiff were allowed to proceed under an anonymous caption. Indeed, there is no identifiable prejudice that defendant will suffer. Plaintiff is simply asking the defendant not to reveal any personal information publicly, which, "has been notably accepted in the lion share of CVA cases before this court," (*ARK61 DOE* at 5).

WHEREFORE, it is respectfully requested that this Court sign the prefixed Order to Show Cause directing defendant, KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY, to show cause why the following is improper:

   a. Deeming plaintiff's use of the pseudonym, "C.D.," and the caption "ANTHONY RAPP and C.D. v. KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY," to be proper;

   b. Permitting plaintiff to proceed in this action under the pseudonym "C.D." and with the caption "ANTHONY RAPP and C.D. v. KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY;"

    c. Directing that the parties, their attorneys, and agents refrain from publishing plaintiff's true identity;

    d. Directing that all papers filed in this action, and all judgments, orders, decisions, notices to the Court and any other document relating to the action refer to the plaintiff by the pseudonym, "C.D." and bear the caption "ANTHONY RAPP and C.D. v. KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY," and directing the County Clerk to enter and record all papers in the action under the title "ANTHONY RAPP and C.D. v. KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY;" and

    e. Granting such other and further relief as may be just and proper.

Dated: New York, NY
       September 8, 2020

*[signature]*
_____
PETER J. SAGHIR