# Exhibit H

SUPREME COURT OF THE STATE OF NEW YORK
COUNTIES OF BRONX, KINGS, NEW YORK, QUEENS AND RICHMOND

---

In re: CHILD VICTIMS ACT NYC LITIGATION            CASE MANAGEMENT
                                                   ORDER No. 1

---

### I. Applicability of Order.

1. This Case Management Order ("CMO") applies to all actions filed or hereafter filed in the Supreme Courts in and for the counties of Bronx, Kings, New York, Queens, and Richmond pursuant to the Child Victims Act (the "CVA Actions"), including any such matters filed before the one-year window commenced on August 14, 2019, and which were then stayed pending the opening of the window on August 14, 2019.

2. This CMO applies to all pre-trial procedures and proceedings in the CVA Actions, except as otherwise directed by the Court upon good cause shown by the party seeking such relief.

### II. Rules of Procedure.

1. The Civil Practice Law and Rules, the Uniform Civil Rules for Supreme and County Courts together with the express provisions of this CMO and further orders issued by this Court, shall govern all pre-trial proceedings.

### III. Anonymity.

1. If consented to by all defendants to an action, a plaintiff may initiate an action and file a complaint by initials or pseudonym, rather than the person's legal name, and proceed on the Court's public docket by initials or pseudonym. If all defendants do not consent, then, together with the filing of the complaint, a plaintiff must file an application by order to show cause seeking permission to proceed by initials or pseudonym.

2. If a defendant consents to anonymity, it retains all rights to conduct full discovery, investigate, and otherwise prepare its defenses that would exist in the absence of this order, including without limitation the right to disclose a plaintiff's legal name and information described below in paragraph III.3 (including to its insurers and agencies) in providing notice of the claim and seeking and obtaining discovery and information from third parties and in providing information to any expert witnesses or consultant, so long as such persons provided with this information agree to

    maintain the confidentiality of the information and be subject to the Confidentiality Order discussed at paragraph IX.A.1 below.

3. Within 14 days of receiving an appearance by a defendant in the matter, a plaintiff who files a complaint using initials or a pseudonym must provide to defense counsel or, if the defendant appears *pro se*, the defendant, the plaintiff's name (including maiden name, if any), plaintiff's name at the time of the alleged abuse, date of birth, social security number, parents and/or guardian's names at the time of the alleged abuse, current address, and address at the time of the alleged abuse, if known. A plaintiff's identification information shall be considered Confidential Personal Information only to the extent provided by Section 202.5(e) of the Uniform Civil Rule of the Supreme Court and shall be omitted or redacted in any filings on the Court's public docket. The filing party shall serve unredacted copies of any such filings on all parties to the action.

4. The Court's authorization for a plaintiff to proceed on the docket by initials or pseudonym is the result of party agreement or Court Order. The Court's Order permitting such agreement is not intended to reflect any modification to existing law on the issue.

## IV. Conferences.

1. The Court shall hold a General Status Conference on the first Tuesday of each month at 2:00 p.m. at 111 Centre Street, Courtroom 1227, unless otherwise designated by the Court.

2. The Plaintiffs' Liaison Committee ("PLC") and Defendants' Liaison Committee ("DLC") (collectively, "Liaison Committees") shall confer as necessary ten business days prior to each General Status Conference and provide an agenda of items to the Court no later than 3:00 p.m. three business days prior to a General Status Conference. The PLC and DLC may, but are not required to, file separate letter submissions with the Court of no more than 3 pages in connection with *each* agenda item, *i.e.* a liaison committee may file multiple letter submissions depending on the number of agenda items. Any letter submissions must be filed three business days prior to a scheduled conference.

3. Immediately following the General Status Conference, the Court will conduct conferences in individual CVA Actions to address case-specific matters as necessary. Parties wishing to raise an issue in any individual action to the Court shall file a letter not exceeding three pages in the applicable individual action no later than 3:00 p.m. seven business days prior to the General Status Conference. The opposing party may file a letter response not exceeding three pages in the same action no later than 3:00 p.m. three business days prior to the General Status Conference.

Letters filed with the Court pursuant to this paragraph shall be emailed to each Liaison Committee at the time of filing at the email addresses set forth in section XI.

4. Working copies of the letter submissions described in this section shall be delivered to chambers.

5. Nothing in this Order forecloses a party from seeking relief by appropriate motion.

V. **Individual Actions.**

1. The parties may meet and confer on any CVA Action that has been filed by, or on behalf of, multiple plaintiffs as of the date of this Order to discuss the severance, without prejudice, into new and independent individual actions for each plaintiff.

2. If the parties agree to the severance, the parties may enter into a stipulation reflecting such agreement, and each severed plaintiff will file a new action (using the same pleading) under a separate index number. Each re-filed complaint shall be deemed filed as of the date the initial action was filed. If the Complaint has previously been served, each re-filed action may be served pursuant to CPLR §2103(b). Each individual action shall be assigned to the Hon. George J. Silver, Deputy Chief Administrative Judge for the New York City Courts, for all pretrial matters.

3. If the parties cannot resolve the issue of severance after a good faith attempt to do so, a motion may be filed with the Court seeking to sever the action into new and independent individual actions.

4. Any previous orders regarding proceeding on the docket by pseudonym or initials entered in an action shall be deemed to have been made in each severed individual action.

VI. **Coordinated Motion Practice.**

1. To conserve resources and avoid burdening the Court with duplicative motion practice, the parties in separate actions may stipulate to address issues common to multiple CVA Actions through a coordinated motion, *i.e.*, one set of opening motion papers, one set of opposition papers, if any, and one set of reply papers, if any. The coordinated motion practice set forth herein may proceed only as stipulated between the parties to such stipulation. The parties may file motion papers in multiple actions under this section. By way of example, the parties may stipulate to filing one motion under CPLR §3211 or CPLR §3212 in multiple cases brought by the same plaintiff's counsel.

3

2. Counsel shall make a good faith effort to resolve any coordinated motions to dismiss prior to filing, including by taking into consideration decisions that have been rendered by the Court and the existing body of law.

3. Counsel shall provide courtesy copies of all papers related to coordinated motions to each Liaison Committee by email to the email addresses set forth in section XI within three days of filing or service.

## VII. Procedures for Responses to Complaints.

1. The time to answer, move against, or otherwise respond to any complaint or amended complaint that was served upon the responding defendant between August 14, 2019 through and including October 14, 2019, is extended until 35-days from the effective date of this Order.

2. The time to answer, move against, or otherwise respond to any complaint or amended complaint that was served upon the responding defendant between October 15, 2019 through and including December 11, 2019, is extended until 45-days from the effective date of this Order.

3. The time to answer, move against, or otherwise respond to any complaint or amended complaint that was served upon the responding defendant between December 12, 2019 through and including February 11, 2020, is extended until 55-days from the effective date of this Order.

4. The time to answer, move against, or otherwise respond to any complaint or amended complaint that was served upon the responding defendant on February 12, 2020 and later shall be 60-days from the date of service upon the responding defendant.

5. In matters filed solely against individual defendants with no corporate or municipal or institutional defendants, the time to answer, move against, or otherwise respond to any complaint or amended complaint that was served upon the individual defendant prior to December 12, 2019, is extended 25-days from the effective date of this Order.

6. In matters filed solely against individual defendants with no corporate or municipal or institutional defendants, the time to answer, move against, or otherwise respond to any complaint or amended complaint that was served upon the individual defendant between December 12, 2019 through and including February 11, 2020, is extended 30-days from the effective date of this Order.

7. In matters filed solely against individual defendants with no corporate or municipal or institutional defendants, the time to answer, move against, or otherwise respond to any complaint or amended complaint that was served upon the individual defendant on February 12, 2020 and later shall be 30-days from the date of service upon the individual defendant.

8. Where a complaint or amended complaint is re-filed pursuant to a stipulation consenting to or an Order of this Court directing the severance of a CVA Action that was originally filed as a multi-plaintiff CVA Action before the effective date of this Order, the time to answer, move against, or otherwise respond to such re-filed complaint or amended complaint shall be 45-days from the date the complaint is refiled.

9. The deadlines set forth in this section supersede any deadlines for answering or otherwise responding to a complaint or amended complaint that were previously stipulated by the parties or ordered by this Court.

10. Absent agreement by the parties or Order of this Court, no motion to dismiss shall stay discovery unless the moving party seeks to dismiss the complaint in its entirety. In the event that a party moves to dismiss the complaint in its entirety, discovery shall be stayed only as to that moving defendant and shall proceed as against the remaining defendants.

### VIII. Procedures for Responses to Pending Motions.

1. The time to serve opposition papers to any Order to Show Cause or Notice of Motion, including motions to dismiss under CPLR §§3211 or 3212, but excluding motions to proceed anonymously or by pseudonym, that were filed and served prior to Administrative Order #40 dated February 4, 2020, is extended to 30-days from the effective date of this Order.

2. Should the motion(s) not be resolved and withdrawn by the parties as of the date proscribed by paragraph 1 of this section, the Court will set any additional due dates as necessary for reply papers, return date, and oral argument.

3. The deadlines set forth in this section supersede any deadlines for the service of opposition papers and the filing of working copies of motion papers that were previously stipulated by the parties or ordered by this Court.

### IX. Disclosure.

A. <u>Confidentiality Order.</u>

1. Within 21 days of the effective date of this Order, Plaintiffs' and Defendants' Liaison Counsel shall jointly submit a proposed Confidentiality Order (or alternate proposals) that will apply to disclosure in all CVA Actions. No disclosure (other than disclosure of plaintiffs' identifying information pursuant to section III.3 above) in any CVA Action may take place prior to entry by the Court of a Confidentiality Order.

B.    Disclosure Requests.

1. Plaintiffs shall serve responses and/or objections to Standard Automatic Disclosures and Common Demand for Verified Bill of Particulars in an individual action upon the answering defendant no later than 30 days from defendant filing an answer, motion or other response to the complaint or amended complaint, except as provided in section VII.10.

2. Each defendant shall serve responses and/or objections to Standard Automatic Disclosures in each individual action no later than 30 days after receiving plaintiff's responses and objections described above in paragraph IX.B.1.

3. Each plaintiff and defendant shall serve responses and/or objections to Standard Combined Demands/Notices to Produce no later than 40 days after service of the responding defendant's responses and/or objections described above in paragraph IX.B.2.

4. Unless otherwise agreed by the parties to a CVA Action, responses and/or objections to any disclosure demands are to be served by U.S. Mail or its equivalent, and/or by email where agreed to by the parties, and will not be e-filed by any party on the Court's docket. However, subject to the Court's forthcoming Confidentiality Order, excerpts of such responses may be e-filed if they are pertinent exhibits to a motion, *e.g.* in a motion to compel.

5. Any party may serve supplemental, non-repetitive disclosure requests in accordance with the CPLR and applicable discovery submission schedule for that action. Counsel shall exercise good faith, in determining the need for such further requests.

6. None of the requests attached to this Order shall be construed to be interrogatories for purposes of CPLR §3130. No party may avoid sitting for a deposition by reason of responding to the discovery requests contained in this Order.

7. To the extent a defendant has filed an answer before the effective date of this Order, the time for a plaintiff to serve responses and/or objections to Standard Automatic Disclosures and Common Demand for Verified Bill of Particulars shall be 50 days from the effective date of this Order. All other discovery deadlines shall follow the provisions of this section as set forth herein.

C.    Standard Plaintiff Disclosures and Authorizations.

1. Standard Automatic Disclosures directed at Plaintiffs shall be provided to the Court and shall become Exhibit A to this Order.

    2.    Common Demand for Verified Bill of Particulars directed at Plaintiffs shall be provided to the Court and shall become Exhibit B to this Order.

    3.    Standard Automatic Disclosures directed at Defendants shall be provided to the Court and shall become Exhibit C to this Order.

    4.    Standard Combined Demands directed at Plaintiffs shall be provided to the Court and shall become Exhibit D to this Order.

    5.    Standard Combined Demands directed at Defendants shall be provided to the Court and shall become Exhibit E to this Order.

    6.    All disclosure requests listed in this section are deemed served as of the date of the response to the complaint.

**X.**    **Stay of Actions for Settlement Discussions.**

    1.    If the parties to any CVA Action wish to discuss settlement without litigating the action simultaneously, the parties may jointly notify the Court by letter of their intention to do so. The parties' notification shall automatically adjourn all case deadlines (*e.g.*, discovery, motion practice, etc.) by 45 days from the date of the parties' letter notification. The parties' letter notification shall set forth an amended schedule for any court deadlines reflecting this adjournment. Upon further agreement by the parties, the amended schedule shall be automatically effective for the action without further order of the Court for a maximum of two 45-day adjournments for a total of 90 days. Any further adjournments must be so-ordered by the Court.

**XI.**    **Cooperation.**

    1.    The Court recognizes that cooperation among counsel and parties is essential for the orderly and expeditious resolution of this litigation. The communication of information among the plaintiffs' counsel, among defendants' counsel, and among defendants or other necessary participants shall not be deemed a waiver of the attorney-client privilege, the protection afforded by the attorney work-product doctrine, or any other privilege to which a party may be entitled. Any cooperative efforts described above shall not, in any way, be used against any of the parties and shall not be communicated to the jury.

    2.    In the interests of justice and cooperation, the parties may stipulate to a two-week extension of any of the deadlines set forth in this Order without further Order of this Court.

    3.    Any counsel or party who needs to communicate with Plaintiffs' Liaison Counsel, including any notice or communication required by this CMO or future order of this Court, shall email nycplc@cvaplaintiffs.com. The

members of this email address shall be limited to Plaintiffs' Liaison Counsel, their staff, and their associates or co-counsel.

4. If the Court needs to communicate with Plaintiffs' Liaison Counsel the Court will email nycplc@cvaplaintiffs.com.

5. All plaintiff's counsel must subscribe to nycplc@cvaplaintiffs.com in order to receive communications from Plaintiffs' Liaison Counsel, including any notice or communication required by this CMO or future order of this Court. The members of this email address shall be limited to plaintiff's counsel, their staff, their associates, and their co-counsel.

6. Any counsel who needs to communicate with Defendants' Liaison Counsel, including any notice or communication required by this CMO or future order of this Court, shall email cvasteering@defendantliaison.com. The members of this email address shall be limited to Defendants' Liaison Counsel, their staff, and their associates or co-counsel.

7. If the Court needs to communicate with Defendants' Liaison Counsel the Court will email cvasteering@defendantliaison.com.

## XII. Effective Date and Future Orders

1. The effective date of this Order shall be the date it is uploaded to the Court's Docket on NYSCEF.

    a. The disclosure requests contemplated by this Order and identified as Exhibits A through E at section IX.C.1-5 will be uploaded to the Court's Docket on NYSCEF.

2. Any pre-trial discovery procedures and proceedings not addressed by this Order, such as depositions, may be addressed in future Orders of this Court.

Dated: February 24, 2020

_____
HON. GEORGE J. SILVER