# Exhibit I

SUPREME COURT OF THE STATE OF NEW YORK
COUNTIES OF BRONX, KINGS, NEW YORK, QUEENS AND RICHMOND

In re: CHILD VICTIMS ACT LITIGATION

CASE MANAGEMENT
ORDER No. 2

This Case Management Order No. 2 ("CMO 2") applies to all actions filed or hereafter filed in the Supreme Courts in and for the counties of Bronx, Kings, New York, Queens, and Richmond pursuant to the Child Victims Act (the "CVA Actions").

CMO 2 modifies the deadlines set forth in §§ VII, VIII, and IX of Case Management Order No. 1, issued and made effective on February 24, 2020 ("CMO 1"), pursuant to the authority of this Court and the tolling provisions of Executive Order 202.8 as extended by subsequent Executive Orders, including Executive Order 202.38. Pursuant to Executive Order 202.38 the tolling period is set to expire on July 6, 2020. Accordingly,

**IT IS HEREBY ORDERED** that the following supersede and replace sections VII, VIII, and IX of CMO 1, and that those sections are hereby amended to direct, as follows:

**VII.    Procedures for Responses to Complaints.**

1.    The time to answer, move against, or otherwise respond to any complaint or amended complaint that was served upon the responding defendant between August 14, 2019 through and including October 14, 2019, is extended until **July 22, 2020**.

2.    The time to answer, move against, or otherwise respond to any complaint or amended complaint that was served upon the responding defendant between October 15, 2019 through and including December 11, 2019, is extended until **August 3, 2020**.

3.    The time to answer, move against, or otherwise respond to any complaint or amended complaint that was served upon the responding defendant between December 12, 2019 through and including February 11, 2020, is extended until **August 12, 2020**.

4.    The time to answer, move against, or otherwise respond to any complaint or amended complaint that was served upon the responding defendant between February 12, 2020 through and including May 24, 2020, is extended until **August 21, 2020**.

5.    The time to answer, move against, or otherwise respond to any complaint or amended complaint that was served upon the responding defendant between May 25, 2020 through and including June 26, 2020, is extended until **August 31, 2020**.

6.   The time to answer, move against, or otherwise respond to any complaint
     or amended complaint that was served upon the responding defendant on
     June 27, 2020 and later shall be **65-days** from the date of service upon the
     responding defendant.

7.   In matters filed solely against individual defendants with no corporate or
     municipal or institutional defendants, the time to answer, move against, or
     otherwise respond to any complaint or amended complaint that was served
     upon the individual defendant prior to December 12, 2019, is extended
     until **July 13, 2020**.

8.   In matters filed solely against individual defendants with no corporate or
     municipal or institutional defendants, the time to answer, move against, or
     otherwise respond to any complaint or amended complaint that was served
     upon the individual defendant between December 12, 2019 through and
     including February 11, 2020, is extended until **July 17, 2020**.

9.   In matters filed solely against individual defendants with no corporate or
     municipal or institutional defendants, the time to answer, move against, or
     otherwise respond to any complaint or amended complaint that was served
     upon the individual defendant between February 12, 2020 through and
     including May 24, 2020, is extended until **July 22, 2020**.

10.  In matters filed solely against individual defendants with no corporate or
     municipal or institutional defendants, the time to answer, move against, or
     otherwise respond to any complaint or amended complaint that was served
     upon the individual defendant between May 25, 2020 through and
     including June 26, 2020, is extended until **July 27, 2020**.

11.  In matters filed solely against individual defendants with no corporate or
     municipal or institutional defendants, the time to answer, move against, or
     otherwise respond to any complaint or amended complaint that was served
     upon the individual defendant on June 27, 2020 and later shall be **35-days**
     from the date of service upon the individual defendant.

12.  The time to answer, move against, or otherwise respond to any complaint
     or amended complaint that was re-filed and served upon the responding
     defendant before June 19, 2020 pursuant to a stipulation consenting to or
     an Order of this Court directing the severance of a CVA Action that was
     originally filed as a multi-plaintiff CVA Action, is extended until **August
     3, 2020**.

13.  The time to answer, move against, or otherwise respond to any complaint
     or amended complaint that was re-filed and served upon the responding
     defendant on June 20, 2020 or later pursuant to a stipulation consenting to
     or an Order of this Court directing the severance of a CVA Action that
     was originally filed as a multi-plaintiff CVA Action shall be 45-days from

2

the date the complaint or amended complaint is served upon the responding defendant.

14. The deadlines set forth in this section supersede any deadlines for answering or otherwise responding to a complaint or amended complaint that were **provided by CMO 1**. In the event the parties stipulated to longer deadlines than those set forth above, the stipulation will control.

15. Absent agreement by the parties or Order of this Court, no motion to dismiss shall stay discovery unless the moving party seeks to dismiss the complaint in its entirety. In the event that a party moves to dismiss the complaint in its entirety, discovery shall be stayed only as to that moving defendant and shall proceed as against the remaining defendants.

## VIII. Procedures for Responses to Pending Motions.

1. **In the absence of a briefing schedule consented to by the parties and/or ordered by the Court,** the time to serve opposition papers to any Order to Show Cause or Notice of Motion, including motions to dismiss under CPLR 3211 or 3212, but excluding motions to proceed anonymously or by pseudonym, that were filed and served prior to this Court's Administrative Order #40 dated February 4, 2020, is extended to **July 17, 2020.**

2. **In the absence of a briefing schedule consented to by the parties and/or ordered by the Court,** the time to serve opposition papers to any Order to Show Cause or Notice of Motion, including motions to dismiss under CPLR 3211 or 3212, but excluding motions to proceed anonymously or by pseudonym, that were filed and served between February 4, 2020 through and including May 4, 2020, is extended to **August 3, 2020.**

3. Should the motion(s) not be resolved or withdrawn by the parties as of the date prescribed by **paragraphs 1 or 2** of this section, the Court will set any additional due dates as necessary for reply papers, return date, and oral argument.

4. The deadlines set forth in this section supersede the deadlines for the service of opposition papers and the filing of working copies of motion papers that were **provided by CMO 1**. In the event the parties stipulated to longer deadlines than those set forth above, the stipulation will control.

## IX. Disclosure.

A. <u>Confidentiality Order.</u>

1. **On or before June 22, 2020,** Plaintiffs' and Defendants' Liaison Counsel shall jointly submit a proposed Confidentiality Order (or alternate

3

proposals) that will apply to disclosure in all CVA Actions. Defendants' disclosure in any CVA Action shall not take place prior to entry by the Court of a Confidentiality Order.

B.   Disclosure Requests.

1.   Plaintiffs shall serve responses and/or objections to Standard Automatic Disclosures and Common Demand for Verified Bill of Particulars in an individual action upon the answering defendant **within 30 days of a** defendant filing an answer, motion or other response to the complaint or amended complaint, except as provided in **section VII.13**.

2.   Each defendant shall serve responses and/or objections to Standard Automatic Disclosures in each individual action no later than 30 days after receiving plaintiff's responses and objections described above in paragraph IX.B.1, or within 25 days of entry by the Court of a Confidentiality Order, whichever date is later.

3.   Each plaintiff and defendant shall serve responses and/or objections to Standard Combined Demands/Notices to Produce no later than 40 days after service of the responding defendant's responses and/or objections described above in paragraph IX.B.2.

4.   Unless otherwise agreed by the parties to a CVA Action, responses and/or objections to any disclosure demands are to be served by U.S. Mail or its equivalent, and/or electronically where consented to by the parties. Consent to electronic service shall not be unreasonably withheld. Responses and/or objections will not be e-filed on the Court's docket by any party. However, subject to the Court's forthcoming Confidentiality Order, excerpts of such responses may be e-filed if they are pertinent exhibits to a motion, *e.g.* in a motion to compel.

5.   Any party may serve supplemental, non-repetitive disclosure requests in accordance with the CPLR and applicable discovery submission schedule for that action. Counsel shall exercise good faith in determining the need for such further requests.

6.   None of the requests attached to this Order shall be construed to be interrogatories for purposes of CPLR § 3130. No party may avoid sitting for a deposition by reason of responding to the discovery requests contained in this Order.

7.   To the extent a defendant has filed an answer before the effective date of this Order, the time for a plaintiff to serve responses and/or objections to Standard Automatic Disclosures and Common Demand for Verified Bill of Particulars shall be **30 days after the response date to the complaint that would be applicable to the matter pursuant to section VII or 30 days from entry by the Court of a Confidentiality Order, whichever is**

4

**later.** All other discovery deadlines shall follow the provisions of this section as set forth herein.

C.    Standard Plaintiff Disclosures and Authorizations.

1.    Standard Automatic Disclosures directed at Plaintiffs are attached hereto as Exhibit A to this Order.

2.    Common Demand for Verified Bill of Particulars directed at Plaintiffs is attached hereto as Exhibit B to this Order.

3.    Standard Automatic Disclosures directed at Defendants are attached hereto as Exhibit C to this Order.

4.    Proposed Standard Combined Demands directed at Plaintiffs shall be provided to the Court within 20 days of the effective date of this Order and shall become Exhibit D to this Order.

5.    Proposed Standard Combined Demands directed at Defendants shall be provided to the Court within 20 days of the effective date of this Order days and shall become Exhibit E to this Order.

6.    All disclosure requests listed in this section are deemed served as of the date of the response to the complaint.

7.    All parties retain their rights to object and/or to move with regard to the foregoing demands in accordance with the CPLR and existing case law. The fact that these demands are made a part of the Case Management Order does not in any way alter or waive a party's right to object and/or to move with regard to any of the demands herein.

**IT IS HEREBY ORDERED** that sections I-VI, and X-XII of CMO 1 remain unchanged; and

**IT IS FURTHER HEREBY ORDERED** that the effective date of this Order shall be the date it is uploaded to the Court's Docket on NYSCEF.

DATED:    June *16*, 2020

SO ORDERED  ·

*George J. Silver*

HON. GEORGE J. SILVER
DEPUTY CHIEF ADMINISTRATIVE JUDGE
NEW YORK CITY COURTS

5    GEORGE J. SILVER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTIES OF BRONX, KINGS, NEW YORK, QUEENS AND RICHMOND

_____

In re:  CHILD VICTIMS ACT LITIGATION          EXHIBIT A to CASE MANAGEMENT
                                              ORDER No. 2, Sec. IX.C.1

_____

**STANDARD AUTOMATIC DISCLOSURES DIRECTED AT PLAINTIFFS**

　　　　Plaintiffs' response to Automatic Disclosures:  Absent good cause shown and pursuant to Section IX of Case Management Order No. 2, and any subsequent Case Management Order issued by the Court, within 30 days of the filing of an Answer in a CVA action, plaintiff shall serve upon the answering defendant a response to the following:

　　1.　Response to this Standard Automatic Disclosures directed at Plaintiffs and Common Demand for Verified Bill of Particulars.

　　2.　Duly executed HIPAA-compliant authorizations[1] together with the name and last known address for the medical provider and/or facility for the following:

**Item 1.  Medical Records:**

　　(a)　each pediatrician, physician, specialist and/or medical, mental health or other health care provider (e.g. nurse practitioner) or health care screener (i) that treated plaintiff with respect to any physical or mental condition alleged in the complaint or bill of particulars from the first date of the alleged abuse through the present, and (ii) that treated plaintiff with respect to any physical or mental condition at any time during the two (2) years prior to the first date of the alleged abuse;

　　(b)　each hospital, emergency room, walk-in clinic and/or urgent care clinic (i) that treated plaintiff for any physical or mental condition alleged in the complaint or bill of particulars from the first date of the alleged abuse through the present, and (ii) that treated plaintiff with respect to any physical or mental condition at any time during the two (2) years prior to the first date of the alleged abuse;

_____

[1]  In processing authorizations provided by plaintiff during the course of the CVA litigation, defendants will make best efforts not to disclose the caption of the subject litigation or the fact that plaintiff is a party to litigation. In the event an authorization is insufficient to obtain the records sought in this and any subsequent demands, defendants reserve their rights and will not be precluded from issuing subpoenas or filing motions for the production of documents from third-parties pursuant to the CPLR and existing case law.

(c) each pharmacy (i) that has provided prescription medications to plaintiff for any physical or mental condition alleged in the complaint or bill of particulars from the first date of the alleged abuse through the present, and (ii) that provided prescription medications to plaintiff at any time during the two (2) years prior to the first date of the alleged abuse to the present;

(d) each and every hospital or radiology practice where plaintiff has received x-rays; CT scans, MR images, and/or PET scans or any other diagnostic test (i) with respect to any physical or mental condition alleged in the complaint or bill of particulars from the first date of the alleged abuse through the present, and (ii) with respect to any physical or mental condition at any time during the two (2) years prior to the first date of the alleged abuse;

(e) each infirmary, health center or medical division, department or office within any jail, juvenile detention center or penitentiary (i) that provided medical care and treatment for any physical or mental condition alleged in the complaint or bill of particulars from the first date of the alleged abuse through the present, and (ii) that provided medical care and treatment to plaintiff for any physical or mental condition at any time during the two (2) years prior to the first date of the alleged abuse;

(f) each school, college or university health services (i) that provided medical care and treatment for any physical or mental condition alleged in the complaint or bill of particulars from the first date of the alleged abuse through the present, and (ii) that provided medical care and treatment to plaintiff for any physical or mental condition at any time during the two (2) years prior to the first date of the alleged abuse.

**Item 2. Mental Health Records:**

(a) each mental health professional or provider, who has ever treated plaintiff or with whom plaintiff has ever consulted in any capacity at any time in plaintiff's life;

(b) each psychiatric treatment facility, hospital, clinic and/or center where plaintiff has received treatment and/or has been admitted at any time in plaintiff's life;

(c) each infirmary, health center or medical division, department or office within any jail, juvenile detention center or penitentiary where plaintiff has ever been housed at any time in plaintiff's life;

2

(d) each school, college or university mental health or counseling services at any time in plaintiff's life;

(e) each alcohol, drug and/or addiction clinic and/or treatment center providing emotional, psychiatric or psychological or neuropsychiatric services where plaintiff has ever received treatment and/or has been admitted at any time in plaintiff's life.

### Item 3.  Marriage/Couples' Counseling:

(a) Where plaintiff alleges damage to his/her marriage or ability to form or maintain romantic and/or sexual relationships, or where plaintiff's spouse or domestic partner asserts a cause of action for loss of services, each plaintiff shall provide an authorization for each provider, practice, group, institution, center, and/or individual practitioner where plaintiff has sought marriage counseling, marriage therapy, couples' counseling and/or couples' therapy at any time in plaintiff's life subject to appropriate redactions where the spouse has not placed his/her condition in controversy.

### Item 4.  Employment Records:

(a) To the extent plaintiff asserts a claim for loss of earnings, plaintiff shall provide a fully executed authorization[2] allowing defendants to obtain plaintiff's employment file(s), personnel file(s), human resources file(s), performance file(s), earnings file(s), benefits file(s), and disciplinary file(s) from plaintiff's current employer.

(b) For any period during which plaintiff asserts a claim for loss of earnings and for five years prior to that period, if a claim for loss of earnings is asserted, plaintiff shall provide with respect to any employers, specifically excluding any current employer, a fully executed authorization allowing defendants to obtain plaintiffs employment file(s), personnel file(s), human resources file(s), performance file(s), benefits file(s), and disciplinary file(s).

### Item 5.  Educational Records:

Fully executed authorizations and waivers of confidentiality, including appropriate HIPAA-compliant and/or FERPA-compliant language allowing for and directing release to defendants of any documents and statements from each elementary, junior high/middle school, and high school or institution of

---

[2] See fn. 1.

higher learning (college, university, graduate school, professional school, etc.,) that plaintiff attended, including but not limited to documents relating to:

(a) grades, and or academic performance;
(b) parent-administration conferences;
(c) attendance records;
(d) standardized testing records;
(e) student transcripts;
(f) disciplinary records; and
(g) student health or mental health or counselling records.

### Item 6.  Law Enforcement/Children's Services/Prior Claims:

(a) Fully executed and unlimited HIPAA-compliant authorizations executed by plaintiff affording defendants unlimited access to any documents and statements relating to any past and/or ongoing or current investigation including all files, documents, referrals and investigations into plaintiff and/or plaintiff's family, including foster family, and the household or foster household in which plaintiff was residing at the time of the alleged abuse and at any time in plaintiff's life before or since the abuse alleged in the Complaint took place, by each private, non-profit or governmental entity that protects and promotes the well-being of children including but not limited to the NYS Office of Children and Family Services, NYC Administration for Children's Services ("ACS") or any child welfare agency or organization or victims' advocacy or counseling organization relating to the allegations in the Complaint;

(b) Fully executed and unlimited HIPAA-compliant authorizations and New York Civil Rights Law 50-b waiver executed by plaintiff affording defendants unlimited access to any documents and statements, including but not limited to complaints, files, documents, referrals and investigations by each law enforcement entity, including but not limited to any police department and any Office of the District Attorney, U.S. Attorney's Office, State Attorneys General or relevant public prosecutor, relating to:

   i.   the allegations of sexual abuse of plaintiff as asserted in the Complaint and Verified Bill of Particulars; and
   ii.  any other allegation of abuse that plaintiff has ever alleged or asserted against any other entity, individual, institution, employer, school, or organization that is not a party to the CVA action;

(c) All records of any complaint of alleged sexual abuse or assault or physical abuse or assault, including any prior claim, complaint, statement, allegation, and/or sworn statement of plaintiff against any entity or person, including:

4

    i.    a waiver of any confidentiality which may otherwise preclude disclosure of the underlying facts of such claims; and

    ii.    a waiver of any confidentiality which may otherwise preclude disclosure of plaintiff's allegations, statements and testimony;

(d) Fully executed, HIPAA-compliant authorizations and New York Civil Rights Law 50-b waivers for all items identified in response to paragraph (c) and (d);

(e) Fully executed, HIPAA-compliant authorizations, unsealing authorizations, and New York Civil Rights Law 50-b waivers for all Family Court records relating to plaintiff in the CVA action and/or to plaintiff's family of origin, household in which plaintiff resided at the time of the alleged abuse, or foster placement family(ies), if relevant, including HIPAA-compliant and unsealing authorizations for records of neglect, removal, PINS records, or juvenile delinquency proceedings.

3. Copies of all written statements, tape recordings, videotapes or any transcripts or notes thereof, electronic or otherwise made by or on behalf of the above-named defendant(s) whether signed or unsigned, or the transcript of any electronically recorded statement in accordance with CPLR 3101(e).

4. The names and addresses of all eyewitnesses and notice witnesses to the allegations set forth in the complaint and/or bill of particulars.

Objections to discovery based on privilege, confidentiality or immunity shall state with some specificity that the documents in each category are entitled to protected status; expressly justify the privilege asserted for each category; and describe the nature of the documents to be protected in a manner that will enable the other parties to assess the claim without revealing the privileged information. No documents or information subject to a claim of privilege, confidentiality or immunity from disclosure shall be produced until the claim of privilege, confidentiality or immunity is resolved by the Court.

Nothing contained in these automatic disclosures shall be considered a waiver of any party's rights to pursue any further discovery including, but not limited to, discovery requested above, but for a different time frame.

These demands shall be deemed to continue during the pendency of the CVA action, including the trial thereof.

All parties retain their rights to object and/or to move with regard to the foregoing demands in accordance with the CPLR and existing case law. The fact that these demands are made a part of the Case Management Order does not in any way alter or waive a party's right to object and/or to move with regard to any of the demands herein.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTIES OF BRONX, KINGS, NEW YORK, QUEENS AND RICHMOND
————————————————————————————————

In re:  CHILD VICTIMS ACT LITIGATION          EXHIBIT B to CASE MANAGEMENT
                                              ORDER No. 2, Sec. IX.C.2


————————————————————————————————

## COMMON DEMAND FOR VERIFIED BILL OF PARTICULARS
## DIRECTED AT PLAINTIFFS


PLEASE TAKE NOTICE that each Plaintiff is hereby required, pursuant to Civil Practice Law and Rules § 3041 *et seq.* and Section IX of Case Management Order No. 2, and any applicable subsequent Case Management Order issued by the Court, to serve upon attorneys for Defendants a Verified Bill of Particulars responding to the below demands within the time period specified by the Court pursuant to Case Management Order No. 2.

### I.  Plaintiff's Background Information.

1.      Set forth Plaintiff's full name including all prior legal names, maiden names, and any aliases used throughout Plaintiff's life, and the approximate period(s) of time over which such names were used.

2.      If not previously provided, set forth Plaintiff's name at the time of the alleged abuse, date of birth, social security number, parents and/or guardian's names at the time of the alleged abuse, current address, and address at the time of the alleged abuse, if known. (Date of birth and social security number may be provided in a document separate from Plaintiff's other responses to this demand for particulars).

### II.  Alleged Conduct.

3.      With respect to the alleged sexual abuse claimed in the Complaint ("alleged abuse"), state:

   a.   the name of each person who Plaintiff alleges committed the alleged abuse;
   b.   each act of alleged abuse
   c.   the date and approximate time of day of the occurrence; and
   d.   the location(s) of the alleged abuse and, if known, the address(es) of the locations.

4.      If Plaintiff claims that the individual(s) identified in response to Demand No. 3.a violated any statute, law, rule, ordinance or regulation, provide the citation, including specific subdivision, of each statute, law, rule, ordinance, or regulation allegedly violated and the

alleged acts or omissions giving rise to the alleged violation. (Plaintiff is required to identify the specific subdivision of New York's penal law on which his or her claims are brought under the Child Victims Act.)

5.      If Plaintiff claims that any Defendant violated any statute, law, rule, ordinance or regulation, for each Defendant set forth the specific (including subdivision) statute, law, rule, ordinance(s), or regulation allegedly violated and the alleged acts or omissions giving rise to the alleged violation.

6.      Identify each cause of action and/or theory of liability alleged in the Complaint, and, for each, separately describe in detail all alleged acts or omissions of each Defendant (for institutional Defendants, if known, identify the agents, servants, or employees who allegedly committed the alleged acts or omissions), the date of each act or omission and the basis for any contention that an alleged act or omission was (a) negligent, (b) grossly negligent or reckless and/or (c) intentional.

7.      Describe in detail each action which Plaintiff contends should have been undertaken by each Defendants, specify when the action should have been taken, and the authority under which such action could have been taken.

8.      If Plaintiff claims that any Defendant is vicariously liable for the alleged acts or omissions of another person or entity, identify the person or entity for which each Defendant is alleged to be vicariously liable.

**III.  Alleged Notice.**

9.      If Plaintiff, or any person on Plaintiff's behalf, reported at any time the alleged abuse to any person, including without limitation, any Defendant, law enforcement agency, or officer, identify:

　　　a.   to whom (specific individual or, if unknown, title) the report was allegedly made;
　　　b.   when and how the report was allegedly communicated; and
　　　c.   the information that was allegedly reported.

10.     If Plaintiff alleges that any Defendant had *actual* notice, awareness and/or knowledge of (a) the alleged abuse; (b) an alleged propensity of the individual(s) identified in response to Demand No. 3.a to engage in the type of conduct that caused the alleged injury and/or (c) any other alleged notice, for each Defendant identify:

　　　a.   the information that Plaintiff alleges Defendant had;
　　　b.   when Plaintiff alleges Defendant first acquired the information;
　　　c.   how and from whom Plaintiff alleges Defendant acquired such information (for institutional Defendants, identify Defendant's agent, servant, or employee who allegedly acquired the alleged information); and
　　　d.   any response(s) by each Defendant to such information.

11.    If Plaintiff alleges that any Defendant had *constructive* notice, awareness and/or knowledge of (a) the alleged abuse; (b) an alleged propensity of the individual(s) identified in response to Demand No. 3.a to engage in the type of conduct that caused the alleged injury and/or (c) any other alleged notice, for each Defendant identify:

    a.   the information that Plaintiff alleges Defendant should have had;

    b.   when Plaintiff alleges Defendant should have first acquired the information; and

    c.   how and from whom Plaintiff alleges Defendant should have acquired such information (for institutional Defendants, identify Defendant's agent, servant, or employee who allegedly should have acquired the alleged information).

**IV. Alleged Injuries.**

12.    Identify each and every physical, emotional, psychological and psychiatric injury, disease, diagnosis, condition or syndrome (collectively, "injury") that Plaintiff alleges resulted from the alleged abuse, including:

    a.   when the alleged injury first occurred or manifested;

    b.   when, where and by whom (name and address) each alleged injury was first diagnosed;

    c.   when, where, and by whom (name and address) treatment was sought (indicate all dates of examination and treatment) for each alleged injury;

    d.   the dates and length of time of any confinement to bed and/or home allegedly resulting from each alleged injury;

    e.   if Plaintiff was confined to hospital or any other treatment facility, provide for each alleged injury the (i) names of each such hospital and/or facility and (ii) the approximate dates of admission and discharge;

    f.   the dates and length of time of any incapacitation from activities of daily living allegedly resulting from each alleged injury; and

    g.   whether each alleged injury identified is claimed to be permanent in nature, and if not permanent, when it resolved.

13.    If Plaintiff alleges that the alleged abuse activated, exacerbated or aggravated any preexisting injury, identify each physical, emotional, psychological and/or psychiatric injury which affected Plaintiff before the alleged abuse that Plaintiff alleges was activated, exacerbated or aggravated as an alleged result of the alleged abuse, including:

    a.   when the alleged activation, exacerbation or aggravation first occurred or manifested;

    b.   when, where and by whom (name and address) each (i) alleged injury was first diagnosed and (ii) activation, aggravation or exacerbation was first diagnosed;

    c.   when, where, and by whom (name and address) treatment for (i) the preexisting injury was sought and (ii) the subsequent activation, aggravation or exacerbation was sought (indicate all dates of examination and treatment) for each alleged injury;

    d.   the dates and length of time of any confinement to bed and/or home allegedly resulting from each alleged preexisting injury and subsequent activation, aggravation or exacerbation;

    e.   if Plaintiff was confined to hospital or any other treatment facility allegedly resulting from each alleged preexisting injury and subsequent activation, aggravation or exacerbation, provide for each alleged injury the (i) names of each such hospital and/or facility and (ii) the approximate dates of admission and discharge;

    f.   the dates and length of time of any incapacitation from activities of daily living allegedly resulting from each alleged preexisting injury and subsequent activation, aggravation or exacerbation; and

    g.   whether each alleged injury identified is claimed to be permanent in nature, and if not permanent, when it resolved.

14.    If Plaintiff has ever seen, consulted with, or received assistance of any sort from any federal, state, or local social welfare, vocational, rehabilitation or service agency, provide:

    a.   The name and address of each such agency;

    b.   The dates Plaintiff was seen by or was a client of the agency;

    c.   The person or persons who worked with Plaintiff; and

    d.   The nature of the services provided by that agency.

## V.  Alleged Damages.

15.    If Plaintiff claims to have been incapacitated from employment (or self-employment) or to have suffered impaired earnings capacity as an alleged result of the alleged abuse, identify:

    a.   the dates that Plaintiff was incapacitated or impaired from employment;

    b.   the name of Plaintiff's employer and supervisor(s) during each alleged period of incapacity or impairment;

    c.   Plaintiff's position/title during each period of alleged incapacity or impairment;

    d.   the reasons for leaving any position during a period of alleged incapacity or impairment;

    e.   Plaintiff's wages during each period of alleged incapacity or impairment and for the three years preceding and following each such period;

    f.   whether Plaintiff's loss of income was indemnified or compensated by any source(s) and, if so, the source and amount;

    g.   the amount and categories of lost earnings claimed;

    h.   each of Plaintiff's employers from three years before the first date of alleged abuse through the present, including the time period of each

employment and a description of Plaintiff's job title(s) and duties over time at each employer; and

    i.   if unemployment or loss of employment is alleged, the duration of unemployment, efforts to find other employment following the last day of employment, and any offers of employment since the last date of employment.

16.     If Plaintiff claims any *future* impairment of earnings capacity or loss of future earnings as an alleged result of the alleged abuse, provide the amount and categories of each such alleged impairment or loss.

17.     State the amount(s), if any, Plaintiff claims as special damages for:

    a.  physician's services;
    b.  mental health expenses;
    c.  psychiatric expenses;
    d.  psychological expenses;
    e.  social worker expenses;
    f.  therapy expenses;
    g.  medication;
    h.  medical supplies;
    i.  hospital expenses;
    j.  x-rays and all similar diagnostic tests;
    k.  nursing expenses; and
    l.  amount and nature of any other special damages claimed.

18.     If Plaintiff claims *future* special damages, identify the categories (enumerated in Demand No. 17) and amounts claimed.

19.     If the Complaint alleges loss of services, society, companionship and/or consortium, state for whom the claim for loss of services is made, that person's relationship to Plaintiff, and the nature, extent and duration of the alleged loss.

20.     If it is alleged in the Complaint that Article 16 of the CPLR does not apply to this action, state the basis for such claim and identify any alleged applicable exception.

21.     If Plaintiff claims punitive damages, describe the basis for such claim.

22.     Other than the alleged abuse, if Plaintiff has at any time (as a minor or as an adult) been a victim of any form of sexual abuse or assault, identify:

    a.  the individual(s) who caused and/or committed such acts;
    b.  when and where each act occurred;
    c.  each act of sexual abuse or assault;
    d.  to whom such act(s) were reported; and

    e.   any related claim, cause of action, lawsuit or proceeding filed by or on behalf of Plaintiff or in which Plaintiff participated as a witness, including criminal proceedings, and the outcome of each identified lawsuit or proceeding, to the extent known.

23.    If Plaintiff has at any time (as a minor or as an adult) been a victim of any form of sexual abuse or assault other than the alleged abuse, identify each and every physical, emotional, psychological and psychiatric injury sustained as a result of such conduct, including:

    a.   when the alleged injury first occurred or manifested;

    b.   when, where and by whom (name and address) each alleged injury was first diagnosed;

    c.   when, where, and by whom (name and address) treatment was sought (indicate all dates of examination and treatment);

    d.   the dates and length of time of any confinement to bed and/or home allegedly resulting from the alleged injuries;

    e.   if Plaintiff was confined to hospital or any other treatment facility, provide the (i) names of each such hospital and/or facility and (ii) the approximate dates of admission and discharge;

    f.   the dates and length of time of any incapacitation from activities of daily living allegedly resulting from the alleged injuries; and

    g.   whether each alleged physical, emotional, psychological and/or psychiatric injury, disease, diagnosis, condition or syndrome identified is claimed to be permanent in nature, and if not permanent, when it resolved.

**VI. Demands Specific for Certain Institutional Defendants.**

24.    Complete the additional demands contained in the applicable appendix as appropriate for the named Defendants.

All parties retain their rights to object and/or to move with regard to the foregoing demands in accordance with the CPLR and existing case law. The fact that these demands are made a part of the Case Management Order does not in any way alter or waive a party's right to object and/or to move with regard to any of the demands herein.

**Appendix of Additional Demands for Particulars**
**Roman Catholic Institutions**

1.  With respect to the alleged abuse identified in Demand No. 3 identify:

    a.  the relationship of each person identified in response to Demand No. 3.a to each diocesan and/or archdiocesan and/or parish and/or parochial school Defendant;

    b.  whether the person(s) identified in response to Demand No. 3.a was a member of a religious order, religious institute, religious congregation, or religious society, the name of such order, institute, congregation, or society;

    c.  whether the person(s) identified in response to Demand No. 3.a was a lay employee or volunteer at a parish or school within the territorial confines of a diocese or archdiocese, and provide the name of such parish and/or school;

    d.  whether the person(s) identified in response to Demand No. 3.a was a lay employee or volunteer of a religious order, religious institute, religious congregation, or religious society, and provide the name of such religious order, institute, congregation, or society.

**Appendix of Additional Demands for Particulars**
**City of New York and New York City Department of Education**

1.      If the City of New York is a named Defendant, identify the agency(ies) involved.

2.      If the Department of Education is a named Defendant, identify the school(s) Plaintiff attended at the time of the alleged sexual abuse.

3.      If Plaintiff claims that Plaintiff missed school as a result of the injuries sustained from the incident, state the approximate number of days lost from school.

4.      If Plaintiff alleges negligent supervision of Plaintiff, so state.

5.      If Plaintiff alleges negligent supervision of any other individual, agency, organization, or other entity, identify each such individual, agency, organization, or other entity who Plaintiff alleges the municipal Defendant negligently supervised.  If the action names more than one municipal Defendant, provide the requested information for each such Defendant.  If you cannot identify an individual by name, please provide the individual's title, role, or other information sufficient to reasonably identify that individual.

## Appendix of Additional Demands for Particulars
## Private Educational Institutions

1.　　If Plaintiff claims that Plaintiff missed school as a result of the injuries sustained from the incident, state the number of days lost from school.

2.　　If Plaintiff alleges negligent supervision, the following items are additionally demanded:

　　a.　For every individual who allegedly failed to provide adequate supervision, state (i) the name of the individual; (ii) the address and phone number of the individual; (iii) the name of the entity who employs(ed) the individual; (iv) the title of the individual; and (v) when the individual allegedly failed to provide adequate supervision. If more than one individual allegedly failed to provide adequate supervision, please respond to this demand, including all subparts, as to each individual.  If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each individual. This demand includes all individuals, even if employed by any of the parties.

　　b.　If it is alleged that an agency, organization, and/or other entity failed to provide adequate supervision, state (i) the name of the agency, organization, and/or other entity (ii) the address and phone number of the agency, organization, and/or other entity; (iii) the personnel within the agency(ies), organization(s) and/or other entity(ies) allegedly responsible for the supervision of the person(s), agency(ies), organization(s), and/or other entity(ies) identified in item 4(c), below; (iv) the title(s) of the personnel within the agency, organization and/or other entity allegedly responsible for the supervision of the person, agency, organization, and/or other entity identified in item 4(c), below; and (v) when the agency, organization, and/or other entity allegedly failed to provide adequate supervision.  If more than one person, agency, organization, and/or other entity allegedly failed to provide adequate supervision, respond to this demand, including all subparts, as to each agency, organization and/or other entity.  If you are unable to provide any of the above information, provide a description reasonably sufficient to identify each individual, agency, organization, and/or other entity. This demand includes all individuals, agencies, organizations, and/or other entities, even if employed by or an agency, related entity, or subdivision of any of the parties.

9

    c.  Identify the name or names of the person(s), agency(ies), organization(s), and/or other entity(ies) it is alleged received inadequate supervision.

    d.  Identify what conduct, if undertaken, would have removed the risk of harm to Plaintiff.

3.        If Plaintiff allege negligent hiring or retention of an individual, the following items are also additionally demanded:

    a.  For every individual who allegedly was negligent as to the hiring or retention state (i) the name of the individual; (ii) the address and phone number of the individual; (iii) the name of the entity that employs(ed) the individual; and (iv) the title of the individual. If more than one person allegedly was negligent as to the hiring or retention, please respond to this demand, including all subparts, as to each individual. If you are unable to provide any of the above information, provide a description reasonably sufficient to identify each individual. This demand includes all individuals, even if employed by any of the parties.

    b.  For every agency, organization, and/or other entity that allegedly was negligent as to hiring or retention state (i) the name of the agency, organization, and/or other entity; (ii) the address and phone number of the agency, organization, and/or other entity; (iii) when the agency, organization, and/or other entity allegedly was negligent; and (iv) the personnel (including title(s)) within the agency(ies), organization(s) and/or other entity(ies) responsible for the allegedly negligent hiring or retention. If more than one person, agency, organization, and/or other entity allegedly was negligent as to hiring or retention, please respond to this demand, including all subparts, as to each agency, organization and/or other entity. If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each individual, agency, organization, and/or other entity. This demand includes all agencies, organizations, and/or other entities, even if employed by an agency, related entity, or subdivision of any of the parties.

    c.  State what conduct, if undertaken, would have removed the risk of harm to Plaintiff.

    d.  State in what manner the individual(s) was(were) unfit for employment prior to being hired and what information would have been disclosed by reasonable inquiry or investigation that would have shown a propensity for the individual to engage in the conduct alleged in the Complaint.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTIES OF BRONX, KINGS, NEW YORK, QUEENS AND RICHMOND

———————————————————————

In re:  CHILD VICTIMS ACT LITIGATION

EXHIBIT C to CASE MANAGEMENT
ORDER No. 2, Sec. IX.C.3

———————————————————————

**STANDARD AUTOMATIC DISCLOSURES DIRECTED AT DEFENDANTS**

Defendants' response to Automatic Disclosures:  Absent good cause shown and pursuant to Section IX of Case Management Order No. 2, and any subsequent Case Management Order issued by the Court, within 30 days of plaintiff's service of responses to the Standard Automatic Disclosures Directed at Plaintiffs and the Common Demand for a Verified Bill of Particulars in a CVA action, defendant shall serve upon plaintiff the following:

1.  All documents in the possession of the responding defendant prior to and up to one full year after the last date of abuse as alleged in the complaint and bill of particulars relating to any allegations of sexual abuse against the alleged perpetrator arising from conduct that occurred prior to and during the abuse alleged including, but not limited to, statements, written reports, audio recordings, video recordings, correspondence, emails, memoranda, and notes, and materials transmitted to any police department, any Office of the District Attorney, U.S. Attorney's Office, State Attorneys General or relevant public prosecutor.

2.  If it is alleged that a priest or clergy member abused plaintiff, please provide all personnel files of the alleged perpetrator maintained by the responding religious organization defendant.  To the extent not included in the personnel file of the alleged perpetrator, defendants shall also provide (i) all records pertaining to the assignment changes of the priest or clergy member between parishes and/or schools; (ii) a list of all parishes where the priest or clergy member was assigned inclusive of the start and end dates; and (iii) all alleged "confidential" or "secret" files.

3.  If it is alleged that a (i) physician or other medical professional, or (ii) teacher or other school employee, (iii) troop or group leader (iv) non-catholic religious leader or employee, or (v) other alleged perpetrator sexually abused plaintiff, defendants shall provide all personnel files of the alleged perpetrator. To the extent not included in the personnel file of the alleged perpetrator, defendants shall also provide (i) all records pertaining to the transfer of the alleged perpetrator between non-catholic religious entities, medical institutions/departments, schools, troops or other locations; (ii) a list of all non-catholic religious entities, medical institutions, schools, troops or other locations where the alleged perpetrator was assigned inclusive of the start and end dates;

and (iii) all alleged "confidential," "secret," "ineligible volunteer," "perversion," human resources or similar files.

4.  If it is alleged that a foster parent or individual residing within the foster home or placement sexually abused plaintiff during the time period alleged in the complaint and bill of particulars, defendant shall provide, for a period of two years prior to and including the earliest date of sexual abuse as alleged in the complaint and bill of particulars, the alleged perpetrator's file and the file for each home or placement where plaintiff alleges such sexual abuse occurred, to the extent such files exist and are within the custody and control of the responding defendant.

5.  If a background check(s) was(were) conducted of the alleged perpetrator:

    a.  All records documenting the background check(s) including the background check results and date(s) the background check(s) were performed;
    b.  The name of the person or entity that performed the background check(s);
    c.  The name(s), address(es) and phone number(s) of any references that were allegedly checked.

6.  All written statements, tape recordings, videotapes or any transcripts or notes thereof, made by or on behalf of plaintiff by any person, regarding the allegations set forth in the complaint and bill of particulars in accordance with CPLR 3101 (e).

7.  With respect to allegations against a school, upon presentation of an executed authorization from plaintiff:

    a.  complete copy of all school records pertaining to plaintiff;
    b.  academic transcripts and report cards;
    c.  medical records;
    d.  counseling records, student health or mental health records; and
    e.  disciplinary records.

8.  With respect to allegations of sexual abuse by a foster parent or by an individual residing within the foster home or placement, or to allegations against a foster placement entity, upon presentation of an executed authorization from plaintiff, the responding defendant shall provide a complete copy of records pertaining to plaintiff's placement to the extent such records exist and are within the custody and control of the responding defendant.

9.  All names and aliases used by the alleged perpetrator to the extent known by the responding defendant.

10. The names and/or last known addresses of witnesses who possess information of the claimed abuse against plaintiff as alleged in the complaint and bill of particulars.

2

11. All documents in existence at the time of the alleged abuse setting forth any of the responding defendant's policies, procedures, protocols, guidelines, rules and/or regulations concerning the protection of minors from sexual abuse, the reporting of sexual abuse of children, and the protocols for receiving allegations of sexual abuse and investigating such complaints.

12. The complete and full insurance agreements, including all additional, concurrent, excess or umbrella coverage that may be applicable under which the insurers of the responding defendant may be liable to satisfy part or all of a judgement that may be entered in the above-entitled action to indemnify or reimburse payments made to satisfy a judgment in the above-entitled action, or to comply with their duty to defend.

   a. In the event the responding defendant is unable to locate a copy of any policies that have been identified as possibly providing coverage for the above-entitled action, the responding defendant shall state: (i) the name(s) and address(es) of the insurance carrier(s), (ii) the applicable policy limits of coverage, (iii) the policy number or numbers and coverage amounts, and (iv) the effective dates thereof.

Objections to discovery based on privilege, confidentiality, immunity, or other protection from disclosure shall state with some specificity that the documents in each category are entitled to protected status; expressly justify the privilege asserted for each category; and describe the nature of the documents to be protected in a manner that will enable the other parties to assess the claim without revealing the privileged information. No documents or information subject to a claim of privilege, confidentiality or immunity from disclosure shall be produced until the claim of privilege, confidentiality or immunity is resolved by the Court.

Nothing contained in these automatic disclosures shall be considered a waiver of any party's rights to pursue any further discovery including, but not limited to, discovery requested above, but for a different time frame.

These demands shall be deemed to continue during the pendency of the CVA action, including the trial thereof.

All parties retain their rights to object and/or to move with regard to the foregoing demands in accordance with the CPLR and existing case law. The fact that these demands are made a part of the Case Management Order does not in any way alter or waive a party's right to object and/or to move with regard to any of the demands herein.

3