UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY RAPP and C.D.,

                Plaintiffs,

-against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY

                Defendant.
------------------------------------------------------------X

**MEMO ENDORSED**

Case No. 1.20-cv-09586 (LAK)

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE**, that upon the annexed declaration of Peter J. Saghir, Esq., the exhibits annexed thereto, the accompanying memorandum of law, and upon all the pleadings and proceedings heretofore had herein, the plaintiffs, ANTHONY RAPP and C.D., will move this Court before United States District Judge Lewis A. Kaplan, in the United States District Court for the Southern District of New York, located in the Federal Courthouse, 500 Pearl Street, New York, NY 10007 on a date to be set by the Court, for an order (1) remanding this action to New York State Supreme Court pursuant to 28 U.S.C. § 1447(c) on the grounds that the district court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) inasmuch as defendant Spacey is a domiciliary of England, or in the alternative, (2) permitting discovery on the issue of

<u>Memorandum Endorsement</u>                                              <u>Rapp v. Fowler, 20-cv-9586 (LAK)</u>

        Plaintiffs commenced this action in the Supreme Court of the State of New York, County of New York, for assault, battery and other torts against Kevin Spacey Fowler, better known as Kevin Spacey. The claims arise out of alleged sexual misconduct involving the two then minor plaintiffs 34 and 40 years ago. Defendant removed the action to this Court on the basis of alleged diversity of citizenship. He claims that he is a citizen of the State of Maryland and that plaintiffs are citizens of New York.

        Plaintiffs have moved to remand the action to the state court. They contend that Spacey is domiciled in the United Kingdom and therefore not a citizen, for diversity purposes, of any state. The motion is supported chiefly by a declaration of plaintiffs' counsel, who does not claim any personal knowledge with respect to Spacey's domicile, and an array of newspaper and magazine clippings and other documents. Spacey has submitted a declaration asserting that he is a domiciliary of Maryland.

        Plaintiffs argue, correctly, that the burden of establishing the existence of federal subject matter jurisdiction in this case rests with Spacey. But they would have the Court disregard Spacey's declaration on the theory that it is "self serving" and not "competent." That, however, would be entirely inappropriate.

        A person's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna,* 157 F.3d 945, 948 (2nd Cir. 1998). Certainly Spacey is the only person who is competent to testify on the basis of personal knowledge with respect to whether "he has the intention of returning" to Maryland "whenever he is absent" although, as in any other case in which intent is in issue, other evidence may shed light on the credibility or lack thereof of his assertion of subjective intention. And the question whether he has his true fixed home and principal establishment in Maryland cannot be decided on the basis of newspaper and magazine clippings and other materials submitted by plaintiffs.

        Accordingly, the motion to remand is denied. During the course of discovery, plaintiffs are entitled to seek evidence bearing on the domicile question., but examination of that question must be proportional to the needs of resolving the jurisdictional issue. The parties shall confer within the next two weeks with a view to reaching agreement on the discovery appropriate to that question and shall file a joint report with the Court no later than January 26, 2021 concerning their agreement or, failing an agreement, the boundaries of the dispute. In the meantime, there shall be no discovery on the jurisdictional issue absent consent of both sides. Should the jurisdictional issue remain unresolved after the completion of such jurisdictional discovery as the Court allows, plaintiffs will be permitted to renew their motion.

        SO ORDERED.

Dated:        January 5, 2021

                                                                               Lewis A. Kaplan
                                                                    United States District Judge