**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANTHONY RAPP and C.D.,

                    Plaintiffs,

  -against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY,

                    Defendant.

Case No. 20-cv-09586 (LAK) (SDA)

---

# JOINT REPORT RE PRELIMINARY RULE 26(f) CONFERENCE

KELLER / ANDERLE LLP
Jennifer L. Keller (*pro hac vice* application pending)
Chase A. Scolnick
18300 Von Karman Ave., Suite 930
Irvine, California 92612
(949) 476-8700
cscolnick@kelleranderle.com

SHER TREMONTE LLP
Michael Tremonte
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600
mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey Fowler a/k/a Kevin Spacey*

Under Federal Rule of Civil Procedure 26(f), Plaintiffs Anthony Rapp and C.D. (collectively, "Plaintiffs") and Defendant Kevin Spacey Fowler ("Defendant" or "Mr. Fowler") submit this Joint Report re Preliminary Rule 26(f) Conference. Plaintiffs and Mr. Fowler (collectively, the "Parties"), through their counsel, conducted a preliminary Rule 26(f) conference via telephone on December 22, 2020. Through their counsel, the Parties also conducted a telephonic conference on December 9, 2020 in accordance with the Court's Order re Scheduling and Initial Pretrial Conference (ECF No. 8), but the Parties did not reach an agreement on a schedule that called for the filing of the pretrial order within six months of that Order re Scheduling and Initial Pretrial Conference.

Pursuant to and in accordance with Federal Rule of Civil Procedure 26(f)(1-4), the Parties report the following:

I. **DISCOVERY PLAN**

   A. **Proposed Changes to Rule 26(a)(1) Disclosures**

Mr. Fowler removed this case to this Court on November 13, 2020. (ECF Nos. 1, 6.) On December 14, 2020, Plaintiffs filed a Motion to Remand seeking to send this case back to New York state court. (ECF No. 11.) Mr. Fowler filed his opposition papers on December 28, 2020. (ECF No. 15.) Plaintiffs filed their reply papers on January 4, 2021 (ECF No. 16) On January 5, 2021, the Court issued an Order denying Plaintiffs' Motion to Remand. (ECF No. 17.)

At their conference, the Parties agreed their initial disclosures should not be made and the commencement of discovery should not begin until the Court rules on Plaintiffs' Motion to Remand.

As stated below, the Parties have agreed to confer promptly after the Court's ruling on Plaintiffs' Motion to Remand. The Parties will jointly submit a report to the Court within thirty

(30) days with a proposed trial date and pretrial deadlines, including a mutually convenient date on which the Parties will exchange initial disclosures under Federal Rule of Civil Procedures 26(a)(1) and open discovery per Federal Rule of Civil Procedures 26(d)(1).

 **B.** **Discovery Issues**

  i. **Scope and Subjects of Discovery**

Prior to removal and simultaneously with the commencement of this action in the Supreme Court of the State of New York, Plaintiff C.D. moved by Order to Show Cause to proceed by pseudonym pursuant to the procedures set forth in Case Management Order No. 1 applicable to all New York City Child Victims Act cases (entered on February 24, 2020, by Hon. George J. Silver, Justice of the Supreme Court of the State of New York). The case was removed before the motion was heard. Plaintiff submitted a proposed stipulation to Mr. Fowler's attorneys to allow Plaintiff C.D. to proceed by pseudonym and to provide Mr. Fowler's attorneys with C.D.'s true identity, date of birth, address and social security number, but the proposed stipulation has been rejected. As of this report, Plaintiff C.D.'s identity has not been disclosed to Mr. Fowler, and Mr. Fowler is unaware of Plaintiff C.D.'s true identity. Mr. Fowler objects to Plaintiff C.D.'s pleading under a pseudonym and believes the proposed stipulation from Plaintiffs' counsel would impede Mr. Fowler's ability to investigate and defend against Plaintiffs' claims. Plaintiff C.D. will file a motion with this Court to proceed by pseudonym which Mr. Fowler will oppose.

Regardless, the Parties generally discussed a discovery plan at their conference. The Parties anticipate discovery including written discovery through interrogatories, requests for admissions, requests for documents, third party subpoenas for records and testimony, and depositions of Plaintiffs, Mr. Fowler, third-party witnesses, and, if necessary, expert witnesses. The Parties intend to seek discovery on all discoverable and relevant issues, and the Parties reserve

the right to object to any discovery deemed objectionable for any reason, including without limitation on the grounds of attorney-client privilege, attorney work product protection, and any other applicable privilege or protection.

### ii. Discovery Completion Dates

The Parties agree the discovery completion date should be based upon a trial date set at a future time. As discussed below, the Parties intend to meet and confer about a trial schedule and submit a proposal to the Court as soon as practicable. That report will include a proposal for the completion of discovery.

### iii. Preservation of Evidence

The Parties agreed they would take all reasonable steps to ensure the preservation of evidence, including electronically stored information.

### iv. Protocol for Electronically Stored Information

Disclosure or discovery of electronically stored information should be handled as follows:

To the extent reasonably possible, all discoverable electronic files are to be produced in their native format as kept in the ordinary course of business, with metadata intact.

If any discoverable electronic file cannot reasonably be produced in its native format, all documents within that file are to be produced electronically in optical character recognized ("OCR-ed") portable document format ("PDF").

### v. Procedures for Resolving Disputes Regarding Claims of Privilege

The Parties agree to use the procedures in Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2 regarding any claims of privilege or protecting materials asserted as being for trial preparation, except that the Parties agree any privilege log can be provided at the same time documents are produced rather than at the time of the written response.

      **vi.**      **Changes in Discovery Limitations**

As stated, the Parties have agreed discovery should commence promptly at a reasonable and mutually agreeable date and will submit a joint report including a discovery plan within thirty (30) days. At this time, the Parties request no other changes in the discovery limitations in the Federal Rules of Civil Procedure.

      **vii.**      **Stipulation re Protective Order**

The Parties anticipate a protective order may be needed to permit each Party to designate as "confidential" materials produced during discovery. The Parties will discuss this issue in further detail following the Court's ruling on Plaintiffs' Motion to Remand and will either submit a proposed protective order at that time or otherwise address it in their report.

**II.**    **<u>SETTLEMENT AND ADR</u>**

At this early stage of the case, the Parties believe settlement is highly unlikely, and this case likely will need to proceed to trial.

Despite the unlikelihood of settlement, the Parties recognize the Court will strongly encourage and may require a settlement conference or mediation before the case proceeds to trial. The Parties agree to participate in such process in good faith.

**III.**    **<u>ISSUES RE POTENTIAL SCHEDULING ORDER</u>**

The Parties discussed potential trial dates in general terms at their conference. The Parties are mindful of potential delays caused by the uncertainties of the COVID-19 pandemic on the Court's protocols for jury trials. Plaintiffs believe trial could be set for 2021. Mr. Fowler believes a trial date in spring of 2022 is more realistic, especially given he does not yet know the true identity of one of the Plaintiffs (which Mr. Fowler contends has delayed his ability to meaningfully investigate the claims).

The Parties propose that the Court not set any trial date or issue any pretrial deadlines at the January 12, 2021 conference. Instead, the Parties will confer as soon as practicable about a trial date and pretrial dates. They further have agreed to and propose they jointly submit to the Court the Parties' agreement on, or each Party's proposal for: (1) trial date, (2) a date for the Parties' initial disclosure under Federal Rule of Civil Procedure 26(a)(1) and the commencement of discovery; (3) a non-expert discovery cutoff, (4) expert and rebuttal expert disclosure deadlines, (5) a deadline to add parties or amend pleadings, (6) a deadline to bring motions (including dispositive or partially dispositive motions), and (7) a deadline to submit a joint pretrial order in the form prescribed in this Court's individual rules. Such joint report would be filed within thirty (30) days.

Dated: January 5, 2021
      New York, New York

Respectfully submitted,

*/s/ Peter J. Saghir*
Peter J. Saghir
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf
80 Pine Street, 34th Floor
New York, New York 10005
Tel.: (212) 943-1090
Fax: (212) 425-513
E-mail: psaghir@gairgari.com

Dated: January 5, 2021
      Irvine, California

Respectfully submitted,

<u>/s/Chase A. Scolnick</u>
Chase A. Scolnick
Keller/Anderle LLP
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Tel.: (949) 476-8700
Fax: (949) 476-0900
E-mail: cscolnick@kelleranderle.com

Michael Tremonte
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
E-mail: mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey Fowler a/k/a Kevin Spacey*

**CERTIFICATE OF SERVICE**

In accordance with Local Rule 5.2, I, Chase A. Scolnick, hereby certify that on January 5, 2021 this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Chase A. Scolnick*
