

January 15, 2021

**<u>By Electronic Filing</u>**
The Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   <u>Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey</u>
      Southern District of New York, Case No. 1:20-cv-09586 (LAK)

Dear Judge Kaplan:

As Your Honor knows, we represent Mr. Fowler in the above-referenced matter. I write to respond to and supplement the letter dated January 14, 2021 from Peter Saghir, counsel for plaintiffs, to Your Honor.

First, as Mr. Saghir notes, the parties could not reach an agreement that would permit plaintiff C.D. to proceed by pseudonym. We do not believe it is appropriate for plaintiff C.D. to proceed by pseudonym, and his doing so would be fundamentally unfair under the circumstances and prejudicial to Mr. Fowler's ability to defend against the claims. Mr. Saghir informed me today he intends to file his motion seeking permission for plaintiff C.D. to plead anonymously by no later than Thursday, January 21, 2021. Mr. Fowler will oppose the motion.

Second, Your Honor ordered Mr. Saghir to disclose plaintiff C.D.'s true identity, date of birth, address, and social security number by the close of business today. Your Honor also asked the parties to inform the Court if the parties could not agree on the terms under which the defense must keep plaintiff C.D.'s true identity confidential pending determination of plaintiffs' forthcoming FRCP 10 motion. Mr. Saghir's letter to Your Honor does not address this separate issue, and I write to inform the Court on the parties' positions.

While we expect plaintiffs' counsel to comply with the Court's directive by providing plaintiff C.D.'s true identity to us later today, Mr. Saghir now insists Mr. Fowler's counsel cannot use that information to investigate the claims or conduct discovery. More specifically, on behalf of Mr. Fowler, I proposed these terms apply until the Court rules on plaintiff C.D's anticipated motion to proceed by pseudonym:

January 15, 2021
Page 2

- Any documents filed with the Court shall contain only the pseudonym for Plaintiff C.D., rather than his true name;

- The parties are barred from publishing C.D.'s true identity or identifying information to the public;

- Mr. Fowler is permitted to conduct full discovery, investigate, and otherwise prepare his defense; in doing so, he and his counsel may provide notice of the claim, seek and obtain discovery and information from third parties, including by issuing subpoenas; and provide information to any expert witness, consultant, employee, counsel, or assistant; and

- If Mr. Fowler or his counsel disclose C.D's true name or other identifying information to any third party individual or entity, counsel must instruct that individual or entity to whom such disclosure is made to keep C.D.'s true name and other identifying information confidential from the public.

Notably, these protections largely track those proposed by Mr. Saghir in his request Mr. Fowler agree that plaintiff C.D. can proceed by pseudonym for the entirety of this case, and they are consistent with Mr. Saghir's representations that plaintiffs do not intend to inhibit Mr. Fowler's ability to investigate and defend against the claims. But plaintiffs' counsel now backtracks and insists plaintiff C.D.'s identity cannot be disclosed to anyone other than Mr. Fowler and his counsel, even to those needed to investigate and defend against the claims.

As stated, Mr. Fowler will oppose plaintiffs' motion because plaintiff C.D. proceeding by pseudonym throughout discovery and trial would be unfair and prejudicial. But consistent with the Court's statements at the January 12, 2021 hearing, Mr. Fowler and his counsel will abide by the provisions described above to protect plaintiff C.D.'s anonymity until disposition on plaintiffs' forthcoming FRCP 10 motion is decided.

Mr. Saghir's new position is untenable. If Mr. Fowler cannot disclose plaintiff C.D.'s name as permitted under the restrictions described above – e.g., to an investigator, potential witnesses, or assistants as needed to collect documents and information and with the instruction to keep such material confidential from the public – Mr. Fowler will have no meaningful way to investigate and conduct discovery until plaintiff C.D.'s FRCP 10 motion is decided. Such a result would be highly prejudicial to Mr. Fowler, especially because it would delay Mr. Fowler's investigation and discovery of plaintiff C.D.'s claim by at least a month. This is particularly problematic because the Court set a discovery cutoff date in early July, and plaintiffs' insistence Mr. Fowler's ability to investigate and take third-party discovery related to plaintiff C.D. be delayed only exacerbates the prejudice to Mr. Fowler.

Mr. Fowler therefore respectfully requests the Court clarify that the confidentiality of plaintiff C.D.'s true identity shall be maintained under the terms and restrictions listed above until disposition of plaintiff C.D.'s forthcoming motion for permission to proceed anonymously.

January 15, 2021
Page 3

                                           Respectfully submitted,
                                           KELLER/ANDERLE LLP

                                           Chase A. Scolnick

Copy by E-mail:    Peter J. Saghir
                       Erica A. Wolf
                       Ben Rubinowitz
                       Jennifer L. Keller
                       Jay P. Barron