```
     L1CPRAPC

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   ANTHONY RAPP AND C.D.,,

 4                  Plaintiffs,

 5             v.                           20 CV 9586 (LAK)
                                            Telephone Conference
 6   KEVIN SPACEY FOWLER,

 7                  Defendant.

 8   ------------------------------x
                                            New York, N.Y.
 9                                          January 12, 2021
                                            10:01 a.m.
10
     Before:
11
                       HON. LEWIS A. KAPLAN,
12
                                            District Judge
13
                   APPEARANCES VIA TELECONFERENCE
14
     GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMA
15        Attorneys for Plaintiffs
     BY:  PETER J. SAGHIR
16
     KELLER/ANDERLE LLP
17        Attorneys for Defendant
     BY:  CHASE SCOLNICK
18        JENNIFER KELLER
              AND
19   SHER TREMONTE LLP
     BY:  ERICA WOLFF
20

21

22

23

24

25
```

1                (The Court and all parties appearing telephonically)

2                THE COURT:  Okay.  Could I please have appearances?

3                MR. SAGHIR:  Peter Saghir from Gair, Gair, Conason for

4     the plaintiffs, 80 Pine Street, 34th floor, New York, New York

5     10005.

6                THE COURT:  Good morning.

7                MR. SCOLNICK:  And good morning, your Honor.  This is

8     Chase Scolnick of Keller, Anderle on behalf of Mr. Fowler, and

9     I'm joined by Ms. Jennifer Keller of my office.  Her pro hac

10    vice has been filed and it's pending.

11               MR. KELLER:  Good morning, your Honor.

12               THE COURT:  Good morning.

13               MR. KELLER:  This is Jennifer Keller.

14               THE COURT:  Good morning.  Okay.  We have a court

15    reporter --

16               MS. WOLFF:  Your Honor, if I may just announce my

17    presence.  It's Erica Wolff of Sher Tremonte, co-counsel for

18    the defendant, Mr. Fowler.

19               THE COURT:  Good morning.

20               Do we have our court reporter?

21               THE COURT REPORTER:  Yes, your Honor.  Good morning.

22    This is Rose.

23               THE COURT:  Good morning, Rose.  How are you?

24               THE COURT REPORTER:  I'm doing well.  How are you?

25               THE COURT:  Good.

1    Since we have a reporter, unless I call on you by
2    name, in which case you can just start speaking, you'll have to
3    preface everything you say with your name.
4    I looked at your 26(f) plan, and by and large it's not
5    the way I do things.  I tend to set a schedule right out of the
6    box, and I don't see why this case is an exception.
7    So let me hear from the plaintiff as to how much time
8    they think is necessary for discovery.
9    MR. SAGHIR:  Thank you, Judge.  Well, as your Honor
10   knows, we have the jurisdictional discovery issue, and as a
11   matter of clarification, with respect to the memorandum that
12   was issued by your Honor, was it anticipated that the
13   jurisdictional discovery would proceed concurrently with the
14   general discovery, or was it anticipated that the
15   jurisdictional discovery would be done in a short timeline and
16   then to the extent a motion was renewed to remand, then that
17   would be heard at that time?
18   THE COURT:  They are going to proceed concurrently.
19   That doesn't mean you can't do the jurisdictional stuff
20   quickly, if you can figure out how economically to do it.  But
21   I'm not a great believer in starting off a lawsuit with a
22   structure about phased discovery because my experience of 26
23   years is that usually leads to fights over whether things fit
24   into one phase or another.
25   MR. SAGHIR:  Sure.  I don't -- the plaintiff does not

1  anticipate that more than six months of discovery is necessary
2  in this case.
3              THE COURT:  What about the defendant?
4              MR. SCOLNICK:  Your Honor, this is Chase Scolnick.  We
5  believe that more time is required --
6              THE COURT:  Why?
7              MR. SCOLNICK:  -- especially in light of Covid.  It's
8  our preference that with respect to depositions of the parties,
9  given the nature of the case, that they should proceed in
10 person and not remotely.
11             And we are, hopefully, rounding the bend on Covid, and
12 we expect that the vaccine should be here in short order.  And
13 we plan to take advantage of that and would like to proceed as
14 quickly as possible with discovery.
15             However, that is the holdup, but I would ask that
16 discovery cutoff be later this year, perhaps October or
17 November.
18             THE COURT:  Well, look, we're all hopeful about the
19 vaccinations.  I imagine that there are a quarter of a billion
20 people in the United States who hope to have it very quickly.
21             I have no idea whether anything remotely approaching
22 that is feasible, and so I think it's going to be necessary to
23 proceed on the assumption that the depositions, unless
24 everybody gets lucky with the vaccine, will probably be remote,
25 virtual.

|   |   |
|---|---|
| 1 |          MR. SCOLNICK:  Thank you.  I'm sorry to interrupt, |
| 2 | your Honor. |
| 3 |          THE COURT:  I'm sorry, who was that? |
| 4 |          MR. SCOLNICK:  I'm sorry.  It's Chase Scolnick, again, |
| 5 | your Honor.  The only other issue I'd like to bring to the |
| 6 | Court's attention regarding the discovery schedule is that we |
| 7 | are unaware of one of the plaintiff's identities.  That |
| 8 | certainly will impact the discovery schedule. |
| 9 |          We've been unable to investigate any of the claims |
| 10 | with respect to the unknown plaintiff so far, and I'd ask that |
| 11 | the Court take that into account.  We're seeking that he be |
| 12 | unmasked as soon as possible. |
| 13 |          THE COURT:  Let's begin with the easiest part. |
| 14 | Mr. Saghir, is there any reason why the defendant shouldn't be |
| 15 | told immediately, under a suitable protective arrangement, who |
| 16 | the plaintiff is? |
| 17 |          MR. SAGHIR:  No.  And for clarity, your Honor, I did |
| 18 | submit a proposed stipulation to the defendants that would have |
| 19 | given them the plaintiff's date of birth, true identity, |
| 20 | address and Social Security number, in exchange for proceeding |
| 21 | by pseudonym. |
| 22 |          So we are ready to provide the name of our client; |
| 23 | however, he is a victim of sexual abuse, and for various |
| 24 | reasons he is proceeding anonymously or by pseudonym.  But |
| 25 | absolutely, your Honor, we have already said we would give the |

1   name, so long as we have suitable protections in the place that
2   protect his identity.
3           THE COURT:  Well, look, is there an objection to that
4   from the defendant?
5           MR. SCOLNICK:  Your Honor, this is Chase Scolnick.
6   Certainly we do not object to plaintiffs disclosing the name.
7   However, we don't think there's any reason or justification
8   that he should be permitted to proceed anonymously.
9           Your Honor, we're not talking about a child victim.
10  These are allegations that occurred, I believe, about 40 years
11  ago.  The same individual, it's my understanding, has been
12  speaking to the press anonymously.  So he has been able to make
13  allegations, we believe false allegations, that are damaging
14  against my client's reputation.
15          There's no reason, at this point, that he should be
16  able to proceed anonymously.  If he'd like to file a motion,
17  we'll oppose that motion, but we think that anything short of
18  that will greatly impact our ability to investigate the case
19  and conduct discovery.
20          THE COURT:  All right.  The plaintiff is to reveal,
21  plaintiff and his counsel, the particulars as enumerated by
22  Mr. Saghir a moment ago of the identity and address and so
23  forth of the plaintiff who's been identified only as C.D.
24          If you can't, in the next 48 hours, work out a
25  suitable stipulation on confidentiality, until the question of

whether the plaintiff C.D. can proceed anonymously or generally, you'll let me know, and I will bear the order that I might think appropriate.  So we're going to get that all done this week.

Now, if the plaintiff wants to avoid public disclosure in the lawsuit of the identity of C.D., then they'll have to make a motion under, if memory serves, rule 10, and you're perfectly free to do that, Mr. Saghir, and we'll see what happens on that.

MR. SAGHIR:  I'm sorry, Judge.  If I could just ask for a clarification, please?  You want us to work with the defendants to work out a suitable stipulation.  If we do that, obviously, we don't need to file the motion, but to the extent we're not able to work out a stipulation, we can go ahead and file the motion to proceed by pseudonym; is that correct?

THE COURT:  Look, let's be entirely clear.  Right?  Stipulation or no stipulation, you're going to disclose to the defendant and his counsel, in confidence, information about who C.D. is and where he lives and so forth.  That's going to happen this week.

If you can reach a stipulation concerning simply obligation of the defendant and his counsel to hold that in confidence, unless otherwise ordered by the Court, more power to you.  If you can't get that organized by Friday, you're to let me know, and I'll enter an order.  That's totally separate

1  from the question of proceeding anonymously, unless you can
2  reach an overall agreement that resolves both questions.
3      But one way or the other, you're going to be informing
4  the defense as to the name, address and so forth of the
5  plaintiff, and you're going to do it by the close of business
6  Friday.  Are we clear?
7      MR. SAGHIR:  Just, if there is no stip that can be
8  entered into, are the defendants prohibited from disclosing the
9  name until there has been either an order by your Honor or a
10 motion filed?
11     THE COURT:  Yes.
12     MR. SAGHIR:  Thank you.  Understood.
13     THE COURT:  Okay.  Well, now, give me an idea,
14 Mr. Saghir, as to what the scope of discovery, in terms of
15 witnesses, documents, things of that nature, is.
16     MR. SAGHIR:  Sure.  We anticipate, obviously, a very
17 short discovery schedule in terms of documents and witnesses.
18 We anticipate, obviously, there's our two clients, Mr. Fowler's
19 deposition, Mr. Spacey's deposition.  I don't really anticipate
20 any other depositions that we will be seeking at this time.
21     As far as discovery for documents, there's obviously
22 medical records pertaining to the psychological injuries
23 suffered by the plaintiffs that will be disclosed, but we don't
24 anticipate that this is going to be a complex or difficult
25 discovery.

|   |   |
|---|---|
| 1 | THE COURT:  Okay.  Thank you. |
| 2 | And defense, please, what are you anticipating? |
| 3 | MR. SCOLNICK:  Thank you, your Honor.  This is Chase |
| 4 | Scolnick again.  Your Honor, we believe that, obviously, the |
| 5 | parties will be deposed.  There's going to be written discovery |
| 6 | served on the parties, and we also seek to depose any |
| 7 | percipient witnesses to the alleged abuse. |
| 8 | It sounds like plaintiff has identified some medical |
| 9 | records; so we'll seek to conduct discovery there, and perhaps |
| 10 | depose any percipient witnesses relevant to those issues and |
| 11 | then perhaps any expert testimony, if necessary. |
| 12 | THE COURT:  Say that again, please, the last thing you |
| 13 | said? |
| 14 | MR. SCOLNICK:  Yes, your Honor.  Perhaps if there is |
| 15 | expert testimony, if there is expert testimony that is noticed, |
| 16 | then, of course, we'll seek to depose those experts. |
| 17 | THE COURT:  Does the plaintiff expect to have expert |
| 18 | testimony? |
| 19 | MR. SAGHIR:  Yes. |
| 20 | THE COURT:  One or more than one? |
| 21 | MR. SAGHIR:  Probably two different -- we would call |
| 22 | two different experts on the medical issues, on the |
| 23 | psychological injuries. |
| 24 | THE COURT:  And when are you going to be ready to make |
| 25 | your rule 26 disclosures on the experts? |

L1CPRAPC

1          MR. SAGHIR:  We'd ask for 45 days on that, your Honor,
2     for the expert disclosures.
3          THE COURT:  Do you need more than that, Mr. Scolnick?
4          MR. SCOLNICK:  That's suitable, your Honor.  We'd ask
5     for 60 days after that, or even 45 days after that, for our own
6     expert disclosure.
7          THE COURT:  Okay.  Anything else I should anticipate
8     here?
9          MR. SCOLNICK:  Your Honor, this is Chase Scolnick
10    again.  Not from defendants.
11         THE COURT:  Yes, go ahead.
12         MR. SAGHIR:  Nothing from the plaintiffs, your Honor.
13         THE COURT:  Okay.  From the defendant?
14         MR. SCOLNICK:  Chase Scolnick again, your Honor, no.
15         THE COURT:  Okay.  Good enough.  I thank you and
16    proceed.
17         As far as the trial date, I should add, it is really
18    completely impossible at this moment to schedule.  We have
19    extraordinarily extensive Covid protections in place in the
20    courthouse.  We are certainly not calling any petit juries
21    before the middle of February and that could be extended.
22         At this moment, given the status of the virus, I
23    believe my understanding is correct, but I believe we have only
24    two courtrooms that can accommodate in-person proceedings with
25    suitable social distancing and other protections, and we have

1  quite a backup of cases.

2  Now, I anticipate that as months go by, that number
3  will increase and possibly rapidly.  As recently as two or
4  three weeks ago, we had seven such courtrooms and I, in fact,
5  tried a jury case the end of November.  So we'll see what
6  happens.

7  MR. SCOLNICK:  Your Honor, this is Chase Scolnick
8  again.  Given that trial is not going to be set at this time --

9  THE COURT:  Could you hold for a moment, please?

10  MR. SCOLNICK:  Yes, your Honor.

11  (Pause)

12  THE COURT:  I'm back.  Mr. Scolnick?

13  MR. SCOLNICK:  Thank you, your Honor.  This is Chase
14  Scolnick again.  Given that trial dates -- a trial date is not
15  going to be set in light of Covid, at this point, I would ask
16  that the Court delay expert disclosure, instead of the 45 days
17  that the plaintiffs requested, six months?

18  THE COURT:  No, I don't think so.  Let's get this case
19  ready, and then when a window opens, we'll take advantage of
20  it.  I don't have any trial-ready civil cases on my calendar at
21  the moment.  I have a couple of trial-ready criminal cases, but
22  almost the minute you get Covid clearance, I could be ready to
23  try this case.  So I don't want to stretch it out.

24  Furthermore, in this time period, the opportunity for
25  unexpected delays arises; so I don't want to stretch it out

L1CPRAPC

1  now.
2           Okay, folks.  Thank you very much.
3           Andy, I will speak with you in a minute.
4           (Adjourned)