UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANTHONY RAPP and C.D.,                                  Case No. 1.20-cv-09586 (LAK)(SDA)

                              Plaintiffs,

        -against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY

                              Defendant.
-----------------------------------------------------------------X

*Memorandum of Law in Support of Plaintiff C.D.'s*
*Motion for Leave to Proceed Anonymously*

GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
HERSHENHORN, STEIGMAN & MACKAUF
By: Peter J. Saghir
80 Pine Street, 34th Floor
New York, NY 10005
Tel: (212) 943-1090
Fax: (212) 425-7513
Email: psaghir@gairgair.com

*Attorneys for Plaintiffs Anthony Rapp and C.D.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..............................................................................ii

PRELIMINARY STATEMENT.........................................................................1

RELEVANT BACKGROUND INFORMATION.................................................2

    A.  Procedural History.................................................................................2

    B.  The Second Circuit Recognizes the Importance of Allowing Plaintiffs to
       Proceed Anonymously...........................................................................2

BALANCING THE INTERESETS AT STAKE MANDATES PERMITTING C.D. TO
PROCEED ANONYMOUSLY...........................................................................4

    A.  This Litigation Involves Matters that are Highly Sensitive and of a Personal Nature
       (*Sealed Plaintiff* Factor No. 1)...............................................................5

    B.  There is a Significant Risk of Actual and Severe Mental Harm to Plaintiff and This
       Mental Harm is the Exact Injury Litigated Against (*Sealed Plaintiff* Factors 2 and 3)......7

    C.  Plaintiff C.D. is Particularly Vulnerable as the Underlying Facts of this Case Involve
       Child Sexual Abuse (*Sealed Plaintiff* Factor 4)...................................11

    D.  Defendant Spacey Will Suffer Little or No Prejudice if C.D. is Permitted to Proceed by a
       Pseudonym and Any Prejudice Can be Mitigated (*Sealed Plaintiff* Factor 6)..............12

    E.  C.D. Has Always Maintained His Confidentiality, Both Publicly and in this Litigation
       (*Sealed Plaintiff* Factor 7)....................................................................15

    F.  The Public's Interest in This Case is Outweighed by the Severe Harm to C.D. (*Sealed
       Plaintiff* Factors 8 and 9).....................................................................16

    G.  There Are No Alternative Measures to Protect C.D.'s Confidentiality and Mental Health
       (*Sealed Plaintiff* Factor 10)..................................................................17

PLAINTIFFS BRINGING CASES PURSUANT TO THE CHILD VICTIMS ACT ARE
FREQUENTY PERMITTED TO PROCEED ANONYMOUSLY.................................18

CONCLUSION.............................................................................................19

## TABLE OF AUTHORITIES

### CASES

*Ark61 Doe v. Archdiocese of New York*, 2019 N.Y. Slip Op 33351(U) (Sup. Ct., Bronx County 2019)……………………………………………………………………………………18, 19

*Doe v. City of New York*, 201 F.R.D. 100 (S.D.N.Y. 2001)…………………………………..3, 17

*Doe v. City of New York*, No. 15-CV-117 AJN, 2016 U.S. Dist. LEXIS 16344 (S.D.N.Y. Feb. 4, 2016)…………………………………………………………………………5, 7, 15, 16

*Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006)…………………………………………….10

*Doe v. Doe*, No. 20-CV-5329 KAM/CLP, 2020 WL 6900002 (E.D.N.Y. Nov. 24, 2020)……….8

*Doe v. McLellan*, No. 20-CV-5997 GRB/AYS, 2020 WL 7321377
(E.D.N.Y. Dec. 10, 2020)………………………………………………....………………7, 10, 12, 15

*Doe v. Nygard*, No. 20-CV-6501 ER, 2020 WL 4890427
(S.D.N.Y. Aug. 20, 2020)……………………………………………………..6, 12, 13, 14, 16, 19

*Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996)…………………………………………………5

*Doe v. Skyline Autos. Inc.*, 375 F. Supp 2d 401 (S.D.N.Y. 2019)…………………………….7, 15

*Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y 1999)……………………………………….8, 9, 17

*Doe v. Solera Capital LLC*, No. 18-CV-1769 ER, 2019 WL 1437520
(S.D.N.Y. Mar. 31, 2019)……………………………………………………………..7, 11

*Doe v. Townes*, No. 19-CV-8034 ALC/OTW, 2020 WL 2395159
(S.D.N.Y. May 12, 2020)………………………………………………………...4, 10, 11, 12

*Doe v. Weinstein*, No. 20-CV-6240 MKV, 2020 WL 5261243
(S.D.N.Y. Sept. 3, 2020)…………………………………………………….5, 7, 8, 10, 13, 16, 17

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000)………………....3

*Doe No. 2 v. Kolko*, 242 F.R.D. 193 (S.D.N.Y. 2006)…………………………...6, 7, 8, 12, 13, 14

*EW v. New York Blood Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003)………………………………..13

*John Doe v. Kevin Spacey Fowler, et al.*, No 19-CV-00750 RWSL/SSx  (C.D. Cal. May 14, 2019)……………………………………………………………………………………14, 15

*Osrecovery, Inc. v. One Groupe Int'l*, No. 02-CV-8993 LAK WL 233313
(S.D.N.Y. 2003)............................................................................................3, 4, 13

*R.F.M. v. Nielsen*, 365 F. Supp. 3d 350 (S.D.N.Y. 2019)................................13, 14, 15, 18

*Roe v. Aware Woman Ctr. For Choice*, 253 F.3d 678 (11th Cir. 2001)...............................3

*Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2nd Cir. 2008).........................3,7, 11

*V.R. ex rel. A.R. v. Board of Educ. of City of New York, et al.*, No. 03 Civ. 1031 LAK, 02 Civ.
1032 LAK, 2003 WL 1565954 (S.D.N.Y. Mar. 13, 2003).........................................4, 16

## STATUTES:

Fed. R. Civ. P. 5.2 (a)(3)..............................................................................11

Fed. R. Civ. P. 10(a)....................................................................................3

Fed. R. Civ. P. 17(a)....................................................................................3

## LAW REVIEW SYMPOSIA

Lewis A. Kaplan, Litigation, Privacy and the Electronic Age, 4 YALE SYMP. ON LAW AND
SOC'Y 1 (2001)..........................................................................................13

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support of a motion by plaintiff C.D. for leave to proceed anonymously in this action pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, and for such other and further relief as this Court may deem appropriate.

In the wake of child sexual abuse, victims are left feeling worthless and despicable. They suffer from flashbacks, intrusive thoughts, anxiety, anxiety attacks, and panic among many other debilitating psychological symptoms ██████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████ Because of his fragile psychological condition, C.D. has never revealed to the public that he was sexually assaulted by defendant Spacey. C.D. fears the thought of being publicly identified as one of Spacey's victims and the resulting psychological harm that will cause him.

Though all parties are traditionally named in a case, courts may use their discretion to permit a litigant to proceed anonymously. There is no doubt that this case presents the court circumstances where this discretion must be used. Because of C.D.'s fragile psychological condition, and the deep psychological impact he will suffer if he is required to proceed in this case using his real name, he has a substantial privacy interest in proceeding anonymously. This privacy interest far outweighs any public interest in this case or minor prejudice that defendant Spacey may suffer if C.D. is permitted to proceed anonymously. There are no alternatives to protecting C.D.'s confidentiality and mental health. As such, C.D.'s motion for leave to proceed anonymously in this action must be granted.

1

## RELEVANT BACKGROUND INFORMATION

### A.    *Procedural History*

As this Court knows, this action was originally commenced in New York State Supreme Court on September 9, 2020, pursuant to New York State's Child Victims Act ("CVA") (Saghir Decl., Ex A).  Concurrently filed with the Summons and Verified Complaint was a proposed Order to Show Cause for Leave to File a Civil Action under the Child Victims Act Using a Pseudonym (Saghir Decl., Ex. B).  This proposed Order to Show Cause was signed by the Honorable Deborah A. Kaplan, J.S.C. on September 10, 2020 (Saghir Decl., Ex. C).  Counsel for defendant Spacey filed a Notice to State Court of Filing Notice of Removal in New York State Supreme Court and a Notice of Removal with the United States District Court, Southern District of New York on November 13, 2020, which was contested by the plaintiffs in this matter.  This Court denied plaintiffs' motion to remand with leave to renew following the completion of jurisdictional discovery.  Counsel for C.D. sought to enter into a stipulation with defendant Spacey that would allow C.D. to proceed using a pseudonym, but Spacey refused to enter into any such stipulation.  Upon issuing a decision regarding plaintiffs' motion to remand, a Rule 26(f) conference was held, and a Scheduling Order was issued.  Counsel for plaintiff C.D. was directed to reveal C.D.'s real name to counsel for defendant Spacey by the end of business on January 15, 2021.  C.D. complied with the Court's directive and provided this information to defense counsel via email on January 15, 2021.

### B.    *The Second Circuit Recognizes the Importance of Allowing Plaintiffs to Proceed Anonymously*

It is well-established that when certain circumstances exist, courts may use their discretion to permit a plaintiff to proceed anonymously in his case. Permitting a plaintiff to proceed anonymously is permissible even though open court proceedings and records facilitate

2

public scrutiny and often further public interest in issues facing our society.  Indeed, "[c]ourt proceedings and the records thereof long have been open to the public" (*Doe v. City of New York*, 201 F.R.D. 100, 100 [S.D.N.Y. 2001]).  Rightfully so, the requirement that a complaint name all parties "cannot be set aside lightly" (*Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 [2d Cir. 2008]).  This is particularly true considering Rules 10(a) and 17(a) of the Federal Rules of Civil Procedure, which respectively state that the "title of the complaint must name all the parties" and "must be prosecuted in the name of the real party interest."  However, there is a long tradition throughout the federal court system, including in the Second Circuit, of permitting plaintiffs to proceed anonymously when the underlying facts are of a highly sensitive and personal nature, and the disclosure of the plaintiff's name may result in actual harm to the plaintiff (*see generally Sealed Plaintiff*; *Osrecovery, Inc. v. One Groupe Int'l*, No. 02-CV-8993 LAK [S.D.N.Y. 2003]; *Roe v. Aware Woman Ctr. For Choice*, 253 F.3d 678 [11th Cir. 2001]; *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 [9th Cir. 2000]).

Despite the long history of courts protecting the identities of victims of the most heinous crimes, it was not until 2008 that the Second Circuit set forth the applicable factors to determine when a "plaintiff may file a complaint under a pseudonym" (*Sealed Plaintiff* at 188).  In setting forth a list of "non-exhaustive" factors that "district courts should take into account," the Second Circuit in *Sealed Plaintiff* adopted the standard set by the Ninth Circuit and held "that when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant" (*Sealed Plaintiff* at 189-90).  The non-exhaustive factors set forth by the Court in *Sealed Plaintiff* are as follows:

> (1) Whether the litigation involves matters that are highly sensitive and of a
> personal nature; (2) whether identification poses a risk of retaliatory physical or

mental harm to the party seeking to proceed anonymously; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff

(see *Sealed Plaintiff* at 190).

It is important to note that a "district court is not required to list each of the factors or use any particular formulation as along as…the court balance[s] the interest at stake in reaching its conclusion" (*Sealed Plaintiff* at 191 n.4; *Doe v. Townes*, No. 19-CV-8034 ALC/OTW, 2020 WL 2395159 at *5 [S.D.N.Y. May 12, 2020]; *see also Osrecovery, Inc.* at *2 [the "first three factors have no bearing here"] and *V.R. v. Bd. of Educ.*, No. 03 Civ. 1031 LAK, 02 Civ. 1032 LAK [S.D.N.Y 2003] at *1 [the "first, third and fourth factors are irrelevant here]).  There is no doubt that C.D's strong interest in maintaining his anonymity in this case, based on the corroborated fact that he will suffer actual psychological harm if the Court requires him to publicly reveal his identity, outweighs any public interest in disclosure and minimal prejudice to defendant Spacey.[1]

## BALANCING THE INTERESTS AT STAKE MANDATES
## PERMITTING C.D. TO PROCEED ANONYMOUSLY

A careful review of the factors set forth by the *Sealed Plaintiff* court reveals that C.D. has a "substantial privacy interest that outweighs the customary and constitutionally-embedded

---

[1] Relevant to the fifth factor of *Sealed Plaintiff*, C.D. notes that this case does challenge any actions of the government.  Courts often find that this factor is not in favor of anonymity when the suit only involves private parties.

presumption of openness in judicial proceedings" (*Doe v. Weinstein*, No. 20-cv-6240 MKV 2020
WL 5261243 at *2 [S.D.N.Y. Sept. 3, 2020] (internal quotations omitted).  The only way to
protect C.D.'s substantial privacy interest is by permitting him to proceed anonymously in this
litigation.

A.   ***This Litigation Involves Matters that are Highly Sensitive and of a Personal Nature
     (Sealed Plaintiff Factor No. 1)***

There are few things that are more violative of the human body, and of a highly sensitive
and personal nature, than sexual assault.  Yet "allegations of sexual assault, by themselves, are
not sufficient to entitle a plaintiff to proceed under a pseudonym," even when the "plaintiff was a
victim of a brutal sexual assault" (*Weinstein* at *3; *Doe v. Shakur*, 164 F.R.D. 359, 361, 362
[S.D.N.Y. 1996]).  Therefore, "whether a sexual assault case is sufficiently extreme or sensitive
to justify anonymity turns on the degree of the abuse" (*City of New York*, No. 15-CV-117 at *6)
(Saghir Decl., Ex. K).  There is perhaps nothing more extreme or sensitive than the repeated
sexual assault of a child.

The allegations by C.D. against defendant Spacey go far beyond even the most brutal of
sexual assaults.  C.D. was only fourteen years old when defendant Spacey "engaged in sexual
acts with" him including, but not limited to, C.D. "performing anal intercourse on defendant
Spacey and oral sex" on multiple occasions (Saghir Decl., Ex. A at Para. 33; *see also* Saghir
Decl., Ex. D at Para. 2).  These vicious assaults on a minor child finally came to an end when
defendant Spacey "attempted to anally sodomize the plaintiff, C.D" (Saghir Decl., Ex. A at Para.
35).  C.D. resisted defendant Spacey and explicitly said "no" multiple times, but Spacey
"continued to attempt to anally sodomize the infant plaintiff despite the plaintiff's verbal and
physical resistance" (Saghir Decl., Ex. A at Para. 35).  Finally, C.D. freed himself from

defendant Spacey and fled to safety. It is this set of circumstances, the sexual assault of a child, that courts conceptualized as a matter of the utmost sensitive and personal nature.

In point of fact, multiple courts in the Second Circuit have decided that the sexual assault of a minor is a matter that is highly sensitive and personal in nature, even if the lawsuit is not initiated until the plaintiff is an adult. This very issue was recently decided in *Doe v. Nygard*, No. 20-CV-6501 ER, 2020 WL 4890427 [S.D.N.Y. Aug. 20, 2020]). In *Nygard*, the minor sons of Peter Nygard, "a world-renowned fashion designer" were "statutorily raped when they were fourteen and fifteen years-old, respectively" (*Nygard* at *1). Noting that in certain "circumstances, particularly those that implicate serious individual privacy concerns, courts may, at their discretion, permit a litigant to proceed anonymously" (*Nygard* at 1) (internal citations and quotations omitted). Turning to the facts of the case, the Court noted that "John Doe No. 1 and John Doe No. 2 allege that they were statutorily raped...The details of those attacks will undoubtedly feature prominently in this case. John Doe No. 1 and John Doe No. 2 have a strong right to privacy in this information," even though John Doe. 2 is no longer a minor (*Nygard* at 3). This finding was key in the *Nygard* court permitting the plaintiffs to proceed using pseudonyms (*Nygard* at 3). Similarly, the details of Spacey's sexual assault and attempted anal sodomy of C.D. when he was fourteen years will be at the center of this case. Indeed, it is the crux of C.D.'s allegations against defendant Spacey. Because of this, C.D. has a strong right to privacy in this case that can only be maintained by permitting him to proceed anonymously.

The court in *Doe No. 2 v. Kolko*, 242 F.R.D. 193 (S.D.N.Y. 2006) reached the same conclusion as the *Nygard* court with facts remarkably similar to the case presently before the Court. In *Doe No. 2* a man was sexually abused when he was a minor student at a school and almost thirty years later, he brought suit against his abuser (*Doe No. 2* at 194). Though the

defendant in *Doe No. 2* contested plaintiff's application to proceed anonymously, the court noted

that "none of the cases…where courts denied the request of a victim of sexual assault to proceed

anonymously involved assault on a child" (*Doe No. 2* at 197). Ultimately, the court concluded

that the plaintiff "established special factors to warrant authorization to proceed anonymously,"

even though he was an adult when the lawsuit was initiated (*Doe No. 2* at 198). The fact that

C.D. was sexually abused as a minor makes clear that the subject matter of this litigation is of the

utmost sensitive and personal nature.

**B.      *There is a Significant Risk of Actual and Severe Mental Harm to Plaintiff and This
          Mental Harm is the Exact Injury Litigated Against (*Sealed Plaintiff *Factors 2 and 3)***

When deciding whether a party may proceed anonymously, courts are urged to consider

"whether identification poses a risk of retaliatory…mental harm to the party seeking to proceed

anonymously" (*Sealed Plaintiff* at 190] [internal quotations omitted]; *Doe v. McLellan*, No. 20-

CV-5997 GRB/AYS, 2020 WL 7321377 at *2 [E.D.N.Y. Dec. 10, 2020]). Indeed, the "risk of

psychological injury stemming from identification is a cognizable harm that can serve as a

legitimate basis for proceeding anonymously" (*Doe v. Solera Capital LLC*, No. 18-CV-1769 ER,

2019 WL 1437520 at *4 [S.D.N.Y. Mar. 31, 2019]; *Weinstein* at *3). However, a party seeking

to proceed anonymously cannot make a speculative claim of psychological or mental harm.

As such, "conclusory statements and speculation" of harm are not sufficient "evidence of

the severity or likelihood" of any mental harm (*McLellan* at *2). A plaintiff wishing to proceed

anonymously "must base their allegations of mental harm on more than mere speculation"

(*Weinstein* at *3 [internal quotations omitted]). To avoid conclusory statements, multiple courts

"have suggested that a plaintiff should submit medical documentation to support the alleged

harm they will suffer if they were not permitted to proceed anonymously" (*Doe v. Skyline Autos.

Inc.*, 375 F. Supp 2d 401, [S.D.N.Y. 2019]; *see also City of New York*, No. 15-CV-117 at *7

7

[Saghir Decl., Ex. K]).  Courts repeatedly find that a party fails to prove sufficient justification to proceed anonymously "[w]ithout corroboration from medical professionals" (*Weinstein* at *4).

However, when a party submits documentation from a medical professional that corroborates "the nature and severity of any mental injury from disclosure," motions to proceed anonymously are routinely granted (*Weinstein* at *3).  For example, in permitting the plaintiff to proceed anonymously in the recent case *Doe v. Doe*, No. 20-CV-5329 KAM/CLP, WL6900002 at *2 (E.D.N.Y. Nov. 24, 2020), the court noted that the plaintiff "provided a letter from a therapist whose clinical opinion is that the plaintiff would be mentally and emotionally impacted if…her information is made public in this case" (internal quotations omitted).  The *Doe v. Doe* court ultimately found that the second and third *Sealed Plaintiff* factors weighed in favor of her anonymity as a result.

Similarly, in *Doe No. 2*, the plaintiff's psychologist opined "that the alleged sexual abuse at issue has caused plaintiff psychological and emotional injuries, including post traumatic stress disorder.  He further state[d] that plaintiff also suffers from bipolar disorder and that any public disclosure of plaintiff's identity would be severely damaging to his already fragile psychological condition" (*Doe No. 2* at 196) (internal quotations omitted).  The court in *Doe No. 2.* specifically found that such a submission by the plaintiff was "sufficiently particularized and specific to establish a serious risk of harm to plaintiff's mental health" if his identity was publicly disclosed (*Id.*).

The submission of medical corroboration documenting the psychological effects of requiring an individual to proceed using his or her real name is powerful and persuasive.  Indeed, on a motion for reconsideration, the district court in *Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y 1999) reversed its earlier decision and permitted plaintiff to proceed anonymously upon

8

submission of medical documentation from a psychiatrist "that proceeding publicly would cause [the plaintiff] to decompensate psychologically" (*Smith* at 43) (internal quotations omitted). Similarly, the mental harm that C.D. will suffer if he is required to proceed publicly with his real name is corroborated and substantial.

   Plaintiff C.D. is a survivor of child sexual abuse.  When he was a minor, defendant Spacey "sexually abused and attempted to rape" him (Saghir Decl., Ex. D at Para. 2).



Saghir Decl., Ex. D at Para. 4).  C.D. has treated with Neil A. Bonavita, a Licensed Certified Social Worker, since 2015 for the psychological harm that he suffers because of the sexual assault at the hands of defendant Spacey (Saghir Decl., Ex. E at Para. 4).

He also has "extensive experience working with child victims of sexual abuse" (Saghir Decl., Ex. E at Para 2).

   Over the last six years C.D. has worked hard to "manage the impact of the childhood sexual abuse and emotional contact with Mr. Spacey" (Saghir Decl., Ex. E at Para. 6).

(Saghir Decl., Ex. E at Para. 6, Saghir Decl., Ex. D at Para. 5).  Because of this, C.D. has "never disclosed [his] name to the public" and has "carefully guarded [his] anonymity in order to protect [his] psychological well-being" (Saghir Decl., Ex. D at Para. 6).  Indeed, the mere specter of C.D.'s "name being circulated in the media...creates great instability in [his] psyche and raises concerns of harm and being retriggered into uncontrollable thoughts" (Saghir

Decl., Ex. D at Para. 6).  It is Mr. Bonavita's professional opinion as C.D.'s treating psychotherapist,



(Saghir Decl., Ex. E at Para. 9).

(Saghir Decl., Ex. D at Para. 6).  There is no doubt that C.D. will suffer significant mental harm if he is not permitted to proceed anonymously.

The corroborated harm that C.D. will suffer if he is required to proceed in this action using his real name is distinguishable from cases where courts denied a plaintiff's motion for anonymity because there was no proof of mental harm from the actual revelation of the plaintiff's name.  For example, the court in *McLellan* denied plaintiff's motion to proceed with a pseudonym because of the speculative nature of her application and her failure to show "evidence of continued harm…or mental harm" (*McLellan* at *2).  As further illustration, C.D. is not claiming that he will suffer "mere embarrassment" or "social stigmatization" if his identity is revealed to the public (*Weinstein* at *3, *Townes* at * 4).  And finally, the mental harm that C.D. will suffer does not stem from the litigation itself, but from the disclosure of his name publicly in the litigation.  For example, in *Doe v. Del Rio*, 241 F.R.D. 154, 161 (S.D.N.Y. 2006), the court

denied plaintiffs' application to proceed anonymously because plaintiff Jane Doe failed to show

a link "between public disclosure of plaintiff's name and the described psychological risk." Here,

there is no doubt that the public disclosure of C.D.'s name and the psychological harm that C.D.

will incur are inextricably linked. ████████████████████████████████████████

████████████████████████████████████████████████████████ (Saghir Decl.,

Ex. E at Para. 9).

There is also no doubt that the harm that is litigated against in this case is the exact harm

that C.D. will be subject to if his identity is revealed to the public (*Sealed Plaintiff* at 190).

████████████████████████████████████████████████████████

████████████████████████████████████████

████████(Saghir Decl., Ex. D at Para. 4).  ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

(Saghir Decl., Ex. D at Para. 9).  Therefore, the psychological damages claimed in this case are

the same as the psychological damages that C.D. will suffer if his name is publicly revealed.

## C.   *Plaintiff C.D. is Particularly Vulnerable as the Underlying Facts of this Case Involve Child Sexual Abuse (***Sealed Plaintiff*** Factor 4)*

As a victim of child sexual assault, plaintiff C.D. is "particularly vulnerable to possible

harms of disclosure" (*Solera Capital LLC* at *6).  Because of this vulnerability, courts are

"readier to protect the privacy interests of minor plaintiffs" (*Townes* at * 5) (*see also* Rule 5.2 of

the Federal Rules of Civil Procedure [requiring that any court filing on behalf of a minor only

use his initials].  This protection is specifically extended to victims who are sexually abused as

minors and choose to bring litigation as adults (*see generally Doe No. 2* [permitting an adult plaintiff to proceed anonymously, alleging he was sexually abused by a rabbi when he was a minor] and *Nygard* [granting an adult plaintiff's motion to proceed anonymously though the assault occurred when plaintiff was a minor]).  Because of C.D.'s vulnerability as a victim of child sexual abuse, he must be permitted to proceed anonymously in this litigation.

### D.    *Defendant Spacey Will Suffer Little or No Prejudice if C.D. is Permitted to Proceed by a Pseudonym and Any Prejudice Can be Mitigated (*Sealed Plaintiff *Factor 6)*

In any case where a plaintiff seeks to proceed anonymously in the caption, there is a risk for potential prejudice to the defendant.  Some courts have noted that "[a]llowing [a] plaintiff to proceed anonymously would disadvantage the defendant at all stages of the litigation, including settlement, discovery, and trial" (*McLellan* at *3).  However, these risks exist in every single case where a plaintiff moves to proceed anonymously.  Yet despite these risks, courts still permit parties to proceed without using their real names when "unique circumstances" exist (*Id.*).  Because of the risk to C.D.'s mental health, the "need for anonymity outweighs the prejudice to the opposing party," in this case, thereby presenting unique circumstances (*Doe No. 2* at 196).

One type of prejudice typically faced by defendants accused of sexual assault is reputational damage.  There is no doubt that the nature of the allegations brought by C.D. are "graphic and serious" (*Townes* at * 6).  Therefore, theoretically, "the reputational damage risk to Defendant is high and fairness requires that plaintiff be prepared to stand behind [his] charges publicly" (*Id.*) (internal quotations omitted).  However, defendant Spacey's reputation was shattered long before this lawsuit was commenced due to the dozens of accusations of sexual harassment and assault that have been lodged against him (Saghir Decl., Ex. F).  Indeed, upon information and belief, Spacey has not worked in Hollywood since the first allegations of sexual assault were leveled against him in 2017 (Saghir Decl., Ex. G).  As a result, "any additional

prejudice to the defendants' reputation or ability to operate merely by pursuit of this action under

a pseudonym appears minimal" (*Doe No. 2* at 198; *see also EW v. New York Blood Ctr.*, 213

F.R.D. 108, 112 [E.D.N.Y. 2003]).  Because his reputation is already in tatters, defendant Spacey

will not be prejudiced or incur any additional reputational damage if C.D. is permitted to proceed

anonymously.

Defendant Spacey may try to argue that he will be prejudiced in his defense of this case,

claiming that permitting C.D. to proceed via pseudonym will prohibit him from pursuing

"whatever discovery is proper, which, depending upon the circumstances, might require that

Plaintiff's name be public" (*Weinstein* at * 5).  However, this Court must recognize that C.D. is

not the only plaintiff in this case.  Anthony Rapp, C.D.'s co-plaintiff, asserts similar conduct in

his causes of action (Saghir Decl., Ex. A at Paras. 1-21).  Since there is another "plaintiff[] in this

Court alleging similar conduct" who is proceeding under his real name, defendant Spacey "will

have an unfettered opportunity to present [his] defenses and to challenge the credibility" of Mr.

Rapp (*Doe No. 2* at 198).  Indeed, Spacey will have a "public forum to defend the charges of

abuse" since the other plaintiff in this case, Mr. Rapp, disclosed his identity (*Id.* at 196).[2]

Moreover, the prejudice to defendant Spacey is minimal (if not non-existent), as plaintiff

C.D. identified himself to Spacey, at the direction of this Court, "for purposes of this litigation"

(*R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 371 [S.D.N.Y. 2019]).  Therefore, C.D.'s identity "can

be held in confidence with due regard for [Spacey's] legitimate interests" (*Osrecovery, Inc* at *

2 [*see also Nygard* at *3  ["Defendants will experience little or no prejudice by allowing

Plaintiffs to remain anonymous at this stage of the proceeding, as Plaintiffs have agreed to make

---

[2] This Court must also ask itself why defendant Spacey refuses to stipulate to allow C.D. to proceed anonymously.
Is it to assist in his defense or an "effort to use litigation to generate media content rather than to accomplish a
genuine litigation purpose" (*see generally* Lewis A. Kaplan, Litigation, Privacy and the Electronic Age, 4 YALE
SYMP. ON LAW AND SOC'Y 1 [2001]).

their names and identities known to Defendants"]).  Because C.D. has disclosed his identity to

Spacey, "[o]ther than the need to make redactions and take measures not to disclose plaintiff's

identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in

court papers" (*Doe No. 2* at 198).[3]

Indeed, prior to the filing this motion, counsel for C.D. proposed to defendant Spacey that

the parties enter into a stipulation that would have permitted C.D. to proceed anonymously while

still permitting Spacey to "conduct full discovery, investigate, or otherwise prepare its defense"

including, but not limited to, "seeking and obtaining discovery and information from third

parties…so long as such persons provided with this information agree to maintain the

confidentiality of the information" (Saghir Decl., Ex. H).  Counsel for defendant Spacey flat out

refused to sign such an agreement.  Courts frequently approve of such agreements as they

balance the defendant's need to investigate the case while protecting the plaintiff's privacy and

mental health (*see Nygard* at * 3; *see also R.F.M.* at 372  ["risk of prejudice to the defendants has

been mitigated because the plaintiffs have disclosed their identities to the defendants"].  Such a

proposal permits Spacey to defend himself against the claim without publicly revealing C.D.'s

name (*See supra* FN 2).

Finally, of note, a federal court has already found in a similar action against defendant

Spacey that any prejudice to Spacey is outweighed by the "need for Plaintiff's anonymity" (*John

Doe v. Kevin Spacey Fowler, et al.*, No 19-CV-00750 RWSL/SSx at pg. 20 [C.D. Cal. May 14,

2019]) (Saghir Decl., Ex. M).  In *John Doe*, defendant Spacey was accused of sexually assaulting

a massage therapist during a massage appointment (*Id.* at pg. 2) (Saghir Decl., Ex. M).  The

---

[3] Pending the resolution of this motion, should the parties be unable to resolve this issue on their own, plaintiff C.D. reserves the right to file a motion for a protective order to lay out the terms by which C.D.'s identity may be disclosed to certain third parties to permit defendant Spacey to investigate the claims and defend the case *(Nygard,* at * 3).

plaintiff moved to proceed anonymously, and the court granted his request, finding "that there is little prejudice to Defendant at this stage,"   specifically noting that Spacey had "sufficient detail as to the time, location, and facts surrounding the alleged assault for Defendant to conduct sufficient discovery at this stage (*Id.* at pg. 19-20) (Saghir Decl., Ex. M).  The court was therefore "unpersuaded that any prejudice outweighs the need for Plaintiff's anonymity" (*Id.* at 20) (Saghir Decl., Ex. M).  Similarly, C.D.'s Complaint puts defendant Spacey on notice as to the date, location, and facts surrounding the sexual assault (Saghir Decl., Ex. A at Paras. 31-36).  Moreover, Spacey is aware of C.D.'s identity.  Therefore, as in *John Doe*, any potential prejudice to Spacey is outweighed by the need for C.D.'s anonymity.

**E.    *C.D. Has Always Maintained His Confidentiality, Both Publicly and in this Litigation* (Sealed Plaintiff *Factor 7*)**

C.D. has never disclosed his identity as a victim of sexual assault by defendant Spacey to the public or in any filings that are part of this litigation (Saghir Decl., Ex. D at Para. 6).  Courts often deny "a plaintiff raising sexual assault allegations the ability to proceed anonymously" when the party's "identity was already known to the public" (*City of New York*, No. 15-CV-117 at * 11) (Saghir Decl., Ex. K).  However, there is "no indication that [C.D.'s] identity is known to the public or the media" (*Id.*; *see also R.F.M.* at 372 [noting that "the plaintiffs have retained their anonymity, which weighs in favor of allowing the plaintiffs to continue proceeding anonymously"]).  Indeed, C.D. has never revealed his identity to anyone in the general public.

Moreover, the fact that C.D. has maintained his anonymity in this litigation and has not revealed it through the filing of his complaint or other court documents weighs heavily in his favor.  In fact, "[s]ome courts have indicated that if the identity of a plaintiff was previously disclosed in judicial or administrative proceedings, then the request to proceed anonymously should be denied" (*Skyline Autos. Inc.* at 407 [S.D.N.Y. 2019]; *McLellan* at *3].  In fact, when a

15

party has previously disclosed their name in the public records, "leaving their names out of the captions would accomplish little of substance and yield little enhancement of privacy" (*V.R.* at *1). However, given that C.D. has never disclosed his name in the public records, leaving his name out of the caption will greatly enhance C.D.'s privacy – and protect his mental health – in this matter.

F.    **The Public's Interest in This Case is Outweighed by the Severe Harm to C.D. (**Sealed
      Plaintiff *Factors 8 and 9*)

Generally, C.D. acknowledges that "lawsuits are public events" and that there "is great public interest in" the dozens of allegations levied against defendant Spacey (*Weinstein,* at * 6). However, the mere fact that a celebrity is accused of sexual assault in no way minimizes the fact that the public "has a strong interest in preserving the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes" (*Nygard* at * 3). For example, *Nygard* involved allegations of child sexual assault by the girlfriend of Peter Nygard, a world-renowned fashion designer, and a sex trafficking operation run by Peter Nygard. Despite Nygard's celebrity and intense media interest in the case, the court in *Nygard* permitted the plaintiffs to proceed anonymously. Indeed, the court found there was actually a heightened interest in maintaining the plaintiffs' anonymity "given the sprawling allegations levied against Nygard" (*Id.*). Similarly, dozens of allegations of sexual assault have been levied against defendant Spacey, heightening the interest in maintaining C.D.'s anonymity.

Moreover, any news about defendant Spacey generates intense media coverage because of his celebrity, which may discourage other victims of Spacey from coming forward. Therefore, it is in the public interest to permit C.D. to proceed anonymously to "encourage other victims to testify to vindicate the public's interest in eradicating" the scourge of powerful individuals using their position to assault innocent parties (*City of New York*, No. 15-CV-117 at

\*12) (Saghir Decl., Ex. K) without fear of harassment or a violation of the victim's "individual privacy" (*City of New York*, 201 F.R.D. at 101).

Ultimately, this Court must balance "the plaintiff's right to privacy and security against...the public interest" in this case because of Spacey's celebrity (*Smith* at 44).  When "the plaintiff has presented particularized and undisputed evidence that proceeding publicly would seriously threaten [his] mental health" there is "an exceptional circumstance warranting authorization to proceed anonymously" (*Id.*).  This exceptional circumstance "override[s]" the "public interest in openness" (*Id.*).  Therefore, because C.D. has presented undisputed evidence from his mental health provider that proceeding publicly will seriously threaten his mental health, an exceptional circumstance exists that overrides the public's interest generated in this case because of defendant Spacey's celebrity.

### G.     There Are No Alternative Measures to Protect C.D.'s Confidentiality and Mental Health (Sealed Plaintiff Factor 10)

In certain cases where a plaintiff is concerned about revealing "particularly sensitive information," there are alternative measures available to "protect the plaintiff's interests in confidentiality" such as redactions or protective orders (*Weinstein* at 6).  However, C.D.'s concerns lie in revealing his name to the public and the effect such an action will have on his fragile mental health (Saghir Decl., Ex. D at Para. 6).  Redacting portions of the court record or setting forth a protective order will not prevent C.D.'s name from being made public (*see generally A.B. v. C.D.*, No. 17-CV-5840 DRH/AYS, 2018 WL 1935999 at \* 3 [E.D.N.Y. Apr. 24, 2018] [denying plaintiff's motion to proceed anonymously on other grounds]).  The **only** way to protect C.D.'s confidentiality, privacy, and mental health is to allow him to proceed anonymously.  Indeed, proceeding under seal or redacting certain documents would not "further

the public's interest in disclosure any more than documents identifying the plaintiff[] by [his]

initials" (*R.F.M.* at 372) . As such, there are no alternative measures to protect C.D.

### PLAINTIFFS BRINGING CASES PURSUANT TO THE CHILD VICTIMS ACT ARE FREQUENTLY PERMITTED TO PROCEED ANONYMOUSLY

As this Court is aware, C.D. initially filed his case in New York County, New York State

Supreme Court, using a pseudonym pursuant to the Child Victims Act.  This was permissible

pursuant to Orders issued by justices managing CVA cases in New York State.  Specifically, all

CVA cases filed in the five boroughs of New York City are in front of the Hon. George J. Silver,

the Deputy Chief Administrative Judge for the New York City Courts, for pretrial proceedings

(Saghir Decl., Ex. I).  In this role, Justice Silver promulgated Case Management Order ("CMO")

No. 1 (Saghir Decl., Ex. J).  Pursuant to Para III. 1 of CMO No. 1, "a plaintiff may initiate an

action and file a complaint by initials or pseudonym, rather than the person's legal name…[i]f all

defendants do not consent, then together with the filing of the complaint, a plaintiff must file an

application by order to show cause seeking permission to proceed by initials or pseudonym"

(Saghir Decl., Ex. J).  In accordance with CMO No. 1, C.D. filed a proposed Order to Show

Cause for Leave to File a Civil Action Under the Child Victims Act Using a Pseudonym on

September 9, 2020 concurrently with the filing of his Summons and Verified Complaint (Saghir

Decl., Ex. B).  The Order to Show Cause was signed by the Hon. Deborah A. Kaplan, J.S.C.

(Saghir Decl., Ex. C).  The Order to Show Cause filed in state court remains outstanding as

defendant Spacey removed this case to federal court prior to the parties being heard on the issue.

Though the issue of C.D.'s anonymity was not resolved by the state court, it is notable

that plaintiffs who bring suit pursuant to the CVA and move to proceed anonymously are often

able to do so.  For example, Justice Silver freely permitted the plaintiff in *Ark61 Doe v.*

*Archdiocese of New York*, 2019 N.Y. Slip Op 22251(U) (Sup. Ct. 2019) to proceed anonymously

(Saghir Decl., Ex. L).  While recognizing the "values of open access to civil proceedings," Justice Silver noted that the legislative purpose of the CVA was to "avoid exposing alleged victims to the lasting scars of broadcasted exposure while helping the public identify hidden child predators through civil litigation discovery" (*Id.* at 3) (Saghir Decl., Ex. L).  Justice Silver found that the defendants' due process rights would not be violated because, as with C.D., the plaintiff was willing to share details about his or her identity with the defendants (*Id.* at 4) (Saghir Decl., Ex. L).  This was "an arrangement that has been notably accepted in the lion's share of CVA cases before this court" (*Id.*) (Saghir Decl., Ex. L).

Should this Court feel disinclined to grant plaintiff's C.D.'s motion to proceed anonymously, it is respectfully requested that a decision on this motion be delayed until jurisdictional discovery is completed.  If the jurisdictional issue surrounding defendant Spacey's domicile remains unresolved, plaintiffs intend on renewing their motion to remand pursuant to this Court's Order of January 5, 2021.  If this case is remanded following the conclusion of jurisdictional discovery, C.D. will proceed to move anonymously in New York State Supreme Court pursuant to CMO No. 1.  Delaying the decision of this motion pending jurisdictional discovery will protect C.D.'s mental health and privacy.

## CONCLUSION

The effects of child sexual assault on its victims are severe and permanent.  It is inapposite that someone who survives such a brutal assault should be victimized again and suffer the damages attendant to the public revelation of his name.

It is apparent that "[t]aken as a whole, then, the *Sealed Plaintiff* factors weigh strongly in favor of granting" C.D.'s motion to proceed anonymously (*Nygard* at 3).  The assault perpetrated by defendant Spacey on C.D., when C.D. was only a child, is a matter that is highly sensitive and

of the utmost personal nature. It caused permanent and severe psychological damage to C.D. that left him extremely vulnerable. This damage will be irreparably and permanently worsened if C.D. is required to publicly reveal himself as a sexual abuse victim of defendant Spacey, something he has never done. These circumstances create a substantial privacy interest for C.D. that is not outweighed by the public interest in this case or any theoretical prejudice to defendant Spacey. As there are no alternatives to protecting C.D.'s confidentiality and mental health, it is respectfully submitted that this Court has no alternative but to use its discretion and grant C.D.'s application for leave to proceed anonymously.

C.D. should be permitted to seek redress against his abuser without having to worry that the requisite media and internet storm innate to Spacey's celebrity will shatter his psychological condition. The very real damage that C.D. will suffer if his name is made public far outweighs the public's interest in C.D.'s identity.

Accordingly, it is respectfully requested this Court grant plaintiff C.D.'s motion for leave to proceed anonymously in this action pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, and for such other and further relief as this Court may deem appropriate.

Dated: New York, NY
January 21, 2021

Respectfully submitted,

GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
HERSHENHORN, STEIGMAN & MACKAUF

By: _____
Peter J. Saghir (PJS4276)
Attorneys for Plaintiffs
ANTHONY RAPP and C.D.
80 Pine Street, 34th Floor
New York, NY 10005
Tel: (212) 943-1090
Fax: (212) 425-7513
Email: psaghir@gairgair.com