

January 28, 2021

**<u>By Electronic Filing</u>**

The Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey*
Southern District of New York, Case No. 1:20-cv-09586 (LAK)

Dear Judge Kaplan:

As Your Honor knows, we represent Mr. Fowler in the above-referenced matter.  I write this letter motion regarding discovery for two reasons.  First, I write to follow upon my letter to Your Honor dated January 15, 2021, because the parties would greatly benefit from the Court's direction on the matter raised in that letter.  Second, I respectfully request Your Honor to permit Mr. Fowler to serve interrogatories on subjects broader than those identified in subdivision (a) of Local Rule 33.3 because using interrogatories will aid in discovery and provide a more practical means of obtaining certain information.

<u>Confidential Disclosure of Plaintiff C.D.'s True Identity</u>

On January 15th, Peter Saghir, counsel for plaintiffs, provided my firm with the true identify of plaintiff C.D.  But he retreated from his previous proposal as to the parameters of how my firm and client would maintain the confidentiality of C.D.'s true identity while attempting to conduct discovery and investigation.

More specifically, on January 4, 2021, Mr. Saghir sent my firm a proposed stipulation under which Plaintiff C.D. could proceed by pseudonym in this case.  My firm rejected that proposal because we believe it would be unfair and prejudicial for C.D. to litigate under the cloak of a pseudonym, especially given he already has spoken with the media about his allegations and his counsel has publicized those made in this case.  But, notably, Mr. Saghir's proposed stipulation included these parameters:

> IT IS FURTHER STIPULATED AND AGREED, that *this Stipulation does not diminish the rights of the defendant to conduct full discovery, investigate, or otherwise prepare its defense in providing notice of the claim, seeking and obtaining discovery and information from third parties and in providing*

January 28, 2021
Page 2

> *information to any expert witnesses or consultant*, so long as such persons provided with this information agree to maintain the confidentiality of the information;
>
> IT IS FURTHER STIPULATED AND AGREED, that *if the defendant discloses plaintiff's true name or other identifying information to any third party individual or entity the defendant must instruct that individual or entity to whom such disclosure is made to keep plaintiff's true name and other identifying information confidential from the public.*

(Emphasis added.)

Mr. Saghir's proposal makes clear he understands my firm and client must be able to use Plaintiff C.D.'s true identity to investigate and conduct discovery of the claims and to otherwise prepare Mr. Fowler's defense and for trial. Yet when we proposed to Mr. Saghir that the parties comply with similar parameters during the pendency of plaintiffs' FRCP 10 motion, Mr. Saghir retreated and insisted my firm and client not disclose plaintiff C.D.'s true identity to anyone – not even an investigator retained by my firm or a potential witness.

This is untenable. If these provisions were palatable to Mr. Saghir for the entirety of the case when he circulated his proposed stipulation a few weeks ago, they should be agreeable to him on a provisional basis while the parties await for disposition of plaintiffs' recently-filed FRCP 10 motion, which Mr. Fowler will be opposing.

Mr. Saghir's insistence that C.D.'s name not be disclosed outside my firm to anyone other than my client already has resulted in prejudice to Mr. Fowler. The parties have discussed the scheduling of certain depositions and have calendared the deposition of Anthony Rapp for February 2, 2021. But these depositions will be complicated and/or inhibited by the inability of Mr. Fowler and his counsel to reveal C.D.'s name as needed to investigate the claims, prepare for the depositions, and question the deponents. Further, Mr. Fowler cannot contact or conduct meaningful discovery as to the individuals recently identified in plaintiffs' initial disclosures unless C.D.'s true identity can be confidentially disclosed to them as needed.

Therefore, on behalf of Mr. Fowler, I respectfully request that Your Honor order the disclosure of plaintiff C.D.'s true identity will be governed by these provisions until the Court rules on plaintiffs' FRCP 10 motion:

1. Any documents filed with the Court shall contain only the pseudonym for Plaintiff C.D., rather than his true name;

2. The parties are barred from publishing C.D.'s true identity or identifying information to the public;

3. Mr. Fowler is permitted to conduct full discovery, investigate, and otherwise prepare his defense; in doing so, he and his counsel may provide notice of the claim, seek and obtain

January 28, 2021
Page 3

discovery and information from third parties, including by issuing subpoenas; and provide information to any expert witness, consultant, employee, counsel, or assistant; and

4. If Mr. Fowler or his counsel disclose C.D's true name or other identifying information to any third party individual or entity, counsel must instruct that individual or entity to whom such disclosure is made to keep C.D.'s true name and other identifying information confidential from the public.

These provisions are identical to those listed in my January 15th letter and previously proposed to Mr. Saghir.  They also are consistent with the terms of Mr. Saghir's January 4th proposed stipulation.  And they will mitigate the prejudice Mr. Fowler otherwise would suffer even during the short interim period before the Court rules on the FRCP 10 motion.

Scope of Interrogatories Under Local Rule 33.3

Under Local Rule 33.3(a), interrogatories are restricted to certain delineated information "at the commencement of discovery" absent a court order.  Subdivision (b) permits interrogatories to have a broader scope "[d]uring discovery" where "they are a more practical method of obtaining the information sought than a request for production or a deposition" or "if ordered by the Court."

Here, the Court has set a deadline in early July for completing discovery.  Therefore, although discovery has just commenced, Mr. Fowler respectfully requests the Court issue an order he may serve interrogatories at this early stage of discovery on subjects broader than those identified in Local Rule 33.3(a).  For example, Mr. Fowler intends to serve interrogatories asking plaintiffs to identify all individuals with whom they communicated about the alleged incidents or Mr. Fowler and the substance and timing of those communications.  This information is necessary to identify which third-party witnesses may need to be deposed.  And it is necessary to obtain complete discovery from plaintiffs of responsive information available to them or within their control.

Thank you for your consideration of these matters on which we seek guidance from the Court.

Respectfully submitted,
KELLER/ANDERLE LLP

Chase A. Scolnick

January 28, 2021
Page 4


Copy by E-mail:     Peter J. Saghir
                 Erica A. Wolff, Esq.
                 Jennifer L. Keller, Esq.
                 Jay P. Barron, Esq.