

BEN B. RUBINOWITZ
JEFFREY B. BLOOM
ANTHONY H. GAIR
HOWARD S. HERSHENHORN*
STEPHEN H. MACKAUF
RICHARD M. STEIGMAN
DIANA M. A. CARNEMOLLA*
PETER J. SAGHIR
MARIJO C. ADIMEY*
CHRISTOPHER J. DONADIO*
DANIEL L. BROOK, MD, JD
RACHEL L. JACOBS
JAMES S. RUBINOWITZ
DAVID H. LARKIN
MICHELLE L. LEVINE
ALLAN ZELIKOVIC

ROBERT D. SUNSHINE, MD, F.A.C.S.

Counselors at Law

80 Pine Street, 34th Floor
New York, NY 10005
Tel: 212-943-1090
Fax: 212-425-7513
www.gairgair.com

New Jersey Office
One Gateway Center, Ste. 2600
Newark, NJ 07102
Tel: 973-645-0581
Fax: 973-622-8160

* MEMBER OF N.Y. & N.J. BARS

January 29, 2021

BY ELECTRONIC FILING
Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey
             Southern District of New York, Case No. 1.20-cv-09586 (LAK)

Dear Judge Kaplan:

    As Your Honor is aware, we represent the plaintiffs in the above-referenced matter. We write in strong opposition to defendant Spacey's letter motion dated January 28, 2021, which seeks, for a second time, to have Your Honor reverse his specific directives regarding the disclosure of plaintiff C.D.'s identity. Moreover, defendant Spacey seeks to harass my clients by asking this Court to broaden the scope of permissible interrogatories, a request that flies in the face of the Southern District of New York's well-established rules that limit the use of interrogatories.

<u>Disclosure of Plaintiff's C.D.'s Name at This Point in Time is Counter to This Court's Directives</u>

    Defendant's characterization of this issue concerning the disclosure of C.D.'s true identity is wholly inaccurate. At the outset of the case, our office attempted to work with defense counsel to come to agreement on a proposed a stipulation that would allow C.D. to proceed by pseudonym, thereby protecting C.D. from the irreparable mental harm that would follow if his name were disclosed to the public. Although our proposed stipulation set forth terms that would have allowed defendant to conduct full discovery and investigation of the case so long as C.D.'s identity was not disclosed to the general public, the defendant flat out rejected the proposed stipulation and never proposed a counter stipulation.



Following the defendant's refusal to stipulate, all parties appeared for a conference on January 12, during which Your Honor directed plaintiff to disclose C.D.'s true identity and specifically prohibited defendant Spacey from disclosing C.D.'s true identity unless there was an agreement between the parties or an order of the Court. Following that conference, our office conferred with defendant again on January 13 about a stipulation, but the defendant continued to refuse to enter into any stipulation – a fact Mr. Scolnick has chosen not to share with the Court. Accordingly, on January 14, 2021, we wrote to Your Honor advising that we could not agree on a stipulation and would be filing a motion (ECF No. 23). Accordingly, on January 21, 2021, our office filed a motion for C.D. to proceed anonymously.

Moreover, the suggestion that the parties "discussed" scheduling the deposition of Mr. Rapp for February 2, 2021, is untrue. Counsel for defendant Spacey chose that date and *noticed* Mr. Rapp's deposition for February 2, 2021 (C.D.'s deposition was noticed for February 3, 2021), knowing full well that the issue regarding the disclosure of C.D.'s identity was unresolved and that the parties were still in the early stages of litigation. Our office contacted counsel for defendant Spacey to confirm they wished to proceed with Mr. Rapp's deposition on February 2 and they confirmed that they were ready to proceed (the date for C.D.'s deposition is still being arranged). It is therefore disingenuous for defense counsel to argue that the depositions will be "complicated and/or inhibited" when they chose the date and have confirmed they are ready to proceed. Any prejudice, which there is not, is of their own making. Realizing the situation they put themselves in, counsel for defendant now seeks to have this Court reverse its earlier decision regarding the disclosure of C.D.'s identity.

Lastly, there is no prejudice to defendant Spacey. There are at least five months left before the period for discovery comes to an end and C.D.'s motion for leave to proceed anonymously will be resolved shortly. There is ample time for the defendant to complete discovery and fully investigate the case.

<u>Plaintiffs Oppose Defendant's Request to Depart from the Well-Established Rules of the Southern District of New York Concerning the Use of Interrogatories.</u>

Counsel for defendant Spacey seeks to harass and burden plaintiffs by serving interrogatories that go beyond the limits set forth by Local Rule 33.3 of the Southern District of New York and applicable case law. Specifically, the "Local Rules reflect a preference for other forms of discovery, such as depositions and document requests," *Erchonia Corp. v. Bissoon*, No. 07-CV-8696 DLC, 2011 WL 3904600 at *7 (S.D.N.Y. 2011). Local Rule 33.3(b) permits interrogatories if it represents a "more practical method of obtaining the information sought [rather] than a request for production or a deposition." First, defendant has already served a request for production of documents that seeks: "All documents concerning any communication about the alleged incident between you and any person, including without limitation between you and any family member, friend, colleague, teacher, health provider, reporter or journalist." Second, there can be no doubt that asking the plaintiffs at their depositions who they spoke to is a more efficient way of obtaining the information than a written interrogatory. If anything, serving interrogatories on this issue is the *least* practical way to ascertain the requested



information. This is particularly true in light of the fact that Mr. Rapp's deposition is only four days away, meaning that defendant Spacey will get answers to these questions much sooner by questioning Mr. Rapp at his deposition rather than waiting for responses to interrogatories. Clearly, defense counsel makes this request in an effort to harass and burden plaintiffs in an attempt to get two bites at the proverbial apple.

We respectfully request this Court: (1) deny defendant's request to disclose plaintiff C.D.'s name to third parties until the motion for leave to proceed anonymously has been resolved, and (2) deny defendant's request to broaden the scope of permissible interrogatories.

> Respectfully submitted,
> GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF
>
> Peter J. Saghir

Copy:
  Chase A. Scolnick, Esq.
  Erica A. Wolff, Esq.
  Jennifer Keller, Esq.
  Jay P. Barron, Esq.