UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTHONY RAPP and C.D.,                          Case No. 1.20-cv-09586 (LAK)

               Plaintiffs,

    -against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY

               Defendant.
-------------------------------------------------------------------X

*Reply Memorandum of Law in Further Support of Plaintiff
C.D.'s Motion for Leave to Proceed Anonymously*

GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
HERSHENHORN, STEIGMAN & MACKAUF
By: Peter J. Saghir
80 Pine Street, 34th Floor
New York, NY 10005
Tel: (212) 943-1090
Fax: (212) 425-7513
Email: psaghir@gairgair.com

*Attorneys for Plaintiffs Anthony Rapp and C.D.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii

DEFENDANT SPACEY MISSTATES THE LAW AND FACTS OF THE CASE.................1

   A. Defendant Disingenuously Downplays the Highly Sensitive Nature of C.D.'s Serious Allegations and Vulnerability.................................................................................1

   B. The Psychological Harm C.D. Will Suffer is Directly Tied to Publicly Revealing His Name.................................................................................................................3

   C. C.D.'s Anonymity Has Always Been Kept Confidential.........................................6

   D. Defendant Spacey Does Not Show Any Actual Prejudice......................................7

   E. There is a Strong Public Interest in Protecting the Identity of Child Victims of Sexual Abuse Such as C.D..........................................................................................9

CONCLUSION...................................................................................................10

## TABLE OF AUTHORITIES

**CASES**

*Doe v. City of New York*, No. 15-CV-117 AJN, 2016 U.S. Dist. LEXIS 16344 (S.D.N.Y. Feb. 4, 2016).................................................................................................................3, 9

*Doe v. Colgate Univ.*, No. 5:15-CV-1069 LEK/DEP, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016)...............................................................................................................3, 7, 8

*Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006)......................................1, 2, 5, 6, 8, 10

*Doe v. Nygard*, No. 20-CV 6501 ER, 2020 WL 4890427 (Aug. 20, 2020)......................2, 9

*Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996)...................................................2

*Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999)..............................................2, 6

*Doe v. Solera Capital LLC*, No. 18-CV-1769 ER, 2019 WL 1437520 (Mar. 31, 2019)..........3, 5

*Doe No. 2 v. Kolko*, 242 F.R.D. 108 (S.D.N.Y. 2006).....................................2, 3, 7, 8, 9

*EW v. New York Blood Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003).....................................8, 9

*Grottano v. City of New York, et al.*, No. 15-CV-9242 RMB/KNF, 2016 WL 2604803 (Mar. 30, 2016)...............................................................................................................3, 9

*Kennedy v. Louisiana*, 128 S. Ct. 2641 (2008)........................................................1

*Lawson v. Rubin*, No. 17-CV-6404 BMC/SMG (Nov. 30, 2017)

*Sealed Plaintiff v. Sealed Defendant #1*, 527 F.3d 185 (2nd Cir. 2008)

**STATUTES**

63 P.S. § 1903

It "is common ground" that courts have the discretion to permit parties to proceed via pseudonym "in appropriate circumstances," *Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006). There are perhaps few other circumstances more appropriate than the case presently before the Court that warrant permitting a party to proceed via pseudonym. A balancing of the *Sealed Plaintiff* factors reveals that C.D.'s strong interest in maintaining his anonymity far outweighs any public interest in this case and the lack of prejudice to the defendant. Spacey attempts to conceal these truths with smoke and mirrors. In reality, Spacey presents no proof that he will suffer any actual prejudice if this motion is granted, or that C.D. will not suffer significant psychological harm if this motion is denied. These facts necessitate that C.D. be permitted to proceed anonymously in this case.

## DEFENDANT SPACEY MISSTATES THE LAW AND FACTS OF THIS CASE

### A. *Defendant Disingenuously Downplays the Highly Sensitive Nature of C.D.'s Serious Allegations and Vulnerability*

The allegations brought by C.D. involve child sexual abuse and the attempted rape of a child. Defendant claims that the fact this child sexual abuse occurred thirty-seven years ago is of no import. He is wrong. Such a statement belies his lack of understanding of child sexual abuse and its long terms effects on its victims. In discussing child sexual abuse, the Supreme Court noted that "the victim's fright, the sense of betrayal, and the nature of her injuries caused more prolonged physical and mental suffering than, say, a sudden killing by an unseen assassin. The attack was not just on her but on her childhood…Rape has a permanent psychological, emotional and sometimes physical impact on the child," *Kennedy v. Louisiana*, 128 S. Ct. 2641, 2658 (2008). Studies on child sexual abuse recognize the "long-term effects" it has on its victims, including "higher levels of depression… [and] anxiety (Saghir Decl., Ex. A). These long-term effects of child sexual abuse highlight the sensitive nature of C.D.'s claim and are in no way

1

lessened by the fact that the abuse occurred a number of years ago. It is an immutable fact that C.D. was, is, and will always be a victim of child sexual abuse.

Defendant seeks to obfuscate the relevance of certain cases by making irrelevant points that are of no importance to the case law or the facts before this Court. Spacey says that C.D.'s reliance on the recent decision by the Southern District of New York, *Doe v. Nygard*, No. 20-CV 6501 ER, 2020 WL 4890427, is "misplaced" because the abuse in *Nygard* took place in the "relatively recent past." However, the *Nygard* court does not mention **when** the abuse occurred as factoring into its decision at all. What the *Nygard* court **does** focus on is the fact that while John Doe No. 2 was an adult when he commenced his case, he was a minor when the abuse occurred, *Nygard* at *3. The *Nygard* court concluded "that this litigation involves matters that are highly sensitive and personal in nature," i.e., child sexual abuse, and, as a result, John Doe No. 2 has "a strong right to privacy in this information," *Id.*

Spacey attempts to discount the oft-cited case *Doe No. 2 v. Kolko*, 242 F.R.D. 108 (S.D.N.Y. 2006) by saying it was decided pre–*Sealed Plaintiff*.[1] However, *Doe No. 2* has been cited as good law at least thirteen times in the Second Circuit since the *Sealed Plaintiff* decision, most recently in August 2020.[2] In his failed attempt to distinguish *Doe No. 2*, defendant Spacey neglects to mention that the plaintiff in *Doe No. 2* was an **adult plaintiff making a claim for child sexual abuse that occurred nearly thirty years earlier**. Defendant Spacey's argument that his sexual abuse of C.D. was several years ago is irrelevant. As in *Doe No. 2*, C.D's vulnerability as a victim of child sexual abuse is immutable, regardless of C.D.'s current age.

---

[1] Defendant's comment is particularly shameless, given that he cites to at least three cases in support of his position that were decided pre-*Sealed Plaintiff*: *Doe v. Del Rio*; *Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996); and *Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999).

[2] See generally *Doe v. Nygard*.

2

There is no doubt that the sexual abuse of a child is a matter of the most "highly sensitive and personal nature," *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 190 (2nd Cir. 2008). Courts "have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault," *Grottano v. City of New York* at *2; *Doe No. 2* at 196. Thus, the sexual abuse of C.D. when he was a minor implicates a privacy interest of the most intimate nature.

### B. *The Psychological Harm C.D. Will Suffer is Directly Tied to Publicly Revealing His Name*

It is disingenuous of defendant Spacey to claim that C.D. will suffer no psychological harm if he is publicly identified in this litigation.[3] Indeed, C.D.'s "risk of psychological injury stemming from identification is a cognizable harm that can serve as a legitimate basis for proceeding anonymously," *Solera Capital LLC* at *4.[4] In claiming that this Court should disregard "generalized statements," defendant Spacey deliberately ignores a critical paragraph in C.D.'s declaration that specifically states ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (C.D. Decl. at ¶ 6). It could not be more clear that the psychological harm C.D. will suffer is directly tied to the public disclosure of his real name.

Yet C.D. does not ask this Court to rely just on his own words that he will suffer permanent psychological harm if this Court orders that he publicly reveal his name. C.D. submitted a declaration from his own treating therapist, Neil Bonavita – a Licensed Certified

---

[3] It is of no import that C.D. does not claim a risk of harm to third parties if he is required to publicly reveal his name. While courts may consider if identification can cause harm to "non-parties," *Sealed Plaintiff* at 190, they are in no way required to, and courts allow parties to proceed anonymously absent harm to third parties (*see generally Doe No. 2, Doe v. Colgate,* and *Grottano v. City of New York*).

[4] Though defendant attempts to intimate otherwise, there is no requirement that a party seeking to proceed anonymously demonstrate physical harm. The *Sealed Plaintiff* court specifically stated that one of the factors is "whether identification poses a risk of retaliatory physical **or** mental harm," *Sealed Plaintiff* at 190 (emphasis added).

3

Social Worker whom C.D. has treated with regularly for the last six years. Defendant urges this Court to disregard Mr. Bonavita's declaration because he "has no medical degree or license." This is wrong and blatantly misleading.

As he avers in his declaration, Mr. Bonavita is "a Licensed Certified Social Worker in the Commonwealth of Pennsylvania" who "specialize[s] in treating people who suffer from…post-traumatic stress disorder" and has "extensive experience working with child victims of sexual abuse" (Bonavita Decl. at ¶ 1-2). Attached hereto is a copy of Mr. Bonavita's license from the Pennsylvania Bureau of Professional and Occupational Affairs (Saghir Decl., Ex. B). Moreover, the Commonwealth of Pennsylvania, where Mr. Bonavita is licensed and treats C.D., specifically allows licensed professionals such as Mr. Bonavita to identify the "psychosocial and behavioral problems existing in the life of an individual client" and assess patients such as C.D. pursuant to the "American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders," 63 P.S. § 1903. In fact, the American Psychological Association specifically states "[s]ocial workers are trained to perform psychotherapy" (Saghir Decl., Ex. C). Mr. Bonavita is more than qualified as C.D.'s own treating licensed mental health provider to opine on the effect that public revelation will have on C.D.'s psychological health.

In analyzing Mr. Bonavita's declaration, defendant Spacey again misrepresents the facts to this Court. Spacey would have this Court believe that Mr. Bonavita never provided his professional opinion that the psychological harm that C.D. will suffer is directly tied to the public disclosure of C.D.'s name. Mr. Bonavita's declaration unequivocally states,

[redacted]

4

(Bonavita Decl. at ¶ 9) (emphasis added).

As evidenced by both C.D.'s and Mr. Bonavita's declarations, the psychological harm that will be inflicted on C.D. if he is forced to publicly reveal his name is no generalized fear, but a harm "so intense that it would threaten [his] stability," *Solera Capital LLC* at 4.

A case heavily relied upon by defendant, *Del Rio*, is instructive – but not for the reasons set forth by Spacey. Instead of undermining C.D.'s petition for anonymity, the facts of *Del Rio* bolster his claim. The plaintiff in *Del Rio* alleged that the defendant forcibly fondled her body. The Court found that "there *are* degrees of abuse" and that this type of abuse was not sensitive enough "to justify pseudonymity," *Del Rio* at 160 (emphasis in original). There is no doubt that the sexual abuse and attempted rape of a child meets and exceeds the threshold for the type of abuse that is sensitive enough to permit a plaintiff to proceed anonymously. Additionally, the *Del Rio* plaintiff submitted a letter from her social worker that she will suffer harm if she "is re-exposed to the perceived threat," *Id.* at 161. Significantly, the *Del Rio* court in no way discounted plaintiff's medical submission because it was from a social worker. Instead, the court found that the social worker's letter was insufficient because it did not establish a "link between *public disclosure of plaintiff's name* and the described psychological risk," *Id.* (emphasis in original). The social worker in *Del Rio* opined that it was the "perceived wrong," (i.e., the litigation itself) that would cause the plaintiff psychological harm, *Id.* Here, unlike in *Del Rio*, Mr. Bonavita explicitly links the public disclosure of C.D.'s name to the psychological harm C.D. will suffer if he is required to reveal his name to the public. In no way does Mr. Bonavita opine that it is the litigation itself that will cause psychological harm to C.D. Any other reading of Mr. Bonavita's declaration is a blatant misinterpretation.

5

Though Mr. Bonavita's declaration is competent and sufficiently establishes the harm that C.D. will suffer if he is required to publicly reveal his name, plaintiff further submits the declaration of Dr. Seymour Block, a board certified psychiatrist, who has examined him on multiple occasions, *Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999). It is Dr. Block's,



(Saghir Decl., Ex. H at ¶ 4).

Looking past the defendant's flimsy attempts to argue otherwise, C.D. clearly presents "particularized evidence of possible psychological harm from being identified," *Del Rio* at 160.

C.  ***C.D.'s Anonymity Has Always Been Kept Confidential***

Contrary to defendant Spacey's assertions, C.D.'s identity has never been revealed to the public. Defendant cites to a 2017 article published in *Vulture* that describes defendant Spacey's sexual abuse of C.D. However, the article never reveals C.D.'s identity. The article unequivocally states that the man "wishes to remain anonymous" because he has "worked really hard to have a nice life and feel safe," Scolnick Decl., Ex. 1. C.D. goes on to state that he wishes to remain anonymous because if he did not "the world was going to swarm in through the wormhole of my phone and invade my life and strip me of things," Id. C.D.'s identity is never once revealed to the public in this article and his statements about why he chose to remain anonymous reinforce that the public revelation of his name will cause him psychological harm.

6

Additionally, multiple courts have permitted plaintiffs to proceed anonymously even though the plaintiff affirmatively sought out the press. For example, in *Doe v. Colgate*, the plaintiff initiated contact with a reporter from Thomson Reuters. The court noted that the "resulting news story named Colgate as a Defendant but did not identity Plaintiff, although it did include quotes from Plaintiff and his attorney," *Colgate* at *4. The *Colgate* court found that even though the plaintiff was interviewed by the press about his allegations, his "significant interest in remaining anonymous" was not outweighed by the public interest in his identity," *Id*. (*see also Doe No. 2*, in which the court permitted anonymity despite the fact that the plaintiff had granted an interview to *New York Magazine* about the abuse that occurred when he was an infant). Similarly, C.D. was interviewed one time and maintained his confidentiality. C.D.'s significant interest in remaining anonymous is not outweighed by one news article where his confidentiality was completely maintained.

Defendant also attempts to make hay out of the fact that counsel for C.D. responded to a couple of press inquiries when this case was filed, falsely claiming that there was some sort of "planned media strategy." Given defendant Spacey's former status as a Hollywood celebrity and the numerous other allegations of sexual misconduct made against him, the case naturally garnered press attention. Counsel for the undersigned never affirmatively sought out the press in this case.[5] C.D. has never made his identity as a victim of child sexual abuse publicly known.

### D.  *Defendant Spacey Does Not Show Any Actual Prejudice*

Defendant Spacey offers no actual proof to support his assertion that he will be prejudiced at this stage of the litigation, as he must pursuant to *Sealed Plaintiff*, if C.D. is

---

[5] Similarly, the Court in *Lawson, et al. v. Rubin, et al.*, United States District Court, Eastern District of New York, Case No. 18-cv-6404, in permitting the plaintiffs to proceed anonymously, found that even though plaintiffs' counsel filed a press release about the action on their firm website, that did not mean that the plaintiffs "actively courted media attention," (Saghir Decl., Ex. D at 3).

7

permitted to proceed anonymously. As such, his "speculative concerns are outweighed by specific evidence of the harm to plaintiff from disclosure," *Doe No. 2* at 199.

Spacey claims he will suffer "reputational damage risk" if C.D.'s application to proceed anonymously is granted. However, Spacey's reputation was destroyed when dozens of people came forward alleging he sexually assaulted them. Spacey attempts to minimize the multitude of sexual assault claims levied against him by saying C.D. is slandering him with mention of these "nebulous accusers."[6] But these other claims could not be more relevant to the instant motion. They show Spacey's reputation was ruined long before C.D. filed this lawsuit. Indeed, "[g]iven the negative publicity already sustained by the defendant[], any additional prejudice to the defendant['s] reputation or ability to operate merely by pursuit of this action under a pseudonym appears minimal," *Doe No. 2* at 198 (internal quotations omitted); *see also EW* at 112.

The defendant also makes a generalized claim that he will have difficulty in conducting discovery because an "unknown witness" may not step forward if C.D.'s name is not publicly revealed. This is a "speculative concern" that exists in every case where a party seeks to proceed anonymously, *Doe No. 2* at 199. Indeed, by defendant Spacey's standard, no plaintiff would ever be able to proceed anonymously. As such, "forcing Plaintiff to reveal his identity would not advance any aspect of the litigation," *Colgate* at *3.

It is important to note that any speculative harm to defendant Spacey is mitigated in this case. Specifically, defendant Spacey is "aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly," *Id*. Indeed, Spacey does "not identify how [his] ability to conduct discovery

---

[6] These "nebulous accusers" include but are not limited to: actor Roberto Cavazos; filmmaker Tony Montana; a bartender named Daniel Beal; actor Richard Dreyfuss; a bartender named Kris Nixon; twenty former staffers at The Old Vic in London, and Ari Behn, the former son-in-law of the King of Norway. This list does not include the criminal investigation into defendant Spacey's behavior by police agencies in England (Saghir Decl., Ex. E).

8

or impeach plaintiff's credibility has been or will be impaired if he is permitted to proceed under a pseudonym. Other than the need to make redactions and take measures not to disclose plaintiff's identity, [Spacey] will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers," *Doe No. 2* at 198[7]; (*see also EW* at 112 and *Grottano* at *3).[8]

Moreover, traditional news outlets "refrain from identifying victims of most sexual crimes," Saghir Decl., Ex. I. However, with the rise of the internet and social media platforms, "information about anything and *anyone* can be obtained in less than a second," Saghir Decl., Ex. J (emphasis in original). As a result, "[s]urvivors are finding it increasingly difficult to maintain any form of privacy… Once information is posted online, it is nearly impossible to remove it," Id. In this environment, if C.D.'s name is publicly revealed, it will be broadcast to the world, thereby creating the exact psychological harm C.D. seeks to avoid by proceeding anonymously.

### E. There is a Strong Public Interest in Protecting the Identity of Child Victims of Sexual Abuse Such as C.D.

Though the "public has a right to know who is using the courts," *Nygard* at *1, courts "in this circuit have recognized that there is a public interest in protecting the identities of sexual abuse victims so that other victims will not be deterred from reporting such crimes," *City of New York* at *11(quoting *Doe No. 2*) (internal quotations omitted) (*see also Nygard* at *1). Defendant Spacey identifies no public interest in requiring plaintiff C.D. to publicly disclose his identity.

---

[7] Counsel for Spacey claims that the undersigned has "insisted that Mr. Fowler and his counsel cannot disclose C.D.'s true identity to anyone, not even to an investigator, experts, or potential witnesses." This is a blatant misrepresentation that defense counsel has repeatedly asserted. As discussed in C.D.'s moving papers, it was C.D.'s own counsel who proposed a stipulation permitting C.D. to proceed anonymously while allowing Spacey to fully investigate his case and conduct discovery. Spacey flat out refused to sign such a stipulation, see Plaintiff's Memorandum of Law at 15.

[8] As C.D. stated in his moving papers, he reserves the right to file a motion for a protective order following the resolution of this motion to "prevent the disclosure of [C.D.'s] identity other than for purposes of this litigation," *Doe No. 2* at 199, and also permit defendant Spacey to investigate and defend the case.

9

## CONCLUSION

It is indisputable that C.D. continues to suffer from significant psychological harm resulting from defendant Spacey's sexual abuse of him as a child. He has already paid a high price for crossing paths with Spacey. When C.D. spoke with *Vulture* in 2017 the statute of limitations for him to seek civil redress against Spacey had lapsed long ago. The Child Victims Act ("CVA") had not been passed and C.D. never thought he would have his day in court – though he still maintained his confidentiality to protect himself from psychological harm. When the CVA was enacted, C.D. finally had the opportunity to seek justice. Though there is a public interest "in open judicial proceedings…it is in the public interest that the price of access to the courts not be too high," *Del Rio* at 158. Given C.D.'s psychological harm and vulnerability, the lack of prejudice to defendant Spacey, and the fact that C.D. has consistently maintained his confidentiality, there is no doubt the *Sealed Plaintiff* factors necessitate that C.D. be permitted to proceed anonymously. Any other conclusion is a price too high to pay.

Accordingly, it is respectfully requested that this Court grant plaintiff C.D.'s motion for leave to proceed anonymously in this action pursuant to Rule 10(a) of the Federal Rules of Civil Procedures, and for such other and further relief as this Court may deem appropriate.

Dated: New York, NY
      February 11, 2021

Respectfully submitted,
GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF

By: _____
Peter J. Saghir (PJS4276)
Attorneys for Plaintiffs
ANTHONY RAPP and C.D.
80 Pine Street, 34th Floor
New York, NY 10005
Tel: (212) 943-1090
Fax: (212) 425-7513
Email: psaghir@gairgair.com