


February 12, 2021

**By Electronic Filing**
The Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: <u>Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey</u>
Southern District of New York, Case No. 1:20-cv-09586 (LAK)
Motion To Strike Untimely Reply Declaration (ECF Nos. 44-9, 45-9)

Dear Judge Kaplan:

As Your Honor knows, we represent Mr. Fowler. I write to ask that the Court strike the untimely and improper Declaration of Seymour H. Block, D.O. ("Block Declaration") (ECF Nos. 44-9, 45-9) filed by plaintiff C.D. with his reply brief in support of his Motion For Leave To Proceed Anonymously (the "Motion") (ECF Nos. 30, 31).

Plaintiff filed his Motion on January 21st. The Block Declaration was not included or mentioned in the moving papers. Mr. Fowler then filed his opposition papers on February 4th. On February 11th, Plaintiff C.D. filed the Block Declaration for the first time with his reply papers. This belated filing gave Mr. Fowler no opportunity to address the Block Declaration in his opposition. It was improperly filed, and the Court should not consider it.

Federal Rule of Civil Procedure 6(c)(2) states: "Any affidavit supporting a motion must be served with the motion." Likewise, courts in this District have disregarded and stricken declarations or affidavits submitted with reply briefs except in rare circumstances. For example, in *Kravitz v. Binda*, 17-cv-07461, 2020 WL 927534, at *4-5 (S.D.N.Y. Jan. 21, 2020), the court granted a motion to strike two declarations filed with a reply because they could have and should have been submitted with the original motion papers. The court observed:

> "It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden." See Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc., 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010). A court may strike portions of reply submissions that add new material that should have been included in the opening papers, so long as the new material is not in response to an issue

      raised for the first time in the opposition papers. See Aurora Loan Services, Inc. v. Posner, Posner & Associates, P.C., 513 F. Supp. 2d 18, 19-20 (S.D.N.Y. 2007).

*Id*. at *4.

      Here, Plaintiff C.D. has provided no explanation for the belated filing of the Block Declaration. The Block Declaration concerns Plaintiff C.D.'s claimed psychological trauma if his name were publicly disclosed as required under the FRCP, and it does not respond to any new issue raised for the first time by Mr. Fowler's opposition. That Plaintiff C.D. chose not to submit the Block Declaration with his Motion not only makes the Block Declaration untimely but suggests C.D. did not consult with Dr. Block regarding this case until after he filed his Motion.

      Notably, the Block Declaration appears to be artfully crafted to conceal obvious deficiencies in its substance. For example, the Block Declaration intentionally omits *when* Dr. Block allegedly examined Plaintiff C.D., instead only vaguely asserting he examined C.D. four times, for a total about 4.75 hours. Block Decl., ¶ 3. Dr. Block asserts he practices in New York, and an internet search reveals his office is in Great Neck, New York. But Dr. Block failed to explain how it is he consulted with C.D., who has allegedly sought treatment since 2015 with Neil Bonavita, a social worker in Philadelphia.

      Dr. Block's declaration also raises other concerns. He provides no context for his alleged examination or contact with C.D., thus raising the possibility Dr. Block submitted his declaration in the role of a retained expert. Likewise, he does not identify himself as a treating physician and instead relies substantially on his review of C.D.'s records, again raising the possibility Dr. Block is a retained expert. And like Mr. Bonavita's declaration, Dr. Block's declaration does not mention the extensive *New York* magazine interview C.D. provided in 2017, and C.D.'s allowance for that publication to contact those in C.D.'s life to inquire about his allegations. Dr. Block also provides no basis for his speculative and conclusory claim C.D. would suffer from some psychological harm if his name were used in the lawsuit C.D. chose to file. Nor does he attempt to distinguish any such alleged potential harm from harm that would result from the inevitable consequences of C.D. having filed a lawsuit in which he will need to actively participate (e.g., providing discovery, sitting for a deposition to describe the allegations, facing cross-examination in a public trial).

      As stated in the opposition, we believe the Motion has no merit and ask that it be denied in its entirety. But we also ask the Court strike the untimely and improper declaration of Dr. Block. Thank you for your consideration of this matter.

      Respectfully submitted,
      KELLER/ANDERLE LLP

      Chase A. Scolnick

February 12, 2021
Page 3

Copy by E-mail:    Peter J. Saghir
                      Ben Rubinowitz
                      Rachel Jacobs
                      Michael Tremonte
                      Erica A. Wolf
                      Jennifer L. Keller
                      Jay P. Barron