

BEN B. RUBINOWITZ
JEFFREY B. BLOOM
ANTHONY H. GAIR
HOWARD S. HERSHENHORN*
STEPHEN H. MACKAUF
RICHARD M. STEIGMAN
DIANA M. A. CARNEMOLLA*
PETER J. SAGHIR
MARIJO C. ADIMEY*
CHRISTOPHER J. DONADIO*
DANIEL L. BROOK, MD, JD
RACHEL L. JACOBS
JAMES S. RUBINOWITZ
DAVID H. LARKIN
MICHELLE L. LEVINE

ROBERT D. SUNSHINE, MD, F.A.C.S.

**RUBINOWITZ BLOOM HERSHENHORN STEIGMAN & MACKAUF**

Counselors at Law

80 Pine Street, 34th Floor
New York, NY 10005
Tel: 212-943-1090
Fax: 212-425-7513

www.gairgair.com

New Jersey Office

One Gateway Center, Ste. 2600
Newark, NJ 07102
Tel: 973-645-0581
Fax: 973-622-8160

* MEMBER OF N.Y. & N.J. BARS

March 2, 2021

BY ELECTRONIC FILING
Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey
      Southern District of New York, Case No. 1.20-cv-09586 (LAK)

Dear Judge Kaplan:

    As Your Honor is aware, we represent the plaintiffs, including C.D., in the above-referenced matter.  Please allow this letter to serve as a response to the March 1, 2021 filing by defendant Spacey, Defendant's Objections to Plaintiff C.D.'s Submission of Dr. Seymour Block's Expert Report in Purported Support of C.D.'s Motion for Leave to Proceed Anonymously.

    It is outrageous that defendant Spacey alleges that the submission of Dr. Block's expert report to this Court is untimely and improper.  At the hearing on February 23, 2021, the Court specifically stated that it did not want to render a decision on C.D.'s Motion for Leave to Proceed Anonymously until after C.D. made his required expert disclosures and the Court had the opportunity to review same.  Dr. Block's expert report was submitted by C.D. at the request of the Court, so any intimation that it was done in the name of gamesmanship is simply false.

    Defendant's papers make other uninformed and speculative statements.  It is simply not true that C.D. has widely broadcast or disclosed his allegations to others.  C.D. did speak to *New York Magazine* in 2017 about his sexual abuse at the hands of defendant Spacey.  He did so to refute defendant Spacey's assertion in 2017 that the sexual assault on Anthony Rapp was an isolated drunken incident and to warn others of Spacey's pattern of conduct.  Furthermore, this was done at a time when C.D. had no recourse to seek justice for the wrong done to him as a



child. The Child Victims Act, which revived C.D.'s previously expired statute of limitations in this action, was not enacted until 2019. When C.D. spoke to *New York Magazine* it was with the promise – that was kept – that his identity would remain confidential. While this issue was extensively briefed and heard by the Court at the February 23, 2021 hearing, should the Court wish to hear from the plaintiff directly, C.D. is willing to appear before the Court for *in camera* questioning on this issue.

It is true that C.D. adjourned his deposition date. However, it is not the involvement in the lawsuit that causes C.D. distress but instead, as the motion papers and supporting declarations of Dr. Block and Mr. Bonavita make clear, C.D. feels extreme anxiety and psychological distress at even the thought of being required to proceed publicly in this action. As a result, C.D. has reluctantly decided that in the event the Court denies his motion to proceed anonymously, he is emotionally unable to proceed with the action and will discontinue his claims. Accordingly, C.D. respectfully requests that his deposition and medical exam be held in abeyance until the Court decides the motion which, we respectfully submit, should be granted. Indeed, denial of the motion forces C.D. into a Hobson's choice – reveal to the world forever the traumatic events suffered as a minor at the hands of Kevin Spacey or abandon his efforts to seek justice for these egregiously wrong acts.

In reality, the only party engaging in gamesmanship in this litigation is defendant Spacey, who continues to engage in predatory behavior by using his position of power as one of the world's most famous celebrities to intimidate C.D. – a victim of child sexual abuse – into being silenced.

For all of the foregoing reasons, C.D. asks the Court, based on a consideration of all the evidence before it, to grant his Motion for Leave to Proceed Anonymously at this time.

Respectfully submitted,
GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
HERSHENHORN, STEIGMAN & MACKAUF

Peter J. Saghir

Copy to:

Chase A. Scolnick, Esq.
Jennifer Keller, Esq.
Jay P. Barron, Esq.
Erica A. Wolff, Esq.