

March 3, 2021

**_By Electronic Filing_**

The Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:      *Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey*
                   Southern District of New York, Case No. 1:20-cv-09586 (LAK)
                   Response to Letter from Peter Saghir Dated March 2, 2021 (ECF No. 56)

Dear Judge Kaplan:

      As Your Honor knows, we represent Mr. Fowler. I write in response to Peter Saghir's letter to Your Honor dated March 2, 2021 (*see* ECF No. 56) responding to Mr. Fowler's objections to C.D.'s latest belated submission in support of his motion for leave to proceed anonymously (the "Motion").

      In his letter, Mr. Saghir inappropriately offers for plaintiff C.D. to speak with Your Honor *in camera*. Notwithstanding the implication this questioning would occur outside the presence of Mr. Fowler or his counsel (which would violate Mr. Fowler's due process rights), the offer is belied by C.D.'s own conduct. C.D. has had ample opportunity to provide testimony in support of his Motion, including about his purported psychological distress from potentially having to litigate in his own name. But he unilaterally cancelled his deposition *twice* to prevent such testimony from going forward. And he already provided a declaration in support of his Motion which not only was grossly insufficient for reasons explained in Mr. Fowler's Opposition but did not include the inadmissible representations Mr. Saghir now attempts to make on C.D.'s behalf. This case may proceed to trial in a matter of months, at which C.D. will need to publicly testify in open court. There is no reason for him to now have sealed communications with the Court.

      Mr. Saghir's letter also emphasizes that New York's statute of limitation had run when C.D. spoke to *New York* magazine for an elaborate interview in late 2017 about his claims against Mr. Fowler, before the limitations period was resuscitated by New York's Child Victim Act. But that is immaterial to the Motion. It does not obviate the undeniable fact C.D. shared his identity and his allegations with the media, with friends, with others close to him, and recruited Anthony Rapp to join him in suing. The article featuring the interview of C.D. was something he sought, and he disclosed his identity to those necessary to make it happen. And now he has filed a lawsuit seeking $40 million in damages, for which there is an even greater expectation and need for his

March 3, 2021
Page 2

name to be disclosed, as required by the Federal Rules of Civil Procedure and applicable law in the Second Circuit.

Unable to make the showing required on his Motion despite having several bites at the apple, C.D. now resorts to an implicit threat communicated through his lawyer that aims to coerce the Court into doing that which is not supported by the law or facts. C.D. claims he may dismiss his claims if the Motion is not granted. But this claim rings hollow. C.D. filed this case knowing full well that anonymity was the rare exception and not the rule. Neither in his initial petition for anonymity filed in New York state court (which was never heard due to removal) or in his Motion filed with this Court has C.D. claimed he would dismiss his claims if anonymity could not be maintained. This newfound revelation stated for the first time after all evidence on the Motion has been submitted should be viewed for what it is – an effort to improperly place greater and different stakes on the disposition of the Motion and to unfairly suggest the Court is the decision-maker as to whether C.D. pursues his claims or not.

Mr. Fowler categorically denies C.D.'s claims. They are simply untrue. But he is skeptical C.D. will walk away from claims for which he asserted just weeks ago he is seeking $40 million in damages. And if C.D. chooses to dismiss his claims because this Court follows the law and facts in denying the Motion, then that is no one's decision but his. The court in *Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996) rejected a similar plea, stating:

> It may be, as plaintiff suggests, that victims of sexual assault will be deterred from seeking relief through civil suits if they are not permitted to proceed under a pseudonym. That would be an unfortunate result. For the reasons discussed above, however, plaintiff and others like her must seek vindication of their rights publicly.

*Id*. at 362.

Mr. Fowler has not sought and does not seek special treatment. He simply wants C.D. to play by the same rules applicable to all litigants and those by which Mr. Fowler was forced to abide when C.D. levied his public accusations against him. With his many belated submissions and new request to speak with the Court *in camera*, C.D. repeatedly has asked for special treatment unsupported by the evidence or law. C.D. has had opportunity after opportunity to meet his high burden on the Motion but he remains unable to do so. The Court should reject Mr. Saghir's invitation for C.D. to speak with the Court *in camera* and deny C.D.'s Motion.

        Respectfully submitted,
        KELLER/ANDERLE LLP

        Chase A. Scolnick

March 3, 2021
Page 3


CC:    Peter J. Saghir
        Ben Rubinowitz
        Rachel Jacobs
        Michael Tremonte
        Erica A. Wolf
        Jennifer L. Keller
        Jay P. Barron