**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANTHONY RAPP and C.D.,

                         Plaintiffs,

    -against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY,

                         Defendant.

Case No. 1:20-cv-09586 (LAK)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**UNDER F.R.C.P. 41(b) ALL CAUSES OF ACTION BY PLAINTIFF C.D.**


KELLER / ANDERLE LLP
Jennifer L. Keller (*pro hac vice*)
Chase A. Scolnick
Jay P. Barron (*pro hac vice*)
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Tel. (949) 476-8700
cscolnick@kelleranderle.com

SHER TREMONTE LLP
Michael Tremonte
90 Broad Street, 23rd Floor
New York, New York 10004
Tel. (212) 202-2600
mtremonte@shertremonte.com

*Counsel for Defendant*
*Kevin Spacey Fowler a/k/a Kevin Spacey*

Defendant Kevin Spacey Fowler ("Mr. Fowler"), by and through his counsel, respectfully submits this memorandum of law in support of his Motion To Dismiss Under F.R.C.P. 41(b) All Causes of Action By Plaintiff C.D. (the "Motion").

## I.    INTRODUCTION

On May 3, 2021, the Court issued an order denying Plaintiff C.D.'s Motion for Leave to Proceed Anonymously.  *See* ECF No. 64.  The Court ordered C.D. to file an amended complaint using his true name within ten days, *i.e.*, by May 13, 2021.  Plaintiff C.D. did not do so.  Instead, Plaintiffs' counsel informed the Court that Plaintiff C.D. would not be amending his complaint as ordered.  Plaintiffs' counsel also stated that C.D. fully understands the result of that decision would be the dismissal of his claims and that he would not oppose Mr. Fowler's motion to dismiss based on his failure to comply with the Court's order.  Mr. Fowler brings this formal motion under Federal Rule of Civil Procedure 41(b) and respectfully requests the Court dismiss C.D.'s claims and allegations – which are Causes of Action Nos. 4-6 and paragraphs 29 to 55 of the Complaint – with prejudice.

## II.    BACKGROUND

Plaintiffs Anthony Rapp and C.D. filed this action in state court on September 9, 2020.  *See* ECF No. 1-1 (Complaint).  The Complaint contains six causes of action, three of which are brought by Mr. Rapp (Causes of Action Nos. 1-3) and three of which are brought by C.D. (Causes of Action No. 4-6).  *See id*.  On November 13, 2020, Mr. Fowler timely removed this action to this Court. *See* ECF No. 1 (Notice of Removal).

Plaintiffs' Complaint did not use Plaintiff C.D.'s real name in contravention of Federal Rule of Civil Procedure 10 and applicable case law, including *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008).  On January 21, 2021, Plaintiff C.D. filed a Motion For Leave To

Proceed Anonymously, which Mr. Fowler opposed.  *See, e.g.*, ECF Nos. 30-31, 42-43.

On May 3, 2021, the Court issued a Memorandum Opinion denying Plaintiff C.D.'s Motion For Leave To Proceed Anonymously.  *See* ECF No. 64.  The Court's Order ruled that Plaintiff C.D.'s Motion For Leave To Proceed Anonymously was "denied in all respects."  *Id*. at 20.  The Court ordered Plaintiffs to file an amended complaint containing C.D.'s true "name no later than ten days after the date of this opinion."  *Id*.

Plaintiff C.D. did not file an amended complaint by May 13, 2021, as ordered by the Court. Instead, Plaintiffs' counsel sent a letter to the Court acknowledging Plaintiff C.D.'s failure to do so, stating in part: "[A]t the instruction of our client, we will not be filing an amended complaint in his name."  *See* ECF No. 65.  Plaintiffs' counsel further stated: "[W]e anticipate that under the circumstances defendant Spacey will move to dismiss so much of the action as it pertains to C.D. In the interests of judicial economy, we are amenable to such an order being granted without the formality of a written motion."  *Id*.  Mr. Fowler's counsel responded to that letter the same day, stating that C.D.'s claims should be dismissed with prejudice.  *See* ECF No. 66.

### III.   ARGUMENT

### PLAINTIFF C.D.'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Granting an involuntary dismissal under Rule 41(b) rests in the sound discretion of the Court and is reviewable only for an abuse of discretion.  *See, e.g., Link v. Wabash R.R. Co*., 370 U.S. 626, 633, 82 S.Ct. 1386, 1390 (1962).  If warranted by the circumstances, the Court can enter an involuntary dismissal even without providing notice of an intention to do so or a hearing.  *Id*.  And while a party may move for an involuntary dismissal, the

Court also can impose an involuntary dismissal *sua sponte* under its "'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630-631.

Further, a dismissal under Rule 41(b) is presumed to "operate as an adjudication on the merits" and to be with prejudice.  Fed. R. Civ. P. 41(b); *see also Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("Plaintiff's duty to due diligence is imposed because of the strong policy favoring prompt disposition of cases.  Prejudice to defendants resulting from unreasonable delay may be presumed."); *Mylan v. Santos*, 2021 WL 1857115, at *2-3 (S.D.N.Y. May 10, 2021) (dismissing case with prejudice due to plaintiff's failure to prosecute and failure to abide by Court's earlier order).

Here, the requested dismissal of Plaintiff C.D.'s claims is warranted for each independent reason provided by Rule 41(b) – *i.e.*, failure to comply with a Court order, failure to comply with the applicable rules, and failure to prosecute.

First, Plaintiff C.D. has failed to comply with the Court's May 3, 2021 order denying his Motion for Leave to Proceed Anonymously.  His counsel has acknowledged this non-compliance was intentional and done with the C.D.'s knowledge and expectation that his claims would be dismissed.  Dismissal is appropriate after a plaintiff fails to amend as required by the court.  *See, e.g., Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) ("[W]hen a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than failing to prosecute the claim".)

Second, Plaintiff C.D. has violated the Federal Rules of Civil Procedure, most notably Federal Rule of Civil Procedure 10.  That issue was the subject of C.D.'s Motion for Leave To

Proceed Anonymously, and the Court found C.D.'s operative complaint violates those rules. And when given the opportunity to cure the deficiency by amending the Complaint to provide his real name, Plaintiff C.D. knowingly declined to do so. Dismissal therefore is warranted for this independent reason.

Third, Plaintiff C.D.'s failure to amend the Complaint and provide his true name as required by the Court has resulted, and will continue to result, in a failure to prosecute this case. Dismissal therefore is warranted for this third, independent reason. Under this prong of Rule 41(b) about a dismissal for failure to prosecute, courts evaluate factors such as (1) duration of plaintiff's failures, (2) whether plaintiff received notice the delay would result in dismissal, (3) whether defendant likely will be prejudiced by further delay, (4) whether the court has appropriately considered the balance between the need to alleviate court congestion and protecting the party's fair chance to be heard, and (5) whether the court has assessed possibility of lesser sanctions. *See, e.g., Shannon v. General Elec. Co*., 186 F.3d 186, 193-194 (2d Cir. 1999).

These factors militate for dismissal of Plaintiff C.D.'s claims. Plaintiff C.D.'s claims were filed nearly nine months ago, yet his claims have not been meaningfully pursued due to his continuing refusal to provide his true name. He repeatedly refused to attend his properly noticed deposition or to submit to a required mental examination. The prejudice to Mr. Fowler has been significant. As the Court recognized in its Order, Mr. Fowler has been unable to adequately take discovery, investigate the claims, or defend himself given Plaintiff C.D.'s insistence on anonymity. And Plaintiff C.D. not only received notice that dismissal was possible and a fair chance to be heard, but his counsel informed the Court that C.D. fully understands dismissal is likely and does not oppose it. Finally, as Plaintiffs' counsel implicitly acknowledged in his letter to the Court, C.D.'s case cannot continue given his decision not to file an amended complaint. Dismissal

therefore is the only appropriate remedy.

## IV.    CONCLUSION

Mr. Fowler respectfully requests that the Court grant this Motion and dismiss with prejudice all of Plaintiff C.D.'s causes of action.  Mr. Fowler also respectfully requests that the Court strike all of C.D.'s factual allegations from the Complaint, which comprise paragraphs 29 to 55 of the Complaint.


Dated: May 25, 2021                                    Respectfully submitted,
      Irvine, California

                                                    */s/ Chase A. Scolnick*
                                                    Chase A. Scolnick
Keller/Anderle LLP
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Tel.: (949) 476-8700
Fax: (949) 476-0900
E-mail: cscolnick@kelleranderle.com

Michael Tremonte
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
E-mail: mtremonte@shertremonte.com

*Counsel for Defendant*
*Kevin Spacey Fowler a/k/a Kevin Spacey*

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Local Rule 5.2, I, Chase A. Scolnick, hereby certify that on May 25, 2021 this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Chase A. Scolnick*
Chase A. Scolnick
