

July 27, 2021

***By Electronic Filing***

The Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

        Re:    *Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey*
                 Southern District of New York, Case No. 1:20-cv-09586 (LAK)
                 Motion To Compel Further Responses To Interrogatories And For Other
                 Discovery-Related Relief

Dear Judge Kaplan:

As Your Honor knows, we represent defendant Kevin Spacey Fowler.  I write to raise two related issues.

First, I write concerning a discovery dispute that recently arose between the parties, which could not be resolved through the meet and confer process.  Plaintiff Anthony Rapp failed to provide timely responses to Interrogatories served on behalf of Mr. Fowler.  When he finally did respond, Mr. Rapp provided no substantive responses to all but one request, instead relying on his belated and baseless objections.

Second, concurrently with these late responses, Mr. Rapp also provided supplemental initial disclosures that identify eight (8) new potential witnesses.  Mr. Fowler seeks leave to take over ten (10) depositions in this case and for a brief second deposition of Mr. Rapp to ask him about this recently-disclosed information.

**I.**      **The Court Should Compel Mr. Rapp To Provide Substantive Responses To The Interrogatories**

Background

Mr. Fowler served his First Set of Interrogatories to Mr. Rapp on April 26, 2021.  *See* Ex. 1.  The Interrogatories consist of five requests.  Mr. Rapp's responses were due thirty days later, in late May 2021.

Rather than provide responses, Mr. Saghir e-mailed me on May 27, 2021 stating in part: "We will need the courtesy of a two week extension to provide a response to your interrogatories." *See* Ex. 2.  Those additional two weeks came and went without responses from Mr. Rapp.  By not

July 27, 2021
Page 2

providing timely responses, Mr. Rapp waived all objections to the Interrogatories.  *See, e.g.*, Fed. R. Civ. P. 33(b)(4).

I followed up with Mr. Saghir on July 6th about Mr. Rapp's failure to provide responses and asked him to confirm Mr. Rapp's responses would be provided that week.  *See* Ex. 2.  Mr. Saghir responded that he was out of town but would serve responses the following week.  *Id*.

On July 15, 2021, Mr. Rapp finally provided responses to the Interrogatories.  *See* Ex. 3. But rather than comply with Federal Rule of Civil Procedure 33 by providing full and complete responses, Mr. Rapp provided no substantive responses other than to Interrogatory No. 1.  For Interrogatory Nos. 2-5, Mr. Rapp provided only boilerplate objections.  *Id*.

Mr. Rapp's Untimely Objections Have Been Waived And, In Any Event, Are Baseless

Mr. Rapp's objections are improper because they are untimely and have been waived.  *See, e.g.*, Fed. R. Civ. P. 33(b)(4).  Nor has Mr. Rapp provided good cause justifying relief from his waiver.  Besides their impropriety on that basis, Mr. Rapp's objections are frivolous and without merit even if they had not been waived.  Interrogatory Nos. 2-5 ask for the identity of all persons with whom Mr. Rapp spoke about the alleged incident with Mr. Fowler both before and after publication of the Buzzfeed article disclosing Mr. Rapp's allegations (Nos. 2-3), the substance of such communications (No. 4), and the circumstances of such communications (No. 5).

This information is not irrelevant, overbroad, oppressive, or unduly burdensome as Mr. Rapp's objections falsely assert.  Indeed, Mr. Rapp's initial disclosures identify some individuals to whom he disclosed the alleged incident with Mr. Fowler, thereby acknowledging the relevancy and discoverability of such information.  But even as recently supplemented, Mr. Rapp's initial disclosures do not provide complete information about people whom he told about the alleged incident but rather appears to be a cherry-picked list of individuals whom Mr. Rapp believe will corroborate his story (although the witnesses deposed to date have testified in vastly inconsistent ways that undermine Mr. Rapp's allegations).  Mr. Fowler served the Interrogatories to obtain complete information on the highly relevant topic of whom Mr. Rapp told about his allegations in the decades before he brought his lawsuit and what he told them.

Likewise, Mr. Rapp's objections that the interrogatories duplicate his deposition testimony and/or are more appropriately sought during deposition likewise are without merit.  Mr. Fowler appropriately seeks this information through interrogatories, which impose an obligation to obtain and provide responsive information available to Mr. Rapp or anyone under his control.  *See, e.g.*, Fed. R. Civ. P. 33(b)(1)(B).

During the meet and confer, Mr. Saghir offered only a feckless excuse for Mr. Rapp's gamesmanship.  Mr. Saghir claimed that he believed Mr. Rapp had an open-ended extension of time to respond to the Interrogatories because I did not object to the two-week extension of time Mr. Saghir requested on May 27th and did not affirmatively state that Mr. Rapp's objections were waived in my July 6th e-mail demanding Mr. Rapp provide the overdue responses.  These claims are disingenuous and have no merit.  The two-week extension Mr. Saghir requested had long passed by the time Mr. Rapp finally provided responses.  Even with the benefit of that two-week

July 27, 2021
Page 3

extension, Mr. Rapp's objections have been waived.  And Mr. Saghir offered no authority for his suggestion that objections are somehow preserved simply because opposing counsel does not immediately point out the waiver after the time to respond has passed.  The law is to the contrary. *See, e.g.*, Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived . . .").

Mr. Saghir also claims Mr. Fowler has suffered no prejudice from the delay in responding. This is false.  As an initial matter, Mr. Fowler need not show prejudice for Mr. Rapp's waiver to be triggered.  That waiver is effectuated as a matter of law by virtue of Mr. Rapp's late responses. Second, by providing late responses, Mr. Rapp has jeopardized Mr. Fowler's ability to investigate the responsive information, including potentially deposing those identified in a substantive response, before the current discovery cutoff date of October 1, 2021.  Further, that prejudice is ongoing and only exacerbated by Mr. Rapp's continuing failure to respond to Interrogatory Nos. 2-5.  Mr. Saghir points to vague references in deposition testimony to the individuals listed in response to Interrogatory No. 1 and to questions posed to Mr. Rapp during his deposition as purportedly obviating any prejudice from Mr. Rapp's belated non-responses.  But this too is false, and it ignores Mr. Rapp's failure to provide any substantive response to Interrogatory Nos. 2-5. Mr. Rapp has shown his deposition testimony was not complete and fully truthful, as evidenced by his supplemental responses served July 15, 2021 identifying information not disclosed by him at deposition.  And Mr. Fowler is entitled to complete responses from Mr. Rapp without having to rely on vague references in testimony from third-party witnesses.

The Court Should Order Mr. Rapp To Immediately Provide Supplemental Responses

Mr. Rapp's objections are untimely and have been waived.  Even if not waived, his objections are without merit.  Mr. Fowler respectfully requests that the Court order Mr. Rapp to provide full and complete responses to Interrogatory Nos. 2-5, without objections, within three (3) business days of the order.

**II.      Mr. Rapp's Recent Supplemental Disclosures Show The Need For Other Discovery-Related Relief**[1]

The parties exchanged their initial Rule 26(a)(1) disclosures on January 26, 2021.  Mr. Rapp served supplemental disclosures nearly six months later, on July 15, 2021, which identify eight (8) additional individuals whom Mr. Rapp told about the alleged incident with Mr. Fowler. While Mr. Rapp is entitled – and, indeed, obligated – to supplement his responses when necessary, there appears to be no reason this information was not previously available to Mr. Rapp such that it should have been provided in his initial disclosures in January.

Regardless, Mr. Rapp's supplemental disclosures, as well as additional names identified in response to Interrogatory No. 1, provide many newly identified individuals whom Mr. Fowler now

---

[1]      To mitigate the prejudice of Mr. Rapp's belated and incomplete discovery, and to accommodate counsel's upcoming three-to-four-month trial, I asked Mr. Saghir to stipulate to an extension of pretrial deadlines.  Because Mr. Saghir consents to this request, the parties separately have filed a stipulation and proposed order.  *See* ECF No. 73.

July 27, 2021
Page 4

will need to investigate and potentially depose.

During the meet and confer, Mr. Saghir claimed some of the eight newly identified individuals were mentioned in past discovery. But Mr. Rapp did not mention some of these individuals at deposition. For example, Mr. Rapp's supplemental disclosure identifies "Wilson Echevarria." Mr. Saghir claims he was mentioned by Mr. Rapp at his deposition. But the only testimony cited by Mr. Saghir for this position is Mr. Rapp's brief mention of "Wilson Cruz" as another actor who is an out gay man. Mr. Rapp's new disclosure claims he told Mr. Echevarria about the alleged incident before the 2017 Buzzfeed article, but Mr. Rapp failed to identify him at deposition when asked repeatedly about each person to whom he disclosed his story before that article was published.

Likewise, Mr. Saghir claims that a text message with newly identified individuals, Ray Ellin and Bruce Steele, were previously produced. But Mr. Ellin and Mr. Steele were never mentioned by Mr. Rapp as his deposition. The recent supplemental disclosures claim Mr. Rapp told them about the alleged incident many years ago. Such information clearly was responsive to the questions Mr. Rapp was asked at deposition. But he failed to provide it then and only now has disclosed it in a late supplemental disclosure.

Even for those individuals mentioned in passing at Mr. Rapp's deposition, Mr. Rapp's failure to identify them in his Rule 26 disclosures suggested he did not think they had discoverable information which Mr. Rapp "may use to support [his] claims." Mr. Fowler cannot be faulted for not prioritizing or pursuing depositions of individuals on whom Mr. Rapp did not intend to rely. His identifying them in his supplemental disclosures changes that dynamic.

Federal Rule of Civil Procedure 30(a)(2) limits a party to taking ten (10) depositions absent stipulation or court order. To date, Mr. Fowler has taken seven depositions. They include Mr. Rapp, his expert witness, two other therapists he identified at deposition, two individuals he identified in his January 2021 initial disclosures, and another third-party witness. The recent supplemental disclosures make clear that Mr. Fowler will need to exceed ten depositions. Besides the newly identified potential witnesses, it's certainly reasonable to expect that Mr. Rapp may identify other individuals when he finally does provide complete responses to the Interrogatories.

Mr. Fowler therefore respectfully requests that the Court extend the limit on the number of depositions Mr. Fowler may take to twenty (20) total depositions. Likewise, Mr. Fowler respectfully requests a second deposition of Mr. Rapp not exceeding two (2) hours. *See, e.g.*, Fed. R. Civ. P. 30(a)(2)(A)(ii) (permitting a second deposition of witness with leave of court). This is necessary to permit Mr. Fowler to inquire about the new information recently revealed by Mr. Rapp and which he failed to disclose at his prior deposition.

Respectfully submitted,
KELLER/ANDERLE LLP

Chase A. Scolnick

July 27, 2021
Page 5


cc:     Peter J. Saghir
        Ben Rubinowitz
        Rachel Jacobs
        Michael Tremonte
        Erica A. Wolf
        Jennifer L. Keller
        Jay P. Barron