

August 26, 2021

**By Electronic Filing**

The Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey*
              Southern District of New York, Case No. 1:20-cv-09586 (LAK)
              (1) Request Concerning Length of Opposition To Plaintiff's Letter Motion Re Privilege Log (ECF No. 82
              (2) Motion re Sealing

Dear Judge Kaplan:

      As Your Honor knows, we represent defendant Kevin Spacey Fowler. I write concerning our response and opposition to the letter motion dated August 24, 2021 from Peter Saghir, counsel for plaintiff Anthony Rapp, which challenges a privilege log we provided.

      First, in submitting our response, we are mindful of Your Honor's Individual Rules of Practice, including the rule limiting motions about discovery disputes to four (4) pages in length, inclusive of affidavits and declarations but exclusive of exhibits. The rules do not provide a specific page limit for an opposition to a motion about a discovery dispute, but state such response should "briefly describe[] why the relief sought should not be granted." For other letter brief oppositions about discovery matters, we have limited our response to four (4) pages. But Mr. Saghir's recent letter motion seeks to destroy the important rights of our client by asking that attorney-client privileged and work product protected documents be produced. Because the application of these privileges and protections is demonstrated in large part on the factual context in which the challenged communications and documents were made and to ensure Your Honor has sufficient information to consider the extraordinary relief Mr. Rapp seeks, we respectfully request the Court to permit us to file and to consider responsive materials over four (4) pages. Those concurrently-filed materials comprise: (1) Letter Response, (2) Declaration of Todd Rubenstein, (3) Declaration of Nicola Howson, (4) Declaration of Evan Lowenstein, (5) Declaration of Kevin Spacey Fowler, and (6) Declaration of Oliver Schneider-Sikorsky. If the Court is disinclined to consider this request, we will resubmit our response in an abbreviated four-page letter brief and without the declarations.

      Second, we have publicly filed a redacted version of the above-referenced opposition paper, and lodged conditionally under seal and *ex parte* for the Court's eyes only the unredacted versions. Given the timing, we have been unable to meet and confer with Mr. Rapp's counsel about the sealing issue. The redacted portions touch on confidential and privileged discussions

August 26, 2021
Page 2

between Mr. Fowler, his attorneys, and their agents.  While we have taken care to preserve and not disclose the substance of the privileged communications and work produce documents in the submission, the redacted portions concern confidential communications.  *See, e.g., Utica Mut. Ins. Co. v. INA Reins. Co.*, 2012 WL 13028279, at *7 (N.D.N.Y. June 12, 2012) ("Attorney-client privilege can also be a 'compelling reason' to seal judicial records. . . . Work product privilege has also been found to provide a basis for sealing judicial records.")  We want to ensure Mr. Rapp's counsel does not assert waiver simply by virtue of the content of our papers to explain and address the points raised in Mr. Saghir's letter.

On behalf of Mr. Fowler, I thank Your Honor for your consideration of these requests.

Respectfully submitted,
KELLER/ANDERLE LLP

Chase A. Scolnick

cc:   Peter J. Saghir
      Ben Rubinowitz
      Rachel Jacobs
      Michael Tremonte
      Erica A. Wolff
      Jennifer L. Keller
      Jay P. Barron