BEN B. RUBINOWITZ
JEFFREY B. BLOOM
ANTHONY H. GAIR
HOWARD S. HERSHENHORN •
STEPHEN H. MACKAUF
RICHARD M. STEIGMAN
DIANA M. A. CARNEMOLLA •
PETER J. SAGHIR
MARIJO C. ADIMEY •
CHRISTOPHER J. DONADIO •
DANIEL L. BROOK, MD, JD
RACHEL L. JACOBS
JAMES S. RUBINOWITZ
DAVID H. LARKIN
MICHELLE L. LEVINE
ALLAN ZELIKOVIC

ROBERT D. SUNSHINE, MD, F.A.C.S.

# GAIR GAIR CONASON RUBINOWITZ BLOOM HERSHENHORN STEIGMAN & MACKAUF

**MEMO ENDORSED**

Counselors at Law

80 PINE STREET, 34TH FLOOR
NEW YORK, NY 10005
TEL: 212-943-1090
FAX: 212-425-7513
www.gairgair.com

New Jersey Office

ONE GATEWAY CENTER, STE. 2600
NEWARK, NJ 07102
TEL: 973-645-0581
FAX: 973-622-8160

* MEMBER OF N.Y. & N.J. BARS

August 24, 2021

BY ELECTRONIC FILING
Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey
Southern District of New York, Case No. 1:20-cv-09586 (LAK)

Dear Judge Kaplan:

As Your Honor is aware, my office represents Mr. Rapp in the above-referenced matter. My office served Plaintiffs' First Notice to Produce Regarding Jurisdictional Discovery (hereinafter "Notice for Jurisdictional Discovery") over six (6) months ago on February 5, 2020.[1] On August 16, 2021, after multiple meet and confers, defendant Spacey finally made a purported final production that is still incomplete. Defendant Spacey refuses to respond to several demands bearing directly on the issue of jurisdiction. Spacey's continued refusal is contrary to both your Honor's Order of January 5, 2021, which permitted Mr. Rapp "to seek evidence bearing on the domicile question…proportional to the needs of resolving the jurisdictional issue," *ECF No. 17*, and case law in the Southern District of New York. Therefore, the instant letter motion has become necessary.

The Federal Rules of Civil Procedure permit "a party to serve on any other party a request for documents and electronically stored information within the scope of Rule 26(b)(1) that are in its 'possession, custody, or control,'" *New Falls Corp. v. Soni*, No. 16-cv-6805 ADS/AKT, 2020 U.S. Dist. LEXIS 94747 at *8 (E.D.N.Y. May 29, 2020); Fed. R. Civ. P. 34(a)(1)(A). The scope of permissible discovery is outlined in Fed. R. Civ. P. 26(b)(1):

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

---

[1] Plaintiffs' First Notice to Produce Regarding Jurisdictional Discovery is attached as Exhibit A. Defendant Spacey's deficient responses are collectively attached as Exhibit B.

Memorandum Endorsement                                   Rapp v Fowler, 20-cv-9586 (LAK)

       Plaintiff's motion to compel additional jurisdictional discovery (Dkt 81) is granted to this extent: In lieu of producing documents in response to Request Nos. 17 through 20, defendant shall provide plaintiff with a declaration containing a list of each of the four categories of professionals as to which documents were sought. The list shall identify the professionals only by letters unique to each rather than by names and shall give the location of each professional only by identifying the city or county in which that professional was consulted or seen. The motion is denied in all other respects, although plaintiff may inquire at depositions concerning the subjects of Request Nos. 8, 22 and 23.

    SO ORDERED.

Dated:    August 27, 2021

                                                      Lewis A. Kaplan
                                                United States District Judge