

BEN B. RUBINOWITZ
JEFFREY B. BLOOM
ANTHONY H. GAIR
HOWARD S. HERSHENHORN*
STEPHEN H. MACKAUF
RICHARD M. STEIGMAN
DIANA M. A. CARNEMOLLA*
PETER J. SAGHIR
MARIJO C. ADIMEY*
CHRISTOPHER J. DONADIO*
DANIEL L. BROOK, MD, JD
RACHEL L. JACOBS
JAMES S. RUBINOWITZ
DAVID H. LARKIN
MICHELLE L. LEVINE
ALLAN ZELIKOVIC

ROBERT D. SUNSHINE, MD, F.A.C.S.

Counselors at Law
80 Pine Street, 34th Floor
New York, NY 10005
Tel: 212-943-1090
Fax: 212-425-7513
www.gairgair.com

New Jersey Office
One Gateway Center, Ste. 2600
Newark, NJ 07102
Tel: 973-645-0581
Fax: 973-622-8160

* Member of N.Y. & N.J. Bars

September 29, 2021

BY ELECTRONIC FILING
Hon. Lewis A. Kaplan
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    <u>Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey</u>
            Southern District of New York, Case No. 1.20-cv-09586 (LAK)

Dear Judge Kaplan:

       As you are aware, my office represents plaintiff, Anthony Rapp, in the above-referenced matter. Please allow this letter to serve as a response to the September 28, 2021, letter filed by defendant Spacey seeking to block plaintiff from serving a demand for written discovery, if necessary, following the testimony of defendant to the extent he testifies about relevant information or documents not previously disclosed.

       Plaintiff served his First Notice to Produce Regarding Jurisdictional Discovery and his First Notice to Produce on February 5, 2021. It was not until six (6) months later on August 16, 2021, that defendant produced his final "rolling production[] of documents" along with a privilege log disclosing for the first time numerous emails from 2017 between Spacey and others exchanging and editing drafts of his public statement released on Twitter in which he stated, in part, "I honestly do not remember the encounter, it would have been over 30 years ago. But if I did behave then as he describes, I owe him the sincerest apology for what would have been deeply inappropriate drunken behavior, and I am sorry for the feelings he describes having carried with him all these years."

       Spacey's purported final "rolling production" in August also disclosed, for the first time, numerous text messages between Spacey, Evan Lowenstein and another individual, John Houseman, some dated September 4, 2020, prior to this lawsuit being filed, in which they

Case 1:20-cv-09586-LAK   Document 110   Filed 09/29/21   Page 2 of 2



discuss Mr. Rapp. The purported "rolling production" in August 2021 additionally disclosed emails from 2018 between Spacey and his purported business manager, Evan Lowenstein, discussing Mr. Rapp, including a three (3) page email dated February 2, 2018, from Kevin Spacey to Evan Lowenstein about Mr. Rapp. There is simply no reason these documents could not have been disclosed early on other than pure gamesmanship on the part of Spacey.

Indeed, the reason Spacey's deposition was not noticed until September 21, 2021, was because he deliberately withheld, for nearly six months, numerous text messages and emails that were responsive to the plaintiff's demands. To be certain, plaintiff was entitled to a complete production of documents prior to taking the defendant's deposition. There has been no explanation why it took Spacey nearly six months to produce emails and text messages that predate this lawsuit. Given the delayed disclosure of documents, the defendant should not be rewarded by obtaining an order blocking plaintiff from serving a demand for documents after the deposition of Spacey.

The disingenuousness of the objection by defendant to extend the time to serve written discovery is made clear when considering the prior stipulation defendant sought to extend the pretrial deadlines. On July 26, 2021, Spacey's attorneys submitted a proposed stipulation seeking to extend pretrial deadlines due, in part, to a purported three-month trial on a different matter (ECF No. 73). In that stipulation, they sought to extend the pretrial "deadline to complete all discovery" to February 14, 2022 (ECF No. 73, pg. 2). At that time, when the extension of time suited their needs, defense counsel did not seek to carve out an exception to the production of written discovery. Now, defendant seeks to carve out an exception and to block plaintiff from serving a demand for written discovery regarding items that may arise during Spacey's deposition after withholding documents for months that had been in his possession before the lawsuit was even filed.

There is simply no justification for defendant to have withheld text messages and emails for nearly six months that predate this lawsuit other than a calculated decision by defendant to delay the production of relevant documents until the discovery phase was nearly concluded. This conduct should not be countenanced by the Court and it is respectfully requested that the Court grant plaintiff's request to serve a demand for documents, if necessary, following defendant's deposition.

Respectfully submitted,
GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
HERSHENHORN, STEIGMAN & MACKAUF

Peter J. Saghir

Copy Jennifer L. Keller
    Chase A. Scolnick
    Jay Barron
    Michael Tremonte

2