**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANTHONY RAPP and C.D.,

                Plaintiffs,

  -against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY,

                Defendant.

Case No. 1:20-cv-09586 (LAK) (SDA)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10-18-21

**STIPULATION AND ~~[PROPOSED]~~ ORDER RE RESETTING OF PRETRIAL**

**DEADLINES AND OTHER MATTERS**

Plaintiff Anthony Rapp ("Plaintiff") and defendant Kevin Spacey Fowler a/k/a Kevin Spacey ("Defendant"), by and through their undersigned counsel of record, and subject to the approval of the Court, stipulate as follows:

WHEREAS the parties submitted a stipulation and proposed order regarding the resetting of pretrial dates on July 26, 2021 (ECF No. 73);

WHEREAS the Court has not ruled on that prior stipulation, and this stipulation is intended to replace and supersede that stipulation;

WHEREAS the Court held a hearing on September 9, 2021 on Defendant Fowler's Motion *In Limine* to Preclude Plaintiff From Eliciting Testimony About Hearsay Statements He Made To Third Parties About the Alleged Incident (ECF No. 78) ("Motion *In Limine*");

WHEREAS at the hearing on the Motion *In Limine*, the Court and parties recognized the likelihood that the pretrial deadlines would need to be continued regardless of how the Court ruled on that motion;

1

WHEREAS the parties met and conferred after the September 9, 2021 hearing as directed by the Court;

WHEREAS Plaintiff proposes to eliminate three (3) of the thirteen (13) potential non-expert, third-party witnesses identified in his initial and supplemental FRCP 26(a)(1) disclosures (*i.e.*, Melissa Anelli, Maneesh Jain, and Camryn Manheim) to obviate the need for their depositions;

WHEREAS Plaintiff's proposal leaves ten (10) potential third-party witnesses, whom Plaintiff may wish to call to testify about statements Plaintiff made to them about the alleged incident since it allegedly occurred;

WHEREAS Plaintiff's proposal means that all five of the potential third party witnesses in Plaintiff's initial FRCP 26(a)(1) disclosures from January 2021 will have been deposed (Erin Quill, Adam Rapp, Sean Snow) or withdrawn (Melissa Anelli, Muneesh Jain), and leaves seven potential witnesses disclosed in Plaintiff's July 15, 2021 FRCP 26(a)(1) supplemental disclosure who have yet to be deposed, although some of these individuals may submit or have submitted to informal interviews in lieu of formal depositions;

WHEREAS Plaintiff has represented he does not presently intend to call any other individuals identified in the August 9, 2021, interrogatory responses and Defendant asserts Plaintiff's proposal does not eliminate the need to investigate, interview, and/or potentially depose additional witnesses identified by Plaintiff in his interrogatory responses to the extent Plaintiff may be permitted to call any witness to testify at trial about Plaintiff's prior, allegedly consistent statements about the alleged incident, because the individuals whom Plaintiff does not intend to call to testify may have information helpful to Defendant rather than Plaintiff;

WHEREAS Defendant nonetheless continues to believe the Motion *In Limine* should be

2

granted for the reasons stated in ECF Nos. 78, 96, 98, and 102;

WHEREAS Plaintiff continues to oppose the Motion *in Limine* for the reasons stated in ECF Nos. 94 and 100; and

WHEREAS the parties disagree about whether the extension of pretrial deadlines raised at the September 9, 2021 hearing and described below should apply to the service of written discovery between the parties

NOW THEREFORE, Plaintiff and Defendant stipulate and agree as follows:

1.    Plaintiff eliminates Melissa Anelli, Muneesh Jain, and Camryn Manheim from his previous FRCP 26(a)(1) disclosures and will not call these individuals to testify at trial for any purpose, but reserves the right to call or depose those witnesses to the extent Defendant discloses them as witnesses or to the extent Defendant's experts rely on them in forming their opinions;

2.    This stipulation does not moot or otherwise affect Defendant's Motion *In Limine*, and Defendant continues to assert all hearsay testimony at issue in that motion should be ruled inadmissible now while Plaintiff continues to oppose the motion to assert the testimony is not hearsay, but prior consistent statements;

3.    Defendant may conduct twenty-five (25) total depositions (up from the twenty permitted by ECF No. 76); and

4.    The pretrial deadlines are continued as follows:

a.    The deadline to complete discovery shall be January 18, 2022 (extended from October 1, 2021).  As explained below, the parties disagree whether this continued deadline should apply to all discovery or all discovery except written discovery between the parties;

b.    The deadline to file and serve summary judgment motions shall be February

18, 2022 (extended from November 1, 2021).

      c.     The deadline to file the pretrial order, proposed jury instructions, and requested voir dire questions (case ready for trial) shall be February 18, 2022 (extended from November 1, 2021).

     5.     The parties agree to separately inform the Court of their positions as to the disagreement referenced in Paragraph 4.a. above. In short, Plaintiff believes the deadline to complete party written discovery should be extended to January 18, 2022, to the extent defendant testifies about documents or other information during his deposition that are relevant to plaintiff's claims or the issue of jurisdiction and were not previously produced. Defendant believes the deadline to complete party written discovery should not be encompassed by the extension given the deadline to serve such discovery already passed; instead, Defendant believes any further party discovery should only be permitted by further agreement between the parties or an order from the Court.

**IT IS SO STIPULATED.**

Dated: September 28, 2021
       New York, New York

                                               Respectfully submitted,

                                              */s/ Peter J. Saghir*
                                              Peter J. Saghir
                                              Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf
                                              80 Pine Street, 34th Floor
                                              New York, New York 10005
                                              Tel.: (212) 943-1090
                                              Fax: (212) 425-513
                                              E-mail: psaghir@gairgair.com

                                              *Counsel for Plaintiff Anthony Rapp*

Dated: September 28, 2021
    Irvine, California

Respectfully submitted,

  /s/ Chase A. Scolnick          
Jennifer L. Keller (*pro hac vice*)
Chase A. Scolnick
Keller/Anderle LLP
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Tel.: (949) 476-8700
Fax: (949) 476-0900
E-mail: cscolnick@kelleranderle.com

Michael Tremonte
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
E-mail: mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey
Fowler a/k/a Kevin Spacey*

5

## [PROPOSED] ORDER

Based on the foregoing Stipulation and other good cause appearing , IT IS HEREBY ORDERED, as follows:

1.      Plaintiff will not call Melissa Anelli, Muneesh Jain, and Camryn Manheim to testify at trial for any purpose, but reserves the right to call those witnesses to the extent Defendant discloses them as witnesses or to the extent Defendant's experts rely on them in forming their opinions;

2.      This stipulation does not moot or otherwise affect Defendant's Motion *In Limine*, and the Court will rule on that motion separately;

3.      Defendant may conduct twenty-five (25) total depositions (up from the twenty permitted by ECF No. 76); and

4.      The pretrial deadlines are continued as follows:

        a.      The deadline to complete discovery shall be January 18, 2022 (extended from October 1, 2021).

        b.      The deadline to file and serve summary judgment motions shall be February 18, 2022 (extended from November 1, 2021).

        c.      The deadline to file the pretrial order, proposed jury instructions, and requested voir dire questions (case ready for trial) shall be February 18, 2022 (extended from November 1, 2021).

5.      The extension set forth in Paragraph 4.a. above [shall ~~shall not~~ apply to written discovery between the parties.

**IT IS SO ORDERED.**

Dated: ~~September__~~ , 2021
       Oct. 18

_____
The Honorable Lewis A. Kaplan
United States District Judge

6

## C CERTIFICATE OF SERVICE

In accordance with Local Rule 5.2, I, Chase A. Scolnick, hereby certify that on September 28, 2021 this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Chase A. Scolnick*
Chase A. Scolnick

7