

December 3, 2021

**By Electronic Filing**

The Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey*
Southern District of New York, Case No. 1:20-cv-09586 (LAK)
Motion for Protective Order re Depositions Scheduled To Begin December 10, 2021

Dear Judge Kaplan:

As Your Honor knows, we represent Defendant Kevin Spacey Fowler. I write to respectfully request a protective order concerning the upcoming deposition examination of Mr. Fowler and other witnesses. In particular, we understand counsel for plaintiff Anthony Rapp intends to ask question at these depositions which seek private information with no relevance to this case and would be posed only to harass, annoy, and intrude on the privacy of Mr. Fowler and that of third parties. Mr. Fowler's deposition is scheduled for December 10, 2021. We understand Mr. Rapp's counsel may pose similar questions at the deposition of Mr. Fowler's manager, Evan Lowenstein, whose deposition is scheduled for December 14, 2021.

Throughout this case, Mr. Fowler has fully and appropriately participated in the discovery process. But Mr. Fowler did not bring this lawsuit, and Mr. Rapp's (false) claims about a single alleged incident in approximately 1986 do not give his counsel carte blanche to probe Mr. Fowler about every relationship or personal detail in his life. A party may take discovery on nonprivileged, relevant matters that are "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). The Court may issue various orders to limit discovery, including to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The limitation on discovery can include "forbidding the disclosure or discovery," "specifying terms . . . for the disclosure or discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id*.

Here, there are certain subjects and lines of inquiry Plaintiff should not be permitted to explore at Mr. Fowler's deposition (or at Mr. Lowenstein's deposition, to the extent he would have any knowledge). These subjects are irrelevant and extraneous to the issues, cannot lead to admissible evidence, and otherwise would invade the rights of Mr. Fowler and third parties.

### Prior Sexual or Romantic Relationships With Other Consenting Adults

To the extent Plaintiff questions Mr. Fowler about his prior sexual or romantic relationships with other consenting adults, he should not be permitted to request that Mr. Fowler reveal the identities of his partners. Such testimony has no relevance to the issues in this case. And any attempt to question Mr. Fowler about such matters would unreasonably intrude on the most personal and intimate affairs of third parties who have no relationship to this case. The Court should issue a protective order under F.R.C.P. 26(b) and (c) that Plaintiffs' counsel may not inquire about such matters at any upcoming deposition.

### The Allegations Of Sexual Assault By C.D.

C.D. has been dismissed from this case, and he is no longer a party. But Plaintiff's counsel recently suggested an intention to obtain discovery from Mr. Fowler about C.D. and his allegations, claiming such evidence would be relevant under Federal Rule of Evidence 415. Due to his refusal to be publicly identified, we understand C.D. has no intention of testifying as a witness at trial. If that is not accurate and C.D. may be a trial witness for Plaintiff, we would need to immediately disclose his name to third parties as part of an investigation into his claims and depose him and other third parties about his allegations and credibility.

But given our understanding C.D. will not be a trial witness, Plaintiff cannot present admissible evidence from C.D. as to his allegations. *See* Fed. R. Evid. 602, 802, 901. And, in any event, any such testimony would not be appropriate under Federal Rule of Evidence 403 and 415. Plaintiff therefore should not question Mr. Fowler about subject matter that cannot lead to admissible evidence. Any testimony about C.D.'s allegations would be irrelevant, not proportional to the needs of the case, and unnecessary.

### Allegations Of Inappropriate Behavior By Other Accusers

Throughout this litigation, Plaintiff's counsel, Peter Saghir, has referenced various tabloid stories of third parties' unsubstantiated (and in some cases, anonymous) allegations that Mr. Fowler has behaved inappropriately. He has suggested he may pose questions at deposition about potential witnesses whom he would then try to call at trial as witnesses under Federal Rule of Evidence 415 ("FRE 415").

I raised the issue of potential FRE 415 witnesses with Mr. Saghir in January, shortly after the initial scheduling conference and before the parties had made their initial Rule 26(a)(1) disclosures. At that time, I told Mr. Saghir that his comments to the Court at the initial scheduling conference in January suggested he did not intend to present evidence of other accusers under Federal Rules of Evidence 404(b) or 415. Mr. Saghir did not identify at that time any witnesses within this category but stated that his clients would comply with their upcoming disclosure obligations. I specifically pointed out that Plaintiffs' forthcoming Rule 26(a)(1) disclosures must identify any potential FRE 415 witnesses, as the disclosure obligations under FRE 415 as to intended trial witnesses do not supersede or obviate obligations to disclose individuals with potentially discoverable information under Federal Rule of Civil Procedure 26(a)(1).

December 3, 2021
Page 3

Mr. Rapp's and C.D.'s initial Rule 26(a)(1) disclosures included no potential FRE 415 witnesses. Following C.D.'s dismissal, Mr. Rapp's supplemental disclosures likewise have identified no potential FRE 415 witnesses. Mr. Rapp's failure to disclose any such witness was intentional, not borne from any ignorance or inability to know about the existence of such complainants. Indeed, on December 14, 2020, Plaintiffs filed a Motion to Remand. While it was subsequently denied, Plaintiffs' motion and Mr. Saghir's declaration attached various press articles about other accusations and complainants against Mr. Fowler. Plaintiff's failure to identify any such witnesses in his Rule 26(a)(1) disclosures, or supplemental disclosures, demonstrates a recognition those other complainants have no discoverable or relevant information and/or that Plaintiff has no intention to call such witnesses at trial.

Further, some third-party complainants have not identified themselves publicly. To the extent he even knows of them or their claims, Mr. Fowler should not be questioned about unnamed third-parties. Among other things, such questioning would force Mr. Fowler to disclose non-public, private information about third-parties. And given the unlikelihood these third-parties would publicly testify at trial after refusing to publicly identify themselves, any questioning about unnamed accusers cannot lead to any admissible evidence and otherwise is not proportional to the issues in the case.

Even for other complainants who publicly identified themselves, their testimony would have no probative value. Many allegations do not meet the definitional requirements of Federal Rules of Evidence 413-415. For example, some accusers allege no conduct within the definition of "sexual assault," while other accusers make allegations that fall outside the jurisdictional limits and do not constitute a crime under federal or state law. And other accusers make allegations that substantively deviate from those of Mr. Rapp in ways that greatly diminish or eliminate any probative value their testimony could provide. These differences include the age of the alleged victim, with all or most other complainants being adults at the time of the alleged incident. Most other alleged incidents occurred 20 to 30 years after Mr. Rapp's allegations. And the other alleged incidents differ substantially in what allegedly occurred. Each of these differences make any testimony or evidence of these alleged incidents or from the other complainants to be inappropriate for admission under FRE 415. *See, e.g., United States v. Spoor*, 904 F.3d 141, 154 (2d Cir. 2018) (describing factors that should be considered in weighing probative value of any evidence that qualifies under FRE 413-415, including "the similarity of the prior acts to the acts charged," "the closeness in time of the prior acts to the acts charged," and "the necessity of the evidence beyond the testimonies already offered at trial").

Besides the above issues, any questioning of Mr. Fowler about these issues would infringe on his rights in other important ways. Mr. Fowler's privacy rights cannot be disregarded simply because he has been named in this suit.

For these and other reasons, we respectfully request that the Court issue a protective order providing that Plaintiff's deposition questioning not include any questioning about allegations against Mr. Fowler by other complainants unless (1) the complainant has been publicly disclosed or is publicly known, (2) the complainant was under the age of eighteen (18) years old at the time of the alleged incident, and (3) the complainant's allegations concern conduct that would qualify under Federal Rules of Evidence 413-415. Further, to the extent not already covered by these

December 3, 2021
Page 4

limitations, the examinations should not include any questioning about non-public information related to any pending criminal investigation.  To the extent Mr. Saghir intends to question Mr. Fowler or another witness at deposition about any alleged complainant or other allegations not meeting this criteria, he should be required to give us notice before the commencement of the deposition date and make an offer of proof showing good cause for seeking such testimony.

### The Met's Investigation

While encompassed by the above categories, the Court should explicitly find that Plaintiff may not questions Mr. Fowler about the London Metropolitan Police's pending investigation in the United Kingdom.  The Court already has found "that the U.K.'s interest in maintaining the confidentiality of the materials related to the Met's investigation of the defendant outweighs the interests of this Court and Rapp in obtaining the materials."  *See* October 13, 2021 Order (ECF No. 115).  Plaintiff should not be able to circumvent the thrust of that order by asking questions about the substance of materials the Court found he is not entitled to have.

Respectfully,
KELLER/ANDERLE LLP

Chase A. Scolnick

cc:     Peter J. Saghir
        Ben Rubinowitz
        Rachel Jacobs
        Michael Tremonte
        Erica A. Wolff
        Jennifer L. Keller
        Jay P. Barron