UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANTHONY RAPP, et ano.,

                                    Plaintiffs,

            -against-                                                    20-cv-9586 (LAK)

KEVIN SPACEY FOWLER,

                                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____    │
│ DATE FILED: 12/13/21             │
└─────────────────────────────────┘
```

## MEMORANDUM OPINION

Appearances:

> Peter J. Saghir
> Richard M. Steigman
> GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
> HERSHENHORN, STEIGMAN & MACKAUF
> *Attorneys for Plaintiffs*
>
> Chase Scolnick
> KELLER/ANDERLE LLP
> *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge*.

This is an action for alleged sexual assault by defendant Fowler, better known as Kevin Spacey, on plaintiff Rapp in about 1986, when Rapp was about 14 years of age. Rapp seeks damages.

The matter now is before the Court on Spacey's motion for a protective order precluding Rapp from inquiring of Spacey with respect to (1) the identities of his Spacey's partners in "his prior sexual or romantic relationships with other consenting adults," (2) former plaintiff C.D. and the allegations C.D. made before he dropped his action with prejudice rather than have his identity disclosed, (3) "allegations against [Spacey] by other complainants unless (a) the complainant has been

publicly disclosed or is publicly known, (b) the complainant was under the age of eighteen (18) years old at the time of the alleged incident, and (c) the complainant's allegations concern conduct that would qualify under Federal Rules of Evidence 413-415, and (4) an allegedly pending investigation by the London Metropolitan Police into allegations relating to the Spacey. The Court assumes familiarity with its prior rulings in this matter.[1]

*Discussion*

Kevin Spacey is a widely known and acclaimed actor who recently starred in the highly popular television series, *House of Cards*. Rapp too is a prominent actor and perhaps is best known for his role in the highly successful Broadway production of *Rent*. Unsurpisingly, Rapp's claim that Spacey sexually assaulted him about 35 years ago has received enormous public attention around the world.

Rapp, through counsel, now proposes to question Spacey in deposition about intimate details of Spacey's romantic and sexual life over a span of many years and, most particularly, about the identities of his partners. He admittedly hopes to find evidence of prior acts that could be used against Spacey in this action. Spacey asks that Rapp's inquiries be limited in the manner described above in order to protect the privacy both of Spacey and of his sexual or romantic partners unless the events concern non-consensual activities involving minors. It is only such acts, Spacey claims, that would have any reasonable possibility of being admissible in evidence in this case.

Rapp, in contrast, contends that he should be permitted to inquire concerning anything that might lead to usable evidence, regardless or nearly so of the privacy interests of Spacey and others

---

[1]     *Rapp v. Fowler*, No. 20-9586 (LAK), 2021 WL 4804096 (S.D.N.Y. Oct. 13, 2021); *id.*, ___ F. Supp.3d ___, 2021 WL 1738349 (S..D.N.Y. May 3, 2021).

who may have been involved. He argues that the privacy interests, to whatever extent they exist, could be protected adequately by prohibiting counsel from disclosing the identifies of those involved in Spacey's previous behavior. Strong interests support both sides.

Litigation is a search, optimally a successful search, for the truth. To that end, Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part that:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

But there are important caveats. As indicated above, discovery is confined to that which would proportional to the needs of the case. And as Rule 26(b)(1) also makes clear, the scope of discovery may be "limited by court order" for "good cause." Among the limitations that may be imposed is any "order to protect a party or [other] person from annoyance, embarrassment, oppression or undue burden or expense" in a variety of ways, including among others "forbidding inquiry into certain matters, or limited the scope of disclosure or discovery to certain matters."[2]   Thus, there are three legitimate interests at issue here:

- Rapp's interest in obtaining evidence that "is relevant to [his] claim." That interest is comparable to Spacey's interest, which the Court previously

---

[2]

Fed. R. Civ. P. 26(c)(1).

Such an order was imposed in a case involving alleged sexual activities of now former President Clinton. *Jones v. Clinton,* No. LR-C-94-290, Dkt 185 (E.D. Ark. Dec. 11, 1997) (limiting interrogatories to President Clinton concerning persons with whom he had or sought to have sexual relations by time period, circumstances of incidents to which inquiry was directed, materiality, and availability of information from other sources).

4

acknowledged,[3] in obtaining evidence relevant to his defense.

- Spacey's interest in the privacy of his most personal and intimate relations.

- The interests of those involved in those incidents or in relations with Spacey who do not wish to be identified, publicly or otherwise, or who do not wish to become embroiled in this controversy, regardless of whether their identities become known publicly or even to much narrower universes.  Importantly, this group may include individuals whose involvement with Spacey was not entirely or even partly consensual.[4]

Regrettably, it appears that no one of these interests may be served fully without damage to one or both of the others.  The task is to reach a balance.

The Court has considered all of these interests and all of the parties' divergent submissions and reached what it considers to be the best result.  Before articulating the ground rules upon which it has settled, however, it is appropriate to comment on a few of the parties' contentions.

First, Spacey asserts that any inquiry should be limited to events and relationships that were not consensual.  He maintains -- with justification -- that any consensual behavior is no one's business but his own and that of his partners.  Nonetheless, Spacey and his attorneys cannot properly be left to determine what was consensual and what was not.

Second, Spacey contends that this case involves an alleged assault on a minor and that any disclosure ought to be limited to comparable circumstances, i.e., to incidents and relationships that

---

[3]

See Rapp, 2021 WL 1738349, at *7.

[4]

We need look no farther for one such a person than C.D., also originally a plaintiff in this case and one who claims to have been a subject of non-consensual sexual attention by Spacey, but who abandoned his claim with prejudice in order to avoid his identity becoming public.

involved minors at the time they occurred.  In the Court's judgment, however, that draws too fine a line. The Court can not properly exclude the possibility that an incident involving a non-consenting adult would be relevant and perhaps admissible here.

Third, the interests of non-parties weigh heavily in the balance here.  As an initial matter, persons who may have had private, consensual relations and relationships with Spacey and who do not wish to be identified to, much less questioned by, total strangers are entitled to substantial consideration.  There may even be persons who had interactions with Spacey that were involuntary, or not entirely consensual, who nevertheless place a substantial premium on their anonymity and their privacy, even where testifying might assist Rapp in pursing this civil lawsuit.

Fourth, the Court appreciates Rapp's proposal, belated though it was, of an order that would prevent both parties "from publicly disclosing the name of any witness who alleges that he or she was sexually harassed, abused or assaulted by . . . Spacey."[5]  But such an order would not protect anyone who had relations or a relationship with Spacey and who makes no such claim.  It would not protect anyone who was mistreated by Spacey, but who nevertheless wishes to remain silent, from becoming an unwilling subject of approaches by Rapp's counsel and investigators, from being served with subpoenas, from being required to give a deposition, and from being called as a witness at trial.[6] And while this and other courts have had considerable success in maintaining the confidentiality from the public of a great deal of sensitive information – currently including the full names of certain witnesses (whose identities nevertheless are known to all parties and to the jury) in a widely publicized

---

[5]     Dkt 126.

[6]     *See* 18 U.S.C. § 3771(a)(8) (recognizing right of crime victim "to be treated with fairness and with respect for the victim's dignity and privacy"); *United States v. Maxwell,* No. 20-cr-0330 (AJN), Dkt 465, at 8-12 ("Given the sensitive and inflammatory nature of the conduct alleged, such publicity may cause further harassment or embarrassment, and other alleged victims of sex crimes may be deterred from coming forward").

trial involving sex-related allegations – the fact remains that complete and permanent success cannot be guaranteed, especially in the information age in which we now live.

Finally, the allegations of sexual assault by Rapp and his former co-plaintiff, C.D., have been publicized widely at least since the last quarter of 2017. There has been much publicity about other alleged misconduct by Spacey. Individuals who claim to have been victimized by Spacey and are willing to come forward almost inevitably have had, and will continue to have, ample opportunity to do so. Moreover, Rapp and his counsel readily can determine the identities of people who have interacted with Spacey professionally throughout his career and speak to those who are willing to speak to them. Those who are willing could be sources of information about other people who might have relevant information. In these circumstances, it is questionable whether the discovery that Rapp seeks from Spacey would be proportional to the genuine needs of his case or likely to be fruitful. It is doubtful also that Rapp would be seriously handicapped in pursuing his claim here in the absence of the sort of discovery that he seeks despite some serious cost to legitimate interests of others.

### Conclusion

Accordingly, the motions of both Spacey (Dkt 123) and Rapp (Dkt 127) for and in relation to a protective order, respectively, are denied except to the following extent:

1. During discovery, plaintiff shall not inquire of the defendant concerning his prior sexual or romantic experiences or encounters, if any, with anyone unless the identity of the person in respect of whom inquiry is made (the "Subject") has been disclosed by the Subject or otherwise become public, in either case in connection with a claim, published report in mainstream media, or public allegation that any such sexual or romantic experience or encounter was not in all respects consensual. Any such Subject, and the defendant, have substantial privacy interests in their most

intimate personal relationships that outweigh any legitimate interest of the plaintiff in pursuing those matters unless the foregoing condition is satisfied.

   2. During discovery, plaintiff shall not inquire of the defendant concerning his prior sexual or romantic experiences or encounters, if any, with former plaintiff C.D. C.D. has dismissed his claim against the defendant with prejudice rather than publicly disclose his identity. In the event plaintiff were to inject C.D.'s allegations into this case, fairness would require that defendant be permitted to conduct a full and fair investigation into C.D.'s allegations, which at least to some extent likely require or result in public disclosure of C.D.'s identity. C.D.'s interest in preserving his anonymity and defendant's interest in a full and fair trial outweigh any legitimate interest of the plaintiff in going in to C.D.'s allegations in the absence of affording defendant the ability to meet such contentions, which likely could not be accomplished without compromising C.D.'s legitimate privacy interests.

   3. In light of the Court's order of October 13, 2021, plaintiff shall not inquire of the defendant during discovery in this case concerning the London Metropolitan Police investigation of defendant's alleged conduct.

   SO ORDERED.

Dated:  December 13, 2021

                  Lewis A. Kaplan
                 United States District Judge