```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/26/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY RAPP, et ano.,

                Plaintiffs,

-against-                                      20-cv-9586 (LAK)

KEVIN SPACEY FOWLER,

                Defendant.
------------------------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on another discovery dispute.

        Plaintiff took the deposition of a Mr. Dawes, who resides in Brazil, concerning Mr. Dawes' claim that, when he was 16 years old, the defendant placed the defendant's hand on Mr. Dawes' knee for 30 to 45 seconds during a conversation at defendant's residence. According to Mr. Dawes, an unnamed friend was with him at the time and witnessed the alleged event. When defendant's counsel asked Mr. Dawes for the name of his friend – which Mr. Dawes previously had provided to plaintiff's counsel and to *Buzzfeed* – plaintiff's counsel asserted that the question was improper in view of this Court's December 13, 2021 order. Dkt. 129-1, at 48:19-49:5. Later, he asserted that the posing of the question violated the same order. *Id.*, at 52:10-20. And when defendant's counsel later asked Mr. Dawes to produce a copy of his email to *Buzzfeed* in which he identified his friend, plaintiff's counsel said that "providing his name would be in violation of the Court's order of December 13, 2021." *Id.*, at 83:3-5. Still later in the deposition, Mr. Dawes testified (at page 154) as follows:

> Q. And you're claiming that there is a witness a percipient witness to those allegations, right?
>
> A. That's correct.
>
> Q. And you're refusing to provide us with that person's name, correct?
>
> A. That's correct.

Plaintiff's counsel objected also to the production by Mr. Dawes of at least one prior written statement by him on the ground that production would have violated the Court's order.

Defendant now moves to preclude testimony by Mr. Dawes or his unnamed friend should either be offered in evidence at trial on the ground that the witness unjustifiably refused to provide information essential to cross-examining the witness and investigating his story. Moreover, he asserts that plaintiff's counsel encouraged the witness's actions.

At the outset, the assertions of plaintiff's counsel about the December 13, 2021 order manifestly were incorrect. That order explicitly and expressly dealt solely with examination by the plaintiff "*of the defendant concerning his prior sexual and romantic experiences and encounters.*" Dkt. 128, at 6 (emphasis added). Mr. Dawes is not the defendant, and so the order obviously did not prevent defendant's counsel from asking Mr. Dawes for his friend's name. Nor does the fact that the Court, in arriving at the balance that the December 13 order reflects, took into consideration the privacy interests of persons with whom the defendant may have had sexual or romantic experiences support plaintiff's position, even putting aside the fact that the order related solely to plaintiff's questioning *of the defendant*. Mr. Dawes' friend, assuming the truth of Mr. Dawes' account, was not someone with whom the defendant had had a sexual or romantic encounter. If Mr. Dawes' account is true, the friend was merely a percipient witness. There is a significant and obvious difference between the privacy interests of one personally involved in a sexual or romantic encounter, on the one hand, and those of a person who merely observed a potentially ambiguous incident involving other persons, on the other.

The defendant's motion (Dkt. 129) is disposed of as follows. The deposition of Mr. Dawes is reopened and shall resume on a date, on or before February 18, 2022, mutually acceptable to the parties and Mr. Dawes. Plaintiff and Mr. Dawes shall ensure that defendant's counsel receive copies of all documents in the possession, custody or control of either that concern the incident to which Mr. Dawes testified in his deposition, regardless of whether they contain the name or other information concerning Mr. Dawes' friend, at least two days before the resumption of the deposition. At the resumed deposition, Mr. Dawes shall answer all questions put to him concerning the name, whereabouts, contact information and occupation of his friend. In the event all of the foregoing is not completed on or before February 18, defendant may renew his motion to preclude.

SO ORDERED.

Dated:   January 26, 2022

Lewis A. Kaplan
United States District Judge