
**KA**
Keller/Anderle LLP
BUSINESS TRIAL LAWYERS

February 8, 2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/14/22
MEMO ENDORSED

**By Electronic Filing**

The Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey*
Southern District of New York, Case No. 1:20-cv-09586 (LAK)
Renewed Motion to Preclude Justin Dawes As Witness Due to Plaintiff's Failure
To Comply With The Court's Order

Dear Judge Kaplan:

As Your Honor knows, we represent defendant Kevin Spacey Fowler. I write to renew Mr. Fowler's motion to preclude Plaintiff from calling or relying on testimony from third-party Justin Dawes because Plaintiff has failed to comply with this Court's January 26, 2022 order.

At his December 28, 2021 deposition, Mr. Dawes withheld information from Mr. Fowler's counsel despite having shared it with Plaintiff's counsel. Following Mr. Fowler's motion, the Court ordered on January 26th that Mr. Dawes sit for a second deposition to testify about the withheld information and ordered Plaintiff and Mr. Dawes to provide all documents about the alleged incident two days before the continued deposition ("January 26th Order"). The Court's January 26th Order also stated Mr. Fowler could renew his motion to preclude Mr. Dawes as witness if the terms of the order were not fulfilled.

Mr. Dawes's reopened deposition is scheduled for February 10th. But Plaintiff and Mr. Dawes have not complied with the Court's January 26th Order. Plaintiff continues to withhold materials covered by the Court's order and otherwise has engaged in gamesmanship to conceal exculpatory evidence. Mr. Fowler therefore renews his motion for an order precluding Plaintiff from calling or relying on Mr. Dawes at trial.

**The Court's January 26th Order Re Mr. Dawes**

Mr. Dawes initially was deposed on December 28, 2021. The crux of his testimony concerned an alleged incident in 1988 at which Mr. Fowler allegedly placed his hand on Mr. Dawes' knee for 30 to 45 seconds during a conversation at Mr. Fowler's residence. At his deposition, Mr. Dawes refused to disclose the name of his friend who was a percipient witness to that alleged incident. Plaintiff's counsel objected to questions asking for that information and facilitated Mr. Dawes' non-compliance by claiming I was pursuing an improper line of questioning under the Court's December 13, 2021 Order (ECF No. 128). At deposition and thereafter, Mr.

Memorandum Endorsement                                            *Rapp v. Fowler*, 20-cv-9586 (LAK)

Defendant initially moved to preclude plaintiff from calling Mr. Dawes as a witness, principally on the ground that Mr. Dawes refused to identify a friend who allegedly was in a position to corroborate Dawes' testimony, that Dawes allegedly was encouraged or aided in that refusal by plaintiff's counsel, and that plaintiff's counsel did so by misrepresenting this Court's December 13, 2021 order (the "Order") to Mr. Dawes. Dawes relied also upon the actions of plaintiff's counsel in refusing to produce a prior written account to *Buzzfeed* of what transpired on the occasion when Mr. Dawes and his friend met with the defendant on the theory that producing it would violate the Order.

The Court concluded that "the assertions of plaintiff's counsel about the December 13, 2021 order manifestly were incorrect." It nevertheless resolved the motion by ordering a further deposition of Mr. Dawes and production in advance of the deposition of documents in the possession, custody or control of either plaintiff or Mr. Dawes that concern the alleged incident to which Mr. Dawes earlier had testified. It provided limited scope for renewing the motion to preclude in the event its order were not fully complied with by February 18.

The further deposition of Mr. Dawes has taken place and his written account to *Buzzfeed* has been produced, albeit belatedly. In consequence of these additional proceedings, two major facts have emerged with respect to the chief significance of Mr. Dawes's proposed testimony, his assertion that the defendant on this long ago occasion placed his hand on Mr. Dawes's knee for 30-45 seconds in a manner that Mr. Dawes took to be a sexual advance. First, Mr. Dawes written narrative to *Buzzfeed* said no such thing and contained only a less inflammatory description of the alleged encounter. Second, it appears that Mr. Dawes's friend –although said to corroborate some of Mr. Dawes's story about the encounter involving Mr. Dawes, his friend, and the defendant   does not seem to corroborate the alleged touching of Mr. Dawes.

In these circumstances, defendant again moves to preclude Mr. Dawes from testifying on the basis that plaintiff "intentionally concealed exculpatory information from [defendant] and the Court, and that Plaintiff's counsel made spurious objections to shield this damaging information from coming to light." Dkt. 142, at 1. In the alternative, he seeks leave to conduct a deposition of Mr. Dawes's friend.

It would be premature at this point to rule on whether Mr. Dawes's testimony should be excluded. For one thing, in all the circumstances plaintiff ultimately may not wish to offer that testimony. For another, the Court is not yet fully informed.

Accordingly, defendant's motion (Dkt. 140) is granted to the extent that defendant may take the deposition of Mr. Dawes's friend within the next 30 days. It is denied without prejudice to (a) renewal in the event plaintiff lists Mr. Dawes as a witness, in person or by deposition, in the joint pretrial order or otherwise indicates an intention to offer Mr. Dawes's testimony at trial, and (b) any motion by defendant for sanctions.

SO ORDERED.

Dated:      February 14, 2022

                                                          /s/ Lewis A. Kaplan
                                                          Lewis A. Kaplan
                                                          United States District Judge