BEN B. RUBINOWITZ
JEFFREY B. BLOOM
ANTHONY H. GAIR
HOWARD S. HERSHENHORN*
RICHARD M. STEIGMAN
DIANA M. A. CARNEMOLLA*
PETER J. SAGHIR
MARIJO C. ADIMEY*
CHRISTOPHER J. DONADIO*
DANIEL L. BROOK, MD, JD
RACHEL L. JACOBS
JAMES S. RUBINOWITZ
DAVID H. LARKIN
MICHELLE L. LEVINE
ALLAN ZELIKOVIC
RICHARD SOLDANO*
ALEX R. BLOOM
CONOR D. CASSIDY

# GAIR GAIR CONASON RUBINOWITZ BLOOM HERSHENHORN STEIGMAN & MACKAUF

**MEMO ENDORSED**

Counselors at Law
80 PINE STREET, 34TH FLOOR
NEW YORK, NY 10005
TEL: 212-943-1090
FAX: 212-425-7513
www.gairgair.com

New Jersey Office
ONE GATEWAY CENTER, STE. 2600
NEWARK, NJ 07102
TEL: 973-645-0581
FAX: 973-622-8160

* MEMBER OF N.Y. & N.J. BARS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-24-22

February 15, 2022

BY ELECTRONIC FILING
Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey
Southern District of New York, Case No. 1.20-cv-09586 (LAK)

Dear Judge Kaplan:

As Your Honor is aware, we represent the plaintiff, Anthony Rapp, in the above-referenced matter. I write concerning defendant Spacey's improper objections to Plaintiff's Third Notice to Produce in which defendant seeks to improperly withhold documents bearing directly on issues of credibility in this case. Despite engaging in a meet and confer, Spacey refuses to produce the documents nor reach a reasonable solution, making this letter motion necessary. Plaintiff moves this Court under Rule 37 of the Federal Rules of Civil Procedure, for an Order compelling a response to Plaintiff's Third Notice to Produce.

On or about September 28, 2021, counsel for plaintiff and defendant jointly submitted to Your Honor a Stipulation and Proposed Order Re Resetting of Pretrial Deadlines and Other Matters (*see ECF No. 118*). Relevant in part to this Proposed Order was paragraph 4(a.), in which the parties stipulated to extending the deadline to complete discovery to January 18, 2022. Despite agreeing to this extension, counsel would not agree to include an extension of time to serve written discovery between the parties. Plaintiff's counsel argued that the deadline to complete party written discovery should be extended to January 18, 2022, to the extent defendant Spacey testified about information that would give rise to a subsequent document demand. Defendant took the position that written discovery should not be extended to January 18, 2022. In the joint Proposed Order, the parties sought a ruling from Your Honor as to whether the written discovery would be extended and submitted the Proposed Order to read: "The extension set forth in Paragraph 4.a. above (shall/ shall not) apply to written discovery between the parties."

Memorandum Endorsement                                           Rapp v Fowler, 20-cv-9586 (LAK)

    Plaintiff's motion (Dkt 145) is denied in all respects. The document request was untimely. No sensible reason why it could not and should not have been served earlier. Moreover, the Court sees no useful purpose that would have been served by the requested documents, at least none that would be proportional to the needs of the case.

    SO ORDERED.

Dated:      February 24, 2022

                                                                 Lewis A. Kaplan
                                                               United States District Judge