# JASSY VICK CAROLAN

## LOS ANGELES   SAN FRANCISCO

355 South Grand Avenue, Suite 2450 | Los Angeles, CA 90071 | **T** 310.870.7048 | **F** 310.870.7010 | **J A S S Y V I C K . C O M**

February 28, 2022

BY ELECTRONIC FILING
Hon. Lewis A. Kaplan
United States Courthouse
200 Pearl Street
New York, NY 10007

     *Re:*    *Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey*
             Southern District of New York, Case No. 1:20-cv-09586-LAK
             Central District of California, Case No. 2:22-mc-00300-MWF-AFMx

Dear Judge Kaplan,

My office represents subpoenaed non-party Adam Vary, a Los Angeles-based journalist working in and from the Central District of California. Mr. Vary reported on plaintiff Anthony Rapp's allegations concerning defendant Kevin Spacey Fowler. After Mr. Vary sat for more than seven hours of deposition on December 16, 2021, Mr. Fowler moved in the Central District of California on February 9, 2022 to compel Mr. Vary to sit for an additional deposition and respond to document demands. Mr. Fowler seeks the disclosure of unpublished information protected primarily and *inter alia* by California's Constitution, article 1, section 2(b), and California Evidence Code section 1070. Mr. Fowler's motion to compel is currently pending transfer to this Court pursuant to Fed. R. Civ. P. 45(f), and I am filing these papers and appearing pursuant to Rule 45(f).

Pursuant to Rule 45(f), Mr. Fowler's motion to compel could *only* be transferred to this District under "exceptional circumstances" absent Mr. Vary's consent, which Mr. Vary did not give. The Magistrate Judge in the Central District of California, the Honorable Alexander F. MacKinnon, stated that, under his Court's local rules and practice, Mr. Fowler's motion to compel would likely be denied as untimely, but that it is "not clear" whether the motion would be considered untimely pursuant to this Court's orders and local practice. *See* No. 2:22-mc-00300-MWF-AFMx ("C.D. Cal. Dkt."), Dkt. 9 at 1 (C.D. Cal. Feb. 22, 2022). Without addressing the merits of the non-dispositive discovery motion, Judge MacKinnon held that the matter should be transferred to this District "in light of the concerns of the timeliness of the motion and to ensure there is no interference with the preparations for the upcoming trial." *Id.*

Mr. Vary respectfully submits that, if this Court determines that Mr. Fowler's motion is untimely, then it should be denied outright. Alternatively, if this Court determines that Mr. Fowler's motion is not untimely and its substantive disposition would not interfere with trial preparations, then there are no "exceptional circumstances" that warranted transfer in the first instance, and the matter should be sent back to the Central District of California for decision pursuant to Fed. R. Civ. P. 45(f) and 72(a).

Hon. Lewis A. Kaplan
February 28, 2022
Page 2

Mr. Fowler's motion to compel is not timely. Undermining any sense of urgency or critical need, Mr. Fowler waited until November 2021 to begin serving subpoenas on Mr. Vary. After issuing a few defective subpoenas, Mr. Fowler deposed Mr. Vary on December 16, 2021 for more than seven hours, and issued the operative subpoena *duces tecum* on December 29, 2021. C.D. Cal. Dkt. 1-2, 1-6. Mr. Vary consistently objected to Mr. Fowler's subpoenas on reporter's privilege and reporter's shield grounds, starting in November. *See, e.g.,* C.D. Cal. Dkt. 1-2, 1-7, 1-9 at 3-9, 1-12 at ¶¶ 4-6. In order to expedite the process of court intervention, if any were needed, Mr. Vary offered to – and did – provide corrections to his deposition transcript within 20 days instead of the 30 days that he was promised. C.D. Cal. Dkt. 1-12 at ¶ 7, 7 at 2. Despite ample warning of Mr. Vary's objections and the close of fact discovery on January 18, 2022, Mr. Fowler did not file his motion to compel until February 9, 2022. *See* C.D. Cal. Dkt. 9 at 1 (Magistrate Judge MacKinnon noting the delay between the deposition and Mr. Fowler's filing of the motion to compel.) Judge MacKinnon was inclined to deny Mr. Fowler's motion to compel as untimely, but transferred the matter to this Court in deference to pending pretrial deadlines. C.D. Cal. Dkt. 9 at 1. Mr. Vary respectfully requests that this Court deny Mr. Fowler's motion as untimely.

If the Court concludes that Mr. Fowler's motion is not untimely, then Mr. Vary submits that there are no "exceptional circumstances" supporting transfer to this Court, and that this Court should reverse Magistrate Judge MacKinnon's transfer order under Fed. R. Civ. P. 72(a), sending this matter back to the Central District of California for disposition. While Rule 45(f) does not define what "exceptional circumstances" warrant transfer of a third-party subpoena, the Committee Notes on the 2013 Amendment of Rule 45 provide examples. Exceptional circumstances include those where there is a risk of "disrupting . . . the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 (Advisory Committee notes to 2013 Amendments).

No such concerns are at play here. In other briefing, Mr. Fowler asserted that transfer is warranted because this Court is more familiar with the underlying litigation than the Central District of California. *See* C.D. Cal. Dkt. 8 at 2, 13 at 3. But there is nothing "exceptional" about that. To the contrary, it is ordinary that the Court where a case is pending will have more familiarity with a case than another court would, yet Rule 45 assigns the district of compliance based on the subpoenaed party's location. Fed. R. Civ. P. 45(c). Also, Mr. Fowler's briefing failed to satisfy the *heightened* articulation of relevance required under the First Amendment-based reporter's privilege, *see* C.D. Cal. Dkt. 1-1 at 57-62, and this Court should not be burdened with filling in gaps left by Mr. Fowler's inadequate briefing on that issue. Further demonstrating the irrelevance of Mr. Vary's testimony, we understand that Mr. Rapp already testified under oath that he was 100% accurate with Mr. Vary, he did not withhold any details from Mr. Vary, Mr. Vary did not misquote Mr. Rapp, and Mr. Vary's reporting was not inaccurate. Moreover, the issue at the core of Mr. Fowler's motion, Mr. Vary's rights under California's reporter's shield law, is not more familiar to this Court than to a federal court in California.[1]

---

[1] Mr. Fowler's prior briefing also notes that Mr. Rapp is from New York, but the dispute here is between Mr. Fowler from Maryland and Mr. Vary from California. Mr. Fowler further argues

Hon. Lewis A. Kaplan
February 28, 2022
Page 3

As the Rule 45 Committee Notes highlight, the "prime concern should be avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45 (Advisory Committee notes to 2013 Amendments). If this Court finds no timeliness concerns, then there is nothing exceptional that would "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *See id.* Magistrate Judge MacKinnon's order was premised on the assumptions that no additional briefing would be required in this Court and that we could appear remotely in this Court as Mr. Vary's counsel. C.D. Cal. Dkt. 9 at 1-2. If either or both of those assumptions is not accurate, then that would impose an added burden on Mr. Vary that weighs against transfer. Mr. Vary has already responded to five subpoenas, sat for more than seven hours of deposition, and participated in motion to compel briefing that – with exhibits – totals several hundred pages. C.D. Cal. Dkt. 1-1 to 1-14, 1-12 at ¶¶ 4-5. That is extraordinary for a non-party. Although Mr. Vary files this letter brief in an effort to protect his rights, if Mr. Vary needs to file more *substantive* briefing on this discovery dispute, that would be a burden beyond what a non-party should have to bear.

In sum, Mr. Vary respectfully moves this Court to hold either that: (1) Mr. Fowler's motion to compel is untimely and deny it for that reason; or (2) hold that there are no "exceptional circumstances" that warranted the transfer to this Court so the matter should be transferred back to the Central District of California for disposition. Mr. Vary also requested that the Court in the Central District of California issue sanctions in Mr. Vary's favor in the amount of $18,000. *See, e.g.,* C.D. Cal. Dkt. 1-1 at 10, 70; *id.* Dkt. 7 at 2-3. If the Court concludes that Mr. Fowler's motion is untimely, Mr. Vary renews that sanction request before this Court.

Respectfully submitted,

Jean-Paul Jassy
JASSY VICK CAROLAN LLP

cc:   Jennifer Keller, Esq.
      Chase Scolnick, Esq.
      Jay Barron, Esq,
      Peter Saghir, Esq.

---

that responsive documents – which Mr. Vary contends are protected from disclosure – might be held by BuzzFeed, which is based in New York. But Mr. Vary no longer works for BuzzFeed and does not have possession, custody, or control over Buzzfeed documents; nor was BuzzFeed the recipient of the subpoenas at issue. *See* C.D. Cal. Dkt. 1-14 at 42-43.