

March 1, 2022

**By Electronic Filing**

The Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey*
               Southern District of New York, Case No. 1:20-cv-09586-LAK
               Central District of California, Case No. 2:22-mc-00300-MWF-AFMx
               *Response to Letter From Counsel for Adam Vary*

Dear Judge Kaplan:

      As Your Honor is aware, my office represents Defendant Kevin Spacey Fowler. I write to respond to the February 28th letter from Jean-Paul Jassy, counsel for non-party Adam Vary. *See* ECF No. 154.

      As an initial matter, Mr. Jassy's letter concerns a discovery motion Mr. Fowler initially filed in the Central District of California concerning subpoenas to, and the December 16, 2021 deposition of, Mr. Vary. That motion was filed on February 9, 2022 in the Central District of California following compliance with that court's local rules about meet and confer requirements and the ultimate filing of a joint statement that includes both parties' positions. Consistent with that court's procedure and orders, Mr. Fowler and Mr. Vary each filed a supplemental memorandum on February 18th. On February 22nd, the California district court issued an order transferring the discovery dispute to Your Honor. On behalf of Mr. Vary, Mr. Jassy resisted entry of that order by filing an *ex parte* application seeking to stay the transfer order so Mr. Vary could move for reconsideration within the fourteen days allowed by Central District of California Local Rule 72-2. The California court denied Mr. Vary's *ex parte* on February 25th and confirmed the matter should be promptly transferred to Your Honor.

      Now that the matter has been fully briefed and appropriately transferred to Your Honor over Mr. Vary's objection and unsuccessful *ex parte* application, Mr. Vary relies on delays and obstruction he caused to justify denial of the motion and the continued withholding of discovery to which Mr. Fowler is entitled. Mr. Jassy wrongly attributes the delay to Mr. Fowler. But I first told Mr. Jassy of our intent to seek court intervention on December 16th – during the deposition. After Mr. Jassy insisted on a meet and confer outside the context of the deposition and in an effort to resolve this dispute before the holidays, I emailed Mr. Jassy the following day asking to meet and confer. Mr. Jassy insisted my e-mail did not sufficiently initiate the meet and confer process under the local rules and stated he would not respond substantively until he received such a communication. I therefore sent Mr. Jassy a detailed meet and confer letter on December 29th.

March 1, 2022
Page 2

(Mr. Jassy asked that we not take action on this matter from December 18th to 22nd because he was on vacation and informed me of court holidays on December 24th and 26th--allowing him to further delay his response.). After my December 29th letter, Mr. Jassy requested to discuss the matter on January 10th. We discussed the matter on that date and had a further telephonic conference regarding the legal arguments Mr. Vary raised on January 18th, which was unsuccessful in resolving the matter. Then, on January 31st, I sent Mr. Jassy our portion of the joint stipulation needed to accompany the motion, in compliance with C.D. Cal. Local Rules 37-2.1 and 37-2.2. Following our receipt of Mr. Vary's portion of the joint stipulation, we promptly filed the motion on February 9, 2022.

Mr. Fowler has not acted in a dilatory or neglectful fashion in seeking this discovery. Mr. Fowler subpoenaed and proceeded with the deposition of Mr. Vary over a month before the discovery cutoff.[1] In his letter, Mr. Jassy repeated the falsehood that Mr. Vary was deposed for over seven hours. After seeing his letter, I reconfirmed with the court reporter who transcribed Mr. Vary's deposition that it lasted only five hours and fifty-three minutes on the record, less than the statutorily prescribed length. And as I detailed in Mr. Fowler's motion to compel papers, Mr. Vary obstinately refused to provide testimony about highly relevant information not protected by the reporter's shield upon which he has relied. Mr. Vary refused to testify about numerous communications with Mr. Rapp, even though Mr. Rapp spoke with Mr. Vary to publicly accuse Mr. Fowler for the first time and detail his allegations.

Notably, text messages Mr. Rapp produced – with Mr. Vary's knowledge and implicit permission – show that Mr. Rapp gave details to Mr. Vary in his initial recountings of the alleged incident that were inconsistent and provably false. Mr. Vary corrected or omitted those details from Vary's final article for no apparent reason other than to "sanitize" Mr. Rapp's account and protect his longtime friend from scrutiny. *See* Exhibit A (Excerpt from Mr. Rapp's texts messages with Mr. Vary) (changing and "steer[ing] away from" inaccurate details Mr. Fowler "could then just flatly deny."). And even Vary's article about Mr. Rapp's allegations that had been manicured and massaged over several weeks included no claim that Mr. Fowler grazed Mr. Rapp's buttocks—a fact Mr. Rapp now asserts to try to breathe life into his long-expired claims.

Mr. Vary also confirmed at deposition he did not even attempt to look for documents responsive to any category in the subpoena. He also initially asserted that his communications with Mr. Rapp's counsel were privileged, even though he acknowledged Peter Saghir and his firm were not representing him. Throughout the discovery dispute, Mr. Vary also has refused to describe the withheld documents or confirm that responsive documents even exist, perpetuating a game of "hide the ball" that has only increased costs for Mr. Fowler.

On behalf of Mr. Fowler, I respectfully request that Your Honor decline to summarily deny Mr. Fowler's motion, as Mr. Jassy requests in his letter. I further respectfully request that Your Honor decline Mr. Jassy' request to return this dispute to the Central District of California, which

---

[1] This circumstances contrasts sharply with discovery Mr. Rapp served after the discovery cutoff date. *See* ECF No. 145. Mr. Fowler served the subpoenas months before the discovery cutoff date and proceeded with the deposition over a month before that deadline.

March 1, 2022
Page 3

has twice ordered it transferred to this Court. Instead, Mr. Fowler's motion to compel should be determined by this Court on the merits, which warrant an order finding Mr. Vary must provide the withheld documents and testimony or be held in contempt for failing to do so.

            Respectfully submitted,

            KELLER/ANDERLE LLP

            Chase A. Scolnick

cc: Peter J. Saghir
   Ben Rubinowitz
   Rachel Jacobs
   Michael Tremonte
   Erica A. Wolff
   Jennifer L. Keller
   Jay P. Barron