UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY RAPP AND C.D.,

                          Plaintiffs,

          -against-                                    Case No. 1.20-cv-09586 (LAK)(SDA)

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY,


                          Defendant.

---

**ANTHONY RAPP'S PROPOSED JURY CHARGE**

**TABLE OF CONTENTS**

**REQUEST #1: INTRODUCTION, ROLE OF JURY** ................................................................ 3

**REQUEST #2: EVIDENCE** ........................................................................................................ 6

**REQUEST #3: BURDEN OF PROOF** ...................................................................................... 10

**REQUEST #4: DEPOSITIONS** ................................................................................................ 12

**REQUEST #5: EXPERTS** .......................................................................................................... 13

**REQUEST #6: INFERENCES** .................................................................................................. 14

**REQUEST #7: IMPEACHMENT OF WITNESS** .................................................................. 15

**REQUEST #8: CHILD VICTIM'S ACT** ................................................................................ 16

**REQUEST #9: ASSAULT** .......................................................................................................... 18

**REQUEST #10: BATTERY** ....................................................................................................... 20

**REQUEST #11: OUTRAGEOUS CONDUCT CAUSING EMOTIONAL DISTRESS** ...... 21

**REQUEST #12: DAMAGES, GENERALLY** .......................................................................... 23

**REQUEST #13: DAMAGES, EMOTIONAL DISTRESS, PAST & FUTURE** .................... 24

**REQUEST #14: PUNITIVE DAMAGES** ................................................................................ 25

**REQUEST #1: INTRODUCTION, ROLE OF JURY**

When you retire to the jury room to deliberate, you may take with you the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest

convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

Model Jury Instructions, 3rd Circuit, 3.1

**REQUEST #2: EVIDENCE**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated--that is, formally agreed to by the parties; and

[4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

1. Statements, arguments, and questions made by the lawyers for the parties in this case;

2. Objections by lawyers;

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.

If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

7

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

The fact that Evan Lowenstein was and still is employed by defendant, Kevin Spacey Fowler, and the testimony you have heard about his relationship with his employer may be considered by you in deciding whether the testimony of Mr. Lowenstein, is in any way influenced by the relationship with the defendant.

Model Jury Instructions, 3rd Circuit, 1.5., 1.6, 1.7,  3.2

New York, Pattern Jury Instruction 1:92

## REQUEST #3: BURDEN OF PROOF

This is a civil case, not a criminal case. Plaintiff, Anthony Rapp, is the party who brought this lawsuit. Defendant, Kevin Spacey Fowler is the party against whom the lawsuit was filed. Plaintiff has the burden of proving his claims for assault, battery, intentional infliction of emotional distress and punitive damages, by what is called the preponderance of the evidence. That means plaintiff has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to plaintiff and the evidence favorable to defendant on opposite sides of the scales, plaintiff would have to make the scales tip somewhat on his side. If plaintiff fails to meet this burden, the verdict must be for defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

The defendant, Kevin Spacey Fowler, has raised a defense that in order for the case to be considered brought in a timely manner under New York's Child Victim Act, the acts complained of must constitute a violation of certain sections of New York's Penal Law. With respect whether Mr. Spacey Fowler's acts constitute a violation of the Penal Law sections that I will read to you, it is Mr. Fowler who has the burden of proving that the claims do not constitute such a such a violation by a preponderance of the evidence.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof, and it applies only to criminal cases. It does not apply in civil cases such as this. So, you should put it out of your mind.

Model Jury Instructions, 3rd Circuit, 1.10

New York CPLR 214-g

**REQUEST #4: DEPOSITIONS**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], which was taken on [date], is about to be [has been] presented to you [by a video] [by reading the transcript]. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Model Jury Instructions, 3rd Circuit, 2.5

## REQUEST #5: EXPERTS

You have heard [will hear] testimony containing opinions from [name of witness]. In weighing this opinion testimony, you may consider [his/her] qualifications, the reasons for [his/her] opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinion of [name of witness] should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of [name of witness], you may consider any bias that [name of witness] may have, including any bias that may arise from evidence that [name of witness] has been or will be paid for reviewing the case and testifying [or from evidence that [name of witness] testifies regularly and makes a large portion of [his/her] income from testifying in court].

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."  In determining the weight to give an expert's opinion that is based on the assumed facts, you should consider whether the assumed facts have been established to be true.

Model Jury Instructions, 3rd Circuit, 2.11

**REQUEST #6: INFERENCES**

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  Plaintiff may ask you to draw one set of inferences, while Defendants may ask you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your own common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

US v. Avenatti, 19-CR-374(JMF), United States District Court, S.D., New York

**REQUEST #7: IMPEACHMENT OF WITNESS**

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her testimony at trial.  If a witness is shown to have given inconsistent statements concerning any material matter, you have a right to distrust that witness's testimony in other respects.  You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

Sometimes, of course, people make innocent mistakes, particularly as to unimportant details; not every contradiction or inconsistency is necessarily important.  Again, you alone are the judges of the witness's credibility.

Some prior inconsistent statements may be used for purposes other than impeachment.  If you find that a witness has made inconsistent statements under oath on an earlier occasion, such as in a deposition, you may consider that earlier statement for its truth or falsity, the same as any other testimony at the trial.

New York Patten Jury Instruction, 1:22

General Federal Jury Instructions in Civil Cases for the District of Hawaii, No. 13

## REQUEST #8: CHILD VICTIM'S ACT

In 2019, New York enacted a law which permitted certain claims to be brought, even if the original time to file such claims had expired. The statute specifically permitted claims to be brought against a party which alleges intentional or negligent acts or omissions by a person for physical or psychological injuries suffered as a result of conduct which would, under New York law, constitute a sexual offense against a child less than eighteen years of age.

As you have heard, plaintiff, Anthony Rapp, claims that defendant, Kevin Spacey Fowler's conduct directed towards him when he was 14 years old constitutes a sexual offence against a child less than eighteen years old. Mr. Spacey Fowler has denied the claim.

A person is guilty of forcible touching when such person intentionally, and for no legitimate purpose:

Forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire.

For the purposes of this section, forcible touching includes squeezing, grabbing or pinching.

A person is guilty of sexual abuse when he or she subjects another person to sexual contact without the latter's consent.

"Sexual contact" means any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party. It includes the touching of the victim by the actor, whether directly or through the clothing.  It can be established by forcefully holding the victim.

A person is deemed incapable of consent when he is less than seventeen years old.

A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.


New York CPLR 214-g

New York Penal Code 110.00

New York Penal Code 130.00

New York Penal Code 130.52

New York Penal Code 130.55

<u>People v. Miller</u>, 19 Misc.3d 457, 856 N.Y.S.2d 443 (NY Crim Ct. 2008)

## REQUEST #9: ASSAULT

In this action, Anthony Rapp seeks to recover damages for assault. An assault is the intentional placing of another in apprehension of imminent harmful or offensive conduct.  A defendant is liable for assault when he intentionally causes another person to become concerned that the defendant is about to cause a harmful or offensive bodily conduct. In order to commit an assault, the defendant must have the real or apparent ability to bring about that harmful or offensive bodily contact. Ordinarily, threatening words without some action are not enough to constitute an assault.  There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or offensive bodily contact is about to occur. It is not necessary that there be any contact.

Notice that I used the word "intentionally" in defining an assault.  Intent involves the state of mind with which an act is done.  If a person acts voluntarily with a desire to bring about a result, he is said to have intended the result.  Further, although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result.

The plaintiff claims that the defendant picked him up off his bed, cradled him, put him down on the bed and placed his own body on top of his. The defendant denies that he did so.  If you find that the defendant acted in this way and that he intended by doing so to cause the plaintiff to become apprehensive that a harmful or offensive bodily contact was about to occur, and that the defendant had the real or apparent ability to carry out the threat, and that the plaintiff had such apprehension, you will find that the defendant committed an assault.

If you find that the defendant did not voluntarily act in the manner alleged, the defendant did not intend to cause the plaintiff to become apprehensive that a harmful or offensive bodily

conduct was about to occur, or that the defendant had neither the real nor apparent ability to carry out the threat, or that the plaintiff did not become apprehensive, you will find that the defendant did not commit an assault.

New York Pattern Jury Instruction, 3:2

**REQUEST #10: BATTERY**

A person who intentionally touches another person, without that person's consent, and causes an offensive bodily contact commits a battery and is liable for all the damages resulting from his act.

Intent involves the state of mind with which an act is done. The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive. An offensive bodily contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity, or one that is otherwise wrongful.

If you find that Mr. Spacey Fowler intentionally acted in the manner that Mr. Rapp claims, and that contact was offensive, you will find that Mr. Spacey Fowler committed a battery. If you find that Mr. Spacey Fowler did not act in the manner that Mr. Rapp claims or that such contact was not offensive, you will find that Mr. Spacey Fowler did not commit a battery.

New York Pattern Jury Instruction, 3:3

20

**REQUEST #11: OUTRAGEOUS CONDUCT CAUSING EMOTIONAL DISTRESS**

One who recklessly or intentionally and for the purpose of causing severe emotional distress conducts himself toward another person in a manner so shocking and outrageous that it exceeds all reasonable bounds of decency is liable to such person for any resulting severe emotional distress.

Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he is said to have intended that result.  Further, although he has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he is also said to have intended that result.  An act is reckless when it is done in such a manner and under such circumstances as to show utter disregard of the consequences that may follow.

Emotional distress is severe when it is of such intensity and duration that no reasonable person should be expected to endure it.

If you find, first that defendant's conduct toward plaintiff was so outrageous and shocking that it exceeded all reasonable bounds of decency as measured by what he average member of the community would tolerate and, second, that defendant's conduct caused severe emotional distress to plaintiff and, third, that defendant acted with the desire to cause such distress to plaintiff under circumstances known to defendant which made it substantially certain that that result would follow; or recklessly and with utter disregard of the consequences that might follow, your finding on this issue should be for the plaintiff.

If, on the other hand, you find, first, that defendant's conduct was not so outrageous and shocking so as to exceed all reasonable bounds of decency as measured by what the average member of the community would tolerate or, second, that although it was, defendant's conduct did not cause severe emotional distress to plaintiff or, third, that although defendant's conduct was outrageous and shocking and did cause severe emotional distress to plaintiff, defendant did not act with the desire to cause such distress to plaintiff; nor under circumstances known to defendant which made it substantially certain that the result would follow or recklessly and with utter disregard of the con        sequences that might follow, your finding on this issue will be for the defendant.


New York Pattern Jury Instruction, 3:6

**REQUEST #12: DAMAGES, GENERALLY**

My charge to you on the law of damages must not be taken as a suggestion that you should find for the plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the plaintiff is entitled to recover from the defendant. If you decide that the plaintiff is not entitled to recover from the defendant, you need not consider damages. Only if you decide that the plaintiff is entitled to recover will you consider the measure of damages.

If you find that the plaintiff is entitled to recover from the defendant, you must render a verdict in the sum of money that will justly and fairly compensate the plaintiff for all his losses from the mental suffering, emotional and psychological injury and resulting from the emotional distress.

New York Pattern Jury Instruction 2:277

**REQUEST #13: DAMAGES, EMOTIONAL DISTRESS, PAST & FUTURE**

If you decide the defendant is liable, plaintiff is entitled to recover a sum of money which will justly and fairly compensate him for any mental suffering, emotional and psychological injury resulting from the emotional distress caused by the wrongful acts of defendant. That amount must include the amount for the injury suffered and the future effect of the mental suffering, emotional and psychological injury, if any. Your awards will be divided into amounts intended to compensate the plaintiff for damages incurred before your verdict and amounts intended to compensate the plaintiff for damages to be incurred in the future.  If you make an award for any item of damages to be incurred in the future, you must state the period of years over which the amount awarded in intended to provide compensation and the amount you fix must represent the full amount awarded to the plaintiff for that future period without reduction to present value.

With regard to the award for future damages, you should take into consideration the period of time that the injuries are expected to continue. If you find that the injuries are permanent, you should take into consideration the period of time that the plaintiff may be expected to live.  In accordance with the statistical life expectancy tables, Anthony Rapp has a life expectancy of 27.4 years. Such a table, however, provides nothing more than a statistical average. It neither guarantees that Anthony Rapp will live an additional 27. 4 years or means that he will not live for a longer period. The life expectancy figure I have given you is not binding upon you, but may be considered by you together with your own experience and the evidence you have heard concerning the condition of Anthony Rapp's health, his habits, employment and activities in deciding what his present life expectancy is.

New York Pattern Jury Instruction 2:280, 2:281, 2:284

24

## REQUEST #14: PUNITIVE DAMAGES

In addition to awarding damages to compensate the plaintiff for his injuries, you may, but are not required to, award plaintiff punitive damages if you find that the acts of defendant that caused the injury complained of were wanton, reckless or malicious.  Punitive damages may be awarded for conduct that represents a high degree of immorality. The purpose of punitive damages is not to compensate the plaintiff but to punish the defendant for his wanton, reckless or malicious acts and thereby discourage the defendant and other people from acting in a similar way in the future.

An act is malicious when it is done deliberately and with knowledge of the plaintiff's rights, and with the intent to interfere with those rights.  An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of its effect upon the health, safety and rights of others. If you find that Mr. Spacey Fowler's acts were not wanton and reckless or malicious, you need proceed no further in your deliberations on this issue. On the other hand, if you find that his acts were wanton and reckless or malicious, you must award Mr. Rapp punitive damages.

In arriving at your decision as to the amount of punitive damages you should consider the nature and reprehensibility of what Mr. Spacey Fowler did.  That would include the character of the wrongdoing, whether his conduct demonstrated an indifference to, or a reckless disregard of, the health, safety or rights of others, whether the acts were done with an improper motive or vindictiveness, whether the acts constituted outrageous or oppressive intentional misconduct, how long the conduct went on, Mr. Spacey Fowler's awareness of what harm the conduct caused or was likely to cause, any concealment or covering up of the wrongdoing, how often Mr. Spacey Fowler had committed similar acts of this type in the past and the actual or potential

harm created by his conduct, including the hard to individuals other than Mr. Rapp. However, although you may consider harm to individuals other than Mr. Rapp in determining the extent to which Mr. Spacey Fowler's conduct was reprehensible, you may not add a specific amount to your punitive damages award to punish Mr. Spacey Fowler for the harm he caused to others.

The amount of punitive damages that you award must be reasonable and proportionate to the actual and potential harm suffered by Mr. Rapp, and to the compensatory damages you awarded him.  The reprehensibility of Mr. Spacey Fowler's conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by Mr. Rapp and the compensatory damages you have awarded him.

You may also consider Mr. Spacey Fowler's financial condition and impact your punitive damages award will have on him.


In reporting your verdict, you will state the amount awarded by you as punitive damages.

New York Pattern Jury Instruction 2:278

Dated: New York, New York
       March 4, 2022

                GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                HERSHENHORN, STEIGMAN & MACKAUF
                Attorneys for Plaintiff Anthony Rapp

                Peter J. Saghir
                80 Pine Street, 34th Floor
                New York, NY 10005
                Tel: (212) 943-1090
                Fax: (212) 425-7513
                Email: psaghir@gairgair.com

Copy:

       Chase A. Scolnick, Esq.
       Erica A. Wolff, Esq.
       Jennifer Keller, Esq.
       Jay P. Barron, Esq.
       Michael Tremonte, Esq.