**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY RAPP and C.D., | Case No. 1:20-cv-09586 (LAK) (SDA) |
| Plaintiffs, | |
| -against- | |
| KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY, | |
| Defendant. | |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**PER LOCAL CIVIL RULE 56.1**

KELLER / ANDERLE LLP
Jennifer L. Keller (*pro hac vice*)
Chase A. Scolnick
Jay P. Barron (*pro hac vice*)
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Tel. (949) 476-8700
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

SHER TREMONTE LLP
Michael Tremonte
90 Broad Street, 23rd Floor
New York, New York 10004
Tel. (212) 202-2600
mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey Fowler*
*a/k/a Kevin Spacey*

In connection with his Motion for Summary Judgment, and pursuant to S.D.N.Y. Local Civil Rule 56.1, Defendant Kevin Spacey Fowler ("Mr. Fowler") respectfully submits this statement of material facts as to which there is no genuine dispute.

1.      Plaintiff Anthony Rapp ("Plaintiff") asserts causes of action for assault, battery, and intentional infliction of emotional distress.  *See* Decl. of Chase Scolnick ("Scolnick Decl.), ¶ 4, Ex. 3 (ECF No. 6-1).

2.      Plaintiff's claims are based on an alleged incident in approximately 1986 when Mr. Fowler purportedly picked up Plaintiff, lifted him onto a bed, and laid on Plaintiff's body.  *Id*., Ex. 3 at ¶ 7.

3.      Plaintiff admitted at his deposition that the alleged incident with Mr. Fowler involved no touching of genitals, no kissing, no undressing of either Plaintiff or himself or any attempt to do so, and no sexualized statements or other statements suggesting an intent to engage in any such conduct.  *See* Scolnick Decl., ¶ 2, Ex. 1 (Rapp Depo. Tr. ) at 88:8-11, 89:16-22, 90:14-92:2, 92:18-96:23.

4.      Plaintiff alleges Mr. Fowler picked him up "like a fireman carry or a groom carrying a bride over the threshold."  *Id*., Ex. 1 at 74:18-75:4.

5.      Plaintiff testified that Mr. Fowler, "in one movement," picked up Plaintiff with one hand on his "shoulders/back area" and the other hand sliding under his "butt and legs to lift [him] up like that."  *Id*.; *see also id*., Ex. 1 at 75:18-76:20.

6.      The motion by which Mr. Fowler allegedly picked up Plaintiff was similar to that used by Ed Harris's character in the *Precious Sons* play in which Plaintiff was performing at that time.  *Id*., Ex. 1 at 79:16-80:4.

7.      The act of picking up Plaintiff and putting him on the bed was very brief, and took

less than thirty seconds.  *Id*., Ex. 1 at 83:11-84:4.

       8.     During that act of picking up Plaintiff, Mr. Fowler allegedly "grazed" Plaintiff's buttocks.  *Id*., Ex. 1 at 77:14-78:3.

       9.     Plaintiff testified he does not recall Mr. Fowler "squeez[ing]" his buttocks, nor did Mr. Fowler's hand "linger" on Plaintiff's buttocks.  *Id*.

       10.    Mr. Fowler's hand did not make contact with Plaintiff's buttocks any longer than any other part of Plaintiff's body during the act of picking him up.  *Id*.  And the only time in the entire alleged incident that Mr. Fowler allegedly touched Plaintiff's buttocks was when Mr. Fowler's hand "passed over" or "graz[ed]" it during the act of picking up Plaintiff.  *Id*., Ex. 1 at 90:7-13, 91:23-92:17.

       11.    Plaintiff alleges Mr. Fowler then put Plaintiff on the bed and put Mr. Fowler's body weight on Plaintiff, while at "a slight angle" rather than "perfectly parallel."  *Id*., Ex. 1 at 88:12-16.

       12.    Plaintiff "experienced" Mr. Fowler's weight on top of him as "dead weight."  *Id*., Ex. 1 at 97:3-20.

       13.    Plaintiff estimated Mr. Fowler putting his weight on Plaintiff lasted between ten to thirty seconds.  *Id*., Ex. 1 at 85:15-86:15.

       14.    While on the bed, Plaintiff believes Mr. Fowler's hands were on Plaintiff's shoulders.  *Id*., Ex. 1 at 86:16-87:12.

       15.    While on the bed, neither Mr. Fowler nor Plaintiff said anything.  *Id*., Ex. 1 at 88:2-11.

       16.    Plaintiff testified he does not recall Mr. Fowler having an erection, although Plaintiff knew what an erection was by that point in his life.  *Id*., Ex. 1 at 89:9-15.

17.     While on the bed during that 10-30 second period, Plaintiff testified that Mr. Fowler did not touch Plaintiff's penis, genitals, anus, or buttocks.  *Id.*, Ex. 1 at 89:16-90:13, 90:20-25.

18.     Plaintiff was able to "wriggle out" quickly from under Mr. Fowler's weight when Plaintiff made the decision to do so.  *Id.*, Ex. 1 at 97:21-25.

19.     Mr. Fowler did not protest or make any statements when Plaintiff wriggled out from underneath Mr. Fowler's dead weight.  *Id.*, Ex. 1 at 97:14-20, 98:1-8.

20.     Throughout the alleged incident, Mr. Fowler never attempted to remove Plaintiff's clothes, never asked or told Plaintiff to remove Plaintiff's clothes, and did not remove his own clothes.  *Id.*, Ex. 1 at 91:1-6, 94:10-15, 95:12-18.

21.     Mr. Fowler never touched Plaintiff's penis, genitals or anus at any time.  *Id.*, Ex. 1 at 91:7-8, 91:13-22.

22.     Mr. Fowler never put his hands down Plaintiff's pants.  *Id.*, Ex. 1 at 92:18-25, 95:19-21.  Nor did Plaintiff ever touch Mr. Fowler's genitals.  *Id.*, Ex. 1 at 93:7-12, 95:22-96:2.

23.     Mr. Fowler never kissed Plaintiff.  *Id.*, Ex. 1 at 91:9-12.

24.     Mr. Fowler never said he wanted sex or oral sex with Plaintiff, nor did Mr. Fowler ever say he wanted to kiss Plaintiff or for Plaintiff to kiss him.  *Id.*, Ex. 1 at 93:13-94:3, 94:16-95:5.

25.     Mr. Fowler never said he wanted to touch Plaintiff's genitals or for Plaintiff to touch his genitals.  *Id.*, Ex. 1 at 94:4-9, 95:6-11.

26.     Mr. Fowler never showed Plaintiff any pornography of any kind.  *Id.*, Ex. 1 at 96:6-23.

27.     Mr. Fowler has never discussed sex with Plaintiff at any time.  *Id.*, Ex. 1 at 96:3-5.

28.     Mr. Fowler denies Plaintiff's claims.  *See, e.g.*, Scolnick Decl., ¶ 3, Ex. 2 (Fowler

Depo. Tr.) at 45:3-23; Fowler Decl., ¶ 2.

29.     Mr. Fowler had no sexual interest or desire in Mr. Rapp on the occasions they met

or at any time.  Nor did Mr. Fowler have any physical conduct or other interaction with Mr. Rapp

that was for the purpose of sexual gratification of either of them.  Nor did Mr. Fowler have any

physical contact or other interaction with Mr. Rapp that was for the purpose of degrading or

abusing Mr. Rapp.  *See* Fowler Decl., ¶ 2.

30.     Mr. Fowler's Second Affirmative Defense asserts that Plaintiff's Complaint, and

each claim in it, is barred in its entirety by the statute of limitations.  *See* Scolnick Decl., ¶ 5, Ex.

4 (ECF No. 11) at p. 9.

31.     On September 3, 2021, Plaintiff filed in this action a Memorandum of Law in

Opposition to Defendant's Motion in Limine To Preclude Plaintiff from Eliciting Testimony from

Third Parties He Told About the Sexual Assault by Defendant, which stated in part:

> Pursuant to New York's Civil Practice Law and Rules section 208, any civil claim
> would have been tolled until Mr. Rapp reached 18, or until approximately October
> 1989, at which point the one-year statute of limitations applicable to claims of
> intentional torts would begin to run pursuant to CPLR 215(3).  Mr. Rapp's ability
> to file a civil claim in New York against Spacey for the sexual assault was barred
> as of October 1990 until the CVA was signed into law on February 14, 2019.

*See* Scolnick Decl., ¶ 6, Ex. 5 (ECF No. 95) at p. 7, fn 2.

Dated: March 4, 2022                                  Respectfully submitted,

          Irvine, California                          */s/      Chase A. Scolnick*
                                                       Chase A. Scolnick
                                                       Jennifer L. Keller
                                                       Jay P. Barron
                                                       KELLER/ANDERLE LLP
                                                       18300 Von Karman Ave., Suite 930
                                                       Irvine, California 92612
                                                       Tel. (949) 476-8700
                                                       jkeller@kelleranderle.com
                                                       cscolnick@kelleranderle.com
                                                       jbarron@kelleranderle.com

6

Michael Tremonte
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
E-mail: mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey Fowler a/k/a
Kevin Spacey*

6

## **CERTIFICATE OF SERVICE**

In accordance with Local Rule 5.2, I, Chase A. Scolnick, hereby certify that on March 4, 2022 this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Chase A. Scolnick*

Chase A. Scolnick
