# Exhibit 3

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
ANTHONY RAPP and C.D.,

                           Plaintiffs,

     -against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY,

                           Defendant.
------------------------------------------------------------------X

Index No.:            /20
Date Filed:           /20

**SUMMONS**

Plaintiffs designates New York County as the place of trial.

Basis of Venue: CPLR 503(a) County in which a substantial part of the acts or omissions giving rise to claim occurred.

TO THE ABOVE NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       September 8, 2020

                           Yours etc.,
                           GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                           HERSHENHORN, STEIGMAN & MACKAUF
                           Attorneys for Plaintiffs

                           _____
                           PETER J. SAGHIR
                           80 Pine Street, 34th Floor
                           New York, New York 10005
                           (212) 943-1090

TO:

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY
622 Ponte Villas North #1
Baltimore, Maryland 21230

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

ANTHONY RAPP and C.D.,

                Plaintiffs,

      -against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY,

                Defendant.
------------------------------------------------------------------X

Index No.

VERIFIED COMPLAINT

       Plaintiffs, complaining of defendant, by and through their attorneys, GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF, respectfully show to this Court and allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF ANTHONY RAPP - ASSAULT

       1.    Upon information and belief, that at all times herein mentioned, defendant, KEVIN SPACEY FOWLER, has also been known as KEVIN SPACEY (hereinafter "KEVIN SPACEY").

       2.    Upon information and belief, that at all times herein mentioned, defendant, KEVIN SPACEY, was an actor and acting teacher.

       3.    That at all times herein mentioned, plaintiff, ANTHONY RAPP, was under the age of 18 years.

       4.    In approximately 1986, plaintiff, ANTHONY RAPP, while performing on Broadway in Precious Sons, met defendant, KEVIN SPACEY.

5. Thereafter, in approximately 1986, defendant, KEVIN SPACEY, was having a party at his home on the east side of Manhattan and invited plaintiff, ANTHONY RAPP, age 14, to the party.

6. Plaintiff, ANTHONY RAPP, attended the party at defendant's home.

7. While plaintiff was at the home of defendant, KEVIN SPACEY, defendant intentionally and voluntarily and without plaintiff's consent engaged in an unwanted sexual advance with a 14 year old and grabbed then infant plaintiff, ANTHONY RAPP's, buttocks, lifted him onto a bed and laid on plaintiff's body.

8. Prior to touching plaintiff's body and buttocks, defendant, KEVIN SPACEY, through his words and acts, intentionally caused the plaintiff, ANTHONY RAPP, to become apprehensive that a harmful and/or offensive bodily contact was about to occur.

9. As a result of the forgoing conduct, plaintiff was forced to extricate himself and, fearing for his safety, ran into the bathroom of defendant's apartment.

10. After spending a few minutes in the bathroom, plaintiff left and went for the door of the apartment when defendant, KEVIN SPACEY, tried to persuade plaintiff to stay but plaintiff refused and quickly left the defendant's apartment.

11. By reason of the foregoing, plaintiff, ANTHONY RAPP, sustained psychological injuries, including but not limited to, severe emotional distress, humiliation, fright, anger, depression and anxiety; a severe shock to his nervous system; and has been caused to suffer mental anguish, emotional and psychological damage as a result thereof, and, upon information and belief, some or all of these injuries are of a permanent and lasting nature; and plaintiff, ANTHONY RAPP, has been forced to abstain from the duties of his vocation, and has and/or will become obligated to expend sums of money for medical expenses.

12. That by reason of the foregoing, defendant is liable to plaintiff for punitive and exemplary damages.

13. That the amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

14. It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to CPLR 1602(5) (proof of intent) and 1602(7) (recklessness).

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF ANTHONY RAPP – BATTERY

15. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of this complaint marked "1" through "14" inclusive, with the same force and effect as if fully set forth at length herein.

16. Upon information and belief, that at all times herein mentioned, defendant, KEVIN SPACEY, intentionally touched plaintiff ANTHONY RAPP's buttocks and body without plaintiff's consent and in doing so caused plaintiff to suffer an offensive bodily contact.

17. In, among other things, touching the then 14 year old plaintiff's buttocks, the aforesaid abuse constituted a sexual offense as defined in article one hundred thirty of the penal law, committed against such person who was less than eighteen years of age, or a predecessor statute that prohibited such conduct at the time of the act, which conduct was committed against such person who was less than eighteen years of age.

18. By reason of the foregoing, plaintiff, ANTHONY RAPP, sustained psychological injuries, including but not limited to, severe emotional distress, humiliation, fright, anger, depression and anxiety; a severe shock to his nervous system; and has been caused to suffer

mental anguish, emotional and psychological damage as a result thereof, and, upon information and belief, some or all of these injuries are of a permanent and lasting nature; and plaintiff, ANTHONY RAPP, has been forced to abstain from the duties of his vocation, and has and/or will become obligated to expend sums of money for medical expenses.

19. That by reason of the foregoing, defendant is liable to plaintiff for punitive and exemplary damages.

20. That the amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

21. It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to CPLR 1602(5) (proof of intent) and 1602(7) (recklessness).

AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF ANTHONY RAPP -
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

22. The plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of this complaint marked "1" through "21" inclusive, with the same force and effect as if fully set forth at length herein.

23. Upon information and belief, that at all times herein mentioned, defendant, KEVIN SPACEY's conduct toward plaintiff, ANTHONY RAPP, who was a minor, was so shocking and outrageous that it exceeded all reasonable bounds of decency.

24. Upon information and belief, that at all times herein mentioned, defendant, KEVIN SPACEY, acted recklessly toward the then minor plaintiff and with utter disregard of the consequences that might follow.

25. By reason of the foregoing, plaintiff, ANTHONY RAPP, sustained psychological injuries, including but not limited to, severe emotional distress, humiliation, fright, anger, depression and anxiety; a severe shock to his nervous system; and has been caused to suffer mental anguish, emotional and psychological damage as a result thereof, and, upon information and belief, some or all of these injuries are of a permanent and lasting nature; and plaintiff, ANTHONY RAPP, has been forced to abstain from the duties of his vocation, and has and/or will become obligated to expend sums of money for medical expenses.

26. That by reason of the foregoing, defendant is liable to plaintiff for punitive and exemplary damages.

27. That the amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

28. It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to CPLR 1602(5) (proof of intent) and 1602(7) (recklessness).

AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF C.D. – ASSAULT

29. The plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of this complaint marked "1" through "28" inclusive, with the same force and effect as if fully set forth at length herein.

30. That at all times herein mentioned, plaintiff, C.D., was a minor under the age of 18 years.

31. In approximately 1981, plaintiff, C.D., who was approximately 12 years old, met defendant, KEVIN SPACEY, who was teaching an acting class in Westchester County, New York. Plaintiff, C.D. at the time was an acting student in the class.

32. Thereafter, when plaintiff, C.D., was approximately 14 years old, plaintiff happened to meet defendant, KEVIN SPACEY, in New York City, and SPACEY invited the then minor plaintiff, C.D., to his apartment.

33. The plaintiff, C.D., went to defendant KEVIN SPACEY's apartment where defendant SPACEY engaged in sexual acts with the plaintiff, C.D., while the plaintiff was 14 years old, including, but not limited to, the infant plaintiff performing anal intercourse on defendant SPACEY and oral sex.

34. The defendant, KEVIN SPACEY, continued to engage in sexual acts on different occasions with the plaintiff, C.D., while plaintiff was approximately 14 years old.

35. During the final sexual encounter, the defendant, KEVIN SPACEY, for the first time, attempted to anally sodomize the plaintiff, C.D., who was then a minor. The plaintiff, C.D., resisted and said "No" multiple times, but the defendant, KEVIN SPACEY, continued to attempt to anally sodomize the infant plaintiff despite the plaintiff's verbal and physical resistance.

36. The infant plaintiff was able to free himself from defendant, KEVIN SPACEY, and fled the defendant's apartment.

37. Prior to intentionally and voluntarily attempting to anally sodomize the plaintiff, defendant, KEVIN SPACEY, through his words and acts, intentionally caused the plaintiff, C.D., to become apprehensive that a harmful and/or offensive bodily contact was about to occur.

38. By reason of the foregoing, plaintiff, C.D., sustained psychological injuries, including but not limited to, severe emotional distress, humiliation, fright, anger, depression and anxiety; a severe shock to his nervous system; certain internal injuries; and has been caused to suffer mental anguish, emotional and psychological damage as a result thereof, and, upon information and belief, some or all of these injuries are of a permanent and lasting nature; and plaintiff, C.D., has been forced to abstain from the duties of his vocation, and has and/or will become obligated to expend sums of money for medical expenses.

39. That by reason of the foregoing, defendant is liable to plaintiff for punitive and exemplary damages.

40. That the amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

41. It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to CPLR 1602(5) (proof of intent) and 1602(7) (recklessness).

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF C.D. - BATTERY

42. The plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of this complaint marked "1" through "41" inclusive, with the same force and effect as if fully set forth at length herein.

43. Upon information and belief, that at all times herein mentioned, defendant, KEVIN SPACEY, intentionally and voluntarily engaged in sexual acts and attempted to sodomize plaintiff, C.D., without plaintiff's consent, while plaintiff was approximately 14 years old, and in doing so caused plaintiff to suffer an offensive bodily contact.

44. The aforesaid abuse constituted attempted rape and a sexual offense as defined in article one hundred thirty of the penal law, committed against such person who was less than eighteen years of age, or a predecessor statute that prohibited such conduct at the time of the act, which conduct was committed against such person who was less than eighteen years of age.

45. By reason of the foregoing, plaintiff, C.D., sustained psychological injuries, including but not limited to, severe emotional distress, humiliation, fright, anger, depression and anxiety; a severe shock to his nervous system; certain internal injuries; and has been caused to suffer mental anguish, emotional and psychological damage as a result thereof, and, upon information and belief, some or all of these injuries are of a permanent and lasting nature; and plaintiff, C.D., has been forced to abstain from the duties of his vocation, and has and/or will become obligated to expend sums of money for medical expenses.

46. That by reason of the foregoing, defendant is liable to plaintiff for punitive and exemplary damages.

47. That the amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

48. It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to CPLR 1602(5) (proof of intent) and 1602(7) (recklessness).

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF C.D. - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. The plaintiff repeats, reiterates, and realleges each and every allegation contained

in those paragraphs of this complaint marked "1" through "48" inclusive, with the same force and effect as if fully set forth at length herein.

50. Upon information and belief, that at all times herein mentioned, defendant, KEVIN SPACEY's conduct toward plaintiff, C.D., who was a minor, in engaging in sexual acts with and in attempting to sodomize the then minor plaintiff, was so shocking and outrageous that it exceeded all reasonable bounds of decency.

51. Upon information and belief, that at all times herein mentioned, defendant, KEVIN SPACEY, acted recklessly toward the then minor plaintiff and with utter disregard of the consequences that might follow.

52. By reason of the foregoing, plaintiff, C.D., sustained psychological injuries, including but not limited to, severe emotional distress, humiliation, fright, anger, depression and anxiety; a severe shock to his nervous system; certain internal injuries; and has been caused to suffer mental anguish, emotional and psychological damage as a result thereof, and, upon information and belief, some or all of these injuries are of a permanent and lasting nature; and plaintiff, C.D., has been forced to abstain from the duties of his vocation, and has and/or will become obligated to expend sums of money for medical expenses.

53. That by reason of the foregoing, defendant is liable to plaintiff for punitive and exemplary damages.

54. That the amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

55. It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided

in CPLR 1602, including but not limited to CPLR 1602(5) (proof of intent) and 1602(7) (recklessness).

WHEREFORE, the plaintiffs demand judgment against the defendant in the first, second, third, fourth, fifth, and sixth causes of action for compensatory and punitive damages, together with the interest, costs, and disbursements pursuant to the causes of action herein.

Dated: New York, NY
       September 8, 2020

                    Yours etc.,
                    GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF
                    Attorneys for Plaintiffs

                    _____
                    PETER J. SAGHIR
                    80 Pine Street, 34th Floor
                    New York, New York 10005
                    (212) 943-1090

STATE OF NEW YORK     )
                      )   ss.:
COUNTY OF NEW YORK    )

ANTHONY RAPP, being duly sworn, deposes and says:

I am one of the plaintiffs in the within action; I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
ANTHONY RAPP

Sworn to before me this
8th day of September 2020

_____
Notary Public

RICH MOORE
NOTARY PUBLIC, State of New York
No. 01MO6012017
Qualified in Suffolk County
Commission Expires August 17, 20 22