# Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY RAPP and C.D.,<br>    Plaintiffs,<br><br>        vs.<br><br>KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY<br><br>    Defendant. | Civil Action<br>No. 1:20-cv-09586 (LAK)<br><br>**ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Kevin Spacey Fowler ("Mr. Fowler" or "Defendant") by and through his undersigned counsel, answers the Complaint filed by Plaintiffs Anthony Rapp and C.D. ("Plaintiffs"). Mr. Fowler denies each allegation or characterization in the Complaint, unless expressly admitted below. Mr. Fowler denies that Plaintiffs are entitled to the requested relief or to any relief whatsoever. Any allegation admitted below is admitted only as to the specific admitted fact or issue, and not as to any conclusions, characterizations, implications, or speculations that Plaintiffs may argue follow from any admitted facts.

Mr. Fowler objects to Plaintiff C.D.'s use of a pseudonym and failure to disclose his identity, even to Mr. Fowler. Despite this improper withholding of his identity, and Mr. Fowler's resulting inability to fully investigate and address the allegations, Mr. Fowler nonetheless makes a good faith attempt to answer the allegations in the Complaint. By providing this Answer, Mr. Fowler in no way suggests he has not been, and does not continue to be, prejudiced by Plaintiff C.D.'s anonymity. Mr. Fowler reserves the right to amend this Answer as deemed necessary or appropriate, including once Plaintiff C.D.'s identity is disclosed.

The paragraphs are numbered to correspond to the numbered paragraphs of Plaintiffs' Complaint.

1

## ANSWER TO FIRST CAUSE OF ACTION

1. Defendant admits the allegations of this paragraph, which pertain to Mr. Fowler's name.

2. Defendant admits that he is an actor and has taught acting classes. Defendant denies that the alleged incidents occurred and, therefore, lacks information to admit or deny whether he was an actor and acting teacher at the time of the alleged incidents.

3. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies them.

4. Defendant admits he was in the audience for a production of Precious Sons in approximately the late 1980s in which Plaintiff Rapp was a cast member. Defendant admits he briefly met Plaintiff Rapp on a few occasions at most, but Defendant's interactions with him were peripheral and limited. Defendant denies the remaining allegations in this paragraph.

5. Defendant denies he invited Plaintiff Rapp to any party at his home. Defendant denies the remaining allegations of this paragraph.

6. Defendant denies Plaintiff Rapp attended any alleged party at Defendant's home.

7. Defendant denies the allegations of this paragraph. Defendant denies that the alleged incident or any other wrongdoing alleged by Plaintiff Rapp occurred.

8. Defendant denies the allegations of this paragraph. Defendant denies that the alleged incident or any other wrongdoing alleged by Plaintiff Rapp occurred.

9. Defendant denies the allegations of this paragraph. Defendant denies that the alleged incident or any other wrongdoing alleged by Plaintiff Rapp occurred.

10. Defendant denies the allegations of this paragraph. Defendant denies that the alleged incident or any other wrongdoing alleged by Plaintiff Rapp occurred.

11. Defendant denies that the alleged incident or injuries occurred and, on that basis, denies that Plaintiff Rapp has been damaged in any sum, for the reasons stated or for any reason whatsoever, and denies that Plaintiff Rapp is entitled to any of the damages requested.

12. Defendant denies that the alleged incident or injuries occurred and, on that basis, denies that Plaintiff Rapp suffered damages.

13. Defendant denies that the alleged incident or injuries occurred and, on that basis, denies that Plaintiff Rapp suffered damages. But Defendant is informed and believes that Plaintiffs are seeking damages that exceed the limit for diversity jurisdiction over this action.

14. The allegations of this paragraph call for a legal conclusion that does not require a response and, on that basis, Defendant denies them.

## ANSWER TO SECOND CAUSE OF ACTION

15. Defendant responds to the allegations in this paragraph by incorporating Defendant's admissions and denials as stated above.

16. Defendant denies that the alleged incident or any other wrongdoing alleged by Plaintiff Rapp occurred. Defendant denies the remaining allegations of this paragraph.

17. Defendant denies that the alleged incident or any other wrongdoing alleged by Plaintiff Rapp occurred, and denies the remaining factual allegations of this paragraph. To the extent the allegations call for a legal conclusion that does not require a response, Defendant denies them on that basis.

18. Defendant denies that the alleged incident or injuries occurred and, on that basis, denies that Plaintiff Rapp has been damaged in any sum, for the reasons stated or for any reason whatsoever, and denies that Plaintiff Rapp is entitled to any of the damages requested.

19. Defendant denies that the alleged incident or injuries occurred and, on that basis, denies that Plaintiff Rapp suffered damages.

20. Defendant denies that the alleged incident or injuries occurred and, on that basis, denies that Plaintiff Rapp suffered damages.

21. The allegations of this paragraph call for a legal conclusion that does not require a response and, on that basis, Defendant denies them.

## ANSWER TO THIRD CAUSE OF ACTION

22. Defendant responds to the allegations in this paragraph by incorporating Defendant's admissions and denials as stated above.

23. Defendant denies that the alleged incident or any other wrongdoing alleged by Plaintiff Rapp occurred. Defendant denies the remaining allegations of this paragraph.

24. Defendant denies that the alleged incident or injuries occurred and, on that basis, denies that Plaintiff Rapp suffered damages.

25. Defendant denies that the alleged incident or injuries occurred and, on that basis, denies that Plaintiff Rapp has been damaged in any sum, for the reasons stated or for any reason whatsoever, and denies that Plaintiff Rapp is entitled to any of the damages requested.

26. Defendant denies that the alleged incident or injuries occurred and, on that basis, denies that Plaintiff Rapp suffered damages.

27. Defendant denies that the alleged incident or injuries occurred and, on that basis, denies that Plaintiff Rapp suffered damages.

4

28. The allegations of this paragraph call for a legal conclusion that does not require a response and, on that basis, Defendant denies them.

## ANSWER TO FOURTH CAUSE OF ACTION

29. Defendant responds to the allegations in this paragraph by incorporating Defendant's admissions and denials as stated above.

30. Defendant denies that Plaintiff C.D.'s use of a pseudonym is appropriate or warranted, especially given his identity has been withheld from Defendant. Defendant therefore lacks sufficient information to admit or deny the allegations in this paragraph, and on that basis denies them.

31. Defendant admits he briefly taught an acting class in Westchester County, New York on certain, discrete occasions. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D., and, on that basis, denies the remaining allegations in the paragraph.

32. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies the remaining allegations in the paragraph and denies that the alleged incidents or any other wrongdoing alleged by Plaintiff C.D. occurred.

33. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies the remaining allegations in the paragraph and denies that the alleged incidents or any other wrongdoing alleged by Plaintiff C.D. occurred.

34. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies the remaining allegations in the paragraph and denies that the alleged incidents or any other wrongdoing alleged by Plaintiff C.D. occurred.

35. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies the remaining allegations in the paragraph and denies that the alleged incidents or any other wrongdoing alleged by Plaintiff C.D. occurred.

36. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies the remaining allegations in the paragraph and denies that the alleged incidents or any other wrongdoing alleged by Plaintiff C.D. occurred.

37. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies the remaining allegations in the paragraph and denies that the alleged incidents or any other wrongdoing alleged by Plaintiff C.D. occurred.

38. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies, however, that the alleged incidents or injuries occurred and, on that basis, denies that Plaintiff C.D. has been damaged in any sum, for the reasons stated or for any reason whatsoever, and denies that Plaintiff C.D. is entitled to any of the damages requested.

39. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies that the alleged incidents or injuries occurred and, on that basis, denies that Plaintiff C.D. suffered damages.

40. Defendant denies that the alleged incidents or injuries occurred and, on that basis, denies that Plaintiff C.D. suffered damages. But Defendant is informed and believes that Plaintiffs are seeking damages that exceed the limit for diversity jurisdiction over this action.

41. The allegations of this paragraph call for a legal conclusion that does not require a response and, on that basis, Defendant denies them.

## ANSWER TO FIFTH CAUSE OF ACTION

42. Defendant responds to the allegations in this paragraph by incorporating Defendant's admissions and denials as stated above.

43. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies that the alleged incidents or any other wrongdoing alleged by Plaintiff C.D. occurred, and denies the remaining allegations in the paragraph.

44. Defendant denies that the alleged incidents or any other wrongdoing alleged by Plaintiff C.D. occurred. Defendant denies the remaining factual allegations of this paragraph. To the extent the allegations call for a legal conclusion that does not require a response, Defendant denies them on that basis.

45. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies, however, that the alleged incidents or injuries occurred and, on that basis, denies that Plaintiff C.D. has been damaged in any sum, for the reasons stated or for any reason whatsoever, and denies that Plaintiff C.D. is entitled to any of the damages requested.

46. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies that the alleged incident or injuries occurred and, on that basis, denies that Plaintiff C.D. suffered damages.

47. Defendant denies that the alleged incident or injuries occurred and, on that basis, denies that Plaintiff C.D. suffered damages.

48. The allegations of this paragraph call for a legal conclusion that does not require a response and, on that basis, Defendant denies them.

7

## ANSWER TO SIXTH CAUSE OF ACTION

49. Defendant responds to the allegations in this paragraph by incorporating Defendant's admissions and denials as stated above.

50. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies that the alleged incidents or any other wrongdoing alleged by Plaintiff C.D. occurred, and denies the remaining allegations in the paragraph.

51. Defendant denies that the alleged incidents or any other wrongdoing alleged by Plaintiff C.D. occurred. Defendant denies the remaining factual allegations of this paragraph. To the extent the allegations call for a legal conclusion that does not require a response, Defendant denies them on that basis.

52. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies, however, that the alleged incidents or injuries occurred and, on that basis, denies that Plaintiff C.D. has been damaged in any sum, for the reasons stated or for any reason whatsoever, and denies that Plaintiff C.D. is entitled to any of the damages requested.

53. Defendant lacks sufficient information to admit or deny the allegations regarding the identity of Plaintiff C.D. Defendant denies that the alleged incidents or injuries occurred and, on that basis, denies that Plaintiff C.D. suffered damages.

54. Defendant denies that the alleged incidents or injuries occurred and, on that basis, denies that Plaintiff C.D. suffered damages.

55. The allegations of this paragraph call for a legal conclusion that do not require a response and, on that basis, Defendant denies them.

8

Defendant denies that the alleged incidents or injuries occurred and, on that basis, denies that Plaintiffs suffered damages. Defendant further denies that Plaintiffs are entitled to any judgment or any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiffs, and expressly denying any and all wrongdoing, Defendant asserts the following affirmative defenses.

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State A Claim)**

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Statute of Limitations)**

2. Plaintiffs' Complaint, and every cause of action in it, is barred by the applicable statute of limitations.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Laches)**

3. Plaintiffs' Complaint, and every cause of action in it, is barred under the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (No Damages)

4. Plaintiffs have suffered no damages attributable to any wrongful conduct by Defendant. Further, Plaintiffs' claimed damages are so speculative and uncertain as to be barred as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

5. Plaintiffs are not entitled to recover any punitive damages because Defendant did not engage in any wrongful conduct, let alone wrongful conduct with malice or reckless disregard to Plaintiff's rights and feelings.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

6. Plaintiffs' claims are barred because the Court lacks personal jurisdiction over Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Violation of Due Process)

7. Plaintiffs' claims are barred to the extent that the provisions of the Child Victim Act that are applicable to this action violate the New York State Constitution and/or the United States Constitution, including the Due Process Clause in Article 1, Section 6 of the Constitution of the State of New York.

## PRAYER

WHEREFORE, Defendant prays:

1. That Plaintiffs take nothing from the Complaint and that judgment be entered in favor of Defendant;

2. That Defendant be awarded his costs of suit in defense of this action; and

3. That Defendant be awarded such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant Kevin Spacey Fowler demands a jury trial on all issues properly tried by a jury.

Dated: November 20, 2020

Respectfully submitted,

*/s/ Chase A. Scolnick*
Jennifer L. Keller (*pro hac vice* forthcoming)
Chase A. Scolnick
Jay P. Barron (*pro hac vice* forthcoming)
KELLER/ANDERLE LLP
18300 Von Karman Avenue, Suite 930
Irvine, California 92612
Tel. (49) 476-8700
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

*/s/ Michael Tremonte*
Michael Tremonte,
SHER TREMONTE LLP
90 Broad Street, Fl. 23
New York, NY 10004-2205
Tel. (212) 202-2603
mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey Fowler*

11

## CERTIFICATE OF SERVICE

In accordance with Local Rule 5.2, I, Michael Tremonte, hereby certify that on November 20, 2020 this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael Tremonte*
Michael Tremonte
