# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY RAPP and C.D.,                                              Case No. 1.20-cv-09586 (LAK)(SDA)

                              Plaintiffs,

        -against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY

                              Defendant.
-----------------------------------------------------------------X

*Memorandum of Law in Opposition to Defendant's Motion in Limine to
Preclude Plaintiff from Eliciting Testimony from
Third Parties He Told About the Sexual Assault by Defendant*

                                                          GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                                                          HERSHENHORN, STEIGMAN & MACKAUF
                                                           By: Peter J. Saghir
                                                           80 Pine Street, 34th Floor
                                                          New York, NY 10005
                                                          Tel: (212) 943-1090
                                                          Fax: (212) 425-7513
                                                          Email: psaghir@gairgair.com

                                                          *Attorneys for Plaintiffs Anthony Rapp and C.D.*

**TABLE OF CONTENTS**

INTRODUCTION……………………………………………………………………………..1

BACKGROUND………………………………………………………………………………...1

ARGUMENT…………………………………………………………………………………..6

    A.    The Testimony Proffered by Mr. Rapp's Rebuttal Witnesses is Not Hearsay……………………………………………………………………...………6

        1.    Mr. Rapp Must Have the Opportunity to Rebut Spacey's Claims that this Lawsuit is Motivated by Financial Gain and Emotional Gratification – Fed. R. Evid. 801(d)(1)(B)(i)……..………………..……….6

        2.    It is Proper for Mr. Rapp to Offer Prior Consistent Statements to Rebut Defendant Spacey's Charge that Mr. Rapp Has a Faulty Memory – Fed. R. Evid. 801(d)(1)(B)(ii)….………………………………9

        3.    Mr. Rapp Does Not Offer These Witnesses to Improperly Bolster His Claim……………………………………………………………………….11

    B.    Mr. Rapp's Rebuttal Witnesses Are Not Prejudicial, Confusing, or Cumulative……………………………………………………...……………13

    C.    Defendant's Motion is Premature……………………………………………..14

CONCLUSION…………………………………………………………………………………15

# TABLE OF AUTHORITIES

**Cases**

*Baxter Diagnostics, Inc. v. Novatek Med., Inc.,* 94-CIV-5220 AJP, 1998 WL 665138 (SDNY Sept. 25, 1998)……………………………………………………………………..15

*DeJesus v. Noeth*, 19-CV-1028 BMC, 2019 WL 1459043 (E.D.N.Y. 2019)……..…………...10

*Tome v. United States,* 513 U.S. 150, 115 S. Ct 696, (1995)….…………………………6,7,8,9,11

*United States v. Campo Flores,* 945 F.3d 687 (2nd Cir. 2019)…………………………...10,11,12

*United States v. Castillo*, 14 F.3d 802, 806 (2nd Cir. 1994)……………………………………..12

*United States v. Davis,* No. 17-CR-610-16 LGS, 2020 WL 1233771 (S.D.N.Y. Mar. 12, 2020)……………………………………………………………………………………………7

*United States v. Mack,* No. 3:13-CR-00054 MPS, 2016 WL 4373695 (D. Conn. Aug. 15, 2016)…………………………………………………………………………………………7,9

*United States v. Purcell,* 967 F.3d 159 (2nd Cir. 2020)……………………………………….10

**Rules**

Fed. R. Civ. P. 26(a)(1)(A)(i)……………………………………………………………………13

Fed. R. Evid. 403………………………………………………………………………………...13

Fed. R. Evid. 801……………………………………………………………………………….9

Fed. R. Evid. 801(d)(1)(B)(i)……………………………………………………………………6,7

Fed. R. Evid. 801(d)(1)(B)(ii)………………………………………………………...………..9,11

**Statutes and other Rules**

NY CPLR 215(3)…………………………………………………………………………………7

NY CPLR 208…………………………………………………………………..………………...7

# INTRODUCTION

Over the course of this litigation, defendant Spacey has asserted time and again that Mr. Rapp has improper motives in filing this lawsuit and a faulty memory concerning the sexual assault by defendant Spacey, going so far as to retain a "memory expert" to allege doubt regarding Mr. Rapp's ability to properly recall the incident. In spite of this, defendant now, prior to even the completion of discovery, asks this Court for a ruling, as a matter of law, that precludes plaintiff from calling these witnesses at trial, under any circumstances, to elicit the prior consistent statements Mr. Rapp made that squarely rebut the defenses asserted by Spacey. The testimony from these witnesses who plaintiff may call is properly admitted as a prior consistent statement as these statements were made well before any alleged improper influence or motive arose, and is clearly relevant to the issue of Mr. Rapp's alleged failure of memory. Mr. Rapp has always been consistent in his account of the sexual assault by Spacey. In attacking Mr. Rapp's motive and claiming he has a faulty memory, Spacey has opened the door to testimony of prior consistent statements to rebut his claimed defenses.

# BACKGROUND

Mr. Rapp was sexually assaulted by defendant, Kevin Spacey, when he was only fourteen years old. Since the first time that Mr. Rapp disclosed the abuse to someone – while he was in high school, a few short years after the abuse occurred – he has never wavered from his description of the sexual assault.

Mr. Rapp described the assault in detail at his deposition on February 3, 2021:

> "And he approached me, and he – he picked me up. And the way *I've always described it is* – I know of no other way to describe it – is that he picked me up like a groom picks [up] a bride over the threshold, that famous image of an adult holding a person cradling them. He held me like that. As he picked me up, you know, his hand, you know, grazed my butt and my legs and picked me up and laid down on top of me on the bed. Put be down on the bed and laid down on top of

1

me, holding me and pressing into me with the full weight of his body…And it was extraordinarily upsetting, and I froze…And I managed to squirm away to get out from under him…And I opened the door and started to walk out of the apartment, and Kevin followed me. And as I got to the front door, I opened the front door, and he stood in the doorway and leaned toward me and said are you sure you want to go."

(Saghir Decl, Ex. A) (emphasis added).

Indeed, this is the same description he gave to Buzzfeed in 2017 when he went public about the sexual assault by defendant Spacey: "He picked me up like a groom picks up the bride over the threshold…And then he lays down on top of me….[and] was, like, pressing into me … He followed me to the front door of the apartment, and as I opened the door to leave, he was leaning on the front door[frame]. And he was like, 'Are you sure you wanna go,'" Saghir Decl., Ex. B.

And again, Mr. Rapp's testimony at his deposition is consistent with an interview he gave to the Advocate in 2001: "I met him when I was 14 because we were both in plays and he invited me to a party at his house. I was bored, so I was in his bedroom watching TV and didn't know everybody had left, and he came to the bedroom and he picked me up and lay down on top of me. … I squirmed away and went into the bathroom. I came out and I excused myself, and he's like 'You sure you want to go?' I always wonder if he remembers it, because he was pretty drunk. And he's had so many," Saghir Decl., Ex. C.

In the thirty-five years since he was sexually assaulted by Spacey, Mr. Rapp has disclosed the assault to friends, work colleagues and family members. Many of these disclosures occurred decades before the Buzzfeed article was published in October 2017.[1] Though Mr.

---

[1] Indeed, in his initial Rule 26 Disclosures and Supplemental Rule 26 Disclosures, Mr. Rapp disclosed the names of the following people he told about the sexual assault *before* the Buzzfeed article was published in October 2017: Melissa Anelli (2013-2015), Adam Rapp (mid-1990s), Muneesh Jain (2015), Sean Snow (1993), Erin Quill (early 1990s), Camryn Manhein (2017 before the Buzzfeed article), Tracie Thoms (2004 or 2005), Wilson Echevarria (1997 or 1998), Elizabeth Law (1994), Ray Ellin (2001), Christopher Hart (while he and Mr. Rapp were still in high

2

Rapp's description of the sexual assault is unchanged, some of the people he told about the abuse have misremembered peripheral details of what Mr. Rapp recounted to them. For example, as counsel for Spacey points out, his friend Erin Quill misremembered what play Mr. Rapp was in and how old he was when the assault occurred, as well as one or two other peripheral details, *Scolnick Mem*. at pg. 5, *ECF No. 78-1*. Counsel for Spacey attempts to make hay over the fact that she misremembered minor details of his account of the sexual assault which she was told one time in the 1990s, but completely ignores the fact that she unequivocally testified Mr. Rapp told her he was sexually assaulted by Spacey, Scolnick Decl., para 6, Ex. 5, pg 8. Indeed, as evidenced by questions asked by defense counsel and the conclusions drawn by the defendant's experts, these minor inconsistencies in *other people's recounting* of the abuse appear to be the building blocks for Spacey's spurious defense that Mr. Rapp's memory of the abuse is false. Indeed, despite Ms. Quill misremembering the account provided by Mr. Rapp as revealed in their text exchange, Mr. Rapp corrected her in a manner that was fully consistent with his prior accounts.

Defendant Spacey uses his experts to set forth and perpetuate this false narrative. Dr. Alexander Sasha Bardey, a forensic psychiatrist, states, "A review of witness deposition transcripts also add significant doubt as to the accuracy and veracity of Mr. Rapp's account," Saghir Decl., Ex. D. The same expert goes on to say, "numerous factors included in this report suggest that over the years Mr. Rapp has generated and perpetuated a false memory about the alleged incident," Saghir Decl., Ex. E.

A second expert, Elizabeth Loftus, Ph.D., also questions the veracity of Mr. Rapp's memory. This purported "memory expert," concludes, "that there are serious issues concerning

---

school), Christopher Denny (mid-1990s), and Bruce Steele (between October 1994 and May 1997), *see Def. Ex. 2 and 3, ECF Nos. 78-4 and 78-5, respectively*.

3

the accuracy of Mr. Rapp's reported memory of alleged activities with Mr. Fowler," Saghir Decl., Ex. F. Throughout her report, Dr. Loftus draws several other "conclusions" about Mr. Rapp's memory:

- "A serious question arises as to whether Mr. Rapp is conflating the actions from the play with his recollections of an interaction with Mr. Fowler…Memory science reveals this can and does happen and may have happened in this case."

- "Mr. Rapp was also exposed to other suggestive information about Mr. Spacey, which could have also contributed to his current recollection."

- "Other evidence calls into question the accuracy of Mr. Rapp's recollection of events in New York at around the time of the alleged incident."

- "Mr. Barrowman testified he conveyed this information to Mr. Rapp in approximately 1998, which is additional post-event information that could have influenced or distorted Mr. Rapp's memory."

*Id*. There is no doubt that Spacey intends to argue at the time of trial that Mr. Rapp has a faulty memory.

Defendant Spacey and his experts also allege that Mr. Rapp has various motives to bring this lawsuit other than seeking justice for the wrong that was done to him by Spacey when he was a minor. Though Mr. Rapp is a successful actor with a career spanning decades, Spacey claims that Mr. Rapp brought this lawsuit for financial gain. Mr. Rapp was asked the following questions at his deposition:

>   **Q**: What's the current value of your apartment?
>
>   **Q**: How much money do you have in the bank account, your bank account?
>
>   **Q**: Can you identify, please, your outstanding debts?
>
>   **Q**: Do you have any outstanding credit card debt?
>
>   **Q**: What is the most you've made in any given year?
>
>   **Q**: How much was your income last year?

4

> **Q**: Do you have any other sources of income other than Star Trek?
>
> **Q**: Do you think that $40 million is a good incentive for someone to take action?
>
> **Q**: Do you think that $40 million is a significant incentive to induce someone to file a lawsuit?
>
> Saghir Decl., Ex. G.

Indeed, Dr. Bardey explicitly states in his report that Mr. Rapp is motivated to bring this lawsuit for financial gain:

> "Obviously, as with any civil lawsuit involving a claim of psychological damage, one cannot ignore the lure of a substantial financial settlement as a motivating factor for making such a claim either. In other words, in my psychiatric opinion, there are both external (financial reward) and internal (emotional gratification and public support) reasons for advancing Mr. Rapp's claim against Mr. Spacey,"
>
> Saghir Decl, Ex. D.

These alleged motives set forth by Dr. Bardey also contain a claim that Mr. Rapp went public about the sexual assault by Spacey because he enjoys the attention that it brings him. Specifically, that Mr. Rapp was purportedly so enchanted by the #metoo movement, "and wanted very much to be a part of it," so he disclosed the abuse to the public to "move the movement's spotlight onto himself," Saghir Decl., Ex. H.

The defendant has not identified a single inconsistent statement made by Mr. Rapp himself. Because of Mr. Rapp's steadfastness, Spacey and his counsel cannot challenge his recounting of the sexual assault. Instead, they intend to argue at the time of trial that Mr. Rapp has "memory issues" concerning the happening of the abuse, and that Mr. Rapp was motivated by both financial gain and emotional gratification to bring this lawsuit.

**ARGUMENT**

A. <u>*The Testimony Proffered by Mr. Rapp's Rebuttal Witnesses is Not Hearsay*</u>

Defendant Spacey incorrectly claims that prior consistent statements made by Mr. Rapp about Spacey's sexual assault of him, years before this lawsuit could even be brought, are inadmissible hearsay. This is simply not true. By arguing that Mr. Rapp allegedly has both improper motives to bring this lawsuit, and a faulty memory concerning the happening of the sexual assault itself, defendant Spacey has opened the door to the admissibility of rebuttal testimony in the nature of a prior consistent statement.

1. *Mr. Rapp Must Have the Opportunity to Rebut Spacey's Claims that this Lawsuit is Motivated by Financial Gain and Emotional Gratification – Fed. R. Evid. 801(d)(1)(B)(i)*

Pursuant to Federal Rules of Evidence 801(d)(1)(B)(i), prior consistent statements by a testifying party are admissible when a party's testimony is alleged to be improperly influenced or motivated. Under this section, a statement is *not* hearsay if the "declarant testifies and is subject to cross-examination about a prior statement, and the statement," "is consistent with the declarant's testimony and is offered," "to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying," *Fed. R. Evid. 801(d)(1)(B)(i)*. The Supreme Court of the United States, in interpreting and adding on a temporal component to the Rule, expressly found that it, "permits the introduction of a declarant's out-of-court statements to rebut a charge of recent fabrication or improper influence or motive only when those statements were made before the charged recent fabrication or improper influence or motive," *Tome v. United States*, 513 U.S. 150, 167, 115 S. Ct 696, 705 (1995). Here, as discussed *supra*, defendant Spacey is both expressly and impliedly charging – through his experts and questioning by defense counsel – that Mr. Rapp's proffered trial testimony concerning the sexual assault is improperly influenced and/or motivated by financial

6

gain or emotional gratification. Mr. Rapp must have the opportunity to rebut Spacey's charges that his testimony was contrived in response to these purported motives.

The temporal element of Fed. R. Evid. 801(d)(1)(B)(i) is crucial. The consistent statement is only admitted to rebut a charge of improper influence or motive if the statement *predates* the development of the purported motive, *Tome*, 513 U.S. at 158, 115 S. Ct. at 701; *see also United States v. Davis*, No. 17-CR-610-16 LGS, 2020 WL 1233771 at *4 (S.D.N.Y. Mar. 12, 2020) ("any statement subsequent to this motive arising is not admissible under Federal Rule of Evidence 801(d)(1)(B)(i)); *United States v. Mack*, No. 3:13-CR-00054 MPS, 2016 WL 4373695 at *10 (D. Conn. Aug. 15, 2016). All the consistent statements that Mr. Rapp reserves the right to introduce at the time of trial were made well before any alleged improper influence or motive arose.

Spacey alleges that one of Mr. Rapp's improper motives is financial gain. However, Mr. Rapp disclosed the abuse to the witnesses referenced in his Rule 26 and Supplemental Rule 26 Disclosures (hereinafter "Rule 26 Disclosures") *well* before any financial motive to bring this lawsuit existed. Defendant Spacey sexually assaulted Mr. Rapp in 1986 when he was 14 years old. By approximately 1990, the statute of limitations for Mr. Rapp to bring a civil lawsuit against Spacey expired.[2] Yet, despite his inability to seek any financial gain from telling people, Mr. Rapp disclosed the sexual abuse to family, work colleagues and friends, consistently recounting the details of the abuse to them, from the time he was in high school until the Buzzfeed article was published in October 2017. Mr. Rapp's civil claims against Spacey were

---

[2] Pursuant to New York's Civil Practice Law and Rules section 208, any civil claim would have been tolled until Mr. Rapp reached 18, or until approximately October 1989, at which point the one-year statute of limitations applicable to claims of intentional torts would begin to run pursuant to CPLR 215(3). Mr. Rapp's ability to file a civil claim in New York against Spacey for the sexual assault was barred as of October 1990 until the CVA was signed into law on February 14, 2019.

7

not revived until February 14, 2019, when the Child Victims Act ("CVA") went into effect, Saghir Decl., Ex. J. It was not until this point in time – when the CVA was signed into law and a civil action could be commenced – that the financial incentive that Spacey claims influenced Mr. Rapp to bring this lawsuit arose. The statements made by Mr. Rapp to each of the witnesses listed in his Rule 26 Disclosures – which all predate the passage of the CVA – therefore also predate any purported financial motive to bring *this* case. These prior consistent statements are accordingly admissible on the grounds that they are "a square rebuttal of the charge [by Spacey] that the testimony was contrived as a consequence of [the financial] motive," *Tome*, 513 U.S. at 158, 115 S. Ct. at 701.

The other motives that Spacey's defense team claims motivated Mr. Rapp to make his claims were emotional gratification and public support. As discussed *supra*, Spacey's expert, Dr. Bardey, asserts that Mr. Rapp so badly wanted to be a part of the #metoo movement, that he went public with his allegations against defendant Spacey. However, the #metoo movement was not founded until 2006 and did not "go viral" (or spread widely) until 2017, Saghir Decl., Ex. I. Mr. Rapp's consistent statements concerning the sexual assault were made to eight of the witnesses listed in his Rule 26 Disclosures many years before the #metoo movement was founded, and Mr. Rapp's statements to the listed witnesses were made before the #metoo movement gained any traction and went viral. Mr. Rapp's consistent statements to these potential rebuttal witnesses "predate the motive[s]" of emotional gratification and public support that he would receive by participating in the #metoo movement, *Tome*, 513 U.S. at 158, 115 S. Ct. at 701. By alleging Mr. Rapp was improperly influenced or motivated by the #metoo movement to bring his claims Spacey has "open[ed] the door" for the admission of testimony

8

that rebuts these charges, and there is "no sound reason why [the testimony] should not be received," *Tome*, 513 at 161, 115 S. Ct. at 702.

As evidenced by the dates that Mr. Rapp recounted the details of the sexual assault to them, each of the witnesses in Mr. Rapp's Rule 26 Disclosures can testify to statements made by Mr. Rapp, prior to the time these alleged "motives" arose, which are consistent with Mr. Rapp's intended testimony. Offered in rebuttal of defendant Spacey's charges that Mr. Rapp was improperly influenced or motivated by financial gain, emotional gratification, or public support to bring his claims against defendant Spacey, these prior consistent statements by Mr. Rapp are not hearsay.

2. *It is Proper for Mr. Rapp to Offer Prior Consistent Statements to Rebut Defendant Spacey's Charge that Mr. Rapp Has a Faulty Memory – Fed. R. Evid. 801(d)(1)(B)(ii)*

When Federal Rule of Evidence 801(d)(1)(B) was originally adopted, it "only covered those consistent statements that were offered to rebut charges of recent fabrication or improper motive or influence," *Fed. R. Evid. 801 Advisory Committee's Note*. Recognizing that the Rule prevented a party from using "consistent statements that would be probative to rebut a charge of faulty memory," it was amended in 2014, *Id*. The amendment to Federal Rule of Evidence 801(d)(1)(B) clarified that a prior consistent statement is not hearsay when offered, "to rehabilitate the declarant's credibility as a witness when attacked on another ground," *see Fed. R. Evid. 801(d)(1)(B)(ii)*. Courts in the Second Circuit adopted the recommendation from the Fed. R. Evid. 801 Advisory Committee's Note, confirming that the purpose of Federal Rule of Evidence 801(d)(1), "is to extend substantive effect to consistent statements that rebut other attacks on a witness – such as the charges of inconsistency or *faulty memory*," *Fed. R. Evid. 801 Advisory Committee's Note* (emphasis added); *see also Mack*, 2016 WL 4373695 at *10.

9

In *United States v. Campo Flores*, 945 F.3d 687 (2nd Cir. 2019), counsel for defendants made comments in their opening statement that the memory of one of the government's witnesses was not to be trusted, *Id*. at 705. Though these statements by defense counsel were "brief and not their main challenges" to the witness, the trial court nevertheless permitted the government to introduce prior consistent statements made by the witness on rebuttal, *Id*. The Second Circuit upheld the trial court's admission of the prior consistent statements pursuant to Fed. R. Evid. 801(d)(1)(B)(ii), finding that the statements were "a proper response to defendants' attacks on [the witness'] credibility and memory," *Id*. at 705-706. Other courts throughout the Second Circuit have similarly found that Fed. R. Evid. 801(d)(1)(B) was expanded to permit a party to rebut an attack that claims its witness has a faulty memory with the admission of prior consistent statements, *see DeJesus v. Noeth*, 19-CV-1028 BMC, 2019 WL 1459043 at *4 (E.D.N.Y. 2019); and *United States v. Purcell*, 967 F.3d 159, 196 (2nd Cir. 2020).

There is no doubt that one of Spacey's defenses is to allege that Mr. Rapp's memory is faulty concerning the happening of the sexual assault.[3] Spacey's own experts come out and directly make a claim of faulty memory. Dr. Loftus, defendant's "memory" expert, concludes her report by writing, "that there are serious issues concerning the accuracy of Mr. Rapp's reported memory of alleged activities with Mr. Fowler," Saghir Decl., Ex. F. This conclusion is one of many statements made by Dr. Loftus where she questions the veracity of Mr. Rapp's memory, *see* discussion in Background *supra*. Defendant's other expert, Dr. Bardey, similarly claims that "numerous factors included in this report suggest that over the years Mr. Rapp has generated and perpetuated a false memory about the alleged incident," Saghir Decl., Ex. E.

---

[3] On June 3, 2021, Spacey filed a letter motion with this Court seeking permission to designate a memory expert to provide testimony on Spacey's case-in-chief representing to this Court that Spacey "intends to present expert testimony at trial from a cognitive psychologist on memory and the creation and maintenance of inaccurate or distorted memories" ECF No. 68.

Defendant Spacey is charging that Mr. Rapp has a faulty memory concerning the happening of the sexual assault. Fed. R. Evid. 801(d)(1)(B)(ii) permits Mr. Rapp to rebut this charge with prior consistent statements, *Campo Flores* 945 F.3d at 705-706.

Each of the individuals identified in Mr. Rapp's Rule 26 Disclosures is someone Mr. Rapp made a consistent statement to concerning the details of the sexual assault, long before any alleged improper influence or motive arose, *see supra A-1*. Because this faulty memory defense asserted by defendant Spacey is the exact situation covered by Fed. R. Evid. 801(d)(1)(B)(ii), prior consistent statements made by Mr. Rapp are admissible, not hearsay, and "constitute a proper response" to Spacey's attacks on Mr. Rapp's supposed faulty memory of the sexual assault, *Campo Flores* 945 F.3d at 705-706.

3. *Mr. Rapp Does Not Offer These Witnesses to Improperly Bolster His Claim*

Mr. Rapp has two purposes for offering the witnesses identified in his Rule 26 Disclosures: to (1) counter Spacey's charges that he was motivated to bring his claim by either financial gain, emotional gratification, or public support, and (2) rebut Spacey's claim that his memory concerning the sexual assault is faulty. Spacey's counsel falsely claims they are not going to argue that Mr. Rapp "has been recently influenced by some improper motive or influence," *Scolnick Mem. at pg. 9, FN. 1, ECF No. 78-1*. This cannot be further from the truth. Spacey's own expert literally states in his report what he believes to be the improper motives influencing Mr. Rapp to make his claims against the defendant:

> "Obviously, as with any civil lawsuit involving a claim for psychological damage, one cannot ignore the lure of a substantial financial settlement as a motivating factor for making such a claim either. In other words, in my psychiatric opinion, there are both external (financial reward) and internal (emotional gratification and public support) reasons for advancing Mr. Rapp's claim against Mr. Spacey,"

Saghir Decl, Ex. D; *see also supra A-1*.

11

Spacey and his counsel cannot have it both ways – that their expert says Mr. Rapp is improperly influenced or motivated to make his claims, but then represent to the Court that they are *not* asserting such a defense.

 Counsel for defendant Spacey states that Fed. R. Evid. 801(d)(1)(B) "does not allow impermissible bolstering of a witness," and that "[i]f there is no 'probative force beyond showing consistency at an earlier point in time, a prior consistent statement is still not admissible even for rehabilitation," *Scolnick Mem. at pg. 8, FN. 1, ECF No. 78-1*. While this is an accurate statement of the applicable case law, Mr. Rapp does not offer these prior consistent statements for such a purpose. Instead, the strong probative force that mandates the admission of these statements is Mr. Rapp's usage of them to, "rebut[]…an alleged motive," *Tome* 513 U.S. at 158, 115 S. Ct. at 701, and refute the claim that Mr. Rapp has a faulty memory, *Campo Flores* 945 F.3d at 705-706. In the present case, the alleged motives of financial gain, emotional gratification, and public support, and claim of faulty memory are clearly laid out by Spacey's own experts. Given the defenses raised by Spacey, there is no doubt that the prior consistent statements made by Mr. Rapp to the individuals in his Rule 26 Disclosures offer "some rebutting force beyond the mere fact that [Mr. Rapp] has repeated on a prior occasion a statement consistent with his [intended] trial testimony," *United States v. Castillo*, 14 F.3d 802, 806 (2nd Cir. 1994).[4]

---

[4] It is important to note that subsections (i) and (ii) of Fed. R. Evid. 801(d)(1)(B) are separated by an "or." Counsel for defendant Spacey would have this Court think they are separated by an "and." He writes that that Fed. R. Evid. 801(d)(1)(B) "applies only where (1) the statement is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive, (2) the statement is offered to rehabilitate the declarant's credibility as a witness when attacked on another ground, (3) the statement is consistent with the witness's testimony, (4) the witness is subject to cross-examination concerning the prior statements, *and* (5) the prior consistent statement is made before the that the alleged motive to falsify arose," *Scolnick Mem. at pg. 8, ECF No. 78-1* (emphasis added) (internal quotations omitted). Defense counsel misleads this Court into thinking Mr. Rapp must prove both subsection (i) and (ii) for his prior consistent statements to be admissible. That is simply not the case.

B. *<u>Mr. Rapp's Rebuttal Witnesses Are Not Prejudicial, Confusing, or Cumulative</u>*

As required by Fed. R. Civ. P. 26(a)(1)(A)(i), Mr. Rapp's Rule 26 Disclosures include "the name…of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party *may* use to support its claims or defenses," *Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added)*. Mr. Rapp named thirteen individuals in his Rule 26 Disclosures that he *may* use to support his claims at the time of trial. However, now, with discovery still ongoing, Mr. Rapp is not required to identify which of the disclosed witnesses he intends to call in rebuttal to Spacey's allegations of improper motive and faulty memory. Both the identity and number of witnesses that Mr. Rapp intends to call is part of his legal strategy and that information will be disclosed in the Pretrial Order, pursuant to the individual rules of the Hon. Lewis A. Kaplan, which is due November 1, 2021, *ECF No. 63*. Even though Mr. Rapp has not identified the witnesses he will call, counsel for defendant Spacey attempts to intimate, without any basis, that the testimony of these unknown witnesses would "be prejudicial, confusing, cumulative, and time-wasting evidence that would warrant exclusion under Federal Rule of Evidence 403," *Scolnick Mem. at pg. 11, ECF No. 78-1*. This argument misses the mark.

Under Fed. R. Evid. 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Without knowing the identity or number of witnesses plaintiff intends to call at the time of trial, it is impossible for defendant Spacey to argue at this stage that Mr. Rapp's relevant, prior consistent statements are inadmissible pursuant to Fed. R. Evid. 403.[5]

---

[5] The testimony proffered by these potential witnesses is certainly probative, as it counters Spacey's defense that Mr. Rapp has an improper motive and faulty memory. Mr. Rapp in no way concedes that the testimony he intends to

13

Spacey simply makes this throwaway argument to distract the Court from the weakness of its other arguments.

C.     *Defendant's Motion is Premature*

Defense counsel suggests that a ruling on its motion is proper to permit the parties to guide their discovery and trial preparation in a more informed and less wasteful manner, *Scolnick Mem. at pg. 11, ECF No. 78-1*. While plaintiff has no interest in wasting resources, these rebuttal witnesses are material to countering Spacey's defense that Mr. Rapp was improperly influenced or motivated by financial gain, emotional gratification, or public support or that he has a faulty memory.

In addition, counsel for Spacey repeatedly emphasizes the fact that Mr. Rapp's interrogatory responses contained the names of forty-six individuals that Mr. Rapp communicated with about the sexual assault before the Buzzfeed article was published and that defendant would need to "depose a huge number of 'red-herring' witnesses," *Scolnick Mem at 11-12, ECF No. 78-1*. Importantly, however, Mr. Rapp has only disclosed thirteen witnesses in his Rule 26 Disclosures, not forty-six, and the Court has already granted defendant leave to take a total of twenty (20) depositions in response to the witnesses disclosed in the supplemental Rule 26 Disclosures.[6] The additional names in response to the interrogatories were simply disclosed in response to defendant's request for the names of *all* people with whom Mr. Rapp discussed this incident both before and after the Buzzfeed article was published. Having made the request

---

offer on rebuttal is prejudicial to defendant Spacey. It is also not an appropriate time for Mr. Rapp to reveal the names of the witnesses he intends to call at the time of trial in order to counter this flimsy argument made by defense counsel.

[6] It should be noted that defendant recently subpoenaed and scheduled several witnesses from plaintiff's Rule 26 Disclosures – Elizabeth Law, Wilson Echevarria and Christopher Denny - and then inexplicably chose to take those depositions off calendar.

14

himself, defendant should not now be heard to complain about dealing with the ramifications of plaintiff's response.

Discovery in this action is ongoing. The depositions of Spacey and his two experts are scheduled, but yet to be conducted. The witnesses Mr. Rapp intends to call as disclosed in his Rule 26 Disclosures will be determined, in part, by the forthcoming testimony of Spacey and his experts. Indeed, defendant sought an Order from this Court permitting him to take twenty (20) depositions and a second deposition of Mr. Rapp due to the supplemental Rule 26 witness disclosures. Now defense counsel asks this Court to preclude the testimony of the same witnesses without taking their testimony and before plaintiff has even deposed defendant and his experts. Given the fact that Mr. Rapp has not disclosed the witnesses he intends to call (which Mr. Rapp is not required to disclose at this early point in time), this "motion[] in limine lack[s] the necessary specificity with respect to the evidence to be excluded," *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, 94-CIV-5220 AJP, 1998 WL 665138 at *3 (SDNY Sept. 25, 1998). Indeed, even defense counsel acknowledge that they may "change course" regarding their strategy at the time of trial, *Scolnick Mem. at pg. 9, ECF No. 78-1*. There is simply no need for this motion to be decided, months before trial, when the Court can resolve "questions of foundation, competency, relevancy, and potential prejudice…in the proper context," *Id*. Given the lack of "appropriate factual context," Mr. Rapp urges the Court to deny this motion or, alternatively, to reserve its decision on the issue until trial.

## **CONCLUSION**

Defendant Spacey has attacked Mr. Rapp's memory and motives in filing this lawsuit. He sought leave of Court to serve a purported memory expert as a witness who directly challenges and calls into question Mr. Rapp's memory while the psychiatrist they intend to call

explicitly states, in part, that Mr. Rapp was motivated by financial gain in filing this lawsuit. In asserting these defenses, defendant has opened the door to the admissibility of rebuttal testimony in the nature of a prior consistent statement. Mr. Rapp's intentions in offering the witnesses identified in his Rule 26 Disclosures are (1) to counter Spacey's charges that he was motivated to bring his claim by either financial gain, emotional gratification, or public support, and (2) to rebut Spacey's claim that his memory concerning the sexual assault is faulty. The Federal Rules of Evidence and case law make clear that such testimony is not hearsay and is admissible under the circumstances. Accordingly, it is respectfully requested that defendant's motion be denied in its entirety, or, alternatively, that the Court reserve its decision until the time of trial as defendant and his experts have yet to be deposed.

Dated: New York, New York
       September 3, 2021

                          Respectfully submitted,

                          GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                          HERSHENHORN, STEIGMAN & MACKAUF

                          By: _____
                             Peter J. Saghir (PJS4276)
                          Attorneys for Plaintiff
                          ANTHONY RAPP
                          80 Pine Street, 34th Floor
                          New York, NY 10005
                          Tel: (212) 943-1090
                          Fax: (212) 425-7513
                          Email: psaghir@gairgair.com