UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY RAPP,<br><br>       Plaintiff,<br><br> -against-<br><br>KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY,<br><br>       Defendant. | Case No. 1.20-cv-09586 (LAK)(SDA) |

### DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 8

   Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Defendant Kevin Spacey Fowler ("Mr. Fowler") respectfully submits his objection to Plaintiff's proposed jury instruction No. 8.

Dated: March 4, 2022
   Irvine, California

Respectfully submitted,

/s/ Chase A. Scolnick
Chase A. Scolnick
Jennifer L. Keller
Jay P. Barron
KELLER/ANDERLE LLP
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Tel. (949) 476-8700
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

Michael Tremonte
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey Fowler*

1

Mr. Fowler objects to Plaintiff's prosed instruction No. 8 for numerous reasons. First, the instruction fails to adequately explain that Plaintiff's claims would normally be barred by a statute of limitations, that only in limited circumstances NYS CVP 214-G creates an exception to the otherwise applicable statute of limitations, and creates confusion by referring to negligent acts (which cannot establish a violation of NYS PL Section 130) and by combining its explanation of the statute with instructions on individual offenses not identified as such. The failure to expressly explain that two separate criminal offenses are being defined only adds to the confusion created by the instruction.

Second, instruction 8 also sets forth only the pattern *description* of the individual criminal offenses Plaintiff claims Mr. Fowler violated without setting out the individual *elements* of each offense (as in the pattern instructions) that Plaintiff is required to prove. The failure to describe individual elements that must be proven means there is no assurance the jury will understand what it must find to allow Plaintiff's claims to go forward.

Third, the instruction also fails to explain that the elements of the individual offenses must be proven by clear and convincing evidence. Under New York law, the clear and convincing evidence standard is utilized where the interests at stake are deemed more significant than ordinary. *Matter of Storar*, 52 NY2d 363, 438 NYSD2d 266, 420 NE2d 64 (1981). Like an accusation of fraud, the accusation of a sexual offense against a child creates a powerful and enduring stigma, justifying application of the standard. Moreover, the requirement in civil actions of more than a preponderance of the evidence derives from experience with claims shown to be "inherently subject to fabrication, lapse of memory, or the flexibility of conscience." (*Note*, *Appellate Review in the Federal Courts of Findings Requiring More than a Preponderance of the Evidence* (1946) 60 Harv. L.Rev. 111, 112. Plaintiff's allegations are clearly such a claim.

Finally, the proposed instruction adds a definition of attempt to commit an offense which is irrelevant to extension of the statute of limitations. NYS CVP 214-G provides for extension of the statute of limitations only for violations of NYS Penal Code Section 130. Under NYS PL Section 110, attempt is lesser crime separate from and different than any substantive offense. NYS

CVP 214-G does not provide for extension of the statute of limitations for attempts to commit a substantive offense under that section, but only for commission of the substantive offenses described therein. The legislature made a choice to include neither attempt nor conspiracy to commit any such offense as a basis for extension of the statute of limitations.

Dated: March 4, 2022
       Irvine, California

Respectfully submitted,

*/s/ Chase A. Scolnick*
Chase A. Scolnick
Jennifer L. Keller
Jay P. Barron
KELLER/ANDERLE LLP
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Tel. (949) 476-8700
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

Michael Tremonte
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey Fowler*

**CERTIFICATE OF SERVICE**

In accordance with Local Rule 5.2, I, Chase A. Scolnick, hereby certify that on March 4, 2022 this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Chase A. Scolnick*
Chase A. Scolnick