**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ANTHONY RAPP and C.D., | Case No. 1:20-cv-09586 (LAK) (SDA) |
| Plaintiffs, | |
| -against- | |
| KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY, | |
| Defendant. | |

# REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

KELLER / ANDERLE LLP
Jennifer L. Keller (*pro hac vice*)
Chase A. Scolnick
Jay P. Barron (*pro hac vice*)
18300 Von Karman Ave., Ste. 930
Irvine, California 92612
(949) 476-8700
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

SHER TREMONTE LLP
Michael Tremonte
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600
mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey*
*Fowler a/k/a Kevin Spacey*

Defendant Kevin Spacey Fowler ("Mr. Fowler"), by and through his counsel, respectfully submits this reply in support of his Motion For Summary Judgment.  *See* ECF No. 159.

## INTRODUCTION

Since first publicly accusing Mr. Fowler in 2017, Plaintiff has exaggerated and embellished an alleged encounter Plaintiff says he had with Mr. Fowler in 1986.  This pattern continues with the opposition, in which Plaintiff repeatedly misrepresents the alleged incident as "sexual abuse," "sexual interaction," and "sexual acts."  These labels ring hollow, and are an attempt to distract from Plaintiff's inability to show Mr. Fowler engaged in conduct that, while otherwise governed by a lapsed statute of limitations, could be revived by the Child Victims Act ("CVA" or "Act").

Plaintiff alleges Mr. Fowler briefly picked him up like a "fireman carry" or "a groom carrying a bride over the threshold," in one motion that lasted a few seconds.  During that process, Mr. Fowler's hand allegedly passed over and grazed Plaintiff's buttocks and leg as an incidental result of the act of picking up Plaintiff.  Plaintiff alleges Mr. Fowler then placed him on a bed and put his body weight onto Plaintiff for ten to thirty seconds, pressing into the side of Plaintiff's body before Plaintiff "wriggled out" without resistance or protest from Mr. Fowler.  Plaintiff does not dispute that the entire alleged incident involved no kissing, no groping, no undressing, no reaching under clothes, no sexualized statements or expressions, and no signs of arousal.  There was no grinding, no thrusting, no pinching, and no caressing; indeed, Plaintiff experienced Mr. Fowler's body alleging "pressing" into him only as "dead weight."  The entire incident – from being picked up, to being placed on the bed, to Plaintiff wriggling out – lasted no more than one minute.

Plaintiff now claims his *entire* body was an "intimate" part for purposes of Article 130 of the Penal Law.  But this position ignores the statutory language limiting covered conduct to the touching of a "sexual or other intimate part" of a complainant's body.  And Plaintiff cites no case

law for this position or his claim that the chest, hips, and shoulders are "intimate" parts.

Plaintiff also claims the circumstances of the alleged incident support his assertion that Mr. Fowler's alleged touching of an intimate part was for the specific purpose of sexual gratification. Again, this is wrong.  While Mr. Fowler acknowledged in the Motion the buttocks may constitute an intimate part under the statute, Plaintiff's testimony and opposition do not dispute that Mr. Fowler's hand only grazed Plaintiff's buttocks momentarily as part of the act of picking him up. There is no evidence Mr. Fowler targeted or focused on Plaintiff's buttocks or any other "intimate" part.  Nor do the other circumstances of the alleged incident demonstrate the required specific intent, and Plaintiff cites no authority suggesting otherwise.

Finally, Plaintiff asserts his claims can be revived under the CVA if he merely alleges an "attempted" crime in violation of Article 110 of the Penal Law.  But this position also lacks legal support.  The issue is not whether a defendant can be charged with an attempted sexual offense in the abstract but whether such a crime is revived by the CVA.  It is not.  The CVA does not mention Article 110 or attempted crimes among the limited claims the CVA revives.

Mr. Fowler categorically denies Plaintiff's story.[1]  But even as described by Plaintiff, Plaintiff's claims cannot be revived by the CVA and therefore are time-barred as a matter of law.

## ARGUMENT

### A.     Plaintiff Has The Burden Of Showing The Child Victims Act Applies To His Claims

Plaintiff argues he "does not need to prove a violation of Penal Law § 130 as a condition precedent for his claims of assault, battery, and intentional infliction of emotional distress."  Opp. at 4.  This is plainly incorrect.  While Mr. Fowler may have the initial burden on his statute of

---

[1]  The falsity of Plaintiff's claims is confirmed by his repeated statements the alleged incident took place in a bedroom.  As verified by numerous witnesses, Mr. Fowler's apartment in 1986 was a studio apartment and did not have a separate bedroom.

limitations defense, he has easily met it here.  There is no dispute the one-year statute of limitations applies to all of Plaintiff's claims under N.Y. CPLR § 215(3).  *See* SMF, ¶ 31.  Nor is there any dispute that the one-year period began when Plaintiff turned eighteen years old and then lapsed in October 1990.  *Id.; see also* N.Y. CPLR §§ 208, 215(3).

But Plaintiff asserts the claim-revival provision of the CVA presents an exception to the statute of limitations that salvages his claims, because they allegedly are based on "conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age."  *See* N.Y. CPLR § 214-g.  *Plaintiff*, not Mr. Fowler, must prove that exception applies to his otherwise time-barred claims.

For example, in *Osborn v. DeChiara*, 87 N.Y.S.3d 97, 98 (2018), the court held that a plaintiff has the burden of proving an exception to the statute of limitations, stating a defendant "bears the initial burden of proving, prima facie, [and] that the time in which to commence an action has expired;" the "burden then shifts to the plaintiff to present evidence raising a triable issue of fact as to whether the action falls within an exception to the statute of limitations" or whether the limitations period was tolled.  *Id*.  Likewise, in *BL Doe 3 v. Female Academy of Sacred Heart*, 158 N.Y.S.3d 474, 477 (2021), the court recognized this burden-shifting meant the plaintiff had to show the CVA's claims-revival provision applied to her causes of action; the court ultimately found her claims were time-barred.  *Id*. at 477-478; *see also Novartis Pharma AG v. Regeneron Pharm., Inc*., 2022 WL 289384, at *11 (N.D.N.Y. Jan. 31, 2022) (plaintiff bears burden on equitable estoppel exception to statute of limitations); *Zoe G. v. Frederick F.G*., 617 N.Y.S.2d 370, 371 (1994) (same re tolling exception); *Steo v. Cucuzza*, 624 N.Y.S.2d 203, 205 (1995).

**B.  Plaintiff's Opposition Fails To Demonstrate That Plaintiff's Claims Can Be Revived By The CVA.  Plaintiff's Claims Therefore Are Time-Barred As A Matter of Law.**

Regardless which party must prove the applicability or non-applicability of the CVA, the

undisputed evidence shows Plaintiff's claims are time-barred.  Trying to avoid this conclusion, Plaintiff first argues the conduct upon which his claims are based constitutes forcible touching under N. Y. Penal Law § 130.52.  Yet Plaintiff alleges Mr. Fowler only "grazed" Plaintiff's buttocks and legs.  SMF, ¶¶ 4-8.  Such incidental touching cannot constitute "forcible touching," which includes "squeezing, grabbing or pinching," none of which occurred here.  *See, e.g.*, N.Y. Penal Law § 130.52. While Plaintiff avers Mr. Fowler "pressed" into his chest, hips, and shoulders, Plaintiff's claim these are intimate parts is legally unsupported.  And, as stated below, Plaintiff has not shown that any touching was done for the purpose for sexual gratification.

Plaintiff next posits the alleged incident constitutes sexual abuse in the third degree under N.Y. Penal Law § 130.55.  But Plaintiff's allegations cannot meet the elements for this crime because Plaintiff cannot show Mr. Fowler touched Plaintiff's "sexual or other intimate parts for the purpose of gratifying sexual desire."  *See* N.Y. Penal Law §§ 130.00(3), 130.55.

1.      **Plaintiff's Contention That His Entire Body Must Be Considered An "Intimate" Part Is Contrary To The Law And Lacks Merit**

Both forcible touching and sexual abuse in the third degree require the defendant to touch the "sexual or other intimate parts" of the other person.  Plaintiff does not dispute that Mr. Fowler *never* touched Plaintiff's "sexual" body parts.  Plaintiff also acknowledges Mr. Fowler's alleged touching of Plaintiff's buttocks occurred only when Mr. Fowler's hand briefly "grazed" Plaintiff's buttocks while picking him up.  *See, e.g.*, Opp. at 5.

To obscure the fatal defects in his claims, Plaintiff argues his *entire* body constitutes an intimate part.  This interpretation ignores the express statutory language and attempts to stretch the scope of these criminal statutes beyond anything supported by case law.  Mr. Fowler acknowledged the statutes at issue are not limited to the touching of a complainant's reproductive organs and that the buttocks have been found to be an "intimate" part.  But if *any* part of a

complainant's body can be considered "intimate" as Plaintiff now claims, the statutory language requiring the touching be of the "sexual or other intimate parts" of another person would be superfluous and meaningless.  "It is well-settled that courts should avoid statutory interpretations that render provisions superfluous" and must "give effect, if possible, to every clause and word of a statute." *United States v. Rowland*, 826 F.3d 100, 108-109 (2d Cir. 2016).  Plaintiff cites no case, nor is Mr. Fowler aware of any, supporting Plaintiff's claim his entire body constitutes an "intimate" body part under Article 130.  While the manner and circumstances of the touching may inform what constitutes an "intimate" part, that does not mean any part of a complainant's body can suffice.  And Plaintiff cites to no case finding that a complainant's hips, chest, or shoulders were considered intimate parts, nor is Mr. Fowler aware of any.

Plaintiff's cited cases are inapposite.  In *People v. Morbelli*, 544 N.Y.S.2d 442, 444 (1989), the defendant allegedly reached up complainant's dress three times and fondled her leg and upper thigh.  In *People v. Victor P.*, 466 N.Y.S.2d 572, 573 (1983), the defendant allegedly "grabbed and tackled" the complainant's buttocks while on the subway.  In *People v. Gauman*, 985 N.Y.S.2d 209 (2014), the defendant "rubbed his exposed penis against another man's buttocks."  In *People v. Graydon*, 492 N.Y.S.2d 903, 906 (1985), the defendant repeatedly engaged in a continuous rubbing motion of complainant's leg despite complainant's repeated demands that he stop.  The circumstances of these cases are nothing like those Plaintiff alleges here.  The undisputed evidence shows Mr. Fowler did not fondle or grope Plaintiff, rub or caress any part of Plaintiff's body, reach under Plaintiff's clothes, take off his clothes, or continue to touch Plaintiff over objection.

### 2.    Plaintiff's Contention The Alleged Touching Was Done For The Specific Purpose of Sexual Gratification Is Belied By The Undisputed Evidence

Plaintiff asserts Mr. Fowler's alleged wrongdoing constitutes both forcible touching and sexual abuse in the third degree because Mr. Fowler allegedly touched Plaintiff's intimate parts

with the specific purpose of sexual gratification.  As stated in the moving papers, both crimes are specific intent crimes requiring proof the touching of another's "sexual or intimate parts" was done with a specific purpose.  *See* ECF No. 159 at 13-14.  For sexual abuse in the third degree, that specific purpose must be "for the purpose of gratifying sexual desire of either party."  *See* N.Y. Penal Law § 130.00(3), 130.55.  For forcible touching, the specific purpose must be "for the purpose of gratifying the actor's sexual desire" or "of degrading or abusing such person."  *See* N.Y. Penal Law § 130.52.  The undisputed evidence reveals this specific intent cannot be proven.

Plaintiff glosses over the requirement that any touching be for the specific purpose by pointing to the "inherent challenges" in determining a person's mental state and the unremarkable proposition that conduct and circumstances can bear on one's intent.  But Plaintiff ignores that he fails to allege any alleged touching, let alone any touching of an intimate part, done for purposes of sexual gratification.  And Plaintiff cannot defeat summary judgment by merely speculating about Mr. Fowler's alleged intent.  *See, e.g., Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).

Plaintiff attempts to imbue his claims with a sexual connotation wholly unsupported.  Plaintiff admits Mr. Fowler only "grazed" his buttocks and legs as an incidental result of allegedly picking him up.  Plaintiff claims Mr. Fowler then put Plaintiff down on the bed and put his body weight on him while at a "slight angle." SMF, ¶ 11-12. Mr. Fowler's legs and groin allegedly were pressing into the side of Plaintiff's body and hips.  While allegedly on the bed, Mr. Fowler's hands only touched Plaintiff's shoulders.  *Id*., ¶ 14.  The entire incident took less than a minute.

Plaintiff admits Mr. Fowler made no sexual remarks and never discussed sex with him at any time.  Plaintiff agrees Mr. Fowler did not touch Plaintiff's genitals or touch his own genitals.  Plaintiff admits Mr. Fowler never removed his clothes and never tried to remove Plaintiff's clothes.  Plaintiff admits Mr. Fowler did not kiss him or try to kiss him.  Plaintiff does not recall Mr. Fowler

being aroused or having an erection.  Nor does Plaintiff allege Mr. Fowler grinded, thrusted, or gyrated his body against Plaintiff's body; instead, Plaintiff experienced Mr. Fowler's weight on his body as "dead weight."  *See, e.g.,* SMF, ¶ 12.  Plaintiff admits that he was able to get up quickly once he decided to do so.  *Id.*, ¶¶ 18-19.

These assertions starkly contrast with the circumstances in the cases on which Plaintiff relies.   In *People v. Willis*, 917 N.Y.S.2d 788 (2010), the defendant grabbed the complainant's breast, placed his hands on his own crotch before touching the complainant, and had touched the complainant's buttocks on a prior occasion.  In *People v. Hatton*, 26 N.Y.3d 364 (2015), the issue was not whether the purpose was for sexual gratification but whether defendant's act of approaching a complainant and "smack[ing]" her buttocks was to degrade the complainant.  *Id.* at 370.  There, the court was influenced by the claim defendant engaged in such conduct "on a public street, in the presence of an eyewitness," and was unconcerned about "the humiliation evoked by such conduct."  *Id.* at 371.  Nor do the various unpublished cases cited by Plaintiff aid his cause. In *People v. Colon (Eladio)*, 2017 N.Y. Misc. LEXIS 3654, at *1 (1st Dep't 2017), the defendant engaged in a "pattern of bizarre and provocative acts" in the subway shortly before touching complainant, including stroking his own chest, swaying his hips in front of women, and staring at complainant. In *People v. Perez (Miguel)*, 2020 N.Y. Misc. LEXIS 7265, at *1 (1st Dep't 2020), the defendant paid "special attention" to women in the subway (including looking at their buttocks), followed complainant onto a train, positioned himself so he could touch her buttocks, and then followed complainant after she moved away so he could touch her again in the same manner.  In *People v. Michael H.*, 2021 N.Y. Misc. LEXIS 4789, at *4 (2nd Dep't 2021), the defendant approached the complainant, said "look at those big breasts!," squeezed complainants' breasts twice, and continued to try to touch her even after she pushed him away and told him to

stop. Unlike these cases, the incident Plaintiff alleges is devoid of circumstances sufficient to show Mr. Fowler touched a sexual or intimate part of Plaintiff for sexual gratification or to degrade him.

Given the absence of evidence, Plaintiff tries to buoy his claims by citing to inadmissible testimony from third-parties about other alleged, unrelated incidents.  Plaintiff argues Mr. Fowler's denials of the allegations by Dawes and Holtzman "in and of themselves created a factual dispute that lies at the heart of this case."  *See* Opp. at 6.  But Plaintiff cannot salvage his time-barred claims by pointing to a factual dispute about wholly unrelated incidents.  Indeed, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).

Plaintiff does not even attempt to show the purported evidence about the alleged Dawes and Holtzman incidents is admissible here.  It is not.  Dawes's claim that Mr. Fowler allegedly touched his leg for 30 to 45 seconds while they were sitting on a sofa and talking, in a manner Dawes claims made him "mildly uncomfortable" but not feel "threatened," cannot constitute "sexual assault" under FRE413-415.  Likewise, the alleged incident in 1981 about which Holtzman testified is markedly dissimilar to Plaintiff's allegation (and therefore inadmissible), especially given Holtzman was 27 years old and more than five years older than Mr. Fowler.  *See, e.g., United States v. Spoor*, 904 F.3d 141, 145 (2d Cir. 2018) (finding that admissibility of potential FRE413-415 evidence depends on factors including the similarities between the prior and charged acts); *U.S. v. Gordon*, 987 F.2d 902, 908 (2d Cir. 1993) (finding a key factor on the admissibility of FRE 404(b) evidence is whether there is a "close parallel" between the prior and charged acts).[2]

---

[2]  Plaintiff's claim also does not qualify as "a claim for relief based on a party's alleged sexual assault" as defined under FRE 413, which precludes any attempt by Plaintiff to introduce evidence under FRE 415.  Plaintiff has not shown and cannot show Dawes's assertions could qualify as a

### 3.  Plaintiff's Assertion That An Attempted Crime In Violation of Article 110 of the Penal Law Can Satisfy the CVA Is Untenable And Wrong

Plaintiff also suggests—with no supporting authority—that even if Mr. Fowler's alleged conduct did not violate Article 130 of the Penal Law, his claims still should be revived under the CVA because the alleged conduct was an attempted crime under Article 110.  This effort to salvage his time-barred claims is wholly unsupported.

Plaintiff cites various cases to argue a defendant may be charged with the crime of attempted forcible touching or attempted sexual abuse in the third degree.  But none of Plaintiff's cited cases concerned the CVA.  Under the CVA, the issue is not whether it is possible in the abstract for a defendant to be criminally charged under Article 110 with an attempt to commit a sexual offense under Article 130.  Instead, the issue is whether Plaintiff's claims fall within the CVA's limited claim-revival parameters, which only revive claims for "conduct which would constitute a sexual offense as defined in article [130] of the penal law committed against a child less than eighteen years of age."  N.Y. CPLR § 214-g.[3]  The statute does not mention claims based on "attempted" sexual offenses, only claims based on conduct that "constitute[s]" a sexual offense.

If the New York Legislature intended to revive claims based on conduct constituting an attempted sexual offense, it could have done so.  But while the CVA specifically identifies conduct in violation of Article 130, the statute does not mention "attempted" sexual offenses or Article 110 at all.  The Court cannot read into the CVA a claim revival provision not found in the plain text of

---

"sexual assault."  Holtzman's testimony is about an incident so dissimilar to Plaintiff's allegations as to be inadmissible under FRE 404(b) or 415.  Nor can Plaintiff identify any permissible use of this evidence under FRE 404(b)(2).  The alleged conduct in wholly dissimilar and unconnected circumstances cannot prove intent during the incident alleged by Plaintiff.  Instead, Plaintiff seeks to introduce the Dawes and Holtzman testimony for the prohibited and unsubstantiated purpose of falsely labeling Mr. Fowler a pedophile or showing he had a propensity for such crimes.

[3]  N.Y. CPLR § 214-g also revives claims based on conduct that would constitute incest or using a child in sexual performance, but Plaintiff alleges no such conduct.

the statute.  *See, e.g., Andrus v. Glover Constr. Co.*, 446 U.S. 608, 616-617, 100 S.Ct. 1905 (1980).

**C.    Plaintiff Also Fails To Show That An Assault Claim Can Be Revived By The CVA**

While all of Plaintiff's claims are time-barred due to the CVA's inapplicability, Plaintiff's assault claim suffers from an additional defect because all sexual offenses under Article 130 require a touching, while the elements of an assault do not.  Plaintiff tries an end-around by conflating his assault and battery claim, suggesting they are "intertwin[ed]."  But they are distinct claims with distinct elements, and Plaintiff's assault claim must be dismissed.

Plaintiff states nothing in N.Y. CLPR § 214-g "suggests a claim is only revived if an offensive touching occurs" and then cites the statute's revival of claims under N.Y. Penal Law § 263.05 for use of a child in a sexual performance.  But this misses the point.  Plaintiff does not argue his claim is revived under N.Y. Penal Law § 263.05.  Rather, he relies on the CVA's application to sexual offenses under Article 130.  And Plaintiff does not dispute that all sexual offenses under Article 130 involve a touching, including the two on which he relies.

Plaintiff's own Complaint belies his current contention that the CVA applies to his assault claim.  Plaintiff's first claim for assault makes no assertion that Mr. Fowler's alleged wrongful conduct constitutes a sexual offense under Article 130.  Instead, that assertion appears only in the allegations for Plaintiff's second claim, implicitly recognizing the CVA does not apply to the assault claim.  The CVA only revives specifically enumerated claims.  Because assault is not one of them, Mr. Fowler is entitled to summary judgment on Plaintiff's assault claim.

<u>**CONCLUSION**</u>

Plaintiff's claims are not revived by the Child Victims Act.  Instead, they are time-barred as a matter of law.  Mr. Fowler respectfully requests that the Court grant his Motion and enter summary judgment in his favor on all of Plaintiff's claims.

Dated: March 25, 2022
       Irvine, California

Respectfully submitted,

/s/Chase A. Scolnick
   Chase A. Scolnick
   Keller / Anderle LLP
   18300 Von Karman Ave., Ste. 930
   Irvine, California 92612
   (949) 476-8700
   cscolnick@kelleranderle.com

*Counsel for Defendant Kevin Spacey*
*Fowler a/k/a Kevin Spacey*

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Local Rule 5.2, I, Chase A. Scolnick, hereby certify that on March 25, 2022 this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Chase A. Scolnick*

Chase A. Scolnick
