**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY RAPP and C.D., | Case No. 1:20-cv-09586 (LAK) (SDA) |
| Plaintiffs, | |
| -against- | |
| KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY, | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S

## MOTION FOR SUMMARY JUDGMENT

KELLER / ANDERLE LLP
Jennifer L. Keller (*pro hac vice*)
Chase A. Scolnick
Jay P. Barron (*pro hac vice*)
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Tel. (949) 476-8700
jkeller@kelleranderl.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

SHER TREMONTE LLP
Michael Tremonte
90 Broad Street, 23rd Floor
New York, New York 10004
Tel. (212) 202-2600
mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey Fowler*
*a/k/a Kevin Spacey*

1

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................. 5

BACKGROUND ................................................................................................. 6

LEGAL STANDARD........................................................................................... 8

ARGUMENT ...................................................................................................... 9

      A.    Plaintiff's Claims Are Barred By The Statute Of Limitations Because They Do Not Fit the Narrow Claim Revival Provision In New York's Child Victims Act. . 9

      B.    Plaintiff's Claims For Assault, Battery, and Intentional Infliction of Emotional Distress All Fail As A Matter Of Law ................................................................. 10

      C.    Plaintiff's Assault Claim Separately Fails Because It Is Not A Cause Of Action Revived By The Child Victims Act .................................................................... 16

CONCLUSION.................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 106 S.Ct 2505 (1986) ........................................... 7

*Cotter v. Summit Sec. Services, Inc.*, 788 N.Y.S.2d 153 (2005) .................................................... 8

*D'Amico v. City of New York*, 132 F.3d 145 (2d Cir. 1998) ........................................................ 7

*Hayes v. N.Y.C. Dep't of Corrs.*, 84 F.3d 614 (2d Cir. 1996) ...................................................... 8

*Hicks v. Baines*, 593 F.3d 159 (2d Cir. 2010) ............................................................................. 7

*Matter of Ibn Abdus S.*, 939 N.Y.S.2d 294 (2012) ..................................................................... 13

*People v. Helm*, 3 N.Y.S.3d 286 (2014) ..................................................................................... 12

*People v. Kassebaum*, 131 N.Y.S.3d 675 (2020) ....................................................................... 13

*People v. Nuruzzaman*, 797 N.Y.S.2d 728 (2005) ..................................................................... 14

*People v. Prise*, 515 N.Y.S.2d 387 (1987) ................................................................................ 12

*People v. Sumpter*, 737 N.Y.S.2d 219 (2001) ............................................................................ 12

*Rich v. Fox News Network, LLC*, 939 F.3d 112 (2d Cir. 2019) .................................................... 8

**Statutes**

N.Y. CPLR § 214-g ..................................................................................................................... 9

N.Y. CPLR § 215(3) ................................................................................................................... 8

N.Y. Penal Law § 130 ...................................................................................................... 5, 9, 10, 15

N.Y. Penal Law § 130.00(3) ................................................................................................ 10, 12

N.Y. Penal Law § 130.52 ..................................................................................................... 10, 11

N.Y. Penal Law § 130.55 ..................................................................................................... 10, 12

N.Y. Penal Law § 130.60 .......................................................................................................... 11

N.Y. Penal Law § 130.65 .......................................................................................................... 11

N.Y. Penal Law § 15.15 ............................................................................................................ 12

N.Y. Penal Law § 65.00(3)(c) ................................................................................................... 10

N.Y. Penal Law § 70.15(2) ............................................................................................... 10

**Rules**

Fed. R. Civ. P. 56(a ........................................................................................................... 7

Fed. R. Civ. P. 56(c)(1)(A) ................................................................................................ 7

Defendant Kevin Spacey Fowler ("Mr. Fowler"), by and through his counsel, respectfully submits this memorandum of law in support of his Motion For Summary Judgment (the "Motion").

## INTRODUCTION

Plaintiff Anthony Rapp ("Plaintiff") filed this lawsuit thirty-four years after a single alleged incident with Mr. Fowler.  At the outset, it cannot be emphasized strongly enough that Mr. Fowler vehemently denies Plaintiff's allegations.  Plaintiff's allegations are, quite simply, false and never occurred.  But Mr. Fowler does not ask the Court to resolve competing factual disputes in deciding the Motion.  Even taking Plaintiff's claims at face value, they fail as a matter of law.

While Plaintiff has achieved new heights of public attention and significantly advanced his career by making his public accusations against Mr. Fowler in 2017, the undisputed facts do not warrant the labels Plaintiff (and the media) have attached to his allegations.  Plaintiff's allegations amount to a claim Mr. Fowler surprised him by picking him up, putting him on a bed, and putting some of his body weight against him, before Plaintiff "wriggled out" with no resistance.  According to Plaintiff, the entire incident took no more than one minute.  By Plaintiff's own admission, there was no groping, no kissing, no undressing, no reaching under clothes, and no sexualized statements or innuendo.

Plaintiff's claims rely and depend on applying New York's Child Victims Act, which was passed in 2019.  That legislation revived a narrow set of claims based on childhood sexual abuse that otherwise were barred by the statute of limitations.  As relevant here, the claims revived by the Child Victims Act are only those based on conduct that violates Article 130 of New York's Penal Law.  Plaintiff admits his claims lapsed under the applicable statute of limitations over three decades ago if not for application of the Child Victims Act's claim revival provision.

Contrary to the assumption implicit in his allegations, ***Plaintiff's claims cannot be revived by the Child Victims Act***.  The claims revived under the Act include heinous acts against minors of rape, oral or anal sexual conduct, or sexual abuse that Plaintiff indisputably does not allege and that discovery indisputably does not support.  Plaintiff appears to rely on the assumption that the conduct he alleges constitutes sexual abuse in the third degree, which is the least severe of the

sexual crimes under Article 130 of the Penal Law.  But Plaintiff's allegations (as pled in his Complaint and as affirmed by his own sworn testimony) do not meet even that lowest threshold and thus do not come close to constituting criminal conduct which could operate to revive Plaintiff's claims.  Sexual abuse in the third degree requires the touching of the sexual or other intimate part of the complainant for purposes of sexual gratification.  Likewise, the crime of forcibly touching – the only other possible basis for invoking the CVA hinted at by Plaintiff – requires the squeezing, grabbing, or pinching of a sexual or other intimate part of complainant for the purpose of sexual gratification or to degrade and abuse the other person.

Here, the only alleged touching of an "intimate" part by Mr. Fowler was when his hand "graz[ed]" Plaintiff's (clothed) buttocks as an incidental consequence of the act of picking him up. There is no evidence suggesting this fleeting contact between Mr. Fowler's hand and Plaintiff's buttocks was for the purpose of sexual gratification or for degrading or abusing Mr. Rapp.  There is not even any evidence Mr. Fowler intended to make contact with Plaintiff's buttocks at all. Instead, even under Plaintiff's version of events, that momentary contact occurred simply as a result of picking Plaintiff up in much the same manner as Plaintiff routinely was picked up by actor Ed Harris in the play Plaintiff was performing at the time of the alleged incident.

Plaintiff's deposition testimony confirmed there was no touching that could constitute criminal conduct under Article 130 of New York's Penal Law.  That deficiency is fatal to Plaintiff's claims because it necessarily means the Child Victims Act does not apply to the conduct Plaintiff alleges and therefore does not revive his claims.  Instead, Plaintiff's claims are barred by the statute of limitations, and Mr. Fowler in entitled to summary judgment in his favor.

## BACKGROUND

In his Complaint, Plaintiff asserts claims for assault, battery, and intentional infliction of emotional distress.  *See* Mr. Fowler's Statement of Undisputed Material Facts ("SMF"), ¶ 1. Plaintiff's claims all are based on an alleged incident from 1986 when Mr. Fowler purportedly picked up Plaintiff, lifted him onto a bed, and laid on Plaintiff's body.  *Id*., ¶ 2.  Plaintiff admitted during his deposition that Mr. Fowler's alleged "sexual advance" involved no touching of genitals,

no kissing, no undressing of either Plaintiff or himself or any attempt to do so, and no sexualized statements or other statements suggesting an intent to engage in any such conduct. *Id*., ¶ 3.

According to Plaintiff's testimony, the alleged wrongful conduct occurred when Mr. Fowler picked up Plaintiff "like a fireman carry or a groom carrying a bride over the threshold." *Id*. ¶ 4. Plaintiff testified that Mr. Fowler, "in one movement," picked up Plaintiff with one hand on his "shoulders/back area" and the other hand sliding under his "butt and legs to lift [him] up like that." *Id*. ¶ 5. The motion by which Mr. Fowler allegedly picked up Plaintiff was similar to that used by Ed Harris's character in the *Precious Sons* play in which Plaintiff was performing at that time. *Id*. ¶ 6. The act of picking up Plaintiff and putting him on the bed was very brief, and took less than thirty seconds. *Id*. ¶ 7. During that act of picking up Plaintiff, Mr. Fowler's hand allegedly "grazed" Plaintiff's buttocks. *Id*. ¶ 8. Plaintiff testified that he does not recall Mr. Fowler "squeez[ing]" his buttocks, nor did Mr. Fowler's hand "linger" on Plaintiff's buttocks. *Id*. ¶ 9. Mr. Fowler's hand did not make contact with Plaintiff's buttocks any longer than any other part of Plaintiff's body during the act of picking him up. *Id*. ¶ 10. The only time in the entire alleged incident that Mr. Fowler allegedly touched Plaintiff's buttocks was when Mr. Fowler's hand "passed over" or "graz[ed]" it during the act of picking up Plaintiff. *Id*.

Plaintiff alleges Mr. Fowler then put him on the bed and put his body weight on Plaintiff, while at "a slight angle" rather than "perfectly parallel." *Id*. ¶ 11. Plaintiff "experienced" Mr. Fowler's weight on top of him as "dead weight." *Id*. ¶ 12. Plaintiff estimated this lasted between ten to thirty seconds. *Id*. ¶ 13. During that time, Plaintiff believes Mr. Fowler's hands were on Plaintiff's shoulders. *Id*. ¶ 14. Neither Mr. Fowler nor Plaintiff said anything. *Id*. ¶ 15. Plaintiff testified he does not recall Mr. Fowler having an erection, although Plaintiff knew what an erection was by that point in his life. *Id*. ¶ 16. Plaintiff testified that, while on the bed during that 10-30 second period, Mr. Fowler did not touch Plaintiff's penis, genitals, anus, or buttocks. *Id*. ¶ 17. Plaintiff was able to "wriggle out" quickly when he made the decision to do so. *Id*. ¶ 18. Mr. Fowler did not protest or make any statements when Plaintiff wriggled out from underneath Mr. Fowler's dead weight. *Id*. ¶ 19.

Plaintiff testified Mr. Fowler never attempted to remove Plaintiff's clothes, never told Plaintiff to remove Plaintiff's clothes, and did not remove his own clothes.  *Id*. ¶ 20.  Mr. Fowler never touched Plaintiff's penis, genitals or anus at any time.  *Id*. ¶ 21.  Mr. Fowler never put his hands down Plaintiff's pants.  *Id*. ¶ 22.  Nor did Plaintiff ever touch Mr. Fowler's genitals.  *Id*.  Mr. Fowler never kissed Plaintiff.  *Id*. ¶ 23.  Mr. Fowler never said he wanted sex or oral sex with Plaintiff, nor did Mr. Fowler ever say he wanted to kiss Plaintiff or for Plaintiff to kiss him.  *Id*. ¶ 24.  Mr. Fowler never said he wanted to touch Plaintiff's genitals and never asked Plaintiff to touch his genitals.  *Id*., ¶ 25.  Mr. Fowler never showed Plaintiff any pornography of any kind.  *Id*. ¶ 26.  Mr. Fowler has never discussed sex with Plaintiff at any time.  *Id*. ¶ 27.

Mr. Fowler categorically denies the allegations and flatly denies that any of what Plaintiff described took place.  *Id*., ¶ 28.  Mr. Fowler had no sexual interest or desire in Mr. Rapp at that time or any time.  *Id*. ¶ 29.  Nor did Mr. Fowler engage in any interaction or contact with Mr. Rapp that aimed to degrade or abuse him.  *Id*.

Even if Plaintiff's testimony were taken as true, Plaintiff's claims fail as a matter of law, and Mr. Fowler is entitled to summary judgment.

## LEGAL STANDARD

Summary judgment is warranted if the movant shows that "there is no genuine issue as to any material fact and the movant is entitled to judgement as a matter of law."  Fed. R. Civ. P. 56(a).  To defeat a summary judgment motion, the opposing party must establish a genuine issue of material fact by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."  *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).  The nonmoving party "must offer some hard evidence showing that its version of the events is not wholly fanciful."  *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998).  "Only disputes over facts that might affect the outcome of the suit under the governing law" can avoid imposition of summary judgment.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct 2505 (1986).

To meet his burden, the nonmoving party must supply evidence that could show the jury

could reasonably find for him.  And the nonmoving party cannot "create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. N.Y.C. Dep't of Corrs.*, 84 F.3d 614, 619 (2d Cir. 1996).

## ARGUMENT

**A.**   **Plaintiff's Claims Are Barred By The Statute Of Limitations Because They Do Not Fit the Narrow Claim Revival Provision In New York's Child Victims Act.**

Plaintiff's first cause of action against Mr. Fowler is for assault.  Under New York law, "[t]o sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact." *Cotter v. Summit Sec. Services, Inc.*, 788 N.Y.S.2d 153, 154 (2005) (internal quotations omitted).  Plaintiff's second cause of action for battery requires proof "that there was bodily contact, made with intent, and offensive in nature." *Id.* (internal quotations omitted).  And Plaintiff's third cause of action for intentional infliction of emotional distress ("IIED") requires a showing of "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 122 (2d Cir. 2019) (*quoting Howell v. N.Y. Post Co., Inc.*, 596 N.Y.S.2d 350, 353 (N.Y. 1993)).

The statute of limitations for an action to recover damages for assault is one year from the alleged act.  *See* N.Y. CPLR § 215(3).  Likewise, the statute of limitations for both a battery claim and an IIED claim is one year from the incident.  *See id*.  Mr. Fowler's Answer to Plaintiff's Complaint asserts an affirmative defense that all claims are barred by the statute of limitations. *See* SMF ¶ 30.

Plaintiff's claims rely and depend on New York's Child Victims Act, which temporarily

revived a narrow set of claims otherwise barred by the statute of limitations.  Plaintiff concedes

his claims would all be time-barred if not for the application of the Child Victims Act.  In a recent

filing, Plaintiff noted: "Pursuant to New York's Civil Practice Law and Rules section 208, any

civil claim would have been tolled until Mr. Rapp reached 18, or until approximately October

1989, at which point the one-year statute of limitations applicable to claims of intentional torts

would begin to run pursuant to CPLR 215(3).  Mr. Rapp's ability to file a civil claim in New York

against Spacey for the sexual assault was barred as of October 1990 until the CVA was signed into

law on February 14, 2019."  SMF ¶ 31.

> The claim revival provision of the Child Victims Act provides:
>
>> [E]very civil claim or cause of action brought against any party alleging intentional
>> or negligent acts or omissions by a person for physical, psychological, or other
>> injury or condition suffered as a result of conduct which would constitute a sexual
>> offense as defined in article one hundred thirty of the penal law committed against
>> a child less than eighteen years of age, . . . which is barred as of the effective date
>> of this section because the applicable period of limitation has expired, and/or the
>> plaintiff previously failed to file a notice of claim or a notice of intention to file a
>> claim, is hereby revived, and action thereon may be commenced not earlier than six
>> months after, and not later than two years and six months after the effective date of
>> this section.

*See* N.Y. CPLR § 214-g.[1]  The Child Victims Act relied upon by Plaintiff therefore applies to

resuscitate his claims only if they allege a "sexual offense" as defined in Article 130 of the New

York Penal Law.  Because Plaintiff's claims do constitute a "sexual offense," the Child Victims

Act does not revive them and they fail as a matter of law.

**B.    Plaintiff's Claims For Assault, Battery, and Intentional Infliction of Emotional
Distress All Fail As A Matter Of Law**

Plaintiff's claims are all time-barred because the conduct alleged does not fall within the

Child Victims Act's claim revival provision.  Plaintiff's claims may be revived under the Child

---

[1]    N.Y. CPLR § 214-g also applies to claims for incest and use of a child in a sexual
performance, but Plaintiff does not allege either type of conduct.

Victims Act only if they meet the criteria for a sexual conduct offense defined in New York Penal Law § 130.00.  All of the sexual offenses defined in Article 130 rely on some "sexual conduct," which is defined as "sexual intercourse, oral sexual conduct, anal sexual conduct, aggravated sexual contact, or sexual contact," with each of those terms also separately defined.  *See* N.Y. Penal Law § 130.00.

Here, Plaintiff's claims plainly fail to meet the criteria under Article 130.  The alleged incident on which Plaintiff's claims are based inarguably involved no "sexual intercourse," no "oral sexual conduct," no "anal sexual conduct," and no "aggravated sexual contact," as those terms are defined in the code.  Instead, Plaintiff appears to base his claim on the assertion that his allegations constitute "sexual contact," which is defined as: "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party."  *See* N.Y. Penal Law § 130.00(3).[2]

More specifically, the alleged crime upon which Plaintiff appears to base his claims is sexual abuse in the third degree under N.Y. Penal Law § 130.55, which provides that a "person is guilty of sexual abuse in the third degree when he or she subjects another person to sexual contact without the latter's consent. . . ."  *See* N.Y. Penal Law § 130.55.  Sexual abuse in the third degree is a class B misdemeanor, with a maximum sentence of not more than three months imprisonment or one year of probation.  *See* N.Y. Penal Law §§ 65.00(3)(c), 70.15(2), 130.55.

Plaintiff recently suggested his allegations also could constitute the crime of forcible touching under New York Penal Law § 130.52.  That crime, which also is a misdemeanor, occurs

---

[2]     The definition further states: "It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing, as well as the emission of ejaculate by the actor upon any part of the victim, clothed or unclothed."  *See* N.Y. Penal Law § 130.00(3).

when the accused "forcibly touches the sexual or intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire." See N.Y. Penal Law § 130.52.  For this section, "forcible touching includes squeezing, grabbing or pinching." *Id*.

No other crime under Article 130 of the Penal Law is even remotely implicated by Plaintiff's allegations (and Plaintiff has not advanced such an argument).[3]

As a matter of law, Plaintiff's allegations **cannot** constitute sexual abuse in the third degree or forcible touching.  As he confirmed with his sworn deposition testimony, Plaintiff does not claim Mr. Fowler touched his genitals or any other sexual part of his body, nor did Mr. Fowler cause Plaintiff's genitals or any other sexual part of his body touch Mr. Fowler. SMF, ¶¶ 3, 20-22. Plaintiff instead relies on his claim that Mr. Fowler touched an intimate part of his body when Mr. Fowler momentarily "graz[ed]" Plaintiff's buttocks during the process of picking him up.[4]

Plaintiff's claims must fail because they do not meet the criteria necessary to be revived under the Child Victims Act.

---

[3]     For example, N.Y. Penal Law §§ 130.20, 130.25, 130.30, 130.35, 130.40, 130.45, 1305.50, 130.65-a, 130.66, 130.67, and 130.70 for sexual misconduct, rape, criminal sexual act, and aggravated sexual abuse all require sexual intercourse, oral sexual conduct, anal sexual conduct, or a penetrative act.  Plaintiff does not allege, and has never alleged, Mr. Fowler raped him (or attempted to rape him) or engaged in any other conduct which could be a sexual offense under these sections.
        Likewise, N.Y. Penal Law § 130.60 for sexual abuse in the second degree can only apply when the alleged victim is "[i]ncapable of consent by reason of some factor other than being less than seventeen years old" or "[l]ess than fourteen years old."  Here, Plaintiff does not allege any mental disability or other infirmity and was not less than fourteen years old at the time of the alleged incident.  N.Y. Penal Law § 130.65 for sexual abuse in the first degree requires the sexual contact to be by "forcible compulsion" or for the victim to be "physically helpless," "less than eleven years old" or "less than thirteen years old and the actor is twenty-one years old or older." None of these elements apply here.

[4]     Notably, Mr. Rapp failed to mention anything about Mr. Fowler's hand allegedly grazing his buttocks when he asserted his allegations publicly for the first time in the October 2017 *Buzzfeed* article.

First, the transitory passing of Mr. Fowler's hand over Plaintiff's buttocks while picking Plaintiff up does not amount to a touching of an intimate part (and certainly not forcible touching). While New York courts have found that the buttocks can be an intimate part of one's body for purpose of the statute, the cases finding such touching can constitute sexual contact involve wrongful touching clearly targeted and intended to grab or touch a complainant's buttocks, which is not at all what Plaintiff alleges here.  For example, in *People v. Sumpter*, 737 N.Y.S.2d 219, 220-221 (2001), the court found evidence that the defendant "grabbed" and "caressed" the victim's buttocks while trying to "French kiss" her was sufficient to constitute sexual contact.  In doing so, the court held incidents of a "fleeting and casual touching" were inadequate under New York law to support a charge of sexual abuse in the third degree.  *Id*. at 220-222.  Likewise, the crime of forcible touching would require an even greater showing by Mr. Rapp but he has denied Mr. Fowler squeezed, grabbed, or otherwise forcibly touched any sexual or intimate part.

Second, sexual abuse in the third degree and forcible touching are specific intent crimes. *See, e.g*., N.Y. Penal Law § 15.15; *People v. Helm*, 3 N.Y.S.3d 286 (2014) (recognizing sexual abuse in third degree requires the "specific intent" of the actions to be for purpose of sexual gratification); *cf. People v. Prise*, 515 N.Y.S.2d 387, 391 (1987).  Accordingly—and setting aside that the "graz[ing]" of Plaintiff's buttocks does not qualify as a "touching" of an "intimate part" under New York law—Plaintiff's claim must also fail because Plaintiff has not and cannot show that such incidental contact with Plaintiff's buttocks was "for the purpose of gratifying sexual desire of either party."  *See* N.Y. Penal Law §§ 130.00(3), 130.55.  In this case, there is no evidence that the alleged touching was done with the specific intent to gratify sexual desire.  Indeed, in numerous cases that involve conduct far more sexually suggestive than the incidental conduct alleged here, New York courts have held the allegations do not evince the requisite specific intent.

*See, e.g., Matter of Ibn Abdus S.*, 939 N.Y.S.2d 294, 295 (2012) (recognizing that "not all crimes of a sexual nature are committed for the purpose of gratifying sexual desire").

For example, in *People v. Kassebaum*, 131 N.Y.S.3d 675 (2020), the defendant was convicted of sexual abuse in the third degree stemming from an incident in a laundromat during which complainant stated she was slightly bent over to place clothing in a washing machine when defendant passed behind her and touched her buttocks, which was captured by surveillance video. *Id*. at 677-678.   After the close of evidence, the trial court rejected the defendant's motion to dismiss the claim for sexual abuse in the third degree, which argued defendant's contact with the complainant in the laundromat was not made with the requisite intent for sexual gratification. *Id*. at 678.   In rejecting this claim, the trial court found that the "the video shows the defendant turning his hand palm forward, and what I see on the video is that he puts his hands to her buttocks.   The jury can look at that and decide based on that evidence if they find sexual contact." *Id*.   Finding that evidence presented an issue of fact, the trial court permitted the claim proceed to the jury, which convicted defendant.

The Appellate Division reversed the conviction, finding as a matter of law the evidence could not support the conviction on the claim for sexual abuse in the third degree even when drawing all rational inferences for the prosecution.   The appellate court found the video and testimony failed to establish that defendant's touching of complainant's buttocks in the laundromat was for the purpose of sexual gratification. *Id*. at 679-680.   Because that specific intent is a necessary element of sexual assault in the third degree, the appellate court vacated the conviction and dismissed the indictment. *Id*.

Likewise, in *Matter of Iban Abdus S.*, the defendant forcibly squeezed and twisted the complainant's breasts while she was restrained.   939 N.Y.S.2d at 295.   The court found there was

insufficient evidence to prove sexual abuse because the conduct was alleged to have been done to abuse and degrade the victim, not to obtain sexual gratification as required by the statute. *Id*. at 295-296. And, in *People v. Nuruzzaman*, 797 N.Y.S.2d 728 (2005), the court found the sexual abuse in the third degree claim must be dismissed where defendant was alleged to have repeatedly touched complainant's buttocks even after she moved away from him but for the purpose of "degrading and abusing" the complainant, not for gratifying a sexual desire. *Id*. at 730.

Here, there is no evidence that Mr. Fowler's momentarily grazing of Plaintiff's buttocks – even if it occurred as claimed by Plaintiff – was done for the purpose of sexual gratification. Nor is there any evidence that brief touching – which, in any event, did not amount to forcible touching – was for the purpose of degrading or abusing Mr. Rapp.

Instead, at most, the fleeting touching of Mr. Rapp's buttocks was an incidental consequence of Mr. Fowler's act of picking up Plaintiff. Nor does Plaintiff claim Mr. Fowler touched any of his sexual or intimate parts after putting him on the bed. Plaintiff does not recall Mr. Fowler being aroused at any time. Plaintiff confirmed Mr. Fowler made no statements or comments, let alone any statement that could be interpreted as sexual or indicative of a sexually gratifying purpose (or to degrade or abuse him). Mr. Fowler did not attempt to undress himself or Plaintiff, nor did Mr. Fowler attempt to reach under Plaintiff's clothes, touch Plaintiff's genitals, cause Plaintiff to touch his genitals, or kiss or attempt to kiss Plaintiff. Mr. Fowler has never discussed sex with Plaintiff at any time. *See generally* SMF ¶¶ 10-26.

Plaintiff's claim is bereft of any evidence that suggests the conduct he alleges was with the requisite specific intent of sexual gratification or to degrade and abuse. Nor can Plaintiff defeat summary judgment with his own baseless speculation about Mr. Fowler's intent. Plaintiff's wholesale inability to prove Mr. Fowler's brief "graz[ing]" of Plaintiff's buttocks or other conduct

was for the purpose of sexual gratification.  Even taking Plaintiff's allegations as true requires a finding that Plaintiff's claims are not based on conduct constituting a "sexual offense" under New York's Penal Law.

Because Plaintiff's description of the incident in 1986 does not constitute a "sexual offense," Plaintiff's claims fall outside the scope of the Child Victims Act and therefore were not revived by it.  Thus, even if the incident alleged by Plaintiff could support an ordinary assault, battery, or IIED claim, they lapsed decades ago under the one-year statute of limitations period. His claims therefore fail as a matter of law, and Mr. Fowler is entitled to summary judgment.

**C.      Plaintiff's Assault Claim Separately Fails Because It Is Not A Cause Of Action Revived By The Child Victims Act**

All of Plaintiff's claims must fail because they cannot be revived by the Child Victims Act. Plaintiff's assault claim separately fails for an additional but distinct reason.  A claim for assault – *i.e.*, placing plaintiff in imminent apprehension of harmful conduct – cannot constitute a "sexual offense" under Article 130 of the New York Penal Law regardless of the specific alleged conduct. All sexual conduct defined in N.Y. Penal Law § 130.00 which can support a sexual offense require some offensive *touching*, not merely placing someone in "imminent apprehension of harmful contact."  Because an assault cause of action necessarily does not encompass any "touching," it cannot fall within the enumerated claims for which the statute of limitations was revived under the Child Victims Act.  Instead, the standard one-year statute of limitations applies.

**CONCLUSION**

Because Plaintiff's claims are not revived by the Child Victims Act, they are time-barred under the statute of limitations as a matter of law.  Mr. Fowler respectfully requests that the Court grant this Motion and enter summary judgment in his favor on all of Plaintiff's claims.

Dated: March 4, 2022                              Respectfully submitted,
      Irvine, California                              */s/      Chase A. Scolnick*
                                       Chase A. Scolnick

Jennifer L. Keller
Jay P. Barron
Keller/Anderle LLP
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Tel. (949) 476-8700
jkeller@kelleranderl.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

Michael Tremonte
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
Tel.: (212) 202-2600
E-mail: mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey
Fowler a/k/a Kevin Spacey*

**<u>CERTIFICATE OF SERVICE</u>**

In accordance with Local Rule 5.2, I, Chase A. Scolnick, hereby certify that on March 4, 2022 this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Chase A. Scolnick*

Chase A. Scolnick
