UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
ANTHONY RAPP, et ano.,

                Plaintiffs,

-against-                                     20-cv-9586 (LAK)

KEVIN SPACEY FOWLER,

                Defendant.
------------------------------------------x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff Anthony Rapp brings this action pursuant to New York's Child Victims Act against Kevin Spacey Fowler, better known as Kevin Spacey, for sexual assault allegedly committed in 1986 when Mr. Rapp was 14 years of age. The matter now is before the Court on plaintiff's motion to compel discovery of materials relating to a now concluded arbitration between the defendant and the production and distribution companies for the Netflix *House of Cards* television series in which the defendant starred and from which he was fired after CNN reported that a number of people involved with the show had complained of sexual harassment by the defendant.

*Facts*

        Plaintiff served his second request for production of documents on November 23, 2021.[1] The request seeks documents showing the names and addresses of persons who claim to have been victims of "inappropriate sexual contact" by defendant while working on *House of Cards*, all

---

[1] Dkt. 148-3.

records documenting such complaints, complete transcripts of defendant's deposition and testimony in the arbitration, complete transcripts of depositions and testimony in the arbitration by alleged victims, and the complete arbitration award, inclusive of exhibits, as well as an additional deposition of Mr. Fowler. Mr. Fowler objected to the entire request on December 23, 2021.[2] Plaintiff then proceeded to take Mr. Fowler's deposition on January 17, 2022 without having pursued the document request relating to the *Netflix* arbitration. The discovery deadline – the date for the *completion* of all discovery – expired on January 18, 2022.[3] Plaintiff did not file this motion until February 16, 2022.

*The Objections*

        The defendant's objections boil down to these:

- Plaintiff's second document request was made too late.

- Plaintiff failed to comply with the Rule 37(a)(1), which requires a motion to

---

[2] Dkt. 148-4.

[3] Dkt. 118.

On February 4, 2022, counsel jointly requested an extension of "the time to file summary judgment motions, the pretrial order, proposed jury instructions and requested voir dire questions" and explained that they believed that "this continuance is necessary to allow for the completion of discovery, including Justin Dawes' continued deposition . . . ." Dkt. 138. The latter reference was to the fact that the Court had directed the reopening on or before February 18, 2022 of the Dawes deposition for the purpose of answering a few questions that he previously had declined to answer. Dkt. 137. The reference thus was to a specific, existing, and limited exception to the January 18, 2022 discovery deadline. The Court's granting of the requested extension of "the time to file summary judgment motions, the pretrial order, proposed jury instructions and requested voir dire questions" thus certainly did not reopen discovery entirely, least of all to countenance an attempt to raise issues regarding defendant's objections to the plaintiff's second request for production that plaintiff's counsel had not raised with defendant's counsel or the Court.

3

compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

- The discovery requested is precluded by the Court's December 13, 2021 order, which in relevant part stated:

   > "During discovery, plaintiff shall not inquire of the defendant concerning his prior sexual or romantic experiences or encounters, if any, with anyone unless the identity of the person in respect of whom inquiry is made (the 'Subject') has been disclosed by the Subject or otherwise become public, in either case in connection with a claim, published report in mainstream media, or public allegation that any such sexual or romantic experience or encounter was not in all respects consensual. Any such Subject, and the defendant, have substantial privacy interests in their most intimate personal relationships that outweigh any legitimate interest of the plaintiff in pursuing those matters unless the foregoing condition is satisfied."[4]

- All or substantially all of the materials sought concern a confidential arbitration proceeding in which a confidentiality order was entered. The alleged "victim" witnesses were concerned about their identities becoming public and were reassured that their identities and testimony would be protected.

- The information sought is not proportional to any legitimate need in this case. The arbitration concerned an unrelated business dispute, and any alleged sexual harassment on the set of *House of Cards* has nothing to do with the single alleged incident at issue in this case that, if it occurred, took place over thirty years ago.

---

[4] Dkt. 128, at 6-7.

4

*Discussion*

*Timing*

Several things are notable about the timing of the request and the motion:

- CNN broke the story about allegations of sexual harassment and assault by Mr. Fowler of *House of Cards* employees on November 3, 2017, years before the commencement of this action.[5] The existence of such allegations thus was or should have been known to plaintiff and his counsel long before they even brought this action. In fact, plaintiff filed papers in this case in December 2020 that referred to them.[6] He certainly knew of them by then.

- Plaintiff minimizes the delay in serving these discovery requests until November 23, 2021 by claiming that his counsel first learned of *the arbitration* as a result of the November 22, 2021 filing in Los Angeles of a petition to confirm the award in the arbitration. But while the arbitration, which reportedly began in 2019, supposedly was confidential, its existence and some details were widely reported at least as early as late April 2021.[7]

---

[5] Chloe Melas, *'House of Cards' Employees Allege Sexual Harassment, Assault by Kevin Spacey*, CNN (Nov. 3, 2017) (available at https://money.cnn.com/2017/11/02/media/house-of-cards-kevin-spacey-harassment/index.html) (last visited Mar. 6, 2022).

[6] Dkt. 11-5.

[7] Tatiana Siegel, *Kevin Spacey's Strange New World: From Triple Threat to Legal Challenges on Three Fronts*, HOLLYWOOD REPORTER, (Apr. 22, 2021) (available at

Anyone who did an internet search on "Kevin Spacey" should not have been ignorant of the arbitration.

- Plaintiff offers no excuse for his failure to have raised defendant's objections to his second request before the deposition of Mr. Fowler and before the expiration of the discovery deadline. Nor does he seek to excuse having waited almost two full months after defendant objected to his new discovery requests to move to compel.

- Nor does plaintiff claim that he complied with Rule 37(a)(1) which, as noted, requires a motion to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." He did not do so despite the fact that defendant's objections to plaintiff's discovery request repeatedly offered to participate in a good faith meet-and-confer to discuss the parties' respective positions.

- This action now is at an advanced state. Defendant has moved for summary judgment. The parties have filed the proposed pretrial order, proposed jury instructions, and proposed *voir dire*. Subject to the disposition of the pending summary judgment and remand motions, the case is set for trial.

---

https://www.hollywoodreporter.com/movies/movie-news/hollywood-pariah-kevin-spacey-faces-mounting-legal-woes-4169709/) (last visited Mar. 6, 2022); *see also* Rachel Brodsky, *Kevin Spacey Reportedly Broke into "Song-and-Dance Number" During Sexual Assault Arbitration*, INDEPENDENT (Apr. 22, 2021) (available at https://www.independent.co.uk/arts-entertainment/films/news/kevin-spacey-reportedly-broke-into-songanddance-number-during-sexual-assault-arbitration-b1836124.html) (last visited Mar. 6, 2022).

These circumstances counsel against granting the relief sought. While I accept, in the absence of contrary proof, that plaintiff's counsel first learned *of the arbitration* in late November 2021, he certainly was chargeable with notice of it. The simplest resort to a search engine would have revealed the existence of the arbitration no later than late April 2021.

*Confidentiality of Subjects' Identities and the December 13, 2021 Order*

As a strictly technical matter, pursuit of this discovery – to the extent it seeks (1) a further deposition of Mr. Fowler concerning the allegations made in the *Netflix* arbitration, and (2) documents concerning the allegations of sexual harassment made there – is foreclosed by the literal words of this Court's December 13, 2021 order because the identities of the subjects of the alleged harassment have not "been disclosed by the Subject or otherwise become public, in either case in connection with a claim, published report in mainstream media, or public allegation that any such sexual or romantic experience or encounter was not in all respects consensual." But that is too simple a view because the order did not envision the existence of another proceeding in which evidence concerning Mr. Fowler's alleged sexual conduct had been adduced from witnesses uninvolved in this case. Nevertheless, concerns that were relevant to the December 13, 2021 order are pertinent here as well.

The arbitration proceeding was covered by a protective order to which the parties stipulated and which the arbitrator "so ordered."[8] All testimony in the arbitration was deemed Confidential and subject to broad restraints on its disclosure.[9] That was not surprising given that

---

[8] Dkt. 149-2.

[9] Dkt. 149-1, ¶ 4; Dkt. 149-2, ¶ 1.5.

the victims of the alleged sexual harassment all were crew members on *House of Cards* and did not wish their identities to become public for various reasons, including reluctance "to testify out of fear that if it became known they had testified against the former lead actor and executive producer of a show on which they worked, it could affect their ability to get work in the future."[10] Counsel for the *House of Cards* production and distribution companies, the claimants in the arbitration, assured these crew members and/or their attorneys "that their deposition testimony would be designated confidential under the Stipulated Protective Order, and that all efforts would be made to seal the testimony if it ever became necessary to file it publicly--for example, as part of a petition to confirm or vacate an arbitration award."[11]

In order to ensure that the interests of the crew member-witnesses were given full consideration, the Court directed that the witnesses identified in the arbitration award[12] with respect to the sexual harassment allegations be notified of the plaintiff's discovery requests and advised that they could seek to intervene in this action and express their views with respect to disclosure.[13] Four of the witnesses submitted written objections that made clear those individuals' wishes to remain anonymous and avoid involvement in this case. Defendant's counsel, who was privy to the

---

[10] Dkt. 149-1, ¶ 5.

[11] *Id.* ¶ 6.

The testimony of these witnesses for purposes of the arbitration consisted of their depositions.

[12] The Court reviewed the arbitration award and the deposition testimony of these witnesses *in camera* and *ex parte* so as to better inform a decision on this application.

[13] Dkt. 166.

8

identities of the subjects as counsel for the defendant and who therefore was charged with responsibility for conveying the Court's invitation for the subjects to be heard on this issue,[14] reported that other subjects, who had not retained counsel or provided written statements, "reiterated their requests to remain anonymous and stated their desire not to be contacted or otherwise involved in this dispute."[15]

It is not clear whether these subjects were promised absolute secrecy or absolute protection against the disclosure of their identities. The arbitration protective order disclosed the possibility that Confidential information might have to be disclosed pursuant to subpoena or court order.[16] But the record does not clearly establish that these individuals were given copies of that document, and it appears that at least one did not understand the possibility that his identity and testimony might be revealed in other proceedings. In any case, the privacy interests of these individuals, though not dispositive or even of great weight in deciding this motion, are reasonable and entitled to consideration. Moreover, it bears mention that this case involves an alleged sexual assault on one who was 14-years of age at the time it is said to have occurred. Whatever happened in connection with *House of Cards* is said to have involved adults and to have occurred over thirty years later. While the point is not necessary to the result here, the Court is mindful that introduction of those alleged events into this case – even if they were to prove technically relevant and admissible, as to which the Court now expresses no view – would threaten undue complication, prolongation and confusion.

---

[14] *Id.*

[15] Dkt. 171.

[16] Dkt. 149-2, ¶ 3.3.

9

*Conclusion*

Accordingly, plaintiff Rapp's motion to compel production of documents pursuant to his second notice to produce and for an additional deposition of Mr. Fowler (Dkt 148) is denied.

SO ORDERED.

Dated:   April 25, 2022

_____
Lewis A. Kaplan
United States District Judge