**MEMO ENDORSED**

# JASSY VICK CAROLAN

LOS ANGELES   SAN FRANCISCO

355 South Grand Avenue, Suite 2450 | Los Angeles, CA 90071 | T 310.870.7048 | F 310.870...

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/25/22
```

BY ELECTRONIC FILING
Hon. Lewis A. Kaplan
United States Courthouse
200 Pearl Street
New York, NY 10007

May 23, 2022

    Re:    *Kevin Spacey Fowler a/k/a Kevin Spacey v. Adam Vary*,
            Southern District of New York, Case No. 22-mc-0063 (LAK);
            *Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey*,
            Southern District of New York, Case No. 20-cv-09586 (LAK)

Dear Judge Kaplan,

      I am counsel for non-party subpoenaed journalist Adam Vary, appearing pursuant to Fed. R. Civ. P. 45(f). I write with respect to the Court's order dated May 19, 2022 [Dkt 17, 22-mc-0063] (the "May 19 Order"), which states: "On or before May 31, 2022, Mr. Vary shall submit for in camera inspection, under seal, all documents responsive to Mr. Fowler's December 29, 2021 subpoena [Dkt 1-6, 22-mc-0063]." Mr. Vary respectfully requests that the Court reconsider and vacate its May 19 Order; or, in the alternative, Mr. Vary requests relief from the scope and timing of the May 19 Order.

      Mr. Fowler's December 29, 2021 subpoena (the "Subpoena") contained 29 broad requests for production. [Dkt 1-6, 22-mc-0063]. The May 19 Order requires submission to the Court of all documents responsive to the Subpoena, but Mr. Fowler only moved to compel as to 22 of the 29 requests in the Subpoena. [Dkt 1-1, 22-mc-0063]. Among those 22 requests that are the subject of Mr. Fowler's motion, Mr. Fowler's counsel, without sufficient regard to counsel's duty not to unduly burden a non-party deponent, Fed. R. Civ. P. 45(d)(1), included sweeping requests that have little to no connection with the underlying case. Indeed, as noted in the joint stipulation filed pursuant to the local rules of the Central District of California, Dkt 1-1, 22-mc-0063, Mr. Fowler did not even try to articulate the relevance of seven of the 22 Requests at issue in his motion papers (Requests Nos. 12, 13, 14, 15, 16, 17, 18).

      In *United States v. Gambino*, 741 F. Supp. 412, 414-15 (S.D.N.Y. 1990), upon reargument, Judge Leisure of this Court vacated an order directing a journalist to provide his notes for in camera review. Judge Leisure observed that "in camera inspections provide a useful intermediate step between full disclosure and total nondisclosure," however, Judge Leisure also held that "[t]he Court does not doubt the chilling effects created by the potential for in camera inspections." *Id.* at 414. And Judge Leisure further held that "[i]t is certain that some threshold showing of materiality, relevance, and necessity should be required before conducting an in camera review." *Id.* at 415 (internal quotation marks and brackets omitted) (quoting *New York Times Co. v. Jascalevich*, 431 U.S. 1331, 1334-35 (1978) (Marshall, J. as Cir. J.) ("forced disclosure of these materials, even to a judge for in camera inspection, will have a deleterious effect on the ability of the news media effectively to gather information in the public interest");

Memorandum Endorsement                                                Fowler v. Vary, 22-mc-0063 (LAK)
                                                                       Rapp v. Fowler, 20-cv-9586 (LAK)

This letter motion for reconsideration and, on reconsideration, vacatur of the order dated May 19, 2022 (22-mc-0063 Dkt 17) (the "May 19 Order") or, alternatively, relief from the scope and timing of that order is GRANTED to the extent that the Court has reconsidered the May 19 Order. On reconsideration, it MODIFIES THE MAY 19 ORDER to provide that Mr. Vary, on or before June 7, 2022, shall submit for *in camera* inspection, under seal, all documents responsive to Request Nos. 1 through 6, 9, 11 through 21, and 26 through 29 of Mr. Fowler's December 29, 2021 subpoena. In all other respects the Court adheres to its original decision.

In view of the letter from Mr. Vary's counsel, a number of other points are pertinent.

1. The letter begins by presupposing that California law governs and that Mr. Vary's claimed protection therefore is absolute, thus obviating the need for *in camera* inspection. Even putting aside choice of law questions, however, he appears to be mistaken. California state law provides an absolute immunity from contempt, though not other sanctions, and not a privilege against disclosure. *New York Times Co. v. Superior Court,* 51 Cal.3d 453, 461-64 (1990) (clarifying that "the [California] shield law by its own terms" is "not a privilege").[1] Disobedience of a federal court order, however, can constitute civil contempt under federal law and, in some circumstances, a federal crime. *See, e.g.*, 18 U.S.C. § 401(3). Other sanctions short of contempt may be available to federal courts under the Rules of Civil Procedure and the Rules Enabling Act. California's shield law affords no immunity from any. *See* U.S. CONST., Art. VI. Accordingly, it cannot obviate the need for *in camera* inspection.

2. In the same paragraph, Mr. Vary shifts from California law to claiming that *in camera* review would violate his claimed First Amendment rights as a journalist. But any First Amendment protection is qualified, and the burden of establishing its existence is on Mr. Vary. Moreover, the existence or level of First Amendment protection depends upon whether Mr. Vary was acting as an independent journalist as opposed to someone writing an article to achieve some purpose of another person, in this case perhaps Mr. Rapp. *See Chevron Corp. v. Berlinger*, 629 F.3d 297, 307-08 (2d Cir. 2011). Here, evidence already of record discloses that Messrs. Rapp and Vary were friends of more than 20 years standing when Rapp approached Vary with his claim concerning Mr. Fowler. Moreover, it indicates that Mr. Vary did not report certain detail imparted to him by Rapp because that detail could not be verified. Accordingly, while the Court has reached no conclusion, there perhaps is some basis for inferring that Mr. Vary acted to achieve a purpose of Mr. Rapp and that his reporting was influenced by their friendship. Many of the disputed requests go to these issues and thus are relevant to the existence or level of any First Amendment protection.

3. Mr. Vary suggests also that he should not be compelled to produce attorney-client communications for *in camera* review. To be sure, his response to the document request included the statement "Vary objects to this Request to the extent that it calls for material protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or doctrine." 22-mc-0063 Dkt 1-1. But that was not a sufficient assertion of attorney-client privilege. It did not in fact say that any allegedly privileged document that was responsive to the request actually existed, let alone its nature, subject matter, date, and so on. He has not produced a privilege log. And the burden is entirely on him to show that there in fact are responsive privileged documents and that the several essential elements of attorney-client privilege in fact are satisfied. He has not met that burden.

SO ORDERED.

Dated:     May 25, 2022

                                                                            /s/ Lewis A. Kaplan
                                                                           Lewis A. Kaplan
                                                                           United States District Judge

---

[1] The latter point negates any contention, even putting aside questions of choice of law that otherwise could be relevant, that California law might apply by virtue of Fed. R. Evid. 501.