

May 25, 2022

**By Electronic Filing**

The Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: *Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey*
            Southern District of New York, Case No. 1:20-cv-09586 (LAK)

Dear Judge Kaplan:

      As Your Honor knows, we represent defendant Kevin Spacey Fowler. I write in response to the letter to Your Honor earlier today from Peter Saghir, counsel for plaintiff Anthony Rapp. In his letter, Mr. Saghir suggests some impropriety or duplicitous intent by virtue of the supplemental documents I provided to Your Honor yesterday. That is not the case. Mr. Fowler no longer has a staff who maintains his calendars, and the ability to access his old calendars from previous years and the existence of references to UK flight information in those calendars was not known until very recently.

      In response to jurisdictional discovery, Mr. Fowler searched for and provided, among other things, e-mails with flight itineraries involving the United Kingdom, flight receipts/agendas with flight information involving the United Kingdom, and copies of all passport pages with stamps involving the United Kingdom. In his recently-filed second motion to remand, Plaintiff made specific claims about certain trips to the United Kingdom from 2014-2017 gleaned from the discovery Mr. Fowler had provided and falsely suggested those trips were of lengthy duration or otherwise indicative of some intent to live in the United Kingdom. In responding to those specific claims, Mr. Fowler's manager discovered that the old electronic calendars could be accessed. Mr. Fowler reviewed those calendars in refreshing his memory and providing the information in his Supplemental Declaration filed April 20, 2022. *See* ECF No. 194 at ¶ 15. As stated in my letter yesterday, in preparing for the upcoming targeted evidentiary hearing, I felt it appropriate to provide those the portions of those calendars reflecting UK travel to Plaintiff's counsel and the Court given Mr. Fowler had reviewed them in preparing his supplemental declaration.

      Mr. Saghir's claim of some wrongful intent relies in part on written discovery Plaintiff served after discovery cutoff and to which Mr. Fowler appropriately objected. Nor did Plaintiff seek to compel production in response to that belated discovery, likely because his motion to compel other belated discovery was denied by the Court. Mr. Saghir raises his objection not due to any legitimate concern or prejudice but to obscure the fact Mr. Fowler's UK travel information in the calendars only confirms what Mr. Fowler has consistently maintained for years – that he has been domiciled in Maryland since at least 2014 and travel to the UK since then has been for

May 25, 2022
Page 2

relatively short durations and mostly tied to specific projects or promotions.  And Mr. Fowler's Maryland domicile has been demonstrated by the overwhelming evidence previously provided in opposition to Plaintiff's second motion to remand, including property records showing his residences in Maryland, tax records showing he paid taxes as Maryland resident, corroborating declarations from his manager and business manager, and his own uncontroverted statements.

    Respectfully submitted,
    KELLER/ANDERLE LLP

    Chase A. Scolnick

cc:    Peter J. Saghir
    Ben Rubinowitz
    Rachel Jacobs
    Michael Tremonte
    Erica A. Wolff
    Jennifer L. Keller
    Jay P. Barron