# JASSY VICK CAROLAN   MEMO ENDORSED

LOS ANGELES   SAN FRANCISCO
355 South Grand Avenue, Suite 2450 | Los Angeles, CA 90071 | T 310.870.7048 | F 310.870.7010 | JASSYVICK.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/1/22

May 27, 2022

BY ELECTRONIC FILING
Hon. Lewis A. Kaplan
United States Courthouse
200 Pearl Street
New York, NY 10007

      Re:    *Kevin Spacey Fowler a/k/a Kevin Spacey v. Adam Vary*,
             Southern District of New York, Case No. 22-mc-0063 (LAK);
             *Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey*,
             Southern District of New York, Case No. 20-cv-09586 (LAK)

Dear Judge Kaplan,

      As Your Honor knows, I am counsel for non-party subpoenaed journalist Adam Vary. Mr. Vary respectfully moves for clarification of the Court's order dated May 19, 2022 (Dkt 17, 22-mc-00063) (the "May 19 Order") and the Court's order dated May 25, 2022 (Dkt 19, 22-mc-00063) (the "May 25 Order") (collectively, the "Court's Orders").

      As a preliminary matter, I want to assure the Court that we are working diligently with Mr. Vary to gather materials for *in camera* review pursuant to the Court's Orders. We do, however, respectfully request clarification as to two important points.

      (1) We request clarification as to whether the Court requires information from confidential sources as part of the *in camera* review. Mr. Fowler's motion to compel repeatedly insists that he "is not seeking information from confidential sources" as to any of the 22 requests for production at issue. *See, e.g.*, Dkt 1-1, 22-mc-00063, at 42, 66, 71, 73, 75, 77, 80, 82, 84, 86, 88, 90, 93, 95, 97, 99, 101, 103, 106, 108, 110, 112, 114.

      Nearly all of the records, and portions of records, covered by the Court's Orders reviewed to date contain non-confidential information—*e.g.*, as between Mr. Rapp and Mr. Vary.[1] In other words, nearly all of the materials contain unpublished newsgathering information that we maintain is privileged and shielded from production, but we acknowledge was not provided or obtained subject to promises of confidentiality. However, there are a handful of source names and information that was provided pursuant to promises of confidentiality. Our understanding is that the confidential sources corroborate Mr. Rapp's account, but do not want to have their information exposed. Although we maintain that both non-confidential and confidential unpublished newsgathering materials are privileged and shielded from disclosure, there are special protections and considerations for confidential source materials. *See, e.g., Baker v. F&F*

---

[1] Our understanding is that the bulk, if not all, written communications between Mr. Rapp and Mr. Vary were already produced in discovery by Mr. Rapp.

1:22-mc-631:22-mc-63<u>Memorandum Endorsement</u>    Fowler v. Vary, 22-mc-0063 (LAK)
<u>Rapp v. Fowler, 20-cv-9586 (LAK)</u>

       This Court's May 19, 2022 order [Dkt 17], as modified by its May 25, 2022 order [Dkt 19], is entirely clear: "Mr. Vary, on or before June 7, 2022, shall submit for *in camera* inspection, under seal, all documents responsive to Request Nos. 1 through 6, 9, 11 through 21, and 26 through 29 of Mr. Fowler's December 29, 2021 subpoena." There is no ambiguity. And Mr. Vary's counsel ought to bear in mind that an order of the Court is not to be treated as the commencement of a dialogue with counsel.

       Mr. Vary shall comply with the modified May 19, 2022 order on or before June 7, 2022.

       SO ORDERED.

Dated:      June 1, 2022

                                                   Lewis A. Kaplan
                                           United States District Judge