UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ANTHONY RAPP, et ano.,

                                Plaintiffs,

        -against-                                                    20-cv-9586 (LAK)


KEVIN SPACEY FOWLER,

                                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/2022

### MEMORANDUM OPINION ON DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT

            Appearances:


                            Peter J. Saghir
                            GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                            HERSHENHORN, STEIGMAN & MACKAUF
                            *Attorneys for Plaintiff*

                            Chase A. Scolnick
                            KELLER/ANDERLE LLP
                            *Attorneys for Defendant*


LEWIS A. KAPLAN, *District Judge*.

            Plaintiff Anthony Rapp brings this action pursuant to New York's Child Victims Act

against Kevin Spacey Fowler, better known as Kevin Spacey, for sexual assault allegedly committed in

Manhattan in 1986 when Mr. Rapp was 14 years of age.  The matter now is before the Court on

defendant's motion for summary judgment dismissing the complaint.

2

*Facts*

Very briefly stated, Mr. Rapp claims that Mr. Fowler lifted him up, that Mr. Fowler's hand his "grazed" Mr. Rapp's clothed buttock for seconds as he did so, that Mr. Fowler placed Mr. Rapp back-down on a bed, and Mr. Fowler then briefly placed his own clothed body partially beside and partially across Mr. Rapp's.  Mr. Rapp "wriggled out," got up, and left the premises.  Mr. Rapp testified at his deposition that there was no kissing, no undressing, no reaching under clothes, and no sexualized statements or innuendo.[1]  He acknowledges that the entire incident took no more than two minutes.

The complaint alleges that Mr. Fowler's actions constituted assault, battery and intentional infliction of emotional distress.  Mr. Rapp seeks compensatory and punitive damages.

*Discussion*

Under the usually applicable New York statutes of limitations, these claims all would be time barred.[2]  In 2019, however, the Legislature enacted the Child Victims Act, which provides in relevant part:

"Notwithstanding any provision of law which imposes a period of limitation to the contrary . . . , every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than

---

[1]

See Rapp Deposition Transcript [Dkt. 195-5], at 84-98.

[2]

See N.Y. CPLR §§ 208 (otherwise applicable prescriptive period delayed during infancy), 213 (six year prescriptive period where period not otherwise provided, including intentional infliction of emotional distress) & 215, subd. 3 (one year prescriptive period for assault and battery).

3

eighteen years of age . . . , which is barred as of the effective date of this section because the applicable period of limitation has expired . . . , is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section." [3]

*The Scope of the Revival Statute*

It is undisputed that Mr. Rapp was under the age of 18 at the time of the alleged events and that this action was commenced within the revival period following the effective date of the statute. Accordingly, Mr. Fowler's first argument is this: Viewing the evidence in the light most favorable to the plaintiff and drawing in favor of the plaintiff all inferences reasonably drawn, as I must on Mr. Fowler's motion, a jury could not reasonably conclude that Mr. Fowler's alleged actions constituted "a sexual offense as defined in article one hundred thirty of the penal law." Mr. Rapp's opposition to the motion relies exclusively on Penal Law Sections 130.52 and 130.55, which define the misdemeanors of forcible touching and sexual abuse in the third degree, respectively.

*Forcible Touching*

Forcible touching, in relevant part, occurs when a "person intentionally, and for no legitimate purpose . . . forcibly touches the sexual or intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire." [4] It "includes

---

[3]      N.Y. CPLR § 214-g.  New York's Child Victims Act took effect on February 14, 2019.

[4]      N.Y. Penal L. § 130.52, subd. 1.

4

squeezing, grabbing or pinching."[5] Mr. Rapp claims that Mr. Fowler's alleged actions, especially given the circumstances in which they allegedly occurred, reasonably may be construed as having included forcible touching of Mr. Rapp's "intimate parts."[6] Mr. Fowler disagrees with this reading of Section 130.52, subd. 1. He argues that the term "intimate parts" does not include the portions of Mr. Rapp's anatomy which Mr. Rapp claims Mr. Fowler touched. In any case, he contends, forcible touching is a specific intent crime, and there is no evidence that could permit a conclusion that he possessed the requisite intent.

### 1. "Intimate Parts"

When, as here, a federal court exercises jurisdiction on the basis of diversity of citizenship, it is obliged to apply state substantive law. And it does not write on a blank slate in doing so. It is obliged to follow the decisions of the state's highest court and, in the absence of a controlling decision by that court, those of intermediate appellate courts unless there are strong reasons to conclude that the state's highest court would reach a different result.[7]

The Appellate Division, First Department, of the New York Supreme Court has made clear that the term"intimate parts" as used in Penal Law Section 130.52, subd. 1, is not defined solely in terms of anatomy. In a case involve a kiss on the victim's neck, it wrote:

---

[5]

*Id.* § 130.52.

[6]

There is no contention that there was any touching of Mr. Rapp's "sexual parts."

[7]

*Comm'r of Internal Rev. v. Estate of Bosch,* 387 U.S. 456, 465 (1967) (judgment of intermediate appellate state court "is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise") (quoting *West v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 237 (1940)); *see also West,* 311 U.S. at 236 (federal court sitting in diversity "is not free to reject the state rule merely because it has not received the sanction of the highest state court").

"The Court of Appeals has cautioned against 'hypertechnical or strained interpretations' of the sexual abuse statute (*People v Ditta,* 52 NY2d 657, 660 [1981]). We conclude that, under general societal norms, the neck qualifies as an intimate part because it is sufficiently personal or private that it would not be touched in the absence of a close relationship between the parties. Moreover, since 'intimacy is a function of behavior and not merely anatomy,' the manner and circumstances of the touching should also be considered (*People v Graydon,* 129 Misc 2d 265, 268 [Crim Ct, NY County 1985]), and we reject defendant's argument that to do so would conflate the sexual gratification element with the issue of whether a body part is an intimate part. Here, defendant stripped naked, climbed onto the sleeping victim, and licked her neck. This conduct clearly fell within 'the plain, natural meaning' (*People v Ditta,* 52 NY2d at 660) of the statute."[8]

While the facts here differ, the Appellate Division's reasoning with respect to the proper construction of Section 130.52, subd. 1, is directly applicable in this case. There is no persuasive reason to suppose that the New York Court of Appeals would hold otherwise. Accordingly, this Court is obliged to consider the manner and circumstances in which the touching allegedly took place in addition to the specific body parts with which contact allegedly was made.

In this context, there is a genuine issue of material fact as to whether Mr. Fowler engaged in forcible touching of Mr. Rapp's "intimate parts."

## 2.    *Specific Intent*

As noted, forcible touching is a specific intent offense. The statute bars forcible touching only where it takes place "for the purpose of degrading or abusing [the victim], or for the purpose of

---

[8]    *People v. Sene,* 66 A.D.3d 427, 427-28 (1st Dept. 2009).

gratifying the actor's sexual desire." Suffice it to say that the record now before me, viewed in the light most favorable to the plaintiff, raises a genuine issue of material fact as to whether Mr. Fowler acted "for the purpose of gratifying . . . sexual desire."

### Third Degree Sexual Abuse

Penal Law Section 130.55 defines sexual abuse in the third degree as subjecting "another person to sexual contact without the latter's consent." "Sexual contact" in turn is defined by Section 130.00, subd. 3, in relevant part as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party. It includes . . . the touching of the victim by the actor, whether directly or through clothing . . . ."

Mr. Fowler's arguments with respect to Section 130.55 are essentially the same as those he makes with respect to forcible touching, viz. that the alleged touching of Mr. Rapp did not involve Mr. Rapp's "intimate parts" and, in any case, that there was no specific intent  The preceding discussion, however, requires the conclusion that there is a genuine issue of material fact as to Section 130.55 as well.

### The Assault Claim

Mr. Fowler contends, in the alternative, that plaintiff's first cause of action, simple, common law assault, is time barred because the Child Victims Act did not revive such claims.

Common law assault consists "of physical conduct placing the plaintiff in imminent apprehension of harmful contact."[9]  The Child Victims Act, however, revived only civil claims and causes of action

---

[9]
> *E.g., Macareno v. City of New York,* 187 A.D.3d 1164, 1167 (2d Dept. 2020) (quoting *Cotter v. Summit Sec. Servs.,* 14 A.D.3d 475, 475 (2d Dept. 2005)) (internal quotation marks omitted).
>
> Unlike those of many states, New York's Penal Law provisions concerning the crime of assault do not mirror the law of civil liability for the tort of assault.  N.Y. JUR.2D, *Assault – Civil Aspects* § 1 (2022).

"alleging intentional or negligent acts or omissions by a person for . . . injury or condition suffered as a result of conduct *which would constitute a sexual offense as defined in article one hundred thirty of the penal law* committed against a child less than eighteen years of age, *incest as defined in section 255.27, 255.26 or 255.25 of the penal law* committed against a child less than eighteen years of age, *or the use of a child in a sexual performance as defined in section 263.05 of the penal law*, or a predecessor statute that prohibited such conduct at the time of the act, which conduct was committed against a child less than eighteen years of age . . ."[10] As common law assault is not a sexual offense, incest or the use of a child in a sexual performance, all as defined in the Penal Law, the Child Victims Act did not revive such claims. The first cause of action therefore is barred by the statute of limitations.

*Conclusion*

For the foregoing reasons, defendant's motion for summary judgment dismissing the complaint (Dkt. 159) is granted to the extent that the first cause of action is dismissed, but denied in all other respects.

SO ORDERED.

Dated:      June 6, 2022

_____
Lewis A. Kaplan
United States District Judge

---

[10]   N.Y. CPLR § 214-g (emphasis added).