UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

KEVIN SPACEY FOWLER,

                Movant,

       -against-                           22-mc-0063 (LAK)

ADAM VARY,

                Respondent.
------------------------------------------------x

ANTHONY RAPP, et ano.,

                Plaintiffs,

       -against-                           20-cv-9586 (LAK)

KEVIN SPACEY FOWLER,

                Defendant.
------------------------------------------------x

**ORDER TO SHOW CAUSE**

LEWIS A. KAPLAN, *District Judge.*

        Mr. Fowler subpoenaed various documents from Mr. Vary, the author of an article published on the *Buzzfeed* website in October 2017. For the most part, Mr. Vary declined to produce the requested documents, asserting various provisions of law that, he contends, protect journalists from compelled disclosure of the material and objecting also to the production of responsive documents, if any are within his possession, custody or control, that are protected by the attorney client privilege. Mr. Fowler moved to compel production. That motion has been fully briefed and under submission for months. Dkt. 15, 22-mc-0063.

        On May 19, 2022, this Court ordered that Mr. Vary submit, under seal, for *in camera* review various materials that he may be withholding from production in order to aid the Court's analysis of whether he has satisfied his burden of showing that the materials, if indeed there are any, should be produced to the defendant. Mr. Vary then moved for reconsideration of the May 19 order, claiming in major part that the First Amendment and various other legal bases precluded *in camera* inspection by the Court. The Court adhered to its original decision (apart from granting a brief

2

extension for the required *in camera* submission) in a May 25 order, observing also that Mr. Vary's purported assertion of the attorney-client privilege, an assertion on which he bore the burden of proof, was patently deficient. Mr. Vary next moved for "clarification" of the May 25 order, parroting a number of arguments he already had raised unsuccessfully on reconsideration. On June 1, the Court reiterated Mr. Vary's obligations pursuant to the May 19 and May 25 orders. Mr. Vary then filed a motion to stay the June 1 order, which the Court denied. (The May 19, May 25, and June 1 orders are referred to collectively as the "Orders").

On June 7, 2022, Mr. Vary submitted to chambers the following:

1. Five USB sticks numbered 1 through 5 containing various document files.

2. A copy of a declaration of Mr. Vary in opposition to Mr. Fowler's motion.

3. A purported log said to "concern[] confidential source information."

4. A purported privilege log said to "concern[] attorney-client communications and attorney work product."

5. A transmittal letter dated June 6 from Mr. Vary's counsel that describes the materials just referred to and containing case citations and some legal argument. The letter bears the legend "Under Seal For *In Camera* Review Pursuant to Court Order, Dkt. 17, 22-mc.0063." The letter indicates that copies of the letter were emailed to counsel for plaintiff and defendant "*without attachments*, under seal, attorneys' eyes only." (Emphasis added)

Several things are noteworthy about this submission.

- Mr. Vary's declaration was not submitted during the briefing of Mr. Fowler's motion to compel. It was a *post hoc* attempt to remedy deficiencies in Mr. Vary's showing in response to Mr. Fowler's motion. But at least it was filed on ECF and thus served on all counsel to this underlying case.

- The purported logs of material withheld by Mr. Vary were not filed on ECF and, judging by the statement in the June 6 transmittal letter, were not sent to counsel of record.

- The transmittal letter, while sent to counsel of record by email, was not filed on ECF despite the fact that it transmitted the logs and contained legal argument.

The Orders, which required the *in camera* submission of responsive documents, did not authorize Mr. Vary to make *ex parte* submissions of the logs he provided on June 7. The purpose of such logs is to give parties the ability to challenge assertions of privilege or other protection against disclosure. Permitting their submission *ex parte* would be inconsistent with that

3

fundamental objective.  Nor does the Court now see any proper basis for the purported sealing of the transmittal letter.

In the circumstances, Mr. Vary shall show cause, on or before June 15, 2022, why Items 3, 4 and 5 should not be filed on the public record.

SO ORDERED.

Dated:      June 13, 2022

_____
Lewis A. Kaplan
United States District Judge