

**Keller/Anderle** LLP
BUSINESS TRIAL LAWYERS

# Memo Endorsed

September 22, 2022

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2022
```

***By Electronic Filing***

The Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Plaintiff's response to this letter
application shall be filed on or before
September 24, 2022

/s/ LAK        9/23/2022

Re:   *Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey*
      Southern District of New York, Case No. 1:20-cv-09586 (LAK)

Dear Judge Kaplan:

As Your Honor knows, my firm represents Defendant Kevin Spacey Fowler. I write to request permission to file under seal certain deposition transcript excerpts to be submitted with Mr. Fowler's motions *in limine*, which are due on Monday, September 26th and we would like to file as soon as tomorrow.  The Court previously limited Plaintiff's ability to ask Mr. Fowler in discovery about alleged accusations made against Mr. Fowler by accusers not publicly identified. But, at deposition, Plaintiff's counsel asked Mr. Fowler and his expert witnesses about other accusations or rumors reported or loosely asserted in the media.  Mr. Fowler denied these allegations and, for the reasons set forth in the forthcoming motions *in limine*, none of these issues are relevant to, or should be referenced at, the upcoming trial.

This case is about Plaintiff's claims, not any other rumors or accusations made by third parties.  Because the information has no relevance to this case, the public's right to access such materials is low.  *See, e.g., Toretto v. Donnelly Fin. Solutions, Inc.*, 583 F.Supp.3d 570, (S.D.N.Y. 2022) (stating "presumption of public access is low" where materials are irrelevant to the matter). Further, public disclosure of these transcripts will cause some intrusion on the privacy interests of Mr. Fowler and third parties, even if the accusations previously were made public in some fashion (and one of the other accusers about which Plaintiff's counsel inquired at deposition does not appear to have been publicly identified).  The prejudice to Mr. Fowler would be exacerbated to the extent disclosure of these irrelevant materials received publicity that would taint the jury pool for the trial to begin in two weeks.  The proposed redactions also are narrowly tailored, as this motion concerns only deposition transcript excerpts to be attached to a declaration in support of the motions *in limine*.  The motions and briefs themselves will have few, if any, redactions.  Mr. Fowler therefore requests that the Court grant leave for him to file under seal these limited materials about his forthcoming motions *in limine*.  I met and conferred with Plaintiff's counsel but they would not agree to the proposed sealing.

Respectfully submitted,
KELLER/ANDERLE LLP

Chase A. Scolnick