

BEN B. RUBINOWITZ
JEFFREY B. BLOOM
ANTHONY H. GAIR
HOWARD S. HERSHENHORN ★
RICHARD M. STEIGMAN
DIANA M. A. CARNEMOLLA ★
PETER J. SAGHIR
MARIJO C. ADIMEY ★
CHRISTOPHER J. DONADIO ★
DANIEL L. BROOK, MD, JD
RACHEL L. JACOBS
JAMES S. RUBINOWITZ
DAVID H. LARKIN
MICHELLE L. LEVINE
ALLAN ZELIKOVIC
RICHARD SOLDANO ★
ALEX R. BLOOM
CONOR D. CASSIDY
ALEA K. ROBERTS ★

**GAIR GAIR CONASON** | **RUBINOWITZ BLOOM HERSHENHORN STEIGMAN & MACKAUF**

Counselors at Law
80 Pine Street, 34th Floor
New York, NY 10005
Tel: 212-943-1090
Fax: 212-425-7513
www.gairgair.com

New Jersey Office
One Gateway Center, Ste. 2600
Newark, NJ 07102
Tel: 973-645-0581
Fax: 973-622-8160

★ Member of N.Y. & N.J. Bars

September 26, 2022

<u>BY ELECTRONIC FILING</u>
Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    <u>Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey</u>
              Southern District of New York, Case No. 1.20-cv-09586 (LAK)

Dear Judge Kaplan:

     As you know we represent the plaintiff in the above matter.  We write in response to the September 20, 2022, email from Chase Scolnick, Esq., attorney for defendant Spacey, to the Court representing for the first time that they do not intend on calling their memory expert, Elizabeth Loftus Ph.D., at the time of trial.  Accordingly, we submit the proposed missing witness charge and respectfully request that the charge be made a part of the plaintiff's proposed charges (ECF No. 157) and be read to the jury.

     As Your Honor will recall, on June 3, 2021, counsel for Mr. Spacey made an application to this Court to designate a memory expert even though the time to disclose expert witnesses had passed pursuant to the Court's January 12, 2021, Scheduling Order (ECF No. 68).  The justification provided for the delay in designating Dr. Loftus was purported contradictions of details to Mr. Rapp's testimony.  To that end, Dr. Loftus issued a five (5) page report dated July 12, 2021, and she was deposed on December 22, 2021.  Her testimony was, among other things, that Mr. Rapp's memory of these events was altered by subsequent information he learned over the years.  Thereafter, in preparing for trial, defendant Spacey designated Dr. Loftus as a trial witness in the March 7, 2022, Pretrial Order and further advised the Court as recently as September 19, 2022, that he would be calling her as a live witness at the time of trial.  Now, on the eve of trial, defendant no longer intends to call Dr. Loftus, his memory expert.



GAIR GAIR | RUBINOWITZ
CONASON | BLOOM
| HERSHENHORN
| STEIGMAN & MACKAUF

 

In light of the forgoing, we respectfully request the attached charge be read to the jury. The charge was exchanged with counsel for defendant on Friday, September 23, 2022.

Respectfully submitted,
GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
HERSHENHORN, STEIGMAN & MACKAUF

Peter J. Saghir

Copy to:  Chase Scolnick, Esq.
Jennifer Keller, Esq.
Jay Barron, Esq.

Request # 15

You have heard testimony that the defendant retained Elizabeth Loftus, Ph.D., an expert in memory.  A party is not required to call any particular person as a witness.   However, the failure to call a certain person as a witness may be the basis for an inference against the party not calling the witness.  For example, in this case, the defendant did not call Elizabeth Loftus, Ph.D., a memory expert, who defendant had retained to testify on the issue of plaintiff's memory.  The defendant has not offered any explanation for not calling Dr. Loftus. As a result, you may, although you are not required to, conclude that the testimony of Dr. Loftus would not support the defendant's position on the issue of the plaintiff's memory and you may, although you are not required to, draw the strongest inference against the defendant on that question, that opposing evidence permits.

New York Pattern Jury Instructions 1:75, Vol. 1A, 3rd ed.