# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANTHONY RAPP and C.D.,                                Case No. 1.20-cv-09586 (LAK)(SDA)

                            Plaintiffs,                **PLAINTIFFS' RULE**
                                                          **26 DISCLOSURES**
       -against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY,

                            Defendant.
-------------------------------------------------------------------X

## PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Federal Rules of Civil Procedure 26(a)(1), plaintiffs, by and through their attorneys, make the following initial disclosures to defendant in the above captioned matter. These disclosures are based on information presently known and reasonably available to the plaintiffs and which the plaintiffs reasonably believe they may use in support of their claims. Continuing investigation and discovery may cause the plaintiffs to amend and/or supplement these initial disclosures by identifying other potential witnesses, documents and by disclosing other pertinent information. The plaintiffs therefore reserve the right to supplement these initial disclosures.

## DISCLOSURES

      i.     The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

      1.     **Anthony Rapp**
                 c/o Gair, Gair, Conason, Rubinowitz, Bloom,
                 Hershenhorn, Steigman & Mackauf
                 80 Pine Street – 34th Floor
                 New York, NY 10005
                 (212) 943-1090

    Mr. Rapp will have knowledge of the facts and circumstances relevant to his action, including, but not limited to, the sexual abuse and assault perpetrated by defendant Spacey and the damages stemming from such abuse.

2.  **C.D., Plaintiff**
   **c/o Gair, Gair, Conason, Rubinowitz, Bloom,**
   **Hershenhorn, Steigman & Mackauf**
   **80 Pine Street – 34th Floor**
   **New York, NY 10005**
   **(212) 943-1090**

   C.D. will have knowledge of the facts and circumstances relevant to his action, including, but not limited to, the sexual abuse and assault perpetrated by defendant Spacey and the damages stemming from such abuse.

3.  **Jenifer Paine, Esq.**
   **Times Square Tower, 20th Floor**
   **New York, NY 10036**
   **(212) 641-2290**

   It is expected that Ms. Paine will testify that plaintiff CD was in an acting class taught by defendant Spacey at a school in Westchester. It is also anticipated that Ms. Paine will testify that in the late 1990s plaintiff CD told her of the sexual abuse and assault perpetrated by defendant Spacey.

4.  **Alexander Harrington**
   **160 Claremont Avenue, 2J**
   **New York, NY 10027**
   **(646) 251-6335**

   It is expected that Mr. Harrington will testify that in approximately 1992, plaintiff C.D. told him of the sexual abuse and assault perpetrated by defendant Spacey.

5.  **Melissa Anelli**
   **61 Greenpoint Avenue**
   **Brooklyn, NY 11222**
   **(917) 863-3610**

   It is expected that Ms. Anelli will testify that between 2013 and 2015 Mr. Rapp told her about the sexual abuse and assault by defendant Spacey.

6.  **Adam Rapp**
    **264 East 10th Street, #5**
    **New York, NY 10009**

    It is expected that Mr. Rapp, the brother of Anthony Rapp, will testify that Mr. Rapp told him in the mid-1990s about the sexual abuse and assault by defendant Spacey.

7.  **Muneesh Jain**
    **200 Water Street, #704**
    **New York, NY 10038**
    **(202) 276-7277**

    It is expected that Mr. Jain will testify that Mr. Rapp told him in approximately 2015 about the sexual abuse and assault by defendant Spacey.

8.  **Sean Snow**
    **600 Wilshire Boulevard, Suite 640**
    **Los Angeles, CA 90017**
    **(213) 421-1531**

    It is expected that Mr. Snow will testify that Mr. Rapp told him in approximately 1993 about the sexual abuse and assault by defendant Spacey.

9.  **Erin Quill**
    **111 Cherry Valley Avenue, M34**
    **Garden City, NY 11530**
    **(213) 926-7465**

    It is expected that Ms. Quill will testify that in the early 1990s Mr. Rapp told her about the sexual abuse and assault by defendant Kevin Spacey. It is further anticipated that Ms. Quill will testify about a conversation she overheard in approximately 1997 in which a former assistant or producer of defendant Spacey said he quit the movie production of Midnight in the Garden of Good and Evil as he was being asked to make payments to people who defendant Spacey sexually assaulted and abused.

**ii.      A copy–or a description by category and location–of all documents, electronically stored information, and tangible things that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

> As to plaintiff C.D., Declaration of Neil Bonavita in support of motion to proceed by pseudonym (previously exchanged).
>
> Records of Neil Bonavita (attached with an authorization).
>
> It is anticipated that additional documents will be received and plaintiffs reserve the right to supplement this response when those materials are obtained.

**iii.     a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

> **Past Pain and Suffering:**
>
> Plaintiff Rapp: $5,000,000. Such number to be computed based on the number of years from the time of the abuse to the time a verdict is rendered.
>
> Plaintiff C.D.: $5,000,000. Such number to be computed based on the number of years from the time of the abuse to the time a verdict is rendered.
>
> **Future Pain and Suffering:**
>
> Plaintiff Rapp: $5,000,000. Such number to be computed based on the date of the verdict through Mr. Rapp's life expectancy.
>
> Plaintiff C.D.: $5,000,000. Such number to be computed based on the date of the verdict through C.D.'s life expectancy.
>
> **Past Medical Expenses:**
>
> Plaintiff Rapp: Plaintiff is currently not in possession of the specific amounts claimed for past medical expenses. Those expenses will include monies expended for psychological treatment and psychological medications. Such number to be computed based on the number of years from the time of the abuse to the time a verdict is rendered.

4

Plaintiff C.D.: Plaintiff is currently not in possession of the specific amounts claimed for past medical expenses. Those expenses will include monies expended for psychological treatment and psychological medications. Such number to be computed based on the number of years from the time of the abuse to the time a verdict is rendered.

**Future Medical Expenses:**

Plaintiff Rapp: Plaintiff is currently not in possession of the specific amounts claimed for future medical expenses. Those expenses will include monies that will likely be expended for psychological treatment and psychological medications. Such number to be computed based on the number of years from the date of the verdict through Mr. Rapp's life expectancy.

Plaintiff C.D.: Plaintiff is currently not in possession of the specific amounts claimed for past medical expenses. Those expenses will include monies expended for psychological treatment and psychological medications. Such number to be computed based on the number of years from the date of the verdict through C.D.'s life expectancy.

**Punitive Damages:**

Plaintiff Rapp: Treble amount of damages set forth for past and future pain and suffering. $30,000,000.

Plaintiff C.D.: Treble amount of damages set forth for past and future pain and suffering. $30,000,000.

  **iv.** **for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

  Not applicable.

PLEASE TAKE NOTICE, that investigation is ongoing and plaintiffs reserve the right to supplement these disclosures over the course of discovery.

Dated: New York, New York
      January 26, 2021

                  GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                  HERSHENHORN, STEIGMAN & MACKAUF
                  Attorneys for Plaintiffs Anthony Rapp and C.D.

                  _____
                  Peter J. Saghir
                  Ben B. Rubinowitz
                  80 Pine Street, 34th Floor
                  New York, NY 10005
                  Tel: (212) 943-1090
                  Fax: (212) 425-7513
                  Email: psaghir@gairgair.com
                            bbr@gairgair.com

Copy:
      Chase A. Scolnick, Esq.
      Erica A. Wolff, Esq.
      Jennifer Keller, Esq.
      Jay P. Barron, Esq.

## CERTIFICATE OF SERVICE

I, Angella Ibishaj, hereby certify that on January 26, 2021 I served the foregoing document by (1) electronic mail to all counsel at their e-mail addresses listed below and (2) U.S, mail in accordance with Fed. R. Civ. P. 5(b)(2) to all counsel at their addresses listed below:

To:

    Jennifer Keller, Esq.
    Jay P. Barron, Esq.
    Chase A. Scolnick, Esq.
    Keller/Anderle LLP
    18300 Von Karman Avenue
    Suite 930
    Irvine, California 92612-1057
    jkeller@kelleranderle.com
    jbarron@kelleranderle.com
    cscolnick@kelleranderle.com

_____
Angella Ibishaj