# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY RAPP and C.D., <br><br> Plaintiffs, <br><br> -against- <br><br> KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY, <br><br> Defendant. | Case No. 20-cv-09586 (LAK) (SDA) <br><br> **DEFENDANT KEVIN SPACEY FOWLER'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST NOTICE TO PRODUCE** |

Defendant Kevin Spacey Fowler ("Defendant" or "Mr. Fowler") responds and objects to Plaintiffs Anthony Rapp and C.D.'s ("Plaintiffs") First Notice to Produce ("Requests"), as follows:

**PRELIMINARY STATEMENT**

By responding to Plaintiffs' Requests, Mr. Fowler does not waive any objection that may be applicable to: (1) the use, for any purpose, by Plaintiffs of any information or documents given in response to Plaintiffs' Requests, or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information or documents to any issue in this case.

Further, Mr. Fowler has not fully completed his investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. All the responses contained herein are based only upon Mr. Fowler's present knowledge, information, and belief. Further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to known facts, or establish new factual conclusions and legal contentions. Accordingly, Mr. Fowler reserves his right, and will abide by any duty, to supplement or amend his responses as discovery and investigation as this matter progresses, if future discovery or investigation reveal that supplementation or amendment is necessary.

REQUEST NO. 21:  All documents and communications, including, but not limited to, social media messages, emails, letters and text messages between defendant Spacey and the plaintiff Anthony Rapp.

RESPONSE TO REQUEST NO. 21:

Mr. Fowler has conducted a reasonably diligent search and has no responsive documents in his custody, possession, or control.

REQUEST NO. 22:  All documents and communications, including, but not limited to, social media messages, emails, letters and text messages between defendant Spacey and the plaintiff C.D.

RESPONSE TO REQUEST NO. 22:

Mr. Fowler has conducted a reasonably diligent search and has no responsive documents in his custody, possession, or control.

REQUEST NO. 23:  Fully executed HIPAA authorization permitting the release of all records from any and all facilities where defendant Spacey allegedly sought evaluation and treatment following the allegations of sexual misconduct in 2017.

RESPONSE TO REQUEST NO. 23:

Mr. Fowler further objects that this request seeks information not relevant and/or not proportional to the needs of this case.  Mr. Fowler further objects to this request because it seeks documents that are privileged and/or protected from disclosure, including under the physician-patient privilege.  Mr. Fowler further objects to this request because it seeks private and confidential information protected by the right of privacy contained in the United States Constitution, by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and

18

by other applicable laws and protections. Mr. Fowler further objects to this request because it seeks to impose an obligation on Mr. Fowler beyond that in the Federal Rules of Civil Procedure. Mr. Fowler further objects to this request because it is unduly burdensome, overly broad, harassing, and oppressive.

On the bases of the foregoing objections, Mr. Fowler will not produce documents responsive to this request.

REQUEST NO. 24: All documents concerning any complaints made to Actor's Equity, SAG and AFTRA by anybody about sexual misconduct or sexual abuse by defendant Spacey.

RESPONSE TO REQUEST NO. 24:

Mr. Fowler objects that this request seeks information not relevant and/or not proportional to the needs of this case. Mr. Fowler further objects to this request because it is unduly burdensome, overly broad, and oppressive, including without limitation its demand for "[a]ll documents." Mr. Fowler further objects to this request to the extent it seeks documents that are attorney-client privileged, attorney work product protected, or otherwise protected from discovery by any privilege or protection, and any such documents will not be produced. Mr. Fowler further objects to this request because it seeks private and confidential information.

Without waiving these objections, Mr. Fowler responds as follows:

Mr. Fowler has conducted a reasonably diligent search and has no responsive documents in his custody, possession, or control.