# Exhibit 9

```
UNITED STATES DISTRICT COURT                                    1
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X
ANTHONY RAPP and C.D.,
                Civil Action No. 1:20-cv-09586(LAK)
                     Plaintiffs,
             - against -
KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY,
                     Defendant.
------------------------------------------------- X
                     Zoom Deposition


                     January 17, 2022
                     11:06 a.m.


            EXAMINATION BEFORE TRIAL of the
Defendant, KEVIN FOWLER, pursuant to Order, held on
the above date and time, via videoconference, taken
by and before KRYSTINA KORNAK FLORA, RPR, a Notary
Public within and for the State of New York.
```

(1)                    - KEVIN FOWLER -                    191
(2)  but there was a period of time where you were not
(3)  shooting but, for lack of a better term, in limbo
(4)  not knowing what was going to happen; is that right?
(5)       **A.    There was a period of time where I did**
(6)  **not know what was -- what was going to happen.**
(7)       Q.    Okay.  So roughly when were you told --
(8)  however it was, I don't want to characterize it, but
(9)  that you were no longer going to be working on the
(10) show?
(11)      **A.    I found out on Thanksgiving day that I**
(12) **had been removed from House of Cards.**
(13)      Q.    Okay.  So how long had gone by in that
(14) period of time that you were sort of in limbo?
(15)      **A.    22 or 23 days.**
(16)      Q.    What were you doing during that period
(17) of time?
(18)      **A.    I had checked myself into a rehab**
(19) **facility.**
(20)      Q.    Where?
(21)      **A.    In Wickenburg, Arizona.**
(22)      Q.    What type of rehab did you go for?
(23)      **A.    I'm not sure to what degree I'm able to**
(24) **talk about the work that I went there to do, but I**
(25) **can only tell you that I was -- as emotionally**

```
(1)                - KEVIN FOWLER -                  192
(2)   fragile as I had ever been in my life.  I had just
(3)   come out after having been private about my personal
(4)   life for more than 30 years.  I was being accused of
(5)   things in the media and I went to go take care of
(6)   myself.
(7)        Q.    Okay.  Were you treated for alcohol
(8)   addiction?
(9)              MS. KELLER:  I'm going to object here.
(10)        This is getting into Mr. Fowler's HIPAA
(11)        rights.  He is -- information about any
(12)        treatment that he underwent is privileged and
(13)        protected.
(14)              MR. STEIGMAN:  Well, let me ask this.
(15)        Q.    Were you treated for sex addiction?
(16)              MS. KELLER:  Same objection.
(17)        Q.    Okay.  You're going to decline to
(18)   answer that, right?
(19)              MS. KELLER:  If he wants to answer
(20)        that.
(21)              You can answer that if you want.
(22)        Without waiving any further right --
(23)              MR. STEIGMAN:  I don't -- I want to
(24)        find the line, if we can.
(25)              MS. KELLER:  Okay.  Without waiving any
```

(1)                    - KEVIN FOWLER -                    193
(2)      other HIPAA rights, you can answer that one
(3)      question.
(4)           A.    I did not go to this facility to seek
(5)      treatment for sex addiction.
(6)           Q.    Okay.  When did you leave that
(7)      facility?
(8)           A.    I don't remember the exact date.  It
(9)      was in December, but it's a 45-day program and I
(10)     checked in on the 2nd of November, so it would have
(11)     been 45 days from the 2nd of November.
(12)          Q.    So while you were in there you learned
(13)     about not continuing on House of Cards, yes?
(14)          A.    Yes.
(15)          Q.    When you finished your treatment in
(16)     Arizona where did you go?
(17)          A.    I went to Los Angeles.
(18)          Q.    What did you do there?
(19)          A.    I continued the work that I had started
(20)     in the facility but this time privately.
(21)          Q.    If -- look, you answered the sex
(22)     addiction question.  If you're claiming privilege, I
(23)     understand, but let me ask you the question and then
(24)     if you are saying it's privileged and it's not an
(25)     issue in the case, then it's not an issue in the

```
(1)                  - KEVIN FOWLER -                    194
(2)    case.  But can you characterize in any way the
(3)    treatment that you were getting or the work that you
(4)    were doing at that time?
(5)              MS. KELLER:  I object that it's
(6)         privileged.  It's an invasion of Mr. --
(7)              MR. STEIGMAN:  Okay.  I'm really --
(8)         I'll tell you I don't want to do that.  I
(9)         really don't want to do that.  So if -- on
(10)        the other hand, if it's something that you
(11)        might raise at the trial to talk about, I
(12)        can't be surprised by it.
(13)             So if you're telling me it's privilege
(14)        and he doesn't want to respond in any way and
(15)        it's not an issue, then that's the end of it,
(16)        but it -- it can't go both ways.
(17)             MS. KELLER:  I understand, and it's not
(18)        going to be raised at trial and it won't be
(19)        an issue.
(20)             MR. STEIGMAN:  Okay.  So you don't want
(21)        to say anything further; is that correct?
(22)             MS. KELLER:  That's correct.
(23)             MR. STEIGMAN:  And you're claiming
(24)        privilege, right?
(25)             MS. KELLER:  Yes, and I will represent
```

```
(1)                  - KEVIN FOWLER -                    195
(2)      to you we are not going to bring up anything
(3)      about Mr. Fowler's treatment at trial.
(4)              MR. STEIGMAN:  All right.  All right.
(5)              THE WITNESS:  Can we go off the record,
(6)      please?
(7)              MR. STEIGMAN:  Yeah.  Sure.
(8)              THE VIDEOGRAPHER:  Going off the record
(9)      at 5:09.
(10)             (Whereupon, a break was taken at
(11)     5:09 p.m.)
(12)             THE VIDEOGRAPHER:  Back on the record
(13)     at 5:13.
(14)     Q.   Mr. Fowler, anything you wanted to add
(15)  or amend?
(16)     A.   No.
(17)     Q.   How long did you remain in California
(18)  after you left rehab?
(19)     A.   I think it could have been two or
(20)  three months.
(21)     Q.   Were you staying in the home that you
(22)  had there?
(23)     A.   No, I was not.
(24)     Q.   Where were you staying?
(25)     A.   Airbnb.
```

```
(1)                   CERTIFICATION                          364
(2)   STATE OF NEW YORK   )
                          ) ss.:
(3)   COUNTY OF NASSAU    )
(4)
(5)              I, KRYSTINA KORNAK, a Notary Public
(6)   within and for the State of New York, do hereby
(7)   certify:
(8)              That KEVIN FOWLER the witness(es)
(9)   whose deposition(s) is(are) hereinbefore set forth,
(10)  was(were) duly sworn by me and that such
(11)  deposition(s) is(are) a true and accurate record of
(12)  the testimony given by such witness(es).
(13)             I further certify that I am not
(14)  related to any of the parties to the action by blood
(15)  or marriage; and that I am in no way interested in
(16)  the outcome of this matter.
(17)             IN WITNESS WHEREOF, I have hereunto
(18)  set my hand this 19th day of January, 2022.
(19)
(20)             _____
                        [signature: Krystina Kornak]
(21)                 KRYSTINA KORNAK
(22)
(23)
(24)
(25)
```