UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY RAPP,<br><br>         Plaintiff,<br><br> -against-<br><br>KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY,<br><br>         Defendant. | Case No. 1:20-cv-09586 (LAK) (SDA) |

**NOTICE OF DEFENDANT'S MOTION *IN LIMINE* NO. 4 TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE ABOUT OR REFERENCING DAWES AND HOLTZMAN OR ANY OTHER UNRELATED ALLEGED INCIDENT**

KELLER / ANDERLE LLP
Jennifer L. Keller (*pro hac vice*)
Chase A. Scolnick
Jay P. Barron (*pro hac vice*)
18300 Von Karman Ave., Ste. 930
Irvine, California 92612
(949) 476-8700
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

SHER TREMONTE LLP
Michael Tremonte
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600
mtremonte@shertremonte.com

*Counsel for Defendant*
*Kevin Spacey Fowler a/k/a Kevin Spacey*

**TO THE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Kevin Spacey Fowler ("Mr. Fowler") will and hereby does move this Court, before the United States District Judge Lewis A. Kaplan, in the United States District Court for the Southern District of New York, located in the Federal Courthouse, 500 Pearl Street, New York, NY 10007, on October 6, 2022, or a date to be set by the Court, for an order *in limine* to preclude plaintiff from presenting evidence about or referencing Justin Dawes and Andrew Holtzman or any other unrelated alleged incident.

Under Federal Rules of Evidence ("FRE") 403, 404, and 415 and other applicable law, Mr. Fowler brings this motion to preclude Plaintiff from presenting evidence or referencing the unrelated allegations of Justin Dawes, Andrew Holtzman, or any other unrelated alleged incident of wrongdoing against Mr. Fowler.  Plaintiff cannot present this evidence under FRE 415 because his allegations do not qualify as a "sexual assault" or "child molestation," which is a necessary prerequisite for presentation of any of this purported evidence.  Further, the allegations of Justin Dawes cannot meet the requirements of a "sexual assault" or "child molestation" under FRE 415, which independently precludes admission of his testimony.  The testimony of Dawes and Holtzman also cannot be admitted under FRE 415 because it is not relevant to Plaintiff's claims.

Nor can Plaintiff present such evidence under FRE 404(b).  Plaintiff does not seek to present the testimony for any legitimate reason under that rule but instead seeks to present it as improper propensity evidence, which cannot be admitted.  Finally, to the extent Dawes's or Holtzman's testimony is found to be admissible (which it should not be), it still should be excluded under FRE 403, especially given the contested nature of the testimony, the undue consumption of trial time it would take, and the stark differences between their allegations and that alleged by Plaintiff.

1

Plaintiff has not attempted to present any evidence of other alleged sexual misconduct by Mr. Fowler other than Dawes and Holtzman. But Plaintiff's counsel nonetheless focused on rumors and other reports of alleged misconduct in his questioning at deposition of Mr. Fowler and his experts. Plaintiff's counsel should be precluded from questioning witnesses or eliciting testimony about any other alleged misconduct, especially because the jury will not be presented any admissible evidence of those allegations. And trial would devolve into a series of mini-trials about unrelated allegations if Plaintiff were permitted to inject them into the trial. Mr. Fowler also would be severely prejudiced if Plaintiff's counsel were allowed to ask him questions at trial about unrelated allegations only to elicit the same denial he gave at deposition or ask Mr. Fowler's experts about unrelated allegations in misguided and irrelevant hypotheticals.

This case is about Plaintiff's allegations. And any attempt to inject other allegations about unrelated incidents would serve no legitimate purpose and should be excluded from trial.

The motion is based on this notice, the Memorandum of Points And Authorities filed with this notice of motion, the Declaration of Chase Scolnick filed with this motion and the exhibits to it, the pleadings, records, and files in this action, and upon any and all oral and documentary evidence presented at or before any hearing on the motion.

Dated: September 26, 2022
      Irvine, California

Respectfully submitted,

/s/ Jennifer L. Keller
    Jennifer L. Keller

Jennifer L. Keller (*pro hac vice*)
Chase A. Scolnick
Jay P. Barron (*pro hac vice*)
KELLER / ANDERLE LLP
18300 Von Karman Ave., Ste. 930
Irvine, California 92612
(949) 476-8700

2

jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

Michael Tremonte
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600
mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey Fowler a/k/a Kevin Spacey*

3

**CERTIFICATE OF SERVICE**

In accordance with Local Rule 5.2, I, Jennifer L. Keller, hereby certify that on September 26, 2022 this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                  */s/ Jennifer L. Keller*
                                                  Jennifer L. Keller