# Exhibit 2

```
 1                  UNITED STATES DISTRICT COURT
 2                 SOUTHERN DISTRICT OF NEW YORK
 3
                                        )
 4      ANTHONY RAPP and C.D.,           )
                                        )
 5                                       )
              Plaintiffs,                )
 6                                       )  Case No.
                  vs.                    )  20-cv-9586 (LAK)
 7                                       )
        KEVIN SPACEY FOWLER a/k/a         )
 8      KEVIN SPACEY,                    )
                                        )
 9              Defendant.               )
10
11                         VOLUME II
12          VIDEOTAPED VIDEOCONFERENCE DEPOSITION OF
13                       JUSTIN DAWES
14              Taken in behalf of Defendant
15                         *   *   *
16                    February 10, 2022
17                     Brasilia, Brazil
18
19
20
21
22
23       Teresa L. Dunn,
24       Court Reporter
25       CSR, CCR, RPR

                                                    Page 1
```

| | | |
|---|---|---|
| 1 | strike.  My question, Mr. Dawes -- | 03:30:40 |
| 2 | A. You keep striking all my answers.  It's | 03:30:45 |
| 3 | like okay.  I don't understand how nonresponsive | 03:30:48 |
| 4 | is answering the question.  You get to just | 03:30:51 |
| 5 | choose you don't want to use the answers that | 03:30:55 |
| 6 | you don't like? | 03:30:57 |
| 7 | Q. Objection, no question pending. | 03:30:57 |
| 8 | Mr. Dawes, did you or did you not tell | 03:31:00 |
| 9 | BuzzFeed that you were reluctant to share your | 03:31:03 |
| 10 | friend's identity because of his concerns for | 03:31:05 |
| 11 | privacy? | 03:31:07 |
| 12 | A. I did not. | 03:31:08 |
| 13 | Q. And you spoke with BuzzFeed in 2017, | 03:31:09 |
| 14 | correct? | 03:31:14 |
| 15 | A. I did. | 03:31:14 |
| 16 | Q. And when you shared -- strike that. | 03:31:15 |
| 17 | When Mr. Saghir asked for your friend's name you | 03:31:22 |
| 18 | also provided him with Mr. Brown's name, | 03:31:24 |
| 19 | correct? | 03:31:28 |
| 20 | A. That's correct. | 03:31:28 |
| 21 | Q. When was the first time you refused to | 03:31:29 |
| 22 | disclose Mr. Brown's name to anyone? | 03:31:43 |
| 23 | A. I believe it was during the course of | 03:31:44 |
| 24 | our last deposition when I felt your line of | 03:31:48 |
| 25 | questioning towards me was disrespectful and | 03:31:52 |

```
 1   harassing.  And at that point I thought I would      03:31:55
 2   try to keep my friend out of this if it was          03:31:58
 3   possible because it's not a pleasant experience.     03:32:01
 4        Q.   Objection, nonresponsive.                  03:32:03
 5             Mr. Dawes, isn't it true that the first    03:32:06
 6   time you refused to disclose your friend's name      03:32:08
 7   to anyone was during the deposition when I asked     03:32:12
 8   you questions, true?                                 03:32:14
 9        A.   Yeah, that's true.                         03:32:15
10        Q.   And, Mr. Dawes, you were deposed last      03:32:17
11   month in December of 2021, correct?                  03:32:20
12        A.   Uh-huh.                                    03:32:24
13        Q.   And by the way, Mr. Dawes --               03:32:24
14        A.   And with the exception of that one thing   03:32:27
15   I've been entirely forthcoming and answered          03:32:30
16   every question which was put to me.                  03:32:33
17        Q.   Mr. Dawes, move to strike,                 03:32:35
18   nonresponsive, no question pending.                  03:32:37
19             Mr. Dawes --                               03:32:40
20        A.   I have to drink every time you say that.   03:32:41
21        Q.   Mr. Dawes, you sent me some of your        03:32:43
22   communications with Mr. Brown during the break,      03:32:52
23   correct?                                             03:32:57
24        A.   Uh-huh, I did.                             03:32:57
25        Q.   During the last deposition we discussed    03:32:58
```

Page 54

```
 1   page 80 of your deposition and I asked you the        03:34:58
 2   question, Okay, you wrote this email to them.         03:35:03
 3   Do you still have this email.  Your answer was        03:35:06
 4   I'm sure I do.                                        03:35:08
 5           Question:  Will you provide that email        03:35:09
 6   to us.  And your answer was, Happily.                 03:35:11
 7           Did I read that correctly?                    03:35:15
 8      A.   That's correct.                               03:35:15
 9      Q.   Mr. Dawes, isn't it true that I asked         03:35:16
10   you to provide me with a copy of your email           03:35:19
11   exchange with BuzzFeed?                               03:35:23
12      A.   Yes, you did.                                 03:35:24
13      Q.   And isn't it true that you agreed to do       03:35:25
14   so?                                                   03:35:28
15      A.   Uh-huh.                                       03:35:28
16      Q.   Is that a yes?                                03:35:29
17      A.   Yes, it is.                                   03:35:30
18      Q.   And isn't it true that I provided you         03:35:31
19   with a copy -- strike that.                           03:35:34
20           Isn't it true I provided you with my          03:35:35
21   email address at the last deposition?                 03:35:37
22      A.   It is.                                        03:35:39
23      Q.   That's true.  And isn't it also true          03:35:39
24   that you did not provide me with a copy of the        03:35:41
25   Facebook exchange?                                    03:35:45
```

Page 56

```
 1      A.   I wasn't aware that I was legally           03:35:47
 2   compelled to do so.                                 03:35:51
 3      Q.   Okay.  Understood, sir.  That's not my      03:35:52
 4   question.  My question is isn't it true you did     03:35:54
 5   not provide me with a copy of your Facebook         03:35:57
 6   exchanges?  Strike that.                            03:36:00
 7           Isn't it true, sir, that you did not        03:36:02
 8   send me a copy of your email exchanges with         03:36:04
 9   BuzzFeed magazine?                                  03:36:09
10      A.   I believe it's been shared with you.        03:36:09
11   You have access to it.                              03:36:11
12      Q.   That's not my question, sir.  My            03:36:12
13   question, Mr. Dawes, is isn't it true that you      03:36:14
14   did not provide me with a copy of your              03:36:16
15   Facebook -- strike that.                            03:36:19
16           Isn't it true that you did not provide      03:36:21
17   me with a copy of your email exchanges with         03:36:24
18   BuzzFeed magazine?                                  03:36:27
19      A.   I did not.                                  03:36:27
20           (Deposition Exhibit Number 143 marked       03:36:27
21             for identification.)                      03:36:28
22      Q.   (By Mr. Scolnick) I want to show you        03:36:28
23   another exhibit here, sir.  I'm showing you         03:36:42
24   Exhibit 143.  Mr. Dawes, I can represent to you     03:37:02
25   that Mr. Saghir provided me with a copy of this     03:37:12
```

Page 57

| | | |
|---|---|---|
| 1 | exhibit yesterday. | 03:37:19 |
| 2 | So focusing on this exhibit is it true | 03:37:23 |
| 3 | that this is a copy of your email to BuzzFeed | 03:37:25 |
| 4 | magazine on October 31st, 2017? | 03:37:29 |
| 5 | A.   That's what it appears to be, yes. | 03:37:32 |
| 6 | Q.   And this email is to Adam Vary at | 03:37:35 |
| 7 | BuzzFeed, correct? | 03:37:52 |
| 8 | A.   Indeed. | 03:37:52 |
| 9 | Q.   In this email you describe your | 03:37:59 |
| 10 | allegations against Mr. Fowler, right? | 03:38:01 |
| 11 | A.   I did not know him by that name at the | 03:38:03 |
| 12 | time, but, yes. | 03:38:07 |
| 13 | Q.   Isn't it true, Mr. Dawes, that nowhere | 03:38:08 |
| 14 | in this email do you allege that Mr. Fowler | 03:38:16 |
| 15 | touched your leg? | 03:38:21 |
| 16 | A.   Yes, that's true. | 03:38:22 |
| 17 | Q.   Isn't it true that nowhere in this email | 03:38:25 |
| 18 | do you allege that Mr. Fowler touched you | 03:38:29 |
| 19 | anywhere? | 03:38:31 |
| 20 | A.   Yes, that's true. | 03:38:31 |
| 21 | Q.   Isn't it true that nowhere in this email | 03:38:34 |
| 22 | do you allege your friend, Mr. Brown, left you | 03:38:38 |
| 23 | alone in a room with Mr. Fowler? | 03:38:41 |
| 24 | A.   Yes, that's true, but this is a -- this | 03:38:43 |
| 25 | is what, a four-short-paragraph summarized | 03:38:49 |

```
 1   overview of this event.                              03:38:54
 2        Q.   Move to strike as nonresponsive.           03:38:57
 3             Mr. Dawes, isn't it true, yes or no,       03:39:01
 4   that you did not mention anywhere in this email     03:39:03
 5   that Mr. Brown left you in a room alone with        03:39:07
 6   Mr. Fowler?                                          03:39:11
 7        A.   No, I don't.                               03:39:11
 8        Q.   That was a true statement, correct, that  03:39:15
 9   you did not write that in this email?                03:39:17
10        A.   I did not write that in that email.        03:39:19
11        Q.   Isn't it also true that you did not        03:39:20
12   write in this email anywhere that your friend       03:39:24
13   warned you about Mr. Fowler?                         03:39:27
14        A.   I did not include that in that email.      03:39:28
15        Q.   Isn't it also true that you did not        03:39:33
16   write in this email that Mr. Brown told you         03:39:39
17   Mr. Fowler was asking about you in 1989?            03:39:43
18        A.   I mean, I didn't -- at the time, you      03:39:48
19   know, I wrote this email in about 10 minutes        03:39:51
20   based on what I -- you know, a recollection of      03:39:55
21   this event.                                          03:40:01
22             And I was giving someone just the kind    03:40:01
23   of salient big picture details of the event         03:40:05
24   after which, you know, I figured that they would    03:40:08
25   contact me and we would discuss it further.         03:40:11
```

| | | |
|---|---|---|
| 1 | Like at what point would I be putting | 04:33:13 |
| 2 | that in writing unless there was an | 04:33:16 |
| 3 | investigation going on into that based on | 04:33:18 |
| 4 | multiple prior accounts. | 04:33:21 |
| 5 | Q.   Objection, nonresponsive, move to | 04:33:25 |
| 6 | strike. | 04:33:27 |
| 7 | Mr. Dawes, isn't it true that before | 04:33:30 |
| 8 | 2017 you never communicated with anyone about | 04:33:32 |
| 9 | your allegations against Mr. Fowler in writing? | 04:33:35 |
| 10 | A.   In writing, no, because I would never | 04:33:39 |
| 11 | have any reason to communicate them in writing. | 04:33:43 |
| 12 | I don't know who I would be expected to | 04:33:47 |
| 13 | communicate this to in writing. | 04:33:50 |
| 14 | Q.   Objection, nonresponsive, move to | 04:33:53 |
| 15 | strike. | 04:33:55 |
| 16 | Mr. Dawes, it's a simple question, yes | 04:33:56 |
| 17 | or no, isn't it true that you did not | 04:33:58 |
| 18 | communicate with anyone about your allegations | 04:34:01 |
| 19 | against Mr. Fowler in writing before 2017? | 04:34:03 |
| 20 | Isn't that true? | 04:34:06 |
| 21 | A.   No, I did not.  I did not write any | 04:34:07 |
| 22 | written accounts of this incident of sexual | 04:34:11 |
| 23 | impropriety. | 04:34:15 |
| 24 | Q.   Okay.  You never kept a journal in which | 04:34:17 |
| 25 | you included anything about these allegations? | 04:34:23 |

```
 1                  C E R T I F I C A T E
 2
 3
 4         I, Teresa L. Dunn, a Certified Shorthand
 5    Reporter for Oregon, do hereby certify that,
 6    pursuant to stipulation of counsel for the
 7    respective parties hereinbefore set forth,
 8    JUSTIN DAWES appeared virtually before me at the
 9    time and place set forth in the caption hereof;
10    that at said time and place I reported in
11    Stenotype all testimony adduced and other oral
12    proceedings had in the foregoing matter; that
13    thereafter my notes were reduced to typewriting
14    under my direction; and that the foregoing
15    transcript, pages 1 to 105, both inclusive,
16    constitutes a full, true and accurate record of
17    all such testimony adduced and oral proceedings
18    had, and of the whole thereof.
19            Witness my hand and CSR stamp at
20    Vancouver, Washington, this 15th day of
21    February, 2022.
22
23                          [signature: Teresa L. Dunn]
                            TERESA L. DUNN,
24                          Certified Shorthand Reporter
                            Certificate No. 00-0367
25                          Expiration Date:  6/30/2023
```

Page 105

Veritext Legal Solutions
866 299-5127