UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY RAPP,<br><br>                    Plaintiffs,<br><br>   -against-<br><br>KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY,<br><br>                    Defendant. | Case No. 1:20-cv-09586 (LAK) (SDA) |

**DEFENDANT KEVIN SPACEY FOWLER'S TRIAL BRIEF RE CERTAIN ISSUES**

KELLER / ANDERLE LLP
Jennifer L. Keller (*pro hac vice*)
Chase A. Scolnick
Jay P. Barron (*pro hac vice*)
18300 Von Karman Ave., Ste. 930
Irvine, California 92612
(949) 476-8700
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

SHER TREMONTE LLP
Michael Tremonte
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600
mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey*
*Fowler a/k/a Kevin Spacey*

Defendant Kevin Spacey Fowler ("Mr. Fowler"), by and through his counsel, respectfully submits this trial brief regarding certain issues.

## I.     INTRODUCTION

Plaintiff Anthony Rapp's claims all are based on a single incident in 1986 in which he claims defendant Kevin Spacey Fowler made a "sexual advance" on him when Plaintiff was 14 years old. Plaintiff admits the incident involved no groping, no touching of genitals, no undressing, no kissing, and no words of a sexual nature. He claims the entire incident lasted less than a minute. For this, Plaintiff seeks $40 million from Mr. Fowler, comprising $10 million in emotional pain and suffering and $30 million in punitive damages. Mr. Fowler vehemently denies the allegations and asserts the alleged incident never occurred.

The Court is well aware of the factual background of this case, and the parties previously have submitted witness lists, exhibit lists, deposition designations, and other information in the Joint Pretrial Order. Mr. Fowler also has separately filed motions *in limine* about discrete issues and evidence. Mr. Fowler therefore focuses this brief on certain issues Mr. Fowler wishes to address with the Court before trial.

## II.    PLAINTIFF'S BURDEN OF PROOF

### A.    Plaintiff Bears Burden Of Proof On His Two Remaining Causes Of Action

Plaintiff's Verified Complaint asserted three causes of action. The Court previously granted Mr. Fowler's motion for summary judgment in part and dismissed Plaintiff's assault cause of action. *See* ECF No. 217. Plaintiff's two remaining causes of action are for (1) battery and (2) intentional infliction of emotional distress ("IIED").[1] Plaintiff must prove for each element of his

---

[1] The Verified Complaint also included three causes of action from former plaintiff C.D., whose claims were dismissed with prejudice after C.D. refused to plead in his actual name as required by the Federal Rules of Civil Procedure. As set forth in Mr. Fowler's Motion *in Limine*

1

two claims.  *See, e.g.*, ECF No. 161 at p. 2.

Under New York law, Plaintiff's cause of action for battery requires proof "that there was bodily contact, made with intent, and offensive in nature."  *Cotter v. Summit Sec. Services, Inc.*, 788 N.Y.S.2d 153, 154 (2005) (internal quotations omitted); ECF No. 161 at p. 12 (Mr. Fowler's proposed jury instructions re battery).  Plaintiff's cause of action for IIED requires a showing of "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress."  *Rich v. Fox News Network, LLC*, 939 F.3d 112, 122 (2d Cir. 2019) (*quoting Howell v. N. Y. Post Co., Inc.*, 596 N.Y.S.2d 350, 353 (N.Y. 1993)); ECF No. 161 at pp. 12-13 (Mr. Fowler's proposed jury instruction re IIED).

### B.      Plaintiff Bears The Burden Of Showing The Child Victims Act Applies To His Claims

It is undisputed that the statute of limitations for an action to recover damages for battery or IIED is one year from the alleged act.  *See* N.Y. CPLR § 215(3).  It is further undisputed that Plaintiff's claims center on a single incident alleged to have occurred in 1986.  *See* ECF No. 6-1 (Verified Complaint) at ¶¶ 4-10.  Mr. Fowler's Answer to the Complaint asserts an affirmative defense that all claims are barred by the statute of limitations.  *See* ECF No. 7 at p. 9.

Plaintiff contends his claims are not barred by the statute of limitations because of New York's Child Victims Act ("CVA"), which temporarily revived a narrow set of claims otherwise barred by the statute of limitations.  Plaintiff repeatedly has conceded his causes of action would all be time-barred if not for the Child Victims Act.  In his initial motion to remand, Plaintiff acknowledged, "At the time Mr. Rapp came forward, the applicable statute of limitations had long

---

No. 5, Plaintiff and his counsel should be precluded from referencing C.D., his allegations, or his claims at trial.

since passed and he was unable to pursue any legal action against Spacey." *See* ECF No. 11-2 at p. 3. And in a later filing, Plaintiff noted: "Pursuant to New York's Civil Practice Law and Rules section 208, any civil claim would have been tolled until Mr. Rapp reached 18, or until approximately October 1989, at which point the one-year statute of limitations applicable to claims of intentional torts would begin to run pursuant to CPLR 215(3). Mr. Rapp's ability to file a civil claim in New York against Spacey for the sexual assault was barred as of October 1990 until the CVA was signed into law on February 14, 2019." *See* ECF No. 95 at p. 7, fn 2.

The claim revival provision of the Child Victims Act provides:

> [E]very civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition **suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age**, . . . which is barred as of the effective date of this section because the applicable period of limitation has expired, and/or the plaintiff previously failed to file a notice of claim or a notice of intention to file a claim, is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section.

*See* N.Y. CPLR § 214-g (emphasis added).[2] The Child Victims Act relied upon by Plaintiff therefore applies to resuscitate his claims only if they constitute a "sexual offense" as defined in Article 130 of the New York Penal Law. If Plaintiff does not satisfy his burden of showing the wrongdoing he alleges meets the requirements of a "sexual offense" under New York law, Plaintiff cannot recover on any of his claims.

Plaintiff previously suggested he need not prove a violation of Article 130 of New York's Penal Law as a condition of his claims. This is plainly incorrect. While Mr. Fowler may have the initial burden on his statute of limitations defense, he has easily met it here. In fact, it is undisputed.

---

2   N.Y. CPLR § 214-g also applies to claims for incest and use of a child in a sexual performance, but Plaintiff does not allege either type of conduct.

3

There is no dispute the one-year statute of limitations applies to all of Plaintiff's claims under N.Y. CPLR § 215(3). Nor is there any dispute that the one-year period began when Plaintiff turned eighteen years old and then lapsed in October 1990. *Id.*; *see also* N.Y. CPLR §§ 208, 215(3).

Plaintiff therefore relies on the CVA's claim-revival provision as an exception to the statute of limitations that saves his claims, because they allegedly are based on "conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age." *See* N.Y. CPLR § 214-g. New York law places the burden on Plaintiff, not Mr. Fowler, to prove that an exception to the statute of limitations applies.

For example, in *Osborn v. DeChiara*, 87 N.Y.S.3d 97, 99 (2018), the court held that a plaintiff has the burden of proving an exception to the statute of limitations, stating a defendant "bears the initial burden of proving, prima facie, that the time in which to commence an action has expired." *Id.* The "burden then shifts to the plaintiff to present evidence raising a triable issue of fact as to whether the action falls within an exception to the statute of limitations" or whether the limitations period was tolled. *Id.* Likewise, in *BL Doe 3 v. Female Academy of Sacred Heart*, 158 N.Y.S.3d 474, 477 (2021), the court recognized this burden-shifting meant the plaintiff had to show the CVA's claims-revival provision applied to her causes of action; the court ultimately found her claims were time-barred. *Id.* at 477-478; *see also Novartis Pharma AG v. Regeneron Pharm., Inc.*, 2022 WL 289384, at *11 (N.D.N.Y. Jan. 31, 2022) (plaintiff bears burden on equitable estoppel exception to statute of limitations); *Zoe G. v. Frederick F.G.*, 617 N.Y.S.2d 370, 371 (1994) (same re tolling exception); *Steo v. Cucuzza*, 624 N.Y.S.2d 203, 205 (1995).

Plaintiff asserts there are two offenses within Article 130 that apply here to revive Plaintiff's claims. First, Plaintiff claims the alleged conduct constitutes sexual abuse in the third

4

degree under New York Penal Law Section 130.55. Second, Plaintiff has claimed the alleged conduct constitutes forcible touching under New York Penal Law Section 130.52. Mr. Fowler respectfully requests that the Court adopt the jury instructions he submitted which show that Plaintiff must meet the elements of either Section 130.55 or 130.52 as a precondition to recovery on either of his causes of action. *See, e.g.*, ECF No. 161 at pp. 9-13.

### III. JURY SELECTION ISSUES

The parties submitted a Joint Proposed *Voir Dire* Questions in the form of a written Juror Questionnaire. *See* ECF Nos. 160, 160-1. The Court previously stated it will consider the parties' joint questionnaire in formulating its own examination of prospective jurors. *See* ECF No. 226. The Court also stated it would allow counsel to suggest additional questions, which the Court then would ask prospective jurors as it considered proper. *Id*.

Because the parties are publicly known, the allegations have been widely reported, and Plaintiff has associated his claims with the broader #MeToo movement, some prospective jurors may have strong opinions – either negatively or positively – about Plaintiff, Mr. Fowler, or the types of allegations here. Mr. Fowler respectfully requests that the Court instruct any prospective juror to express such opinions in a sidebar, rather than in front of the entire prospective jury pool. Because the entire jury pool will be observing *voir dire*, a prospective juror who volunteers strong opinions about either party may "poison" the jury pool or some portion of it. Also, given the publicity of trial and the nature of Plaintiff's allegations, certain jurors may be comfortable sharing details relevant to their selection on the jury only to the Court and parties, rather than in front of the entire jury pool and any observers.

### IV. JURY INSTRUCTIONS

The parties each submitted proposed jury instructions on March 4, 2022, simultaneously

with the Joint Pretrial Order. *See* ECF Nos. 157, 161. Mr. Fowler also submitted an objection to Plaintiff's Proposed Instruction No. 8. *See* ECF No. 162. Mr. Fowler respectfully requests that the Court hold a jury instruction conference at or before the close of evidence so the parties can appropriately address the jury instructions in closing argument.[3]

Also, on Friday, September 23, 2022, Plaintiff's counsel informed Mr. Fowler's counsel for the first time they intended to submit a request for a "missing witness" charge due to Mr. Fowler's decision not to call Elizabeth Loftus, Ph.D. at a witness at trial. Mr. Fowler strongly opposes that request. Plaintiff's counsel's proposed request is based on a New York state court procedural rule not applicable to this case. Even if the state procedure applied, Plaintiff still could not meet the requirements for several reasons, including because Dr. Loftus was listed on Plaintiff's witness list and her testimony is available to Plaintiff. Indeed, Plaintiff stated in the Joint Pretrial Order filed March 4, 2022 that Plaintiff "reserves the right to call or read in deposition testimony of Elizabeth Loftus, PhD." *See* ECF No. 156 at 22.

Dr. Loftus's testimony also is not significant to this case, nor could she be expected to give material testimony given the facts that will be presented at trial. Because expert disclosures were required before most fact depositions were taken, Mr. Fowler reasonably believed a memory expert may be needed, especially given Plaintiff's allegations concerned an alleged incident 35 years earlier. That was especially true because Plaintiff initially claimed he did share his story for several years after the alleged incident, only to later change his position to claim he first shared it shortly after returning from New York in 1986. Discovery ultimately showed Plaintiff is knowingly lying

---

[3] Mr. Fowler also believes it would be helpful to resolve certain disputes related to the jury instructions before opening statements, such as Plaintiff's bearing the burden of showing the elements of a "sexual offense" under Article 130 of New York's Penal Law to recover on either of his claims.

about the alleged incident with Mr. Fowler and has been doing so for decades, not that his allegations result from a false memory.

Plaintiff's request for this "missing witness" charge is pure gamesmanship aimed to inflict unwarranted prejudice on Mr. Fowler for not calling an expert witness whose opinion and expertise concerns a subject that turned out not to be material to trial. *See, e.g., Martinez v. Port Authority of New York and New Jersey*, 2005 WL 214333, at * (S.D.N.Y. Sept. 2, 2005) ("[C]ourts have been reluctant to find a witness practically unavailable when it appears that the defense has no real interest in calling the witness to the stand, but merely is engaged in a form of gamesmanship in an effort to obtain a missing witness charge.") (internal quotation omitted). Mr. Fowler should not be penalized for not wasting the Court and jury's time with a witness whose opinion is not material, especially given Plaintiff deposed Dr. Loftus and can designate her deposition testimony if he believes it relevant or significant.

Further, federal courts routinely hold that even where a party is permitted to call an expert witness who originally consulted for or was retained by the other side, the parties are prohibited from eliciting testimony to show that the non-calling party had such a prior engagement of the expert. *See, e.g., Agron v. Trustees of Columbia Univ. in City of New York*, 176 F.R.D. 445 (S.D.N.Y. 1997) ("Numerous courts have acknowledged the potentially substantial prejudice stemming from testimony that reveals an expert's prior consultation with the opposing party."); *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 460 (S.D.N.Y. 1995) ("[P]ermitting one party to call an expert previously retained or consulted by the other side entails a risk of very substantial prejudice stemming from the fact of the prior retention, quite apart from the substance of the testimony.").

Thus, even if Plaintiff could use some of Dr. Loftus' testimony at trial, he could not present evidence Dr. Loftus originally was retained or disclosed as an expert by Mr. Fowler. Plaintiff asks

for a "missing charge" charge that – besides being unsupported by the law or facts – would impose the very prejudice federal courts have guarded against.[4]

Plaintiff's request for a "missing witness" charge should be summarily rejected. If the Court is inclined to consider Plaintiff's belated request for a "missing witness" charge at all, Mr. Fowler respectfully requests it be addressed at a hearing and, if appropriate, further briefing.

## V. CONCLUSION

Mr. Fowler respectfully respects that the Court consider the above issues and, if deemed appropriate, address them with the parties before or during trial outside the presence of the jury.

Dated: September 26, 2022
Irvine, California

Respectfully submitted,

*/s/ Jennifer L. Keller*
Jennifer L. Keller

Jennifer L. Keller (*pro hac vice*)
Chase A. Scolnick
Jay P. Barron (*pro hac vice*)
KELLER / ANDERLE LLP
18300 Von Karman Ave., Ste. 930
Irvine, California 92612
(949) 476-8700
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

Michael Tremonte
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600
mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey Fowler a/k/a Kevin Spacey*

---

[4] If any "missing witness" charge were appropriate here, it would be applicable to Plaintiff's decision not to call numerous witnesses with allegedly supportive evidence which Plaintiff identified in his F.R.C.P. 26(a) disclosures. But this case is about the witnesses the jury will hear from, not those that it does not.

## CERTIFICATE OF SERVICE

In accordance with Local Rule 5.2, I, Jennifer L. Keller, hereby certify that on September 26, 2022 this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Jennifer L. Keller*
Jennifer L. Keller
