

BEN B. RUBINOWITZ
JEFFREY B. BLOOM
ANTHONY H. GAIR
HOWARD S. HERSHENHORN*
RICHARD M. STEIGMAN
DIANA M. A. CARNEMOLLA*
PETER J. SAGHIR
MARIJO C. ADIMEY*
CHRISTOPHER J. DONADIO*
DANIEL L. BROOK, MD, JD
RACHEL L. JACOBS
JAMES S. RUBINOWITZ
DAVID H. LARKIN
MICHELLE L. LEVINE
ALLAN ZELIKOVIC
RICHARD SOLDANO*
ALEX R. BLOOM
CONOR D. CASSIDY
ALEA K. ROBERTS*

Counselors at Law
80 PINE STREET, 34TH FLOOR
NEW YORK, NY 10005
TEL: 212-943-1090
FAX: 212-425-7513
www.gairgair.com

New Jersey Office
ONE GATEWAY CENTER, STE. 2600
NEWARK, NJ 07102
TEL: 973-645-0581
FAX: 973-622-8160

* MEMBER OF N.Y. & N.J. BARS

September 28, 2022

BY ELECTRONIC MAIL
Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey
     Southern District of New York, Case No. 1.20-cv-09586 (LAK)

Dear Judge Kaplan:

  As you know we represent the plaintiff in the above matter. We write pursuant to the Court's September 21, 2022, Order on Objections to Plaintiff's Deposition Designations and Defendant's Cross Designations. In that Order, Your Honor invited the parties to submit a brief letter concerning the admissibility of the testimony found on page 78 line 24 through page 81 line 8.

  The designation at issue is Mr. Dawes reading into the record the entirety of an email he sent to Adam Vary of Buzzfeed on October 31, 2017. During the deposition, defense counsel chose to impeach Mr. Dawes with alleged inconsistencies between his testimony and the email (*see* Dawes February 10, 2022 Deposition pages 57:22-58:20 and 59:3-14). For the jury to properly evaluate the significance, if any, of the absence of certain details of the story contained in the email, testimony regarding the entire email is properly admitted to provide the complete context of the email that was sent. To the extent the full email is not read into evidence the jury is left hearing only what was omitted, not what was included. The absence of such testimony could lead the jury to speculate on the significance of the omissions rather than properly evaluate the email in its totality to determine what relevance, if any, to assign the omissions (*see* F.R.E. 106; *U.S. v. Vargas*, 2018 U.S. Dist. Lexis 197906).



      Accordingly, it is respectfully requested that the Court admit the testimony contained in designations 78:24 through 81:3.

      Respectfully submitted,
GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
HERSHENHORN, STEIGMAN & MACKAUF

Peter J. Saghir