

October 3, 2022

**By Electronic Filing**

The Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Anthony Rapp and C.D. v. Kevin Spacey Fowler a/k/a Kevin Spacey*
               Southern District of New York, Case No. 1:20-cv-09586 (LAK)

Dear Judge Kaplan:

      As Your Honor knows, my firm represents Defendant Kevin Spacey Fowler. I write pursuant to the Court's September 27, 2022 Order On Objections To Defendant's Deposition Designations And Plaintiff's Cross Designations ("Order"). *See* ECF No. 254. The Court invited the parties to submit brief letters about the admissibility of testimony from the deposition of John Barrowman found at page 46, line 12 through page 48, line 15, of the transcript.

      The testimony at issue concerns Plaintiff's sharing his story to Mr. Barrowman in a conversation Mr. Barrowman had with Plaintiff many years after 1986. In the conversation, Mr. Barrowman told Plaintiff about the mutually flirtatious interaction between Mr. Barrowman and Mr. Fowler in 1986 when Mr. Barrowman and Plaintiff briefly went back to Mr. Fowler's studio apartment after the Limelight and Plaintiff excused himself to the restroom, leaving Mr. Barrowman and Mr. Fowler alone. The testimony of that conversation between Mr. Barrowman and Mr. Rapp many years after the alleged incident is irrelevant, hearsay, and unnecessary. Mr. Rapp does not claim that his telling Mr. Barrowman his story about Mr. Fowler is relevant or supportive of Plaintiff's allegations. Plaintiff did not list Mr. Barrowman as a witness in his FRCP 26(a) disclosures.

      Instead, Plaintiff claims this portion of Mr. Barrowman's testimony is relevant only to rebut the expert opinion of Mr. Fowler's rebuttal expert, Alexander Bardey, M.D. But as stated in Mr. Fowler's Motion *in Limine* No. 3 ("MIL No. 3"), neither Plaintiff's expert nor Dr. Bardey should testify about credibility issues. Plaintiff's expert, Lisa Rocchio, Ph.D., gave numerous opinions impermissible under Second Circuit law, including opinions that assess the credibility of Plaintiff and other evidence. Dr. Bardey's report included a rebuttal to that portion of Dr. Rocchio's report, in the event Plaintiff were permitted to present that evidence at trial despite controlling authority regarding its impropriety. If Mr. Fowler's MIL No. 3 is granted, Plaintiff's claimed relevance for the excerpt at issue from Mr. Barrowman's deposition evaporates. The trial should not devolve into an improper battle of experts testifying on credibility and assessing evidence of which they have no personal knowledge. That is the role reserved for the jury, not experts.

October 3, 2022
Page 2

      Finally, in its September 27th Order, the Court sustained certain objections to the testimony of Adam Rapp "for want of the required motion under Fed. R. Evid. 412(a)." Mr. Fowler has subpoenaed Adam Rapp to testify live at trial. His deposition designations therefore should not be necessary, except for potential impeachment. But to the extent the deposition designations do become necessary, Mr. Fowler respectfully requests that the Court reconsider its ruling on this point. Mr. Fowler did timely file a motion under FRE 412 on September 20th that encompasses the subjects discussed in the cited portions of Adam Rapp's testimony. *See* ECF Nos. 231-233 (MIL No. 2 filed under seal); Fed. R. Evid. 412(c) (stating motion under FRE 412 must be filed 14 days before trial, while Mr. Fowler's motion was filed over 14 days before trial).

      Mr. Fowler respectfully requests that the Court grant his MIL No. 3 and sustain Mr. Fowler's objections to page 46, line 12 through page 48, line 15, of Mr. Barrowman's deposition. Mr. Fowler also respectfully requests that the Court grant his MIL No. 2 about FRE 412 issues and reconsider its ruling on the objections to Adam Rapp's deposition, to the extent it becomes necessary, because Mr. Fowler did timely file a motion under that rule.

                                   Respectfully submitted,

                                   KELLER/ANDERLE LLP

                                   Chase A. Scolnick