UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ANTHONY RAPP and C.D.,                                    Case No. 1.20-cv-09586 (LAK)

                    Plaintiffs,

        -against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY

                    Defendant.
----------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 4 TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE ABOUT OR REFERENCING DAWES AND HOLTZMAN OR ANY OTHER ALLEGED INCIDENT**

GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF
By: Peter J. Saghir
80 Pine Street, 34th Floor
New York, NY 10005
Tel: (212) 943-1090
Fax: (212) 425-7513
Email: psaghir@gairgair.com

*Attorneys for Plaintiff Anthony Rapp*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………..………iv

COURT RULES………………………………………………………………………….v

STATUES………………………………………………………………………...vi

INTRODUCTION………………………………………………………………………...1

RELEVANT BACKGROUND………………………………………………………...2

    A.    Defendant's Sexual Abuse of Mr. Rapp…………………………………………..2

    B.    Defendant's Sexual Encounters with Justin Dawes and Andrew Holtzman……...3

        1.    Mr. Holtzman……………………………………………………………..3

        2.    Mr. Dawes……………………………………………………………...3

ARGUMENT………………………………………………… …………………………..4

    I.    The Court Has Already Ruled That Justin Dawes' Testimony is Admissible…….4

    II.    Mr. Dawes's and Mr. Holtzman's Testimony is Highly Relevant to Mr. Rapp's Claims against Defendant and is Admissible under Federal Rules of Evidence 404(b) and 415…………………………………………………………….4

        A.    Mr. Dawes's and Mr. Holtzman's Testimony is Admissible under Rule 404(b)……………………………………………………...………4

            1.    Mr. Dawes's and Mr. Holtzman's Testimony is Highly Relevant to Show Defendant's State of Mind and Intent, and to Corroborate Mr. Rapp's Allegations……………………….………………5

            2.    The Prejudicial Effect of Mr. Dawes' and Mr. Holtzman's Testimony Does Not Substantially Outweigh the Probative Value………………8

            3.    Defendant's Motion Improperly Attacks the Credibility of Mr. Dawes' and Mr. Holtzman's Testimony…………………………………….9

        B.    Mr. Dawes' and Mr. Holtzman's Testimony is Admissible Under Rule 415……………………………………………………………..10

            1.    Defendant's Unwanted Sexual Acts Towards Mr. Rapp Qualify as Sexual Assault…………………………………………………..11

2.   Defendant's Acts Against Mr. Dawes and Mr. Holtzman Were Sexual
Assaults………………………………………………………………13

3.   The Probative Value of Mr. Dawes' and Mr. Holtzman's Testimony is
Not Substantially Outweighed by the Risk of Unfair Prejudice…….14

III.   Defendant's Vague and Sweeping Request to Preclude Plaintiff from Inquiring
about Defendant's Other Sexual Misconduct Should be Denied………..………17

CONCLUSION……………………………………………………………………………19

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Huddleston v. United States,* 485 U.S. 681 (1988)…………………………………………..5

*United States v. Roldan-Zapata,* 916 F.2d 795 (2d Cir. 1990)…………………………….5

*United States v. Rutkoske,* 506 F.3d 170 (2d Cir. 2007)……………………………………5

*United States v. Zackson,* 12 F.3d 1178 (2d Cir. 1993)……………………………….6, 7

*United States v. Brand,* 467 F.3d 179 (2d Cir. 2009)……………………………………..6

*United States v. Erramilli,* 788 F.3d 723 (7th Cir. 2015)…………………………………7

*United States v. Johnson,* 27 F.3d 1186 (6th Cir. 1994)…………………………………..7

*United States v. Campbell,* 142 F. Supp. 3d 298 (E.D.N.Y. 2015)………………………..7

*United States v. Smith,* 789 F.3d 923 (8th Cir. 2015)……………………………………..8

*United States v. Everett,* 825 F.2d 658 (2d Cir. 1987)…………………………………….8

*United States v. Oskowitz,* 294 F. Supp. 2d 379 (E.D.N.Y. 2003)………………………..8

*United States v. Cadet,* 08-CR-458 (NGG), 2009 U.S. Dist. LEXIS 82957 (E.D.N.Y. Sept. 11, 2009), aff'd 664 F.2d 27 (2d Cir. 2011)……………………………………………8

*United States v. McGuire,* 627 F.3d 622 (7th Cir. 2010)……………………………...8, 15

*United States v. Montoya,* 1994 U.S. App. LEXIS 32719 (10th Cir. 1994)………………9

*United States v. Rosemond,* 958 F.3d 111 (2d Cir. 2020)…………………………………9

*Costantino v. Herzog,* 203 F.3d 164 (2d Cir. 2000)……………………………………….9

*United States v. Gilan,* 967 F.2d 776 (2d Cir. 1992)……………………………………..10

*Boyce v. Bruce Weber & Little Bear, Inc.,* 19-CV-3825 (JMF), 2021 U.S. Dist. LEXIS 126411 (S.D.N.Y. July 7, 2021)…………………………………………………………..10

*United States v. Schaffer,* 851 F.3d 166 (2d Cir. 2017)…………………………...11, 16

*United States v. LeCompte,* 131 F.3d 767 (8th Cir. 1997)………………………………..11

*United States v. Meacham,* 115 F.3d 1388 (10th Cir. 1997)……………………...11, 14

*Johnson v. Elk Lake Sch. Dist.,* 283 F.3d 13 (3d Cir. 2002)……………………………..12

iv

*United States v. Barnason,* 852 F. Supp. 2d. 367 (S.D.N.Y. 2012)………………………..15

*United States v. Batton,* 602 F.3d 119 (10th Cir. 2010)………………………………………15

*United States v. Benally,* 500 F.3d 108 (10th Cir. 2007)………………………………15, 16

*United States v. Larson,* 112 F.3d 600 (2d Cir. 1997)……………………………………...16

*United States v. Davis,* 624 F.3d 508 (2d Cir. 2010)……………………………………16

*Doe v. Smith,* 470 F.3d 341 (7th Cir. 2006)………………………………………………...17

*Ardolf v. Weber,* 332 F.R.D. 467 (S.D.N.Y. 2019)…………………………………………17

*United States v. Beverly,* 5 F.3d 633 (2d Cir. 1993)………………………………………17

*United States v. Pelusio,* 725 F.2d 161 (2d Cir. 1983)……………………………………17

*United States v. Wagner,* 20-CR-410 (NSR), 2022 U.S. Dist. LEXIS 59 (S.D.N.Y. Jan. 3, 2022)……………………………………………………………………………………..18

*United States v. Dominguez,* 280 Fed. Appx. 81 (2d Cir. 2008)………………………...18

*Busiello v. McGinnis,* 235 F. Supp. 2d 179 (E.D.N.Y. 2002)……………………………18

## **COURT RULES**

Fed. R. Evid. 404(b)……………………………………………………………………….5

N.Y. Penal Law § 130.52…………………………………………………...6, 12, 13, 14

N.Y. Penal Law § 130.55………………………………………………………6, 12, 14

N.Y. Penal Law § 130.00(3)…………………………………………………………….6

Fed. R. Evid. 415(a)…………………………………………………………………...10

Fed. R. Evid. 413(d)(1)…………………………………………………………………11

Fed. R. Evid. 413(d)(2)…………………………………………………………….11, 14

Fed. R. Evid. 413(d)(3)…………………………………………………………………11

Fed. R. Evid. 413(d)(5)…………………………………………………………….11, 13

## **STATUTES**

18 U.S.C. § 2246(3)……………………………………………………………...…13

18 U.S.C. §2244(a)……………………………………………………………...…13

18 U.S.C. §2244(b)……………………………………………………….…13, 14

Conn. Gen. Stat. § 53a-73a……………………………………………………14

Conn. Gen. Stat. § 53a-49…………………………………………………..14

## INTRODUCTION

Plaintiff Anthony Rapp submits this response in opposition to Defendant's Motion *In Limine* No. 4 to Preclude Plaintiff From Presenting Evidence About or Referencing Dawes And Holtzman Or Any Other Unrelated Alleged Incident ("Motion"). ECF No. 249.

Throughout this litigation, Defendant has insisted that Mr. Rapp is a liar and impugned his motives for bringing this action. Having attacked Mr. Rapp's credibility at length, Defendant now seeks to secure his other flank at trial; that is, Defendant hopes to immunize himself from any evidence that undermines his own credibility or his preferred version of events. In short, Defendant wants it both ways: to call Mr. Rapp a liar, and to prevent the jury from hearing any evidence that supports Mr. Rapp's allegations.

Specifically, Defendant first asks this Court to exclude Justin Dawes' and Andrew Holtzman's testimony about their nonconsensual sexual encounters with Defendant. Defendant's motion to exclude their testimony should be denied for three reasons. First, Mr. Dawes is testifying by deposition and this Court already ruled that his testimony is admissible. Defendant's Motion does not mention the Court's prior Order on this issue, let alone justify why the Court should reconsider it. Second, Mr. Dawes' and Mr. Holtzman's testimony is admissible under Federal Rule of Evidence 404(b). In particular, the evidence is material to show Defendant's intent and state of mind during his alleged encounter with Mr. Rapp, as well as to corroborate Mr. Rapp's testimony. Third, Mr. Dawes' and Mr. Holtzman's testimony is independently admissible under Federal Rule of Evidence 415. Indeed, Congress enacted Rule 415 precisely for cases such as this to help resolve credibility disputes where the Defendant claims that the victim is a liar and there are no third-party witnesses to the event.

Finally, Defendant also seeks to prevent Plaintiff from referencing or asking any witness about any other incidents of Defendant's sexual misconduct. Defendant's blanket request is vague, overbroad, and a blatantly impermissible attempt to prevent Plaintiff from challenging the testimony and credibility of Defendant and his witnesses.

Defendant's Motion should be denied.

## RELEVANT BACKGROUND

### A. Defendant's Sexual Abuse of Mr. Rapp

Plaintiff respectfully refers the Court to his memorandum of law in opposition to Defendant's motion for summary judgment for a detailed background of the allegations giving rise to this action. *See* ECF No. 167. In brief, in 1986, when Mr. Rapp was 14-years-old, Defendant invited him "to a gathering at his home." Saghir Decl., Ex. A at 10:8-10; 34:8-10; 36:20-24. Mr. Rapp did not recognize anyone he knew at the party, so he went into Defendant's bedroom to watch television. *Id.* at 49:24-50:17. While Mr. Rapp was sitting on the edge of the bed watching television, Defendant entered the room and approached him. *Id.* at 49:24-51:1. Defendant was visibly drunk, he was swaying, and his eyes appeared glassy. *Id.* at 51:1-4; 69:4-7; 72:16-73:11. Without warning, Defendant picked Mr. Rapp up off the bed "like a groom picks up a bride over the threshold." *Id.* at 51:10-16. Defendant's hand touched and grazed Mr. Rapp's buttocks and legs. *Id.* at 75:1-4. Defendant then laid Mr. Rapp down and laid on top of him. *Id.* Defendant fully pressed his body into Mr. Rapp, and pressed his groin into Mr. Rapp's hip. *Id.* at 84:17-85:10; 88:17-89:8. While pressing into Mr. Rapp, Defendant had his hands wrapped around Mr. Rapp clutching his shoulders. *Id.* at 86:16-87:8. Though initially frozen and in shock, Mr. Rapp managed to get out from underneath Defendant's body and leave the apartment. *Id.* at 52:25-53:6; 103:21-104:2; 105:24-106:16. As Mr. Rapp left the apartment, Defendant followed

2

him to the door, stood in the doorway, and asked him, "Are you sure you want to go?" *Id.* The sexual interaction was "utterly shocking and unwanted" and "extraordinarily upsetting" to Mr. Rapp. *Id.* at 51:23-52:3; 108:16-109:2.

**B.   Defendant's Sexual Encounters with Justin Dawes and Andrew Holtzman**

1.   Mr. Holtzman

Defendant's unconsented to sexual acts towards Mr. Rapp were not an isolated incident. In the summer of 1981, Andrew Holtzman was working at the New York Shakespeare Festival Public Theater. Saghir Decl., Ex. B at 6:22-7:4. While alone in his office, Defendant entered and began walking towards Mr. Holtzman's desk. *Id.* at 30:15-21. Defendant had a fully erect penis as he approached Mr. Holtzman's desk, which Mr. Holtzman could see through Defendant's jeans. *Id.* at 30:22-31:3. When Defendant reached Mr. Holtzman, he reached down to Mr. Holtzman's "crotch, around the scrotum area, and pulled" Mr. Holtzman up on the desk. *Id.* at 31:4-11. Defendant began grinding his erection on Mr. Holtzman as was attempting to get on top of him. *Id.* at 31:4-11-32:16. Mr. Holtzman yelled for Defendant to get off and tried to push him, at which time Defendant stood up and stormed out of the room. *Id.* at 32:22-33:12; 33:15-21.

2.   Mr. Dawes

In 1988, just two years after the night of the incident with Mr. Rapp, Defendant had a similar sexual encounter with Justin Dawes. When Mr. Dawes was 16, Defendant invited him and his friend to a small party at his home in New Haven, Connecticut. Saghir Decl., Ex. C at 12:11-18; 19:15-16. When Mr. Dawes and his friend arrived, Defendant was the only one there and he was playing gay pornography on his television in the living room. *Id.* at 20:25-21:5. Defendant served alcohol to Mr. Dawes (a minor at the time) and was also drinking himself. *Id.* at 21:6-22:14; 178:6-23. When Mr. Dawes' friend left the room, Defendant, without consent, put

his hand two inches above Mr. Dawes' left knee and kept it there for 30-45 seconds in a sexual

manner that made Mr. Dawes freeze and feel uncomfortable. *Id.* at 27:10-28:15. As Mr. Dawes

was leaving the apartment, Defendant expressed disappointment and said "I thought we were

going to hang out." *Id.* at 31:5-11.

<u>**ARGUMENT**</u>

### I.  <u>The Court Has Already Ruled That Justin Dawes' Testimony is Admissible</u>

As it pertains to the testimony of Mr. Dawes, Defendant's Motion fails for one simple

reason: this Court already ruled his testimony is admissible. Mr. Dawes will testify at trial by

deposition. Recognizing this, the parties submitted detailed deposition designations, objections,

and counter-designations for Mr. Dawes to the Court in March 2022. *See* ECF No. 156; Saghir

Decl., Ex. D (3/7/22 email to the Court). Based on the parties' submissions, the Court made line-

by-line rulings as to what of Mr. Dawes's testimony can be introduced at trial. *See* ECF No. 234

("The following are the Court's evidentiary rulings on defendant's objections to plaintiff's

deposition designations [for Mr. Dawes] and on plaintiff's objections to defendant's cross

designations."). Incredibly, Defendant's Motion does not even mention the Court's prior Order—

much less begin to justify why the Court should reconsider it. For that reason alone, Defendant's

Motion should be denied as to the testimony of Mr. Dawes.

### II.  <u>Mr. Dawes's and Mr. Holtzman's Testimony is Highly Relevant to Mr. Rapp's Claims against Defendant and is Admissible under Federal Rules of Evidence 404(b) and 415.</u>

#### A.  <u>Mr. Dawes' and Mr. Holtzman's Testimony is Admissible under Rule 404(b).</u>

Evidence of a party's prior bad acts is often "critical to the establishment of the truth as to

a disputed issue, especially when that issue involves the actor's state of mind and the only means

of ascertaining that mental state is by drawing inferences from the conduct." *Huddleston v.*

4

*United States*, 485 U.S. 681, 685 (1988). Recognizing the critical importance of such evidence, Rule 404(b) permits introduction of "[e]vidence of a crime, wrong, or other act" so long as such evidence is not offered "to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b). Rule 404(b)(2) explicitly enumerates that such evidence is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* Further, under the Second Circuit's "inclusionary" approach to Rule 404(b), evidence of other crimes, wrongs, or acts is admissible for "any purpose other than to show . . . criminal propensity." *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990). In evaluating whether evidence is admissible under 404(b), courts consider "if (1) it is introduced for a proper purpose, (2) it is relevant to the charged offense, (3) its prejudicial effect does not substantially outweigh its probative value and (4) it is admitted with a limiting instruction if requested." *United States v. Rutkoske*, 506 F.3d 170, 177 (2d Cir. 2007).

1. <u>Mr. Dawes' and Mr. Holtzman's Testimony is Highly Relevant to Show Defendant's State of Mind and Intent, and to Corroborate Mr. Rapp's Allegations.</u>

Mr. Dawes' and Mr. Holtzman's testimony is admissible under 404(b) to show Defendant's state of mind and intent, as well as to corroborate Mr. Rapp's allegations. First, their testimony is directly relevant and admissible to show Defendant's state of mind and intent. The Second Circuit has long acknowledged that "prior act evidence is generally admissible to prove that the defendant acted with the state of mind necessary to commit the offense charged." *United States v. Zackson*, 12 F.3d 1178, 1182 (2d Cir. 1993). A party "is required to establish only a 'similarity or some connection' to establish that a prior act is relevant to one of the elements (in this case, intent) of the crime charged." *United States v. Brand*, 467 F.3d 179, 197 (2d Cir. 2009) (quoting *United States v. Garcia*, 291 F.3d 127, 137 (2d Cir. 2002)).

Here, Mr. Dawes' and Mr. Holtzman's testimony goes to the heart of Mr. Rapp's claim that Defendant violated Article 130 of New York's Penal Law (which thus gave rise to his claims for battery and intentional infliction of emotional distress). Specifically, Plaintiff intends to prove at trial that Defendant violated both Penal Law § 130.52 (forcible touching) and Penal Law § 130.55 (sexual abuse in the third degree). Elements of these claims requires proof of intent; namely, that Defendant acted for the purpose of "gratifying his sexual desire" or "degrading or abusing" the victim (forcible touching), or "for the purpose of gratifying sexual desire of either party" (sexual abuse in the third degree). *See* N.Y. Penal Law §§ 130.00(3), 130.52, 130.55.

Defendant disputes both that the incident with Mr. Rapp occurred, and that he acted with the requisite sexualized intent to have violated Penal Law § 130. *See* ECF No. 159 at 13 (Def. Mot. Summ. J.) ("Plaintiff's claim must also fail because Plaintiff has not and cannot show that such incidental contact with Plaintiff's buttocks was 'for the purpose of gratifying sexual desire of either party.' . . . In this case, there is no evidence that the alleged touching was done with the specific intent to gratify sexual desire.").[1]

Mr. Dawes and Mr. Holtzman will testify about their similar unconsented to and sexualized encounters with Defendant. Specifically, Mr. Dawes will describe how, when he was 16 (only two years older than Mr. Rapp at the time of the allegations giving rise to this lawsuit), Defendant likewise invited him to a gathering at his home. Similar to Mr. Rapp, Mr. Dawes will testify that Defendant was drinking, and that once he was alone with Defendant in his home, Defendant made unwanted and unconsented sexual contact by showing him pornography and touching his leg above the knee for 45 seconds in a sexual nature that made him freeze and feel

---

[1] Indeed, Defendant's expert Dr. Alexander Bardey expressly testified that Defendant acted innocently in climbing on top of Mr. Rapp. *See* Saghir Decl., Ex. E at 159:13-160:13.

uncomfortable. This is directly relevant to and highly probative of Defendant's state of mind when he entered the bedroom and picked up Mr. Rapp. Similarly, Mr. Holtzman will testify that when he was alone in his office, Defendant entered and, without Mr. Holtzman's consent, grabbed Mr. Holtzman's crotch, grinded his erection on him, and attempted to get on top of him. These similar sexualized, unconsented to interactions—all of which occurred over a short span of a few years in the 1980s—are directly relevant to showing Defendant acted with the state of mind required to violate Penal Law § 130 when he picked up, touched, laid on top of, and pressed into Mr. Rapp. This is precisely the type of evidence that is admissible under Rule 403(b). *See, e.g., Zackson*, 12 F.3d at 1182; *United States v. Erramilli*, 788 F.3d 723, 728 (7th Cir. 2015) (finding defendant's prior sexual assaults were admissible to prove intent where government had to prove that defendant touched the victim "with an intent to abuse, humiliate, harass, degrade, or arouse sexual desire of any person."); *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994) ("where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with the specific intent notwithstanding any defense the defendant might raise"); *United States v. Campbell*, 142 F. Supp. 3d 298, 301 (E.D.N.Y. 2015) (finding Rule 404(b) expressly permits other-act evidence to establish state of mind); *United States v. Smith*, 789 F.3d 923, 930 (8th Cir. 2015) ("We have long recognized that a general-denial defense places 'intent or state of mind into question and allow[s] the admission of prior criminal convictions to prove both knowledge and intent.'").

Moreover, while proof of Defendant's intent alone is sufficient to admit the testimony of Mr. Dawes and Mr. Holtzman, their testimony is also admissible under 404(b) for the independent reason that it corroborates Mr. Rapp's testimony about his encounter with Defendant. Defendant has repeatedly attempted to attack the credibility of Mr. Rapp throughout

this lawsuit. *See* Mot. at 1 ("The evidence adduced during discovery makes clear the incident Plaintiff alleges did not occur."). Given Defendant's repeated attacks on Mr. Rapp's credibility and his contention that Mr. Rapp is a liar, Mr. Rapp is entitled to introduce evidence to corroborate his testimony under Rule 404(b). *See, e.g., United States v. Everett*, 825 F.2d 658, 660 (2d Cir. 1987) ("Under Rule 404(b) evidence of 'other crimes' has been consistently held admissible to corroborate crucial prosecution testimony."); *United States v. Oskowitz*, 294 F. Supp. 2d 379, 382 (E.D.N.Y. 2003) ("As part of her defense [defendant] might also attack the credibility of the taxpayers whose returns she prepared and who testify against her (or whose admissible out-of-court statements are admitted against her). Thus, the evidence in question may also properly be used to corroborate the government's witnesses' accounts of their interaction with [defendant]."); *United States v. Cadet*, 08-CR-458 (NGG), 2009 U.S. Dist. LEXIS 82957, at *8 (E.D.N.Y. Sept. 11, 2009) ("At trial, Defendant will likely challenge the credibility and testimony of his other taxpayer clients whose returns he prepared. Defendant's interactions with the agent is admissible to corroborate the testimony of his other clients as to their interactions with Defendant."), *aff'd* 664 F.2d 27 (2d Cir. 2011); *United States v. McGuire*, 627 F.3d 622, 627 (7th Cir. 2010) (admitting evidence that defendant had assaulted other victims and noting that evidence was material because the defense was that the victim was lying); *cf. United States v. Montoya*, 1994 U.S. App. LEXIS 32719, at *9 (10th Cir. 1994) ("the victim's credibility and veracity were repeatedly questioned by the defense during the trial and the 404(b) evidence tended to corroborate the victim's testimony regarding the two charged incidents.").

2. The Prejudicial Effect of Mr. Dawes' and Mr. Holtzman's Testimony Does Not Substantially Outweigh the Probative Value.

Because Mr. Dawes' and Mr. Holtzman's testimony is relevant and is being introduced for a proper purpose, it is admissible so long as it passes the balancing test set forth by Rule 403.

The Second Circuit has long made clear that the "probative value of prior bad-act evidence is not substantially outweighed by the risk of prejudice if the conduct is not 'any more sensational or disturbing' than" the charged act. *United States v. Rosemond*, 958 F.3d 111, 125 (2d Cir. 2020) (quoting *United States v. Lyle*, 919 F.3d 716, 737 (2d Cir. 2019)); *cf. Costantino v. Herzog*, 203 F.3d 164, 174 (2d Cir. 2000) ("Because virtually all evidence is prejudicial to one party or another, to justify exclusion under Rule 403 the prejudice must be unfair.").

Here, Mr. Dawes' testimony that Defendant showed him pornography and touched his leg above his knee in a sexual and unwanted manner after serving him alcoholic drinks and Mr. Holtzman's testimony that Defendant grabbed his crotch through his pants and rubbed his erection on him in Mr. Holtzman's office is not "any more sensational or disturbing" than Mr. Rapp's allegations in this case; namely, that as a 14-year-old child in Defendant's bedroom, Defendant picked him up like a groom picks up a bride, touched his buttocks and legs, laid him on Defendant's bed, laid on top of him in bed, pressed his groin into his hips, and fully pressed his body against him so that Mr. Rapp could feel the pressure of Defendant's chest on his chest, Defendant's hands on his body, and Defendant's legs and groin pressing into his side. Accordingly, Rule 403 affords no basis to exclude Mr. Dawes' and Mr. Holtzman's testimony.

3. Defendant's Motion Improperly Attacks the Credibility of Mr. Dawes' and Mr. Holtzman's Testimony.

Finally, Defendant suggests that Mr. Dawes' and Mr. Holtzman's testimony should be excluded because it is not credible. To the extent Defendant asks this Court to exclude Mr. Dawes' and Mr. Holtzman's proffered testimony because it lacks credibility, his request falls flat. The standard of proof under Rule 404(b) is whether a jury "*could reasonably conclude*" by a "preponderance of the evidence" that "the act occurred and that the defendant was the actor." *United States v. Gilan*, 967 F.2d 776, 780 (2d Cir. 1992) (emphasis). "Significantly, the district

9

court's role at this stage is "neither [to] weigh[] credibility nor make[] a finding that the [plaintiff] has proved the conditional fact" that the defendant committed the other act "by a preponderance of the evidence." *Boyce v. Bruce Weber & Little Bear, Inc.*, 19-CV-3825 (JMF), 2021 U.S. Dist. LEXIS 126411, at *19 (S.D.N.Y. July 7, 2021) (alterations in original) (quoting *Huddleston*, 485 U.S. at 690). Defendant does not come close to establishing that no reasonable jury could believe Mr. Dawes' and Mr. Holtzman's testimony. This is especially true in light of the fact that—as Defendant admits—neither Mr. Dawes nor Mr. Holtzman has ever met Mr. Rapp, neither has a vested interest in the outcome of this litigation, and both discussed the alleged incidents concerning Defendant with third parties long before this litigation ever started. In short, there is ample evidence for a jury to find their testimony credible.

Defendant's motion should be denied.

## B.  Mr. Dawes' and Mr. Holtzman's Testimony is Admissible Under Rule 415

In addition to being admissible under 404(b), Mr. Dawes' and Mr. Holtzman's testimony is also independently admissible under Rule 415. Rule 415 provides that in civil cases involving allegations of sexual assault or child molestation, the court may "admit evidence that the defendant committed any other sexual assault or child molestation." Fed. R. Evid. 415(a). Rule 413(d) broadly defines sexual assault as, among other things, "any conduct prohibited by 18 U.S.C. chapter 109A," Fed. R. Evid. 413(d)(1), and any nonconsensual contact "between any part of the defendant's body—or an object—and another person's genitals or anus," or, conversely, "between the defendant's genitals or anus and any part of another person's body." Fed. R. Evid. 413(d)(2), (3). The rule also encompasses an attempt to engage in any of this conduct. Fed. R. Evid. 413(d)(5).

Evidence admitted under Rule 415 "may be considered on any matter to which it is relevant" including "to show that a defendant has a pattern or propensity for committing sexual assault." *United States v. Schaffer*, 851 F.3d 166, 177 (2d Cir. 2017) (quoting Fed. R. Evid. 413). In enacting Rules 413, 414, and 415, "Congress intended to create a presumption that evidence of prior sexual assaults . . . is relevant and probative" in cases involving sexual assault. *Id.* at 184. Courts, in turn, have applied the rules mindful of the "strong legislative judgment that evidence of prior sexual crimes should ordinarily be admissible." *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997) (citing legislative history); *see also United States v. Meacham*, 115 F.3d 1388, 1492 (10th Cir. 1997) ("courts are to 'liberally' admit evidence of prior uncharged sex offenses.").

Here, Mr. Dawes' and Mr. Holtzman's testimony is admissible under Rule 415. First, the acts alleged by Mr. Rapp fall within the broad definition of sexual assault contained in Rule 413(d). Second, Mr. Dawes' and Mr. Holtzman's testimony pertains to prior sexual assaults committed by Defendant. Third, the evidence is relevant and its probative value is not substantially outweighed by the danger of unfair prejudice.

1. Defendant's Unwanted Sexual Acts Towards Mr. Rapp Qualify as Sexual Assault.

Defendant's alleged acts easily fall within the broad definition of "sexual assault" under Rule 413(d). As an initial matter, contrary to what Defendant suggests in his motion, Rule 413(d) incorporates crimes "under federal law *or under state law* . . . involving" the proscribed conduct. Fed. R. Evid. 413(d) (emphasis added); *see also Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 158 n.14, n.17 (3d Cir. 2002) (analyzing whether the conduct at issue violated Pennsylvania's indecent assault statute for purposes of a Rule 415 inquiry). That is, if the allegations "involved"

11

conduct that would violate either a federal or state sexual assault law, it is a sexual assault for purposes of Rule 413(d).

     As described above, Mr. Rapp contends that, among other things, Defendant: (1) picked him up like a groom picks up a bride in Defendant's bedroom; (2) touched his buttocks and legs; (3) laid him on a bed; (4) laid on top of him and pressed his body into him; (5) pressed his pelvis, legs, and groin into his hips; (6) wrapped his hands around his back and clutched his shoulders; and (7) after Mr. Rapp wriggled out, asked him "Are you sure you want to go?" *See supra*, at 2. Mr. Rapp did not consent to any of Defendant's unwanted sexual conduct.

     In denying Defendant's motion for summary judgment, this Court already ruled that a reasonable jury could find this conduct violated New York Penal Law § 130.52 (forcible touching) and Penal Law § 130.55 (sexual abuse in the third degree). *See* ECF No. 217 (6/6/222 Summ. J. Order) at 5-6; *see also* ECF No. 167 (Opp. to Def. Summ. J. Mot.) (describing at length how this conduct violated New York law). As New York's forcible touching and sexual abuse in the third degree statutes are crimes of sexual assault under Rule 413, that alone dooms Defendant's argument that his acts "do not involve a 'claim for relief based on a party's alleged sexual assault.'" Mot. at 12.[2]

     Moreover, Defendant's conduct also constitutes sexual assault under Rule 415 because it falls within 18 U.S.C. section 2244's prohibitions against unpermitted "sexual contact," which is defined as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass,

---

[2] As further detailed in Plaintiff's Opposition to Defendant's Motion for Summary Judgment, at a minimum, Defendant's conduct also constituted attempted forcible touching and attempted sexual abuse in the third degree. *See* ECF 167 at 17-18. This further qualifies as sexual assault under 413. Fed. R. Evid. 413(d)(5). Additionally, pressing his groin into Mr. Rapp's side independently violates N.Y. Penal Law §§ 130.52 and 130.55.

degrade, or arouse or gratify the sexual desire," and any attempts to commit such acts. 18 U.S.C.

§§ 2246(3), 2244(a), (b). It is undisputed that Mr. Rapp alleges Defendant touched his buttocks

while picking him up and placing him on Defendant's bed. Although Defendant acknowledges

this, he argues that he did not do so with the intent to "abuse, humiliate, harass, degrade, or

arouse or gratify [his] sexual desire." Mot. at 14-15. This is the same recycled argument that

Defendant made at summary judgment and that the Court already rejected. *See* ECF No. 217 at 6

(finding a genuine issue of material fact as to whether Defendant acted for the purpose of

gratifying sexual desire). Defendant's argument fairs no better the second time around.

     In short, Defendant's contention that this case does not "involve a claim for relief based

on a party's alleged sexual assault or child molestations" is baseless. Mot. at 12.

    2.  <u>Defendant's Acts Against Mr. Dawes and Mr. Holtzman Were Sexual Assaults.</u>

     Defendant's acts against Mr. Holtzman and Mr. Dawes also qualify as sexual assault.

Turning first to Mr. Holtzman, Defendant does not dispute that the alleged incident was a sexual

assault under Rule 413(d). Nor could he, as grabbing someone's genitals without consent is a

sexual assault under both state and federal law. *See* N.Y. Penal Law § 130.55 (sexual abuse in

the third degree); N.Y. Penal Law § 130.52 (forcible touching); 18 U.S.C. § 2244(b) (proscribing

"knowingly engaging in sexual contact with another person without that person's permission");

Fed. R. Evid. 413(d)(2) (proscribing contact, without consent, between any part of the

defendant's body and a person's genitals).

     Defendant's conduct towards Mr. Dawes also constitutes a sexual assault. The plain

language of Rule 413 (incorporated into Rule 415) makes clear that an "attempt" to engage in

any of the enumerated proscribed acts—including section 2244's prohibition against

unconsented to sexual conduct—constitutes a sexual assault. Fed. R. Evid. 413(d)(5). This broad

definition is in keeping with Congress's intent that "courts must liberally construe [Rules 413-415] to provide the basis for a fully informed decision of sexual assault and child molestation cases, including an assessment of the defendant's propensities and questions of probability in light of the defendant's past conduct." *Meacham*, 115 F.3d at 1492. For that reason, the bar for admissibility is low. Specifically, the court only must find that "a reasonable jury *could find* by a preponderance of the evidence that the past act was an 'offense of sexual assault' under Rule 413(d)'s definition and that it was committed by the defendant." *Johnson*, 283 F.3d at 155 (emphasis added). Here, where Defendant—a grown adult—served Mr. Dawes—a 16-year-old child—alcoholic drinks, showed him gay pornography, and put his hand on Mr. Dawes' leg above his knee in a sexual nature that made Mr. Dawes freeze and feel uncomfortable, a reasonable jury certainly could find Defendant's actions constituted attempted sexual assault in violation of federal and state law. *See, e.g.,* 18 U.S.C. § 2244(b); Conn. Gen. Stat. §§ 53a-73a; 53a-49 ("A person is guilty of attempt to commit a crime if [he] . . . "intentionally does or omits to do anything which . . . is an act or omission constituting a substantial step in the court of conduct planned to culminate in his commission of the crime").[3]

3. <u>The Probative Value of Mr. Dawes' and Mr. Holtzman's Testimony is Not Substantially Outweighed by the Risk of Unfair Prejudice.</u>

Mr. Dawes' and Mr. Holtzman's testimony is directly relevant to Mr. Rapp's claims and its probative value is not substantially outweighed by the danger of unfair prejudice. As explained above, the proffered testimony is relevant to Mr. Rapp's state of mind and intent, as well as to corroborate Mr. Rapp's testimony. *See supra*, at 7-11. Furthermore, as it pertains specifically to Rule 415, "Congress 'considered knowledge that the defendant has committed

---

[3] Because Defendant's sexual encounter with Mr. Dawes occurred in Connecticut, Connecticut law governs.

[sex crimes] on other occasions to be critical in assessing the relative plausibility of sexual assault claims and accurately deciding cases that would otherwise become unresolvable swearing matches." *Schaffer*, 851 F.3d at 178. Such evidence is particularly relevant here, where Defendant claims that Mr. Rapp fabricated the entire story. Indeed, courts routinely admit evidence of other sexual assaults for this very purpose. *See United States v. Barnason*, 852 F. Supp. 2d. 367, 374 (S.D.N.Y. 2012) ("Courts have previously held that evidence of prior sex crimes can be admitted to bolster or undermine witnesses' credibility."); *United States v. McGuire*, 627 F.3d 622, 627 (7th Cir. 2010) (admitting evidence that defendant had assaulted other victims, noting that evidence was material because the defense was that the victim was lying); *United States v. Batton*, 602 F.3d 1191, 1198 (10th Cir. 2010) (finding that prior sex conviction was a "crucial piece of evidence" to help the jury determine the validity of [victim's] accusations in light of the defendant's blanket denial of the accusation); *United States v. Benally*, 500 F.3d 1085, 1092 (10th Cir. 2007) (evidence of past sexual offenses relevant because whether charged assault occurred was "hotly disputed"). Thus, the testimony about Defendant committed similar unwanted sexual against Mr. Dawes and Mr. Holtzman goes directly to rebutting Defendant's attack on Plaintiff and his blanket denial of Plaintiff's allegations—exactly as Congress intended Rule 415 to operate.

Nor does Rule 403 preclude the proffered testimony. As discussed above, Congress directed courts to construe Rules 413-415 with a presumption that such evidence is admissible. *See Schaffer*, *supra,* at 13; *United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997) ("With respect to the Rule 403 balancing, however, the sponsors stated that 'the presumption is that the evidence admissible pursuant to these rules is typically relevant and probative, and that its probative value is not outweighed by any risk of prejudice.") (quoting 140 Cong. Rec. at S12990

(Statement of Sen. Dole).) Defendant provides no persuasive reason to disturb this presumption. First, Defendant argues that the testimony should be excluded because they were unrelated incidents that occurred "several years removed" from Plaintiff's allegations. Mot. at 21. But the opposite is true. Indeed, courts regularly admit evidence of other sex crimes that are decades apart. *See, e.g., United States v. Davis*, 624 F.3d 508, 512 (2d Cir. 2010) (19 year-old conviction); *Benally*, 500 F.3d at 1091 (40 year-old uncharged offenses); *Doe v. Smith*, 470 F.3d 341, 346 (7th Cir. 2006) (lower court erred in excluding sexual abuse allegations that were 25 years-old). Thus, far from being a reason for exclusion, that Defendant's sex offenses against Mr. Dawes and Mr. Holtzman all occurred in the 1980s just years apart from Plaintiff's allegations makes their testimony even more probative and *supports* its admission.

Defendant's argument that such testimony will "confuse and mislead the jury about the conduct on which Plaintiff's claims are based" similarly falls flat. Mot. at 22. Jurors are "frequently called upon to keep track of multiple events and people" and thus there "is no basis to conclude that the risk of confusion . . . substantially outweighs the probative value" of the testimony at issue. *Boyce*, 19-CV-3825 (JMF), 2021 U.S. Dist. LEXIS 126411, at *18 (rejecting defendant's argument that testimony of six victims would confuse the jury); *cf. Ardolf v. Weber*, 332 F.R.D. 467, 481 (S.D.N.Y. 2019) ("jurors are perfectly capable of separating fact patterns that pertain to each individual Plaintiff, while understanding that they may have certain elements in common.").

In sum, Mr. Dawes' and Mr. Holtzman's testimony is relevant, probative, and admissible under both Rule 404(b) and Rule 415. Defendant's motion to exclude their testimony should be denied.

**III.**   **Defendant's Vague and Sweeping Request to Preclude Plaintiff from Inquiring about Defendant's Other Sexual Misconduct Should be Denied.**

Finally, Defendant's vague and sweeping request to preclude Plaintiff from inquiring about other allegations of sexual misconduct against Defendant should be summarily denied. Defendant's request is a blatant attempt to establish carte blanche for him to mislead the jury while preventing Plaintiff from challenging his testimony. It is axiomatic that once "a defendant has put certain activity in issue by offering innocent explanations for or denying wrong-doing, [the opposing party] is entitled to rebut by showing that the defendant has lied." *United States v. Beverly*, 5 F.3d 633, 639 (2d Cir. 1993). Indeed, such cross-examination is "[c]entral to the proper operation of the adversary system . . . in an attempt to elicit the truth." *Id.* For example, during Defendant's deposition when he was asked whether he has ever been attracted to boys under 18-years-old, he testified that it was "not my thing." Saghir Decl., Ex. F at 5 4:7-10. He further testified that since he turned 18 he has never had a sexual encounter or touched someone sexually who was under 18. *Id.* at 54:21-55:3. If Defendant testifies similarly at trial, it is beyond dispute that Plaintiff can question him about Mr. Dawes' testimony, or about other prior instances in which Defendant did exactly that. *See Beverly*, 5 F.3d at 639; *United States v. Pelusio*, 725 F.2d 161, 167-68 (2d Cir. 1983) (cross-examination regarding prior instances of bad conduct permissible to impeach defendant's credibility). By way of another example, Defendant testified at deposition that Mr. Rapp's allegations make "no sense" to him because he does "not touch people inappropriately." Saghir Decl., Ex. F, at 306:12-20. If Defendant offers similar testimony at trial, Plaintiff is well within his rights to impeach Defendant's credibility with evidence contradicting that testimony so long as Plaintiff has a good faith basis to do so. *See United States v. Wagner*, 20-CR-410 (NSR), 2022 U.S. Dist. LEXIS 591, at *13 (S.D.N.Y. Jan. 3, 2022) (party may impeach a witness so long as there is a good-faith basis to do so); *United*

*States v. Dominguez*, 280 Fed. Appx. 81, 82 (2d Cir. 2008) (impeachment proper if there is a good-faith basis for the cross-examination); *cf. Busiello v. McGinnis*, 235 F. Supp. 2d 179, 188 (E.D.N.Y. 2002) ("It is simply not a violation of any federal constitutional principle for the judge to have permitted the prosecutor to impeach [defendant] with questions about [defendant's] specific prior acts, as long as the prosecutor had a good faith basis for so inquiring.").[4]

Defendant's request to prevent Plaintiff from cross-examining Dr. Bardey about other claims of sexual misconduct against Defendant should also be denied. While Defendant contends that Dr. Bardey will not testify about "credibility determinations," Mot. at 26, Dr. Bardey's 49-page report focuses almost exclusively on whether the alleged incident between Mr. Rapp and Defendant occurred. In his report and during his deposition, Dr. Bardey advanced numerous theories about Mr. Rapp's motives for lying, including that he is seeking attention and was jealous of Defendant's relationship with Mr. Rapp's friend, John Barrowman. *See, e.g.,* Saghir Decl., Ex. E at 211:18-23. In short, Dr. Bardey's opinions are inextricably linked to a credibility attack on Mr. Rapp. As such, Plaintiff is entitled to inquire how Dr. Bardey determined that Defendant's account is more credible than Mr. Rapp's, including by asking about other incidents of sexual misconduct that reflect on the credibility of Defendant's version of events. This line of inquiry goes directly to challenging the reliability of the opinions Dr. Bardey will present to the jury, as well as his own credibility in arriving at those opinions.

---

[4] Contrary to the suggestion in Defendant's motion, precluding Plaintiff from asking Defendant about the outcome in the *House of Cards* arbitration would not "confirm" a prior order. ECF No. 249, at 24. The motion on which the Court ruled dealt with disclosing the *identities* of Defendant's victims in that case. That is far different than asking Defendant about the fact that he was found by a neutral arbitrator—whose decision was upheld by a panel of three other independent arbitrators and affirmed by the Los Angeles Superior Court—to have committed sexual misconduct against numerous crew members on the set of *House of Cards*. That decision—which was widely reported in the media—provides more than a sufficient good-faith basis to challenge Defendant's credibility on cross-examination.

18

In sum, Defendant's motion to preclude Plaintiff from referencing or asking any witness about any other claims of sexual misconduct against Defendant is a thinly-veiled and improper attempt to present a lopsided narrative to the jury; namely, by attacking Mr. Rapp's credibility throughout trial while preventing Plaintiff from asking questions that would undermine the substance, weight, or credibility of the testimony of Defendant or his witnesses. Accordingly, Defendant's motion should be denied in its entirety.

### CONCLUSION

For the reasons stated above, Plaintiff Anthony Rapp respectfully requests that the Court deny Defendant's Motion *In Limine* No. 4.

Dated: New York, NY
      October 3, 2022

Respectfully submitted,

Peter J. Saghir (PJS4276)
GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
HERSHENHORN, STEIGMAN & MACKAUF
Attorneys for Plaintiff
Anthony Rapp
80 Pine Street, 34th Floor
New York, NY 10005
Tel: (212) 943-1090
Email: psaghir@gairgair.com

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Local Rule 5.2, I, Peter J. Saghir, hereby certify that on

October 3, 2022 this document filed through the ECF system will be sent electronically to the

registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies

will be sent to those indicated as non-registered participants.

Peter J. Saghir

20