

BEN B. RUBINOWITZ
JEFFREY B. BLOOM
ANTHONY H. GAIR
HOWARD S. HERSHENHORN*
RICHARD M. STEIGMAN
DIANA M. A. CARNEMOLLA*
PETER J. SAGHIR
MARIJO C. ADIMEY*
CHRISTOPHER J. DONADIO*
DANIEL L. BROOK, MD, JD
RACHEL L. JACOBS
JAMES S. RUBINOWITZ
DAVID H. LARKIN
MICHELLE L. LEVINE
ALLAN ZELIKOVIC
RICHARD SOLDANO*
ALEX R. BLOOM
CONOR D. CASSIDY
ALEA K. ROBERTS*

Counselors at Law
80 PINE STREET, 34TH FLOOR
NEW YORK, NY 10005
TEL: 212-943-1090
FAX: 212-425-7513
www.gairgair.com

New Jersey Office
ONE GATEWAY CENTER, STE. 2600
NEWARK, NJ 07102
TEL: 973-645-0581
FAX: 973-622-8160

* MEMBER OF N.Y. & N.J. BARS

October 4, 2022

BY ELECTRONIC MAIL
Hon. Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    Anthony Rapp v. Kevin Spacey Fowler a/k/a Kevin Spacey
                 Southern District of New York, Case No. 1.20-cv-09586 (LAK)

Dear Judge Kaplan:

      As the Court is aware, we represent the plaintiff in the above-entitled matter. We write in response to Mr. Scolnick's letter of earlier today regarding exchange of exhibits and demonstrative aids to be used during opening statements.

      Mr. Scolnick has proposed that parties exchange such materials by 5:00 p.m. Wednesday to "ensure transparency about exhibits to be shown to the jury during opening statements" and to "permit the Court and parties to resolve any objections on exhibits to be used during opening statements before they are shown to the jury."

      In spite of these goals, Mr. Scolnick goes on to inform the Court that he wishes to show a PowerPoint presentation to the jury, which he proposes to provide to the Court for an *in camera* review, while simultaneously refusing to share it with plaintiff's counsel until the outset of his opening. This procedure would fly in the face of the reasoning set forth in his letter for early disclosure and would deny the plaintiff and the Court the very opportunity to resolve objections prior to openings which his letter promotes.

      Accordingly, we have no objection to sharing exhibits and demonstrative aids by 5:00 pm tomorrow, but request that to the extent defendant intends to show a PowerPoint presentation or any visual display, such materials be included in tomorrow's disclosure.



Thank you for consideration of this issue.

                                        Respectfully submitted,
                                        GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                                        HERSHENHORN, STEIGMAN & MACKAUF

                                        Peter J. Saghir