UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ANTHONY RAPP,

                        Plaintiff,

-against-                                        20-cv-9586 (LAK)

KEVIN SPACEY FOWLER,

                        Defendant.

------------------------------------x

## MEMORANDUM AND ORDER ON DEFENDANT'S
## MOTION FOR RECONSIDERATION OR CLARIFICATION

LEWIS A. KAPLAN, *District Judge.*

        Defendant seeks reconsideration or clarification of parts of my order on his *in limine* motions 2 and 4. The motion (Dkt 285) is decided as follows.

*Motion No. 2*

        Insofar as defendant seeks reconsideration of certain of the Court's rulings on motion no. 2, which sought a determination that certain alleged incidents were admissible over Fed. R. Evid. 412(a) objection, the motion is denied. Defendant has not established that the Court overlooked any material facts or law. But that does not address the argument defendant now makes.

        Defendant's main point with respect to those rulings actually is not that any of the evidence foreclosed by them is admissible under Rule 412(a). In substantial measure, it is the contention that he is entitled on cross-examination to elicit from plaintiff's expert witness whatever plaintiff told her, and whatever other data about them she has, about those incidents. He seeks to do so in order to assist the jury in evaluating the expert's opinion. Notably, this would not be a hearsay use of the material, as it would not be offered for its truth, and it would be admitted subject to a limiting instruction if one were sought.

        Both sides have the right to "vigorous" cross-examination of experts as to the basis

of opinions expressed on direct examination.[1] To that end, Rules 703 and 705 together permit a cross-examiner to compel an expert to disclose on cross-examination the facts and data underlying the expert's opinion, subject to Rule 403. The facts and data underlying an opinion necessarily include facts and data that the expert had but, for whatever reason, concluded did not support the expert's ultimate conclusion. The principal question for the Court in such circumstances is whether the probative value of the information thus elicited as – probative value in aiding the jury to evaluate the expert's testimony – substantially outweighs any unfair prejudicial effect. Having considered the matter, the Court concludes that the defendant may cross-examine the expert with respect to the data she had with respect to the Tyrell and masseuse incidents.

This ruling does not address, one way or the other, any issue that might arise with respect to examination of any witness concerning the accuracy and completeness of any data provided by a witness to the expert.

*Motion No. 4*

Defendant seeks clarification of the ruling on Motion No. 4 to the effect that plaintiff's counsel defendant seeks to preclude examination by plaintiff of defendant or any other witness about any third-party accusations (other than that of Mr. Holtzman) even for those who have been publicly identified. The Court declines to rule in the abstract on that request. Plaintiff's counsel, however, shall not make any such inquiry without first disclosing his intention to do so and the nature of the proposed inquiry to defendant's counsel and, in the event of objection, obtaining a ruling from the Court.

*Conclusion*

The Clerk shall terminate Dkt 285.

SO ORDERED.

Dated:   October 9, 2022

_____
Lewis A. Kaplan
United States District Judge

---

[1] *See, e.g., Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993); *In re Mirena IUD Prod. Liab. Litig.*, 169 F. Supp.3d 396, 411 (S.D.N.Y. 2016).