**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY RAPP, | Case No. 1:20-cv-09586 (LAK) (SDA) |
| Plaintiff, | |
| -against- | |
| KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR**

**JUDGMENT AS A MATTER OF LAW UNDER FRCP 50(a)**

KELLER / ANDERLE LLP
Jennifer L. Keller (*pro hac vice*)
Chase A. Scolnick
Jay P. Barron (*pro hac vice*)
18300 Von Karman Ave., Ste. 930
Irvine, California 92612
(949) 476-8700
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

SHER TREMONTE LLP
Michael Tremonte
90 Broad Street, 23rd Floor
New York, New York 10004
(212) 202-2600
mtremonte@shertremonte.com

*Counsel for Defendant Kevin Spacey*
*Fowler a/k/a Kevin Spacey*

**TABLE OF CONTENTS**

I.    INTRODUCTION ......................................................................................................... 1

II.   LEGAL STANDARD................................................................................................... 3

III.  ALL OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER FRCP 50(a)...... 3

   A.   Plaintiff Has Not Established His Claims Are Revived By The Child Victims Act
        .............................................................................................................................. 3

   B.   Plaintiff's Claims for IIED Is Based On Conduct Duplicative Of, And Subsumed
        Within, His Battery Claim And Therefore Were Properly Dismissed Under New
        York Law ............................................................................................................. 9

   C.   Plaintiff Has Presented Insufficient Evidence To Establish The Elements Of His
        Claim For Intentional Infliction of Emotional Distress ........................................ 10

   D.   Plaintiff Has Presented Insufficient Evidence To Establish His Claim For Battery
        .............................................................................................................................. 14

   E.   Plaintiff Has Presented Insufficient Evidence To Establish Entitlement To
        Punitive Damages ................................................................................................ 14

IV.   CONCLUSION.......................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bender v. City of New York*, 78 F.3d 787 (2d Cir. 1996) ............................................................. 10

*BL Doe 3 v. Female Academy of Sacred Heart*, 158 N.Y.S.3d 474 (4th Dep't 2021) .................. 4

*Brancaleone v. Mesagna*, 736 N.Y.S.2d 685 (2d Dep't 2002) ....................................................... 9

*Brewton v. City of New York*, 550 F.Supp.2d 355 (E.D.N.Y. 2008) ............................................ 10

*Caravalho v. City of New York*, 2016 WL 127475 (S.D.N.Y. Mar. 31, 2016) ............................. 10

*Cotter v. Summit Sec. Services, Inc.*, 788 N.Y.S.2d 153 (2d Dep't 2005) .................................... 14

*Cusimano v. United Health Services Hospitals, Inc.*, 937 N.Y.S.2d 413 (3d Dep't 2012) .......... 13

*Fischer v. Maloney*, 43 N.Y.2d 553 (1978) .................................................................................... 9

*Herlihy v. Metropolitan Museum of Art*, 633 N.Y.S.2d 106 (1st Dep't 1995) ............................ 10

*Howell v. New York Post Co.*, 81 N.Y.2d 115 (1993) ................................................................... 11

*Matter of Ibn Abdus S.*, 939 N.Y.S.2d 294 (1st Dep't 2012) ......................................................... 8

*McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*, 682 N.Y.S.2d 167 (1st Dep't 1998) .......... 9

*Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 725 F.3d 65 (2d Cir. 2013) ............. 15

*Munoz v. Puretz*, 753 N.Y.S.2d 463 (1st Dep't 2003) ................................................................. 14

*Nader v. General Motors Corp.*, 25 N.Y.2d 560, 569 (1970) ...................................................... 11

*Nevin v. Citibank, N.A.*, 107 F.Supp.2d 333 (S.D.N.Y. 2000) ............................................... 10, 11

*Osborn v. DeChiara*, 87 N.Y.S.3d 97 (2d Dep't 2018) .................................................................. 4

*Parrish v. Sollecito*, 280 F.Supp.2d 145 (S.D.N.Y. 2003) .......................................................... 14

*People v. Ditta*, 52 N.Y.2d 657 (1981) ........................................................................................... 8

*People v. Graydon*, 129 Misc.2d 265 (Crim. Ct. N.Y. County 1985) ............................................ 7

*People v. Helm*, 3 N.Y.S.3d 286 (2014) .......................................................................................... 5

*People v. Kassebaum*, 131 N.Y.S.3d 675 (2d Dep't 2020) ........................................................... 8

*People v. Sene*, 66 A.D.3d 427 (1st Dep't 2009) ........................................................................... 7

*Randi A.J. v. Long Island Surgi-Ctr*, 842 N.Y.S.2d 558 (2d Dep't 2007) ................................... 15

*Richard L. v. Armon*, 536 N.Y.S.2d 1014 (2d Dep't 1989) .................................................... 11, 12

*Roberts v. Pollack*, 461 N.Y.S.2d 272 (1st Dep't 1983) ......................................................... 11, 12

*Roche v. Claverack Co-op Ins. Co.*, 874 N.Y.S.2d 592 (3d Dep't 2009) .................................... 13

*Ross v. Louise Wise Servs, Inc.*, 8 N.Y.3d 478 (2007) ................................................................ 14

*Sladick v. Hudson Gen. Corp.*, 641 N.Y.S.2d 270 (1st Dep't 1996) ............................................ 15

*Tillman v. Nordon*, 771 N.Y.S.2d 670 (2d Dep't 2004) .............................................................. 14

*Tolbert v. Queens College*, 242 F.3d 58 (2d Cir. 2001) .............................................................. 14

*Wolkstein v. Morgenstern*, 713 N.Y.S.2d 171 (1st Dep't 2000) ....................................................... 9

**Statutes**

N.Y. Penal Law § 130.00(3) .................................................................................................... 5

N.Y. Penal Law § 130.50 ........................................................................................................ 5

N.Y. Penal Law § 130.52 ........................................................................................................ 5

N.Y. Penal Law § 130.55 ..................................................................................................... 5, 15

N.Y. Penal Law § 130.552 .................................................................................................... 15

N.Y. Penal Law § 15.15 .......................................................................................................... 5

N.Y. Penal Law § 65.00(3)(c) .............................................................................................. 15

N.Y. Penal Law § 70.15(2) ................................................................................................... 15

**Rules**

Fed. R. Civ. P. 50(a) ............................................................................................................... 3

Fed. R. Civ. P. 50(a)(1) .......................................................................................................... 3

Fed. R. Civ. P. 50(a)(2) .......................................................................................................... 3

N.Y. CPLR § 208 .................................................................................................................... 4

N.Y. CPLR § 214-g ................................................................................................................. 4

N.Y. CPLR § 215 .................................................................................................................... 4

N.Y. CPLR § 215(3) ............................................................................................................. 3, 4

On October 17, 2022, Defendant Kevin Spacey Fowler ("Mr. Fowler") orally moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a).  The oral motion was made on the same five grounds set forth in this memorandum.  The Court granted the motion in part, while deferring a ruling on other aspects of Mr. Fowler's motion.  By and through his counsel, Mr. Fowler now respectfully submits this memorandum of law in support of his Motion for Judgment As A Matter of Law under Federal Rule of Civil Procedure 50(a).

## I. <u>INTRODUCTION</u>

On October 17, 2022, Plaintiff Anthony Rapp ("Plaintiff") rested after presenting his case-in-chief.   His presentation only confirmed and reinforced the legal insufficiency of his unsubstantiated and uncorroborated claims.  When evaluated against the standard of Federal Rule of Civil Procedure 50, Plaintiff's claims fail and must be dismissed.

Mr. Fowler brings his motion on five independent grounds:

First, both Plaintiff's battery and intentional infliction of emotional distress ("IIED") claims should be dismissed because Plaintiff has provided insufficient evidence on which a reasonable jury could find his claims are revived under the Child Victims Act ("CVA").  Plaintiff provided no evidence to support his claim that Mr. Fowler's alleged physical contact with Plaintiff was done for the purpose of sexual gratification.  Despite the claim in his complaint that Mr. Fowler allegedly grabbed Plaintiff's buttocks, Plaintiff admitted in his testimony that Mr. Fowler's hand merely "grazed" Plaintiff's buttocks as an incidental consequence of Mr. Fowler picking up Plaintiff.  It is further undisputed there was no groping, no kissing, no grinding, and no undressing, no sexual words or innuendo.  Nor did Plaintiff present any evidence Mr. Fowler had any sexual attraction to Plaintiff or anyone else his age at the time of the alleged incident.

Plaintiff's claims cannot survive merely because he subjectively perceived some physical

conduct as being sexual nature or misleadingly labels it as a sexual advance, especially where the objective evidence does not support those contentions.  That Mr. Fowler allegedly put his body weight on Plaintiff's chest and hip does not transform an ordinary battery claim into one done for the purpose of sexual gratification.  Plaintiff's failure to meet his burden of showing Mr. Fowler touched any intimate part of Plaintiff's body *for the purpose of sexual gratification* is fatal to Plaintiff's claims.

Second, Mr. Fowler's oral motion already has been granted by the Court as to his second ground.  Mr. Fowler argued, and the Court agreed, Plaintiff's IIED claim must be dismissed because it is based on conduct and seeks damages entirely duplicative of and subsumed within Plaintiff's other cause of action for battery.  Under New York law, IIED is a highly disfavored tort which cannot stand when it overlaps with another common law tort, such as battery.

Third, Plaintiff's IIED claim also should be found to have been properly dismissed on an alternative and independent ground.  Plaintiff cannot meet his burden on any elements of the claim, which has rigorous elements New York courts have found are only rarely satisfied.  Plaintiff has presented no evidence of "extreme and outrageous" conduct sufficient to support an IIED claim. He alleges a single incident that lasted no more than one minute and included no overtly sexual conduct or physical injury.  Nor has Plaintiff proven that Mr. Fowler acted with the requisite intent to cause severe emotional distress, that he caused Plaintiff's alleged severe emotional distress, or that Plaintiff suffers from "severe" emotional distress at all.

Fourth, for similar reasons, Plaintiff has not proven a touching offensive under all the circumstances, as required to maintain a battery claim.

Finally, Plaintiff has not provided sufficient evidence to maintain his claim for punitive damages, especially given his burden of establishing punitive damages by clear and convincing

evidence.  Plaintiff has not alleged an incident so malicious and wanton it qualifies as the rare case where punitive damages may be appropriate.

Mr. Fowler respectfully requests that the Court grant this motion on points 1, 3, 4, and 5, after already granting it on point 2, and enter judgment in his favor and against Plaintiff.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 50(a) provides that the Court may grant a motion for judgment as a matter of law for the moving party where "a [non-moving] party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). The motion may be made at any time before the case is submitted to the jury.  Fed. R. Civ. P. 50(a)(2).  A motion under FRCP 50 may be made orally or in writing.

Mr. Fowler timely brought his motion after Plaintiff rested his case-in-chief and before the case has been submitted to the jury.  On October 17, 2022, the Court heard argument on Mr. Fowler's motion.  The Court granted the motion on point 2 and reserved judgment on the remainder of it.  *See* Minute Entry for 10/17/22 (no ECF number); Scolnick Decl., Ex. 6 (10/17/22 RT) at 844:3-854:19.  The Court also stated Mr. Fowler could file this written memorandum in support of his motion.  *Id*.

## III.    ALL OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER FRCP 50(a)

### A.    Plaintiff Has Not Established His Claims Are Revived By The Child Victims Act

The statute of limitations for an action to recover damages for battery or IIED is one year from the alleged act.  *See* N.Y. CPLR § 215(3).  It is undisputed that Plaintiff's claims center on a single incident alleged to have occurred in 1986.  *See* ECF No. 6-1 (Verified Complaint) at ¶¶ 4-10.  Mr. Fowler's Answer to the Complaint asserts an affirmative defense that all claims are barred

by the statute of limitations.[1]  *See* ECF No. 7 at p. 9.

Plaintiff contends his claims are not barred by the statute of limitations because of New York's Child Victims Act ("CVA"), which temporarily revived a narrow set of claims otherwise barred by the statute of limitations.[2]  Plaintiff bears the burden of showing that the CVA applies to his claims.  *See, e.g.*, *Osborn v. DeChiara*, 87 N.Y.S.3d 97, 99 (2d Dep't 2018); *BL Doe 3 v. Female Academy of Sacred Heart*, 158 N.Y.S.3d 474, 477 (4th Dep't 2021); *see also* Scolnick Decl., Ex. 1 (10/6/22 RT) at 9:18-25 (in response to question from Plaintiff's counsel, the Court stated it had decided the issue as being Plaintiff's burden).

The claim revival provision of the CVA provides:

> [E]very civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition **suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against a child less than eighteen years of age**, . . . which is barred as of the effective date of this section because the applicable period of limitation has expired, and/or the plaintiff previously failed to file a notice of claim or a notice of intention to file a claim, is hereby revived, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section.

*See* N.Y. CPLR § 214-g (emphasis added).   The CVA therefore applies to resuscitate Plaintiff's

---

[1]    As Plaintiff has acknowledged, the one-year statute of limitations period was tolled until Plaintiff turned 18 years old in 1989 and then expired one year later, in October 1990.  *See* CPLR 208, 215.

[2]    Plaintiff repeatedly has conceded his causes of action would all be time-barred if not for the CVA.  In his initial motion to remand, Plaintiff acknowledged, "At the time Mr. Rapp came forward, the applicable statute of limitations had long since passed and he was unable to pursue any legal action against Spacey."  *See* ECF No. 11-2 at p. 3.  And in a later filing, Plaintiff noted: "Pursuant to New York's Civil Practice Law and Rules section 208, any civil claim would have been tolled until Mr. Rapp reached 18, or until approximately October 1989, at which point the one-year statute of limitations applicable to claims of intentional torts would begin to run pursuant to CPLR 215(3).  Mr. Rapp's ability to file a civil claim in New York against Spacey for the sexual assault was barred as of October 1990 until the CVA was signed into law on February 14, 2019."  *See* ECF No. 95 at 7, fn 2.

4

claims only if Plaintiff can show the alleged wrongdoing constitutes a "sexual offense" as defined in Article 130 of the New York Penal Law.

Plaintiff has asserted his claims are revived under the CVA because the alleged wrongdoing constitutes either (1) sexual abuse in the third degree under New York Penal Law § 130.55 or (2) forcible touching under New York Penal Law § 130.52.  Sexual abuse in the third degree requires a "touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party."  *See* N.Y. Penal Law § 130.00(3), 130.55.  Forcible touching occurs when the accused "forcibly touches the sexual or intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire."  *See* N.Y. Penal Law § 130.52.  For this section, "forcible touching includes squeezing, grabbing or pinching."  *Id*.

A key requirement of Plaintiff's claims is his burden to show Mr. Fowler's alleged touching of an "intimate" body part was done *for the specific* "*purpose of gratifying [Mr. Fowler's] sexual desire*."  *Id*.[3]  Plaintiff's evidence presented at trial has failed to make this showing.  And his evidence at trial has not matched the conduct he previously alleged.  For example, in his complaint, Plaintiff alleged that Mr. Fowler "grabbed" his buttocks.  *See* ECF No. 6-1 at 3.  But in his testimony, Plaintiff admitted that Mr. Fowler's hand merely "grazed" Plaintiff's buttocks during the act of picking up Plaintiff.  Scolnick Decl., Ex. 3 (10/11/22 RT) at 385:10-386:18.  Plaintiff also admitted Mr. Fowler showed no sexual interest in him at all when they met at an industry function or when Plaintiff accompanied his friend John Barrowman backstage after Mr. Fowler's performance in *Long Day's Journey Into Night*, at dinner, and at the Limelight.  *Id*. at 285:1-23,

---

[3]     The Article 130 crimes asserted by Plaintiff are specific intent crimes.  *See, e.g.*, N.Y. Penal Law § 15.15; *People v. Helm*, 3 N.Y.S.3d 286 (2014)

295:2-15, 304:3-13, 314:2-8.

Here, there is no claim Mr. Fowler touched the sexual parts of Plaintiff.  And Plaintiff offered no evidence on which a reasonable jury could find that Mr. Fowler touched any "intimate" part of Plaintiff's body to gratify his sexual desire.  While New York courts have held that the buttocks may be an intimate part, Plaintiff has offered no evidence Mr. Fowler's alleged "grazing" of Plaintiff's buttocks during the act of picking up Plaintiff was done to gratify any sexual desire. Plaintiff presented no evidence that Mr. Fowler grabbed, squeezed, or lingered his hand on Plaintiff's buttocks.  Nor has Plaintiff presented any evidence to suggest Mr. Fowler even intended to touch Plaintiff's buttocks, as opposed to it merely being incidental and unintended consequence of Mr. Fowler's alleged act of picking up Plaintiff "like a bride."  Scolnick Decl., Ex. 3 (10/11/22 RT) at 378:10-12, 385:10-23.

Further, after allegedly picking up Plaintiff, Mr. Fowler allegedly placed Plaintiff on the bed, climbed on top of him, and put his weight on Plaintiff.  Plaintiff estimated this lasted only about 15 to 30 seconds.  *Id.* at 388:16-23.  Mr. Fowler allegedly pressed his chest to Plaintiff's chest and pressed his groin into the side of Plaintiff's hip.  But there is nothing about the manner or circumstances of this alleged touching to suggest Plaintiff's chest or hip was an "intimate" part which Mr. Fowler touched to gratify his sexual desire.  Plaintiff admitted Mr. Fowler did not grope him or touch his penis.  *Id.* at 387:11-388:9.  Plaintiff claims Mr. Fowler's hands were on Plaintiff's shoulders, not his hip or any other part of his body.  Plaintiff admitted Mr. Fowler did not reach under Plaintiff's clothing or attempt to do so.  *Id.*  Plaintiff admitted Mr. Fowler undressed neither himself nor Plaintiff (or attempted to do so).  *Id.*  Plaintiff admitted Mr. Fowler did not kiss him or attempt to kiss him.  *Id.*  Plaintiff admitted Mr. Fowler said nothing sexual in nature or sexually suggestive during the alleged touching.  *Id.*  And Plaintiff admitted he did not recall Mr. Fowler

having an erection or otherwise being aroused during the alleged encounter.  *Id*. at 387:9-10.
Plaintiff also described Mr. Fowler's contact with his body as "dead weight" that was "pressing"
on his body.  *Id*. at 387:1-8.  He does not claim Mr. Fowler grinded or thrusted his groin or any
other body part against Plaintiff.  Nor does he allege Mr. Fowler caressed or continuously rubbed
him in any way.  And when Plaintiff made the decision to get up, he was easily able to get out
from under Mr. Fowler's dead weight.  *Id*. at 389:2-4.

Plaintiff has cited no case law suggesting his chest or hip could be an "intimate" part under
Article 130.  Nor has Plaintiff cited any case law suggesting the alleged touching of his chest or
hip was done in such a manner that would suggest it was done for the purpose of Mr. Fowler's
sexual gratification.

The touching Plaintiff alleges differs substantially in kind and degree from that which
courts have found to constitute "gratifying…sexual desire."  For example, in *People v. Sene*, 66
A.D.3d 427 (1st Dep't 2009), the defendant stripped naked, climbed on the sleeping victim, and
licked her neck.  *Id*. at 427-428.  Here, Plaintiff does not allege Mr. Fowler undressed or attempted
to undress, let alone strip naked.  And Plaintiff does not allege Mr. Fowler kissed or licked Plaintiff
(or attempted to do so).

Likewise, in *People v. Graydon*, 129 Misc.2d 265 (Crim. Ct. N.Y. County 1985), the
defendant touched an 11-year-old girl's leg in a "continuous rubbing motion performed by the
defendant's hand" and continued to engage in such conduct despite the girl's request that he stop.
Here, Plaintiff has presented no evidence Mr. Fowler rubbed Plaintiff or engaged in any continuous
motion – as stated, Plaintiff does not claim there was any grinding but only Mr. Fowler's dead
weight.  And Plaintiff admits he said nothing to Mr. Fowler.  *See* Scolnick Decl., Ex. 2 (10/7/22
RT) at 198:2-6, 16-17.  Therefore, unlike in *Graydon*, Plaintiff does claim Mr. Fowler persisted in

any touching after being told to stop.  Plaintiff also was able to get up easily when he decided to do so.

And, in *People v. Ditta*, 52 N.Y.2d 657 (1981), the defendant displayed a weapon to force a 16-year-old girl to climb on top of him and feel his crotch, and she complied for several minutes, noticing the area was hard and wet before she "blacked out."  *Id*. at 659.  Again, nothing like in *Ditta* is claimed here.  Plaintiff does not allege Mr. Fowler touched his crotch, nor does he claim Mr. Fowler forced Plaintiff to touch Mr. Fowler's crotch.  And Plaintiff does not allege Mr. Fowler had an erection or any other facts that suggest he was aroused.

While the applicable sections of New York's Penal Law do not enumerate all body parts which can constitute an "intimate" part, and courts have found that determining whether a touching was done for sexual gratification should consider the manner and circumstances of the touching, this does not mean that *any* possible touching can qualify.  Nor does it mean that any allegations subjectively perceived or self-servingly labeled by a plaintiff to be a "sexual advance" must go to a jury.  The evidence Plaintiff has presented provides no basis on which a reasonable jury could find that any allegedly wrongful touching was done by Mr. Fowler for the purpose of sexual gratification.  *See, e.g., People v. Kassebaum*, 131 N.Y.S.3d 675, 677-678 (2d Dep't 2020) (reversing conviction for sexual abuse in the third degree due to insufficient evidence the defendant acted with the requisite intent to gratify sexual desire despite video showing him turning his palm out and putting his hand on the victim's buttocks); *Matter of Ibn Abdus S.*, 939 N.Y.S.2d 294, 295 (1st Dep't 2012) (recognizing that "not all crimes of a sexual nature are committed for the purpose of gratifying sexual desire").  Nor does Plaintiff claim Mr. Fowler acted to degrade or abuse him.  Plaintiff's evidentiary deficiency is only reinforced by his complete lack of evidence to suggest Mr. Fowler had any sexual interest in Plaintiff or anyone else of his age at the time of the alleged

incident.[4]

The trial has revealed the sexually-charged motivation Plaintiff attributes to the alleged conduct simply has no evidentiary support.  And without proving any touching was done for sexual gratification, Plaintiff's claims are not revived by the CVA and must be dismissed.

B.     Plaintiff's Claims for IIED Is Based On Conduct Duplicative Of, And Subsumed Within, His Battery Claim And Therefore Were Properly Dismissed Under New York Law

New York courts and federal courts applying New York law repeatedly have found that, as a matter of law, a claim for IIED cannot be maintained when based on the same conduct as a common law tort.  On Mr. Fowler's oral motion, the Court already has found this doctrine applies here and dismissed Plaintiff's IIED claim.

In *Fischer v. Maloney*, 43 N.Y.2d 553 (1978), the New York Court of Appeals observed that "it may be questioned whether the doctrine of liability for intentional infliction of emotional distress should be applicable where the conduct complained of falls well within the ambit of other traditional tort liability."  *Id*. at 557-558.  Later New York courts have endorsed this as the rule, finding that IIED "is a theory of recovery that is to be invoked only as a last resort" and is "[p]recluded where the offending conduct is embraced by a traditional tort remedy."  *McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc*., 682 N.Y.S.2d 167, 169 (1st Dep't 1998); *see also Wolkstein v. Morgenstern*, 713 N.Y.S.2d 171, 172 (1st Dep't 2000) ("Generally, a cause of action for infliction of emotional distress is not allowed if essentially duplicative of tort or contract causes of action."); *Brancaleone v. Mesagna*, 736 N.Y.S.2d 685, 687 (2d Dep't 2002) (finding IIED claim

---

[4]     The Court appropriately precluded Plaintiff from admitting evidence about Justin Dawes, which was inadmissible for several reason.  (And, in any event, Dawes was an adult under Connecticut law.)  While the Court permitted Plaintiff to present evidence from Andrew Holtzman, Mr. Holtzman was 27 years old at the time of the alleged incident.

should have been dismissed because it duplicated cause of action which permitted recovery of alleged emotional distress).  A claim for IIED therefore *must* fail where "it falls within the ambit of other traditional tort liability."  *Herlihy v. Metropolitan Museum of Art*, 633 N.Y.S.2d 106, 114 (1st Dep't 1995).

The Second Circuit has recognized that New York courts "have taken a restrictive approach to this state law tort" of IIED.  *Bender v. City of New York*, 78 F.3d 787, 791 (2d Cir. 1996).  Like New York state courts, "federal district courts in this Circuit 'have consistently held that the tort of intentional infliction of emotional distress may not be used as a substitute for an available traditional tort theory.'"  *Caravalho v. City of New York*, 2016 WL 127475, at *23 (S.D.N.Y. Mar. 31, 2016), quoting *Brewton v. City of New York*, 550 F.Supp.2d 355, 370 (E.D.N.Y. 2008).  Courts have found this rule applies to preclude IIED claims that duplicate a plaintiff's claim for battery, which is the other cause of action Plaintiff asserts here.  *Id.* (granting summary judgment on IIED claim because "any resulting emotional damage is entirely subsumed by [plaintiff's] common law assault and battery claim").

As this Court has recognized, Plaintiff's IIED claim is based on the same conduct and seeks the same damages as his common law battery claim.  Under New York law, his IIED claim therefore was properly dismissed as a matter of law.

C.   <u>Plaintiff Has Presented Insufficient Evidence To Establish The Elements Of His Claim For Intentional Infliction of Emotional Distress</u>

Even where an IIED claim does not overlap with a common law claim, "the tort is highly disfavored under New York law."  *Nevin v. Citibank, N.A.*, 107 F.Supp.2d 333, 345 (S.D.N.Y. 2000).  A plaintiff must establish four elements on a claim for intentional infliction of emotional distress: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct

and injury; and (iv) severe emotional distress." *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121 (1993).  The "requirements of the rule are rigorous, and difficult to satisfy."  *Id*. at 122 (internal citation omitted).  While Plaintiff here must establish the alleged wrongdoing satisfies the elements of an Article 130 crime to utilize the claim-revival provision of the CVA, the elements of an IIED claim are distinct and Plaintiff must prove them separately.  *See, e.g.*, *Richard L. v. Armon*, 536 N.Y.S.2d 1014, 1016 (2d Dep't 1989) ("It is clear that these elements [of IIED] are completely different from the elements of sexual abuse in the second degree.")

While Plaintiff's IIED claim has been dismissed on point 2 above, it also should be found to have been properly dismissed for the additional and independent reason that Plaintiff has presented insufficient evidence on each element.  No reasonable jury could find for Plaintiff based on the evidence he presented in his case-in-chief.

For the first element, the conduct at issue must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Howell*, 81 N.Y.2d. at 122.  Courts routinely dismiss IIED claims as a matter of law where the conduct is not sufficiently "extreme and outrageous."  *See, e.g.*, *Nevin*, 107 F. Supp. 2d at 345-346.  Indeed, the Court of Appeal in *Howell* observed that "of the intentional infliction of emotional distress claims considered by this Court, *every one has failed because the alleged conduct was not sufficiently outrageous*."  *Howell*, 81 N.Y.2d at 122 (emphasis added).  And a claim for IIED often only "lies 'where severe mental pain or anguish is inflicted through a deliberate and malicious campaign of harassment or intimidation.'"  *Roberts v. Pollack*, 461 N.Y.S.2d 272, 277 (1st Dep't 1983), *quoting Nader v. General Motors Corp.*, 25 N.Y.2d 560, 569 (1970).  An IIED claim typically fails where the "plaintiff alleges only one instance of allegedly aggravating conduct, instead of a series of acts

necessary to establish a viable claim." *Roberts*, 461 N.Y.S.2d at 277.

Plaintiff's claim is based on a single incident, which he acknowledged took less than a minute. And, as stated, Plaintiff admits the alleged incident involved no kissing, no groping, no undressing, no reaching under clothes, no sexualized talk, and no physical injury. Plaintiff has cited no law to show that a reasonable jury could find that conduct like Plaintiff alleges here can qualify as "extreme and outrageous" conduct.

As to the second element, "[i]ntent is not established merely because an individual has suffered severe emotional distress as a proximate result of another's actions." *Richard L.*, 536 N.Y.S.2d at 1017. Again, Plaintiff presented insufficient evidence to allow a reasonable jury to find that Mr. Fowler intentionally tried to cause Plaintiff severe emotional distress. Nor has Plaintiff proven such outrageous conduct from which a reasonable jury could infer such intent based solely on the conduct itself.

Plaintiff also has presented no evidence on which a reasonable jury could find that the alleged incident with Mr. Fowler over 35 years ago caused Plaintiff's alleged severe emotional distress. Plaintiff did not report the alleged incident to his therapist of over 20 years. Nor can Plaintiff establish a causal link between Mr. Fowler's alleged misconduct and the PTSD he allegedly suffered for the first time over 30 years later. *See, e.g.*, Scolnick Decl., Ex. 5 (10/13/22 RT) at 754:15-17. In fact, the alleged stress and symptoms Plaintiff has reported were from his decision to tell his story to *Buzzfeed* and other media, and participating in the lawsuit he filed, not from the alleged incident itself. *See* Scolnick Decl., Ex. 3 (10/11/22 RT) at 260:20-261:5, 265:2-22, 266:10-20; *id.*, Ex. 4 (10/12/22 RT) at 472:8-14.

Finally, Plaintiff has presented no evidence he suffers or suffered from any *severe* emotional distress. A plaintiff must present some medical evidence of severe emotional distress.

*See, e.g.*, *Roche v. Claverack Co-op Ins. Co.*, 874 N.Y.S.2d 592, 597 (3d Dep't 2009); *Cusimano v. United Health Services Hospitals, Inc.,* 937 N.Y.S.2d 413, 418 (3d Dep't 2012) (granting summary judgment for defendant in part because "plaintiff presented no medical evidence to substantiate her general claims that she suffered severe emotional distress").  Here, Plaintiff has presented no medical evidence from any treating physician about his alleged emotional distress, instead offering only the testimony of an expert retained by his counsel.  *See, e.g.*, Scolnick Decl., Ex. 5 (10/13/22 RT) at 722:2-5.

Plaintiff also presented no evidence his alleged emotional distress has been severe enough to support an IIED claim.  He says he began seeing therapist Robin Magid in 1997, but it was in response to Plaintiff's vicious attack on his ex-boyfriend, which he admits had nothing to do with Mr. Fowler.  *See* Scolnick Decl., Ex. 3 (10/11/22 RT) at 246:8-22, 248:17-20.  Plaintiff never told Magid his Mr. Fowler story until shortly before the *Buzzfeed* article was published in October 2017.  *Id*. at 250:2-3.  Plaintiff also has never taken any medication for anxiety, depression, or any other psychological condition.  *Id*. at 253:16-18.  He claimed the alleged incident with Mr. Fowler affected his relationships and his relationships with intimacy and sex only "[t]o some degree" and even that marginal impact only became  "apparent" in 2017.  Scolnick Decl., Ex. 4 (10/12/22 RT) at 482:22-25, 483:20-25.   Plaintiff presented evidence he told his story to others such as Christopher Denny and Christopher Hart, but they testified they do not recall Plaintiff crying, shaking, upset, or anything else unusual about Plaintiff's demeanor when he conveyed the story to them.  *Id*. at 558:23-559:3; *id*., Ex. 2 (10/7/22 RT) at 128:8-14.  And while Dr. Rocchio claimed Plaintiff suffered from some emotional distress, she never described his alleged distress or symptoms as "severe" or anything close it.  *Id*., Ex. 5 (10/13/22 RT) at 695:11-19.

Because Plaintiff has presented insufficient evidence on each of the elements of an IIED

claim, it must be dismissed as a matter of law.

      D.    <u>Plaintiff Has Presented Insufficient Evidence To Establish His Claim For Battery</u>

To prevail on a claim for battery, "a plaintiff must prove that there was bodily contact, made with intent, and offensive in nature." *Cotter v. Summit Sec. Services, Inc*., 788 N.Y.S.2d 153, 154 (2d Dep't 2005).  For the bodily contact to be "offensive," it must be "wrongful under all the circumstances."  *Tillman v. Nordon*, 771 N.Y.S.2d 670, 671 (2d Dep't 2004).  Here, for reasons similar to those Plaintiff cannot show the conduct was "extreme and outrageous," he also cannot show a reasonable jury could find the brief bodily contact he alleges was offensive under all of the circumstances.

      E.    <u>Plaintiff Has Presented Insufficient Evidence To Establish Entitlement To Punitive Damages</u>

A plaintiff's claim for punitive damages is an appropriate "issue" which can be the subject of and disposed on a motion for judgment as a matter of law under FRCP 50(a).  *See, e.g., Tolbert v. Queens College*, 242 F.3d 58, 77 (2d Cir. 2001); *Parrish v. Sollecito*, 280 F.Supp.2d 145, 151 (S.D.N.Y. 2003).

A finding that Plaintiff is not entitled to punitive damages is especially justified here.  New York law imposes a high standard for showing entitlement to punitive damages, allowing them only for "egregious and willful conduct that is morally culpable, or is actuated by evil and reprehensible motives."  *Munoz v. Puretz*, 753 N.Y.S.2d 463, 466 (1st Dep't 2003) (internal quotations and citations omitted); *see also Ross v. Louise Wise Servs, Inc*., 8 N.Y.3d 478, 489 (2007) ("The misconduct must be exceptional, as when the wrongdoer has acted maliciously, wantonly, or with a recklessness that betokens an improper motive or vindictiveness.") (internal quotations omitted).   The moral culpability must be "singularly rare."  *Munoz*, 753 N.Y.S.2d at 466.

Further, a plaintiff must establish the right to punitive damages by "clear, unequivocal and convincing evidence," not merely preponderance of the evidence. *See, e.g., Sladick v. Hudson Gen. Corp.*, 641 N.Y.S.2d 270 (1st Dep't 1996); *Munoz*, 753 N.Y.S.2d at 466; *Randi A.J. v. Long Island Surgi-Ctr*, 842 N.Y.S.2d 558, 568 (2d Dep't 2007).[5]

Here, Plaintiff's claims are all based on a brief, isolated incident involving no physical injury and no overtly sexual conduct.[6]  No reasonable jury could find on the basis of Plaintiff's evidence that Mr. Fowler's alleged misconduct rises to the level of malicious and wanton conduct that could justify punitive damages, especially given the heightened clear and convincing evidentiary standard.  The Court should find Plaintiff is not entitled to punitive damages as a matter of law.  And that claim should be stricken now, which will simplify the verdict form and obviate any possible second phase of trial.

## IV.   <u>CONCLUSION</u>

Mr. Fowler respectfully requests the Court grant judgment as a matter of law on all grounds stated above – after already granting the motion on point 2 – and enter judgment in Mr. Fowler's favor.

Dated: October 18, 2022
      Irvine, California

Respectfully submitted,

*/s/ Jennifer L. Keller*
    Jennifer L. Keller (*pro hac vice*)
    Chase A. Scolnick
    Jay P. Barron (*pro hac vice*)

---

[5]    The Appellate Divisions of New York state courts are divided on whether punitive damages must be shown by clear and convincing evidence or only by preponderance of the evidence. *See, e.g., In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 725 F.3d 65, 127 n. 49 (2d Cir. 2013).  The First and Second Departments of the Appellate Divisions require proof by clear and convincing evidence. *Id.*  The clear and convincing standard applies here because Plaintiff filed his case in New York County, which is within the First Department.

[6]    The alleged Penal Code sections on which Plaintiff relies to try to revive his claims under the CVA are only class B misdemeanors, even when proven in a criminal context requiring proof beyond a reasonable doubt. *See* N.Y. Penal Law §§ 65.00(3)(c), 70.15(2), 130.52, 130.55.

KELLER / ANDERLE LLP
18300 Von Karman Ave., Ste. 930
Irvine, California 92612
Tel. (949) 476-8700
jkeller@kelleranderle.com
cscolnick@kelleranderle.com
jbarron@kelleranderle.com

*Counsel for Defendant Kevin Spacey*
*Fowler a/k/a Kevin Spacey*

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Local Rule 5.2, I, Jennifer L. Keller, hereby certify that on October 18, 2022 this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

<u>      */s/ Jennifer L. Keller*</u><br>
Jennifer L. Keller
