UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANTHONY RAPP,                                                                  Case No. 1.20-cv-09586 (LAK)(SDA)

                                Plaintiffs,

      -against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY

                                Defendant.
----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S PETITION FOR A MISSING WITNESS CHARGE AND TO INTRODUCE RELATED EVIDENCE**

GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
HERSHENHORN, STEIGMAN & MACKAUF
By: Peter J. Saghir
80 Pine Street, 34th Floor
New York, NY 10005
Tel: (212) 943-1090
Fax: (212) 425-7513
Email: psaghir@gairgair.com

*Attorneys for Plaintiffs Anthony Rapp*

## INTRODUCTION

Plaintiff Anthony Rapp submits this memorandum in further support of his request for a missing witness charge for Defendant's memory expert Dr. Elizabeth Loftus. *See* ECF No. 239 (letter requesting missing witness charge and proposed charge). During discovery, Defendant petitioned this Court to extend the expert discovery deadline to disclose Dr. Loftus because she was an "important expert" whose testimony was "particularly relevant" given the supposed contradictions in Mr. Rapp's testimony. ECF No. 68 at 2-3. Thereafter, Dr. Loftus remained on Defendant's witness list for months. Nonetheless, on the eve of trial, Defendant disclosed that he would no longer be calling Dr. Loftus at trial. Given Defendant's decision not to call Dr. Loftus, Mr. Rapp is entitled to a missing witness charge regarding her absence. Moreover, Mr. Rapp should be permitted to question Dr. Bardey about his review of Dr. Loftus's deposition testimony.

## BACKGROUND

On June 3, 2021, counsel for Defendant petitioned the Court to designate a memory expert even though the time to disclose expert witnesses had passed pursuant to the Court's January 12, 2021, Scheduling Order. ECF No. 68. The justification provided for the delay in designating Dr. Loftus was the purported contradictions in Mr. Rapp's testimony. Specifically, Defendant described that Dr. Loftus was an "important expert" whose testimony was "particularly relevant" given the contradictory deposition testimony by Mr. Rapp and other third-party witnesses. ECF No. 68 at 2-3. To that end, Dr. Loftus issued a five-page report dated July 12, 2021, and she was deposed on December 22, 2021. Her testimony was, among other things, that Mr. Rapp's memory of the events at issue was altered by subsequent information he learned over the years. Thereafter, in preparing for trial, Defendant designated Dr. Loftus as a trial witness in the March 7, 2022, Pretrial Order and further advised the Court as recently as September 19, 2022, that he would be

1

calling her as a live witness at the time of trial. On the eve of trial, Defendant disclosed that he no longer intended to call Dr. Loftus in his case.

## ARGUMENT

### I. Mr. Rapp is Entitled to a Missing Witness Charge for Defendant's Expert Dr. Elizabeth Loftus

The Second Circuit has not yet determined whether federal or state law governs missing witness charges. *See Satnick v. AMTRAK*, 2005 U.S. Dist. LEXIS 1414, at *3 (S.D.N.Y. Jan. 26, 2005) (citing *Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 196 F.3d 409, 432 (2d. Cir. 1999)). Nonetheless, "because the standards for federal and New York State law are similar in this area, such a determination is unnecessary." *Id.* Second Circuit precedent "permits the jury to draw an adverse inverse against a party failing to call a witness when the witness's testimony would be material and the witness is peculiarly within the control of that party." *Id.* at *3-4 (quoting *United States v. Caccia*, 122 F.3d 136, 138 (2d Cir. 1997). Similarly, under New York law, a "party is entitled to a missing witness charge when the party establishes that an uncalled witness possessing information on a material issue would be expected to provide noncumulative testimony in favor of the opposing party and is under the control of and available to that party." *Zito v. City of New York*, 49 A.D.3d 872, 874 (2d Dept 2008).

Here, Mr. Rapp is entitled to a missing witness charge for Defendant's expert Dr. Loftus. *Satnick v. AMTRAK* is instructive. In that case, the court held that a missing witness charge was proper when defendants chose not to call their expert witness at trial. 2005 U.S. Dist. LEXIS 1414, at *3-7. In rejecting defendants' argument that a missing witness charge should not have been provided, the court explained that the charge was appropriate because the expert's testimony would not have been cumulative and the expert was within the defendants' control. *Id.* As to the latter point, the court further explained that the witness was not equally available to both parties (and

thus was under defendants' control) because he was defendants' expert witness, and thus "he would presumably not be amenable to testifying on behalf of the Plaintiffs." *Id.* at *7; *see also United States. v. Blakemore*, 489 F.2d 193, 195 (1973) ("Whether a person is to be regarded as peculiarly within the control of one party may depend as much on *his relationship to that party* as on his physical availability.") (emphasis added).

Here, the reasoning in *Satnick* applies with even greater force. Dr. Loftus was on Defendant's witness list until the eve of trial and she clearly has knowledge material to this case: she reviewed numerous depositions, court documents, expert reports, and other independent sources, and issued a 5-page report describing the "serious issues concerning the accuracy of Mr. Rapp's reported testimony of alleged activities with Mr. Fowler." Loftus Report at 5. Indeed, in petitioning the Court to extend the expert disclosure deadline, Defendant described Dr. Loftus as an "important expert" whose testimony was "particularly relevant" given the supposed contradictory information disclosed by Mr. Rapp and other third-party witnesses. *See* ECF No. 68 at 2-3. And at trial, Defendant cross-examined Mr. Rapp at length about his failure to remember various details surrounding the alleged event at issue. Second, as Defendant's expert witness, Dr. Loftus is under Defendant's control and would be expected to testify favorably for Defendant. *See Satnick*, at *6-7; *see also* NY Pattern Jury Instruction 1:75 (missing witness charge), comment III.B ("Control is used in a very broad sense and includes a witness under the influence of a party as well as one under the party's employment or management."). Finally, Dr. Loftus's testimony would not be cumulative because no other witnesses have testified to her assessment of Mr. Rapp's purported conflated memory of the alleged events (indeed, as described above, this is precisely why Defendant argued Dr. Loftus's testimony was critical).

As such, as in *Satnick*, Plaintiff is entitled to a missing witness charge for Dr. Loftus. *See Satnick*, 2005 U.S. Dist. LEXIS 1414, at *3-7; *see also Arroyo v. New York*, 171 A.D.2d 541, 544 (1st Dept. 1991) (trial court erred in denying plaintiff's request for a missing witness charge after defendant did not call its retained expert).

### II. Plaintiff Should be Permitted to Cross-Examine Dr. Bardey About his Knowledge of Dr. Loftus

In addition, Mr. Rapp should be permitted to ask Dr. Bardey about his knowledge of Defendant's retention of Dr. Loftus as a memory expert. Dr. Bardey testified at his deposition that he reviewed Dr. Loftus's deposition testimony. As such, Dr. Bardey can properly be questioned about his knowledge of Dr. Loftus's role and retention in this case. Indeed, that Dr. Rocchio reviewed various depositions, books, and other materials in forming her opinions was the basis Defendant provided for being permitted to cross-examine her about those materials. That reasoning applies with equal weight here.

Moreover, Mr. Rapp does not intend to question Dr. Bardey about the substance of Dr. Loftus's opinions. To the contrary, he merely seeks to establish that Dr. Bardey is familiar with Dr. Loftus and her role as a retained memory expert. This questioning is relevant and necessary to provide context for Mr. Rapp's requested missing witness charge. Further, even if the Court were disinclined to issue a missing witness charge (Mr. Rapp strongly believes the charge is warranted), this questioning would still be relevant and necessary so that Mr. Rapp can lay the foundation for his summation about Defendant's failure to call Dr. Loftus in his case. *See* NY Pattern Jury Instruction 1:75, comment V (collecting cases and stating that a "party not entitled to a missing witness charge may nonetheless properly comment in summation on the failure of the opposing party to call the witness"); *see also United States v. Caccia*, 122 F.3d 136, 139 (2d Cir. 1997)

4

(noting that where a missing witness charge is not provided the court may leave the subject to summations).

## CONCLUSION

For the reasons stated, Mr. Rapp respectfully requests a missing witness charge for Dr. Loftus and that he be permitted to question Dr. Bardey about his knowledge of Dr. Loftus's retention as a memory expert in this case.

Dated: New York, NY
October 18, 2022

                GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                HERSHENHORN, STEIGMAN & MACKAUF
                Attorneys for Plaintiffs

                */s/ Peter Saghir*
                _____
                Peter J. Saghir
                Richard M. Steigman
                80 Pine Street, 34th Floor
                New York, NY 10005
                Tel: (212) 943-1090
                Email: psaghir@gairgair.com
                           rsteigman@gairgair.com

Copy: Chase A. Scolnick, Esq.
       Jennifer Keller, Esq.
       Jay P. Barron, Esq.
       Erica A. Wolff, Esq.

**CERTIFICATE OF SERVICE**

In accordance with Local Rule 5.2, I, Peter J. Saghir, hereby certify that on October 18, 2022 this document filed through the ECF system will be sent electronically to the registered participants as identified as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

_/s/ Peter Saghir_
Peter J. Saghir