UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANTHONY RAPP,　　　　　　　　　　　　　　　　Case No. 1.20-cv-09586 (LAK)(SDA)

　　　　　　　　　Plaintiff,　　　　　　　　　　　PLAINTIFF'S OBJECTIONS TO
　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT'S NOTICE OF
　　　　　　　　　　　　　　　　　　　　　　　　TAXATION AND BILL OF COSTS
　　-against-

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY

　　　　　　　　　Defendant.
----------------------------------------------------------------X

## PLAINTIFF ANTHONY RAPP'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS

Defendant Kevin Spacey Fowler, an award-winning Hollywood actor, seeks to collect costs against Plaintiff Anthony Rapp following a jury's determination that Mr. Rapp did not prove Mr. Spacey sexually abused him when Mr. Rapp was 14 years old. Defendant's application for costs should be denied.

First, to receive taxable costs, a prevailing party must submit an affidavit explaining the reasonableness and necessity of the costs requested. Defendant failed to submit the required affidavit, and this alone compels denial of his bill of costs.

Second, the Court should decline to award costs based upon the specific circumstances of this case. Namely, because this case was brought under New York's recently enacted Child Victims Act, it involved numerous close and difficult legal issues of first impression. The law permits denial of costs under these circumstances.

Finally, many of the costs for which Defendant seeks reimbursement are precluded under 28 U.S.C. section 1920 and this district's Local Rule 54.1, the relevant provisions governing taxable costs.

1

## ARGUMENT

I. **Defendant Is Not Entitled to Costs Because He Did not Submit the Required Documentation to Support his Request.**

Under Local Rule 54.1 and 28 U.S.C. section 1924, a prevailing party seeking costs must submit an affidavit that "the costs claimed are allowable by law, are correctly stated and were necessarily incurred." Local Civ. R. 54.1(a); *see also Hyponotic Hats, Ltd. v. Wintermantel Enters., LLC*, No. 15 CV 6478 (ALC), U.S. Dist. LEXIS 52568, at *17 (S.D.N.Y. Mar. 26, 2020) (affirming $0 taxation of cost because prevailing party did not submit the required affidavit).

Here, Defendant failed to submit the required affidavit to support his bill of costs. This omission is telling since, as discussed below, many of Defendant's claimed costs are not recoverable as a matter of law. Because Defendant failed to submit this required affidavit, his application for costs must be denied.

II. **The Court Should Deny Defendant's Bill of Costs Given the Close and Difficult Issues Presented in this Case.**

Although the Court need not reach the issue in light of Defendant's failure to submit the required affidavit, the equities in this case provide an independent reason to deny Defendant's bill of costs. While Federal Rule of Civil Procedure 54(d) creates a presumption in favor of awarding permissible costs to a prevailing party, the district court maintains discretion to deny costs when the circumstances of a given case warrant doing so. In exercising this discretion, courts consider factors such as misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, and the losing party's financial resources. *See Shervington v. Vill. Of Piermont,* No. 09 CV 4273, 2012 U.S. Dist. LEXIS 92438, at *2 (S.D.N.Y. July 3, 2012). In particular, courts have denied costs where there were "close and difficult" issues decided in the case. *See id.* at *8 (denying bill of costs); *In re Ciprofloxin Hydrochloride Antitrust Litig.*, No. 00 MDL 1383 (FB),

2012 U.S. Dist. LEXIS 11600, at *24 (E.D.N.Y. Jan. 30, 2012) (denying costs where the issues presented were "close, complex, and protracted").

In this case, given the close and difficult issues presented, the Court should deny Defendant's bill of costs. Specifically, this case arises from the Child Victims Act ("CVA"), legislation passed in 2019 that temporarily revived the statute of limitations for claims based on conduct that violates Article 130 of New York's Penal Law. To Plaintiff's knowledge, this was the first CVA case to be tried before a jury in either state or federal court in the City of New York. As such, many of the issues arising in this case had never been litigated. For example, it was hotly disputed from summary judgment through the jury charge conference whether Mr. Rapp had the burden of proving that the Child Victims Act applied to his claims (and thus that his claims were timely), or whether it was Defendant's burden to prove that Mr. Rapp's claims were time-barred. This issue has not yet been addressed by New York courts, and this Court opined that it was a "very interesting question." *See* 10/19/22 Trial Tr. at 1297-98. As this Court is aware, this is one of the many issues in this action that was a question of first impression. Indeed, in many ways, this case blazed the proverbial trail for future CVA cases. Given the difficulty and closeness of the issues and law governing this case, Mr. Rapp respectfully submits that the equities support each side bearing its own costs. *See In re Ciprofloxin Hydrochloride Antitrust Litig.*, 2012 U.S. Dist. LEXIS 11600, at *24 (denying bill of costs because law was unsettled throughout the litigation); *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 733 (6th Cir. 1986) (explaining that the "closeness of a case" is judged in part by the difficulty of discerning the law). As such, Defendant's bill of costs should be denied.

### III. The Costs Defendant May Recoup Are Limited

If the Court considers Defendant's itemized costs, many of Defendant's requested costs should be denied. As the party seeking costs, Defendant bears the burden of establishing that each expense falls within an allowable category of taxable costs. *John G. v. Bd. of Educ.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995). Defendant has failed to meet his burden for the following categories of costs: trial transcripts; deposition transcripts; docket and miscellaneous fees; and exemplification and copying.

#### A. Trial Transcripts

Under Local Rule 54.1 and 28 U.S.C. section 1920, only trial transcripts that were "necessarily obtained for use in this Court or on appeal" are taxable. Local Civ. R. 54.1(c)(1); 28 U.S.C. § 1920(2). Local Rule 54.1 expressly instructs that costs for trial transcripts obtained for the "[c]onvenience of counsel" are not recoverable. Local Civ. R. 54.1(c)(1). Moreover, a party's "use of a trial transcript during the course of trial does not mean that the transcript was 'necessarily' obtained," and, indeed, costs for "daily transcripts of trial testimony are not customary." *Carmody v. ProNav Ship Mgmt.*, No. 02 CV 7158 (DF), 2004 U.S. Dist. LEXIS 16158, at *5 (S.D.N.Y. Aug. 16, 2004) (quoting *John G.*, 891 F. Supp. at 123). The burden is on the prevailing party to show that expenditures for trial transcripts were out of necessity and not merely for convenience. *See John G.*, 891 F. Supp. at 123.

> 1. Defendant Is Not Entitled to Recover Any Costs for Trial Transcripts Because They Were Not Necessarily Obtained.

Defendant has not met his burden of showing trial transcripts were necessarily obtained. Defendant requests that Mr. Rapp be taxed $12,111.15 for costs associated with trial transcripts, including the costs for original transcripts, "emailed" transcripts, and real time transcripts. But Defendant has articulated no basis why daily trial transcripts were "necessary" for this case. His

4

failure to do so means he cannot recover. *See Williams v. Cablevision Sys. Corp.*, 98 CIV 7988 (RPP), 2000 U.S. Dist. LEXIS 6475, at *4 (S.D.N.Y. May 11, 2000) (denying costs where defendant provided no convincing explanation as to why trial transcripts were necessary). Nor could Defendant articulate a valid basis as to why daily transcripts were necessary because this case—where trial lasted less than two weeks and during which Defendant had at least two counsel in the courtroom at all times—presents the exact situation in which courts have held that trial transcripts were used not by necessity but for counsel's "convenience," and denied costs as a result. *See, e.g., id.* (collecting cases); *Morales v. Smith*, 94 CV 4865 (JSR), 1998 U.S. Dist. LEXIS 9546, at *3 (S.D.N.Y. June 26, 1998) ("with respect to the trial transcripts, the Court finds that the expedited daily transcript ordered by defendants was a convenience rather than a necessity, especially given that the trial was not particularly long or complex and that two defense counsel were present in the courtroom throughout the trial."). Accordingly, Defendant is not entitled to the costs he seeks for trial transcripts.

    2. <u>Defendant Is Not Entitled to Recoup Costs for Emailed and Real Time Transcripts.</u>

Although Mr. Rapp maintains that Defendant should be awarded $0 for trial transcript costs because they were not necessarily obtained, at a minimum, his requested costs should be reduced. Local Rule 54.1 permits taxable costs only for "original" trial transcripts. Local Civ. R. 54.1(c)(1). As such, emailed and real time transcripts are not taxable. To the contrary, they are merely duplicates of the original, obtained for counsel's convenience. It is for this reason that courts in this district have declined to tax costs for real time and other non-original transcripts. *See, e.g., AstraZeneca AB v. Lek Pharm. & Chem. Co.* No. M 21 81 (BSJ), 2012 U.S. Dist. LEXIS 160057, at *17 (S.D.N.Y. Nov. 6, 2012); *Soley v. Wasserman*, 08 CV 9262 (KMW) (FM), 2014 U.S. Dist. LEXIS 136513, at *12-13 (S.D.N.Y. Sept. 25, 2014) (affirming Clerk's denial of "Real Time

Unedited Transcript" costs). Accordingly, if the Court awards any costs for trial transcripts, the maximum taxable total is $7,045.65, which is the cost of only original transcripts, as calculated below.

| Trial Transcript Expenses | | | | |
|---|---|---|---|---|
| Transcript Date | Invoice No. | Requested Cost | Non-Taxable Cost | Cost of Original Only |
| 10/6/2022 | 546388 | $ 504.96 | $ 211.20 | $ 293.76 |
| 10/6/2022 | 546387 | $ 520.74 | $ 217.80 | $ 302.94 |
| 10/7/2022 | 546386 | $ 1,128.27 | $ 471.90 | $ 656.37 |
| 10/11/2022 | 546470 | $ 1,830.48 | $ 765.60 | $ 1,064.88 |
| 10/12/2022 | 546469 | $ 1,791.03 | $ 749.10 | $ 1,041.93 |
| 10/13/2022 | 546468 | $ 1,309.74 | $ 547.80 | $ 761.94 |
| 10/17/2022 | 546784 | $ 1,175.61 | $ 491.70 | $ 683.91 |
| 10/18/2022 | 546783 | $ 1,664.79 | $ 696.30 | $ 968.49 |
| 10/19/2022 | 546782 | $ 1,088.82 | $ 455.40 | $ 633.42 |
| 10/20/2022 | 546781 | $ 1,096.71 | $ 458.70 | $ 638.01 |
| Total | | $ 12,111.15 | $ 5,065.50 | $ 7,045.65 |

### B. Deposition Transcripts

Under 28 U.S.C. section 1920 and Local Rule 54.1(c)(2), Defendants are only entitled to recover costs for the "original transcript of a deposition, plus one copy," and only if the deposition "was used or received in evidence at trial" or if it was "used by the Court in ruling on a motion for summary judgment or other dispositive motion." Local Civ. R. 54.1(c)(2). Local Rule 54.1(c)(2) further provides that costs for depositions taken solely for discovery are not taxable. The prevailing party bears the burden of demonstrating the reasonableness of each charge. *Hyponotic Hats,* U.S. Dist. LEXIS 52568, at *17.

Defendant has not met his burden to show that he is entitled to any of the $50,773.36 he seeks in costs related to deposition transcripts. Defendant appears to seek reimbursement for seemingly every deposition that was taken in this action. But as the above rules make clear, only a limited subset of deposition transcripts are properly taxable (i.e., those used at trial or by the Court on a dispositive motion). Because it is Defendant's burden to show the taxation of costs for

specific items is justified, and he has made no effort to identify which deposition transcripts were used at trial or relied upon by the Court in ruling on a dispositive motion, he is not entitled to costs for any deposition transcripts.[1] *See Olaf Soot Design, LLC v. Daktronics, Inc.*, No. 15 CV 5024 (GBD), 2022 U.S. Dist. LEXIS 61126, at *17-18 (S.D.N.Y. Mar. 31, 2022) (denying costs for deposition transcripts because defendants failed to "state which deposition transcripts were used or received in evidence at trial, or even which transcripts were used by the Court or relied on during briefing to support taxing these costs.")[2]

### C. Docket and Miscellaneous Fees

1. <u>Process Server Fees</u>

Although process server fees are taxable under Local Rule 54.1(c)(10), Defendant's request for $1,202.45 exceeds the permissible taxable cost. Namely, the taxable cost cannot "exceed the amount that the U.S. Marshals would have charged for the service." *U.S. for Use & Benefit of Evergreen Pipeline Const. Co. v. Merritt Meridian Const. Corp.,* 95 F.3d 153, 172 (2d Cir. 1996). The U.S. Marshal Service charges $130.00 for service requiring two hours. *See* C.F.R. § 0.114; *see also Olaf Soot Design*, 2022 U.S. Dist. LEXIS 61126, at *17-18 (permitting only $130 per

---

[1] Some courts have interpreted Local Rule 54.1(c)(2) as also permitting the recovery of costs for depositions that appeared "reasonably necessary to the litigation" at the time they were taken. *See, e.g., Settlement Funding, LLC v. AXA Equitable Life Ins*. Co., No. 09-CV-8685 (HB), 2011 U.S. Dist. LEXIS 77410, at *2 (S.D.N.Y. July 18, 2011). As an initial matter, Mr. Rapp respectfully submits that this interpretation impermissibly extends Local Rule 54.1(c)(2) beyond its plain language and violates the Supreme Court's directive that taxable costs should be "modest," "narrow in scope," and "limited by statute." *See Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). But in any event, Defendant provides no support or otherwise explains why he is entitled to the deposition transcript costs he seeks even under this more permissive standard. Accordingly, under either standard, Defendant is not entitled to costs for any deposition transcripts.

[2] While Defendant has not shown he is entitled to any costs related to deposition transcripts, Mr. Rapp also specifically objects to the duplicative video fees listed for each witness. *Citigroup Glob. Markets, Inc. v. Abbar*, 63 F. Supp. 3d 360, 362 (S.D.N.Y. 2014) ("To allow [plaintiff] to recover for the video copies as well as the paper copies would be duplicative.").

subpoena as a taxable cost). As such, Defendant is entitled to a maximum of $442.50, as calculated below.

| Witness | Invoice No. | Process Server Fees Requested Cost | Maximum Taxable Cost |
|---|---|---|---|
| John Barrowman | 5597692 | $ 50.00 | $ - |
| John Barrowman | 5597635 | $ 269.95 | $ 130.00 |
| Christopher Hart | LS82359-01 | $ 52.50 | $ 52.50 |
| Adam Vary | 0000154 | $ 230.00 | $ 130.00 |
| Adam Vary | 0000414 | $ 175.00 | $ - |
| Tracie Thoms | 0000154 | $ 425.00 | $ 130.00 |
| **Total** | | **$ 1,202.45** | **$ 442.50** |

2. Docket and Clerk Fees

Defendant further seeks $707 in docket and clerk fees. $658 of this amount is for pro hac vice and admission fees. Courts are split on whether pro hac vice fees are reimbursable. *See Div. 1181 Amalgamated Transit Union – N.Y. Emples. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 629 (E.D.N.Y. 2017) (discussing split and agreeing with courts that have declined to award fees for pro hac vice admissions). As in *Division 1181*, this Court should decline to award admission fees. In explaining that recoverable costs are "limited by statute" and "narrow in scope," the Supreme Court has cautioned against expanding upon the scope of the enumerated items listed in section 1920. *See Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). Consistent with this directive, because pro hac vice admission fees are not enumerated in either section 1920 or Local Rule 54.1, the Court should decline to award them here. Accordingly, if the Court awards any docket and clerk fees, it should be limited to $49 ($707 minus the requested $658 admission fees).

D. **Exemplification and Copies**

Defendant also seeks $68.20 in taxable costs for exemplification and copy fees "related to the cost of production of a copy of Defendant's Trial Exhibits as required by the Court." ECF No. 319 at 2. This request fails for two reasons. First, Defendant provided no invoices or other documentation to support this amount. Second, even if Defendant had provided the proper documentation, Local Rule 54.1 expressly states that the "cost of copies used for the convenience of counsel or the Court are not taxable." Local Civ. R. 54.1(c)(5). Accordingly, Defendant is not entitled to recover these costs.

***

In sum, Mr. Rapp maintains that Defendant's bill of costs should be denied. But if any costs are awarded, they should be limited to $7,682.15, as calculated below.

| Total Taxable Expenses | | |
|---|---|---|
| Description | Requested Cost | Taxable Cost |
| Fees of the Clerk | $ 707.00 | $ 49.00 |
| Fees for service of summons and subpoena | $ 1,202.45 | $ 442.50 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $ 62,884.51 | $ 7,045.65 |
| Trial Tanscripts.................... $ | 12,111.15 | $ 7,045.65 |
| Deposition Transcripts......... $ | 50,773.36 | $ - |
| Fees for witnesses | $ 120.00 | $ 120.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $ 68.20 | $ - |
| Docket fees under 28 U.S.C. 1923 | $ 25.00 | $ 25.00 |
| Total | $ 65,007.16 | $ 7,682.15 |

## CONCLUSION

Because Defendant did not submit the required documentation to support his bills of costs and because the circumstances of this case justify each party bearing its own costs, Defendant's bill of costs should be denied in its entirety. In the event any costs are awarded, however, the total should be limited to $7,682.15 for the reasons stated above.

Dated: New York, NY
November 23, 2022

                            Respectfully submitted,

                            */s/ Peter Saghir*
                            _____
                            Peter J. Saghir (PJS 4276)
                            GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                            HERSHENHORN, STEIGMAN & MACKAUF
                            Attorneys for Plaintiff
                            Anthony Rapp
                            80 Pine Street, 34th Floor
                            New York, NY 10005
                            Tel: (212) 943-1090
                            Email: psaghir@gairgair.com

## CERTIFICATE OF SERVICE

In accordance with Local Rule 5.2, I, Peter J. Saghir, hereby certify that on November 23, 2022 this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and proper copies will be sent to those indicated as non-registered participants.

_____
Peter J. Saghir